UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

    Plaintiff,

v.                                    Case No. 4:22cv302-RH-MAF

RON DESANTIS, individually and in
his official capacity as Governor of the
State of Florida

    Defendant.

**UNOPPOSED MOTION BY FORMER
PROSECUTORS, ATTORNEYS GENERAL, JUDGES,
UNITED STATES ATTORNEYS AND FEDERAL OFFICIALS,
AND CURRENT AND FORMER LAW ENFORCEMENT OFFICIALS
AND LEADERS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

*Amici curiae*, former prosecutors, Attorneys General, judges, United States Attorneys and federal officials, and current and former law enforcement officials and leaders (collectively, "Movants"[1]), respectfully move this Court for leave to file an *amicus* brief, a copy of which is attached hereto, in support of Plaintiff Andrew H. Warren's Motion for Preliminary Injunction and any future dispositive motions

---

[1] A full list of *Amici* is attached as Appendix A to the proposed *amicus* brief.

that may be filed in this case. As explained below, Movants have significant knowledge and expertise relevant to the subject matter of this litigation that will aid the Court's consideration.

## MEMORANDUM OF LAW

District courts have inherent authority to allow *amici* to assist in a proceeding. *See, e.g.*, *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); Order Granting Leave to File *Amicus* Brief, *Fla. Wildlife Fed'n, Inc. v. Jackson*, No. 4:08-cv-324-RH/WCS (N.D. Fla. Nov. 10, 2009), ECF No. 134 (Hinkle, J.); *United States v. Florida*, No. 4:12-cv-285-RH/CAS, 2012 WL 13034013, at *3 (N.D. Fla. Nov. 6, 2012) (Hinkle, J.).

Because an *amicus* "participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*." *Resort Timeshare Resales*, *Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991) (citation omitted). Courts have found *amicus* participation particularly appropriate where the *amicus* "will ensure complete and plenary presentation of difficult issues so that the court may reach a proper decision" or where a case involves an "issue of general public interest[.]" *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (internal citations and quotations omitted).

Although the Federal Rules of Civil Procedure do not address *amicus* briefing, Rule 37.2(a) of the Rules of the Supreme Court of the United States and Rule 29(a)(2) of the Federal Rules of Appellate Procedure both provide for the filing of *amicus* briefs where, as here, all parties have consented.

Movants are former prosecutors, Attorneys General, judges, United States Attorneys and federal officials, and current and former law enforcement officials and leaders who are committed to protecting the integrity of our justice system. Prosecutorial independence and discretion are foundational tenets of our legal system that underpin every prosecutor's ability to pursue justice on behalf of the local community. Voters elect these leaders based on their ideals around the administration of justice and their views on public safety. Consequently, elected prosecutors must be afforded the opportunity to be transparent about how they would seek to manage the limited resources available to them in accordance with the priorities they have set. Here, Governor DeSantis's suspension of 13th Judicial Circuit State Attorney Andrew Warren undermines prosecutorial autonomy and strips the community of its chosen elected official.

The potential chilling effect of Governor DeSantis' order on elected prosecutors in Florida and throughout the nation who seek to carry out their jobs with transparency presents issues of national importance. Allowing governors to disregard the autonomy and independence of prosecutors upsets the careful balance

of roles and responsibilities delegated to local as well as state actors by state constitutions, while politicizing our justice system and eroding public confidence in the integrity of the election process. Thus, Movants have a strong interest in the proper functioning of our justice system that may be affected by the decision in this case.

Movants' brief addresses arguments that Plaintiff's brief does not cover, and does so from a broader local as well as national perspective than the parties can provide. Movants bring extensive experience in the judicial, legal and law enforcement arena and have a deep understanding of the important role that prosecutorial discretion plays in the criminal justice system. Because the issues this case raises have national significance, Movants come not only from Florida, but also from jurisdictions across the country. Although Movants' views on particular policy choices may differ, Movants come together in the steadfast belief that deciding where and how to use limited resources to promote public safety, serving as a leader on criminal justice issues, and protecting the constitutional rights of those in their community is the essence of the job of an elected prosecutor.

In the *amicus* brief accompanying this motion, Movants discuss the well-settled principles of prosecutorial discretion, the ways in which State Attorney Warren's public statements and presumptive policy guidance were part of his duty as a minister of justice and not a dereliction of that duty, and the rights of voters to

the elected representative of their choice. Movants seek to offer the diverse and expert perspective of numerous respected former prosecutors, Attorneys General, judges, United States Attorneys and federal officials, and current and former law enforcement officials and leaders from around the country who bring to the mix many decades of experience—a perspective that is currently absent from, but critical to, this litigation. Consideration of Movants' submission will help to ensure the "complete and plenary presentation of difficult issues," especially the broader potential impact of any ruling by this Court. *Liberty Res.*, 395 F. Supp. 2d at 209.

Further, the *amicus* brief is timely and provides all parties to this action ample opportunity to respond to the information proffered by Movants.[2]

## **CONCLUSION**

For the foregoing reasons, Movants respectfully request that this Court permit them to appear as *amici curiae* and allow them to file the attached *amicus* brief.

---

[2] The parties' joint schedule proposes a deadline of September 2, 2022 for Defendant to respond to Plaintiff's motion for preliminary injunction and file any motion to dismiss the complaint. ECF No. 10. While Movants do not believe the Court has acted yet on the proposed schedule, this brief is being filed a week in advance of the proposed response date to allow ample time for its consideration by Defendant.

Dated: August 26, 2022

Respectfully submitted,

/s/ Jeffrey W. Warren
Jeffrey W. Warren (Fla. Bar 150024)
Bryan D. Hull (Fla. Bar 20969)
Howell "Web" Melton, III (Fla. Bar 37703)
BUSH ROSS, P.A.
1801 N. Highland Ave.
Tampa, Florida 33602
(813) 224-9255
jwarren@bushross.com
bhull@bushross.com
wmelton@bushross.com

and

Steven A. Newborn*
Lauren Bernstein*
Tania C. Matsuoka*
Sarah Schnorrenberg*
Adam King*
Sherry Safavi*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
steven.newborn@weil.com
lauren.bernstein@weil.com
tania.matsuoka@weil.com
sarah.schnorrenberg@weil.com
adam.king@weil.com
sherry.safavi@weil.com

**pro hac vice* application forthcoming

*Attorneys for Amici Curiae*

## LOCAL RULE 7.1 CERTIFICATE

Counsel for amici hereby certify that they have conferred with counsel for Plaintiff, Andrew H. Warren, and Defendant, Ron DeSantis, and both parties have consented to the relief requested in this motion.

I further certify that the foregoing motion and supporting memorandum contain 959 words, excluding the items listed in Local Rule 7.1(F).

By: /s/ Jeffrey W. Warren<br>
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Florida through the CM/ECF system, which will serve a true and correct copy on all counsel of record who have consented to electronic service.

By: /s/ Jeffrey W. Warren<br>
Attorney