In The

# United States District Court
# Northern District of
# Florida

| | | |
|---|---|---|
| ANDREW WARREN, | ) | Number: |
| PLAINTIFF, | ) | 4:22-cv-00302-RH-MAF |
| V. | ) | |
| RONALD DESANTIS, ET AL, | ) | |
| DEFENDANTS. | ) | |

### Affidavit of Scott Huminski Re: Gov. DeSantis' Cover-up of State's Attorney's Forgery of Court Orders

NOW COMES, Scott Huminski ("Huminski"), proposed intervenor, and, under oath, swears, states and deposes as follows:

Introduction

It appears that political party affiliation of State's Attorneys in Florida greatly prejudices whether the Governor chooses to cover-up the courthouse forgery of court orders by Florida State's Attorneys (those politically aligned with the Governor) or to suspend a State's Attorney for the exercise of prosecutorial discretion and engaging in core protected political expression. Upon information and belief neither cover-up of official crime nor retaliation based upon prosecutorial discretion/core political expression should be in the toolbox of a Governor.

1. Attached hereto as Exhibit "A" is a true, correct and accurate copy of a Motion filed in the U.S. 11th Circuit seeking an injunction against Governor DeSantis.

2. All docket excerpts, transcript excerpts and fact contained in Exhibit "A" are truthful, accurate and correct. Exhibit "A" is a verified motion.

3. Huminski files this affidavit in support of his motion to intervene and as proof that the Governor has no problem with prosecutors that refuse to prosecute forgery and official misconduct related to the forgery of court orders by State prosecutors and that Mr. DeSantis choses to cover-up the felonies of State Attorneys that are Republicans. Disingenuous hypocrisy.

2

Flagler

Dated at Miami, Florida this 28th day of August, 2022.

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_Huminski@live.com

SWORN AND SUBSCRIBED to before me this 28th Day of August, 2022 in Flagler County, Florida.

**KYLE PEETS**
Notary Public
State of Florida
Comm# HH232603
Expires 2/22/2026

2/22/26

Notary

Exp.

## Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case.

Dated this 28th day of August, 2022.

Scott Huminski

<attachments>

2

# EXHIBIT "A"

<div align="center">

In The

# United States District Court

# Northern District of

# Florida

</div>

| | | |
|---|---|---|
| ANDREW WARREN, | ) | Number: |
| PLAINTIFF, | ) | 4:22-cv-00302-RH-MAF |
| v. | ) | |
| RONALD DESANTIS, ET AL, | ) | |
| DEFENDANTS. | ) | |

<div align="center">

### Affidavit of Scott Huminski Re: Gov. DeSantis' Cover-up of State's Attorney's Forgery of Court Orders

</div>

NOW COMES, Scott Huminski ("Huminski"), proposed intervenor, and, under oath, swears, states and deposes as follows:

<u>Introduction</u>

It appears that political party affiliation of State's Attorneys in Florida greatly prejudices whether the Governor chooses to cover-up the courthouse forgery of court orders by Florida State's Attorneys (those politically aligned with the Governor) or to suspend a State's Attorney for the exercise of prosecutorial discretion and engaging in core protected political expression. Upon information and belief neither cover-up of official crime nor retaliation based upon prosecutorial discretion/core political expression should be in the toolbox of a Governor.

1. Attached hereto as Exhibit "A" is a true, correct and accurate copy of a Motion filed in the U.S. 11th Circuit seeking an injunction against Governor DeSantis.

2. All docket excerpts, transcript excerpts and fact contained in Exhibit "A" are truthful, accurate and correct. Exhibit "A" is a verified motion.

3. Huminski files this affidavit in support of his motion to intervene and as proof that the Governor has no problem with prosecutors that refuse to prosecute forgery and official misconduct related to the forgery of court orders by State prosecutors and that Mr. DeSantis choses to cover-up the felonies of State Attorneys that are Republicans. Disingenuous hypocrisy.

<div align="center">2</div>

Dated at Miami, Florida this 28th day of August, 2022.

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL 32135
(239) 300-6656
S_Huminski@live.com

SWORN AND SUBSCRIBED to before me this 28th Day of August, 2022 in Flagler County, Florida.

Notary

**KYLE PEETS**
Notary Public
State of Florida
Comm# HH232603
Expires 2/22/2026

2/22/26

Exp.

## Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case.

Dated this 28th day of August, 2022.

Scott Huminski

# EXHIBIT "A"

In the

# United States Court of Appeals
# For the Eleventh Circuit

| | | |
|---|---|---|
| IN RE: | ) | Number: 22-12392-GG |
| SCOTT HUMINSKI, | ) | |
| APPELLANT/ | ) | |
| PETITIONER. | ) | DISTRICT NUMBER: |
| | ) | 4:22-CV-00134-AW-MJF |

## EMERGENCY
## Verified Motion For Injunction Pending Appeal against Defendant DeSantis

NOW COMES, Scott Huminski ("Huminski"), and, under oath, swears, deposes, states and pursuant to F.R.App.P 8 moves that the Court issue an injunction pending appeal against Defendant DeSantis prohibiting his furtherance and continuance of his conduct intending to breathe life into a hopelessly *void ab initio* judgment issued in State v. Huminski, 17-mm-815, Lee County Court, that imposed fines, fees and costs upon Huminski that the State of Florida continues to attempt to collect to this day and otherwise benefit from the "criminal conviction" in a *sui generis* common law case that prejudices Huminski with ongoing constant and continuing collection activities harassing Huminski and prejudicing him with regard to employment, housing, credit and other prejudice that flows from a criminal conviction and **prohibits Huminski's communication with the entire government of Florida for life** (not disimilar to the speech prohibitions foisted upon Plaintiffs below) and continues to cause shock and injury to body and mind of Huminski, he moves as follows:

1. This relief was requested in the Court below pursuant to F.R.C.P. 62 on 7/19/2022, DE 84, and stricken the next day via order, DE 88 as "unauthorized", 7/20/2022. The motion below was very similar to this paper and the factual basis was identical.

2. Huminski was prosecuting a civil case, Huminski v. Town of Gilbert, et al. 20th Circuit Court, 17-CA-421 in the spring of 2017.

3. Huminski filed Chapter 7 bankruptcy in April 2017 and his claims in Gilbert became assets of the estate in bankruptcy staying the civil matter, Gilbert, pursuant to 11 U.S.C. § 362.

1

4. Upon the trial court in Gilbert refusing to obey and respect the automatic stay of bankruptcy, Huminski removed Gilbert to the United States District Court (Bankruptcy Unit) on June 26, 2017 and the case was docketed as an adversary proceeding in the Bankruptcy Court, Huminski v. Town of Gilbert, et al., 9-17-ap-00509-FMD (U.S.D.C. Middle District of Florida, Bankruptcy Unit) ("Gilbert Bankruptcy Case").

5. There existed allegations of contempt, a *sui generis* common law offense under Florida law (also Federal law and the stare decisis in virtually all jurisdictions in the U.S.), in the Gilbert Bankruptcy Case that had been removed from the State Courts on 6/26/2017.

6. The State Court chose to hold a hearing in the removed case, Huminski v. Town of Gilbert, et al. three days after removal on June 29, 2017 in the 20th Circuit Court despite its status as removed to the federal courts under Bankruptcy Rule 9027 three days prior.

7. At hearing on 6/29/2017 in State court, after removal, the following true and correct excerpts from the sworn transcript of the June 29, 2017 State court hearing in Gilbert (removed on 6/26/2017) included these colloquies,

```
10        THE COURT:  Okay.  We're here on an order to
11   show cause.  This is essentially an arraignment
12   proceeding today.  So, I think the things that we
13   have to do today are set court dates for various
14   proceedings, as well as address issues of bond
15   and/or pretrial release, am I correct?
16        MR. SARLO:  Yes, Judge.
17        THE COURT:  Okay.  So, first thing is bond
18   and/or pretrial release.  Any arguments from
19   anybody?
20        MR. KUNASEK:  Judge, the State will defer to
21   the Court with respect to that.  I know there was
22   an issue with serving him with the initial order
23   to show cause.  So, his availability may be an
24   issue and the Court's well aware of that more
25   than I am, so I will defer to the Court with
```

2

Pre-trial release is not an option for civil cases or *sui generis* common law cases nor is an

"arraignment", the State court proceedings continue,

8          MR. SARLO:  The clerk very well may ask us --

9          THE COURT:  I know in Collier County, because

10    I've done a couple of these proceedings in

11    Collier, they do open a new file.  So, if you

12    want that to happen, I would think that

13    somebody's gotta ask -- ask the Clerk to do that.

14          Okay.  So, let's see.  Middle of August is

15    okay for everybody?

16          MR. KUNASEK:  Yes, Your Honor.

17          THE DEFENDANT:  No.

18          THE COURT:  Could we do it at --

19          THE DEFENDANT:  This case has been removed to

20    bankruptcy court, so I'm not good with that.

21          THE COURT:  Pardon me?

22          THE DEFENDANT:  This case has been removed to

23    bankruptcy court --

24          THE COURT:   This case hasn't been removed to

25     any place, Mr. Huminski.

                                                              7

1            THE DEFENDANT:   Under bankruptcy rule 9027 --

2            THE COURT:   Mr. Huminski, A, you're not a

3     lawyer and, B, this case doesn't get removed to

4     bankruptcy court.   That's not how the law works.

5     Okay.  You need to --

```
23        THE COURT:  Yeah, 17-CA-421.

24        And, also, Madame Clerk, would you please

25   check with the clerk's office because, again, in
```

---

---

```
                                                       23
1    Collier, they give -- they set up a new file.

2    It's a little bit difficult to have a civil -- a

3    criminal proceeding in a civil case.  So, if you

4    could check with somebody about that, maybe we

5    can get that straightened out, too.

6        THE DEFENDANT:  Your Honor, I'd like
```

The State Court continues illogically categorizing a *sui generis* common law offense, indirect contempt, as a statutory criminal offense in this passage and above.

```
21        This is a criminal proceeding.  You can go to

22   jail for this.  You have violated -- it is

23   alleged that you have violated court orders.

24   It's alleged you have committed indirect criminal

25   contempt.  You can go to jail.
```

Note that Huminski was convicted of contempt in the above passage, amazingly, at arraignment in this alleged "criminal case" despite the non-existence of a statute or criminal code defining the alleged *sui generis* offense (pending in the

5

federal courts after the State Court was divested of jurisdiction by the removal of

6/26/2017) as a statutory misdemeanor or a felony. The proceedings continue,

```
 8        THE DEFENDANT:  The protective orders mention

 9     civil, as well, and civil can be removed to

10     bankruptcy court.

11        THE COURT:  No, sir, you're misinformed.

12     Nothing gets removed from this court to

13     bankruptcy court.  That doesn't happen ever.

14        So, you need to talk to your attorney, who

15     I've appointed because he's the one that knows

16     the law.

17        THE DEFENDANT:  He doesn't know bankruptcy

18     law.
```

Apparently, a delusional jurist in the above passage believes that proceedings held by her: civil, criminal or *sui generis* common law are absolutely immune from removal to federal court and the claims by the federal courts that they have jurisdiction by operation of a self-executing notice of removal filed in both the State and Federal Courts on 6/26/2017 can be disregarded as nonsense. Despite the Supremacy Clause, this particular State Court believes it is superior to the federal courts and can ignore the jurisdiction of the federal courts.

8.  Huminski filed his Notice of Removal of Gilbert on 6/26/2017 in both State and Federal Court and served them on the same date in compliance with Bankruptcy Rule 9027.

9.  The now removed federal action Huminski v. Town of Gilbert, et al., 9-17-ap-00509-FMD (U.S.D.C. Middle District of Florida, Bankruptcy Unit) previously the State Court Gilbert case, 17-CA-421, 20th Circuit, morphed into State v. Huminski, 17-MM-815, Lee County Court via the manufacture of a forged County Court order by the government (prosecutors, court personnel, etc.), not a judge, that was filed in the Lee County Court and held out to be a legitimate County Court order when in reality it was a transparent forgery. See generally, Motion to Intervene, Exhibit "C".

10. Huminski was not served with any commencement document in State case *State v. Huminski*, he was served with a show cause order in the *Gilbert* case (not *State v. Huminski*) absent 117 pages of attachments which a State's witness confirmed at trial as not served in the original State civil case. The was no service in *State v. Huminski* and the record contains no proof of service.

11. The only document that resembles a charging/commencement document in *State v. Huminski*, a forged show cause order, mentioned 117 pages of attachments that were not filed until the date of trial and alleged conviction and Huminski's motion for a bill of particulars was denied when he sought to determine the basis of *State v. Huminski*. See *Geary v. State*, 139 So. 2d 891 (Fla. 3d DCA 1962) If a court enters an order prior to the filing of proper pleadings, the court lacks jurisdiction. *Lovett v. Lovett*, 93 Fla. 611, 112 So. 768, 775-76 (1927).

12. During 2021 and 2022, Defendant DeSantis conspired with his attorney, Attorney General Ashley Moody, Esq., to foil Huminski's attempts in the Florida 11th Judicial Circuit and the Florida Third District Court of Appeal to vacate and/or declare void the **lifetime prohibition on communication with the entire State of Florida government** and declare the monetary judgment rendered in *State v. Huminski void ab initio*, stop the collection activities by the State on the *void ab initio* debt arising from *State v. Huminski* and to declare the criminal conviction *void ab initio* thereby freeing Huminski from the ongoing burden and prejudice the criminal conviction has upon Huminski, or any citizen for that matter, and clear the way for Huminski's obtaining a Florida Driver's License which is currently prohibited because of the unpaid costs/fees/fines arising out of *State v. Huminski* and remedy/vacate the **perpetual speech prohibition with the entire State of Florida** government set forth in the judgment in *State v. Huminski*.

13. The judgment obtained by the State of Florida in *State v. Huminski* contains the provision that **Huminski not communicate with the entire government of Florida in perpetuity**, a First Amendment violation that Defendant DeSantis along with his counsel (Ashley Moody, Esq.) endeavored to make permanent and maintain in 2021 and 2022 with DeSantis' filings in the Florida 11th Circuit and Third District Court of Appeal. Similar future unconstitutional conduct of the Governor must be enjoined pursuant to the First Amendment and rudimentary Due Process. The top executive of a State should not also be the chief civil rights violator of a State and violator of 18 U.S.C. § § 241, 242, criminal violations that can not be addressed in a civil matter.

7

14. An attorney (Ashley Moody, Esq., Florida Attorney General) and her client (Defendant DeSantis) share a unified entity/identity status during Huminski's State court actions, they are one in the same, and this creates a *per se* conspiracy presentation and they filed multiple Motions to Dismiss and other adverse papers in the State courts to maintain the State's ability to collect on its ill-gotten gains achieved in State v. Huminski and continue the **lifetime speech prohibition** that Huminski suffers.

15. Defendant DeSantis used multiple legal techniques to assure that the *void ab initio* judgment in State v. Huminski haunted Huminski for the remainder of his life in violation of procedural and substantive Due Process which forbids and negates/nullifies judgments rendered in the absence of any and all jurisdiction. Forgery of the commencement document in State v. Huminski also violates rudimentary Due Process' requirement for fundamental fairness. Using crime, forgery, to transform a *sui generis* common law offense into a statutory crime is repulsive to Due Process, yet, Defendant DeSantis seeks to make this constitutional transgression permanent and, to date, he has been successful.

16. The conduct in 2021 and 2022 of Defendant DeSantis transparently sought to deny Huminski his rights under the First Amendment and Due Process with multiple Motions to Dismiss and other adverse papers that foiled Huminski's legitimate claims to be free of burden from a *void ab initio* judgment and Defendant DeSantis succeeded in this scheme/conspiracy with the assistance and counsel of Ashley Moody, Esq..

17. The conduct of Defendant DeSantis and counsel achieved a cover-up of the felony forgery of a court order by prosecutor Anthony Kunasek, Esq. which led to the filings in this Court by Huminski. Conduct that constitutes acts of moral turpitude by Defendant DeSantis and counsel as accessories to the felonies of Prosecutor Kunasek (deceased - suicide).

18. Approximately 30 days after the Huminski filings in the instant matter detailing the forgery, corruption and crime of Mr. Kunasek, he committed suicide with a gunshot wound to the head. Litigation that Defendant DeSantis forced via his choice to cover-up the crimes of Kunasek rather than addressing them.

19. Upon information and belief, Defendant DeSantis could have stipulated to the relief being sought by Huminski and directed the various governmental entities to clear Huminski's name and credit rating and **end the perpetual First Amendment prohibitions**, but, chose to see to it that the Treasury of the State of Florida enjoyed unjust enrichment related to the costs, fines and fees it is still attempting to collect from

Huminski related to State v. Huminski, a matter that is irredeemably *void ab initio*. A Constitutional, moral, ethical and rational approach to the *void ab initio* judgment probably would have spared the life of prosecutor Kunasek. Defendant DeSantis' handling of the Huminski State cases in 2021 and 2022 proximately caused the suicide of Attorney Kunasek in April of this year one month after the filings of Huminski in this case.  Death is a predictable side-effect of Defendant DeSantis' furtherance of the patently criminal governmental conduct infecting State v. Huminski.  Many times the cover-up can be worse than the crime.

20. Huminski's motion for intervention sought declaratory and injunctive relief against Defendant DeSantis concerning his conduct related to the *void ab initio* judgment in State v. Huminski and the associated **First Amendment prohibitions**.

21. A true and correct excerpt from the final judgment order and Mr. Kunasek (deceased) requesting the lifetime speech prohibition (below and at Para. 30) after the Court stripped Huminski of defense counsel despite his objection without a Faretta hearing, this speech prohibition is listed in the final written order as a lifetime punishment along with the costs, fees and fines that the State of Florida attempts to enforce and collect on to this day which will continue in perpetuity (the costs, fees, fines and **speech prohibitions** listed in the judgment order do not expire) is as follows:

_____ or ... to update case & defendants information listed _____ COS Fees due & Owing in the amount $ _____
DEFENSE MOTION FOR MISTRIAL DENIED ' MOTION TO DISMISS DENIED ' ANY FUTURE FILINGS ARE
TO BE UNDER THE SIGNATURE OF A LICENSED ATTORNEY'S No CONVERSATION WITH THE PARTIES
in the CIVIL or CRIMINAL CASE
Pre-Sentence Investigation Sentencing

22. A true and correct excerpt of the docketing of State v. Huminski that lists F.S. 900.04 as the **NON-criminal** statute Huminski was prosecuted under and "No charge – No level" is as follows.



17-MM-000815 : State of Florida vs Huminski, Scott A

| Case Type: | Misdemeanor | | Date Filed: | 06/30/2017 |
| Location: | County Criminal | | UCN: | 362017MM000815000ACH |
| Judge: | James R Adams | | Status: | Closed |
| Citation Number: | Misdemeanor | | Appear By Date: | |

### Parties

| Name | DOB | Type | Attorney | Atty Phone |
|------|-----|------|----------|-----------|
| State of Florida | | Plaintiff | Anthony Kunasek | 239-533-1000 |
| Scott Huminski | 12/01/1959 | Defendant | | |

### Charge Details

| Offense Date | Charge | Plea | Arrest Disposition | Sentence |
|------|--------|------|-------------------|----------|
| 06/05/2017 | 1. CONTEMPT OF COURT CIRCUIT OR COUNTY Statute: 900.04 No Charge - No Level | 3/16/2018 Pled Not Guilty | 3/16/2018 Non Jury Trial - Adjudicated Guilty | |

23. A true and correct docketing of the <u>Gilbert</u> case upon removal to the federal courts is as follows (note the text: "Date Removed From State" below of 6/26/2017 which was followed by the State court hearing of 6/29/2017 "arraigning" Huminski for the alleged "crime" of contempt, a *sui generis* common law offense – not a crime),

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|------|----------|-----------|------------------------|-----------|-----------|-------------|
| Huminski, Scott Alan (pty) (2 cases) | 2:17-ap-00509-FMD | Huminski v. Town of Gilbert, AZ et al | Lead BK: 2:17-bk-03658-FMD Scott Alan Huminski | 06/26/17 | Plaintiff | 08/24/17 |
| | 2:17-bk-03658-FMD | Scott Alan Huminski | 7 | 04/28/17 | Debtor | 08/24/17 |

CM ECF   Query   Reports ▾   Utilities ▾   Help   Log Out

U.S. Bankruptcy Court
Middle District of Florida (Ft. Myers)
Adversary Proceeding #: 2:17-ap-00509-FMD

Assigned to: Chief Judge Caryl E. Delano
Lead BK Case: 17-03658
Lead BK Title: Scott Alan Huminski
Lead BK Chapter: 7
Show Associated Cases

Date Filed: 06/26/17
Date Terminated: 08/24/17
Date Removed From State: 06/26/17

Demand:

Nature[s] of Suit: 01 Determination of removed claim or cause

10

24. Following are true and correct sworn transcript excerpts from State v. Huminski with the
    Court describing how Circuit Court orders "dissolved" into the County Court (a court of
    inferior jurisdiction) and how a lower court (a County Court) was able to divest
    jurisdiction from a higher court (Circuit Court) or as the County Court stated "Well,
    they've [the Circuit Court] divested themselves of jurisdiction ..." (which never
    happened),

19          THE DEFENDANT:   Not in the circuit court.

20          THE COURT:   Okay.

21          THE DEFENDANT:   The circuit court order --

22          THE COURT:   Well, they've divested themselves

23      of jurisdiction at this point, so the orders that

24      I signed relative to your case are the warrants

25      that you should be attending to.

25. Upon information and belief the only way a Court can divest itself of jurisdiction, as
    mentioned in the previous paragraph, is via a dismissal of a case and Judge Krier has
    mentioned that the case was being transferred from civil to criminal court, a procedure
    that has no basis in statute, Rule or any other Florida authority.  This corrupt procedure
    placed the "contempt" portion of the civil case in the position of concurrent pendancy
    before two State courts, a Circuit Court and a County Court.  It was a new invention of
    the 20th Circuit and Lee County courts used to harass and terrorize with the misuse and
    abuse of the power of criminal prosecution. Below is a true and correct transcript excerpt
    with the Court explaining how the hijacking of a Circuit Court case by a County Court
    impacts the orders of the Circuit Court (this particular jurist had been condemned for
    multiple case hijackings in the past, YORLAN ESPINOSA PENA v. STATE OF
    FLORIDA, 2D17-4465 (2nd DCA, Fla. Dist. Ct. App. 2018) ),

11

1       THE DEFENDANT:  I don't think they overrule

2    the circuit court orders of Judge Krier.

3       THE COURT:  Sir, the circuit orders -- the

4    circuit court orders of Judge Krier have sort of

5    been dissolved into this case.  So, any

6    subsequent orders addressing similar issues that

7    I've issued are the ones that you should be

8    concerned about.

9       THE DEFENDANT:  That's not evident on the

10    record in the circuit court case --


    26. A true and correct excerpt from the sworn transcript concerning personal jurisdiction is as
    follows:

10       THE DEFENDANT:  The service part is the most

11    critical part of that motion.  It says parties

12    are to go to the internet to get copies of this

13    order.

14       THE COURT:  Okay.

15       THE DEFENDANT:  Showing the exact procedure

16    that I find is a problem in this case is that I

17    was never served with anything.

18       THE COURT:  Okay.  But that's the --

19       MR. KUNASEK:  I don't have a position -- the

20    State doesn't have a position on that, Judge.

21          THE COURT:  Okay.  All right.  Okay.  I don't

22          -- okay.  Mr. Huminski, I guess I'm not going to

23          rule on that at all.  All right.


27. A true and correct sworn excerpt from the transcript concerning the stripping of a

    criminal defendant of defense counsel (6th Amendment) is as follows:


11          THE DEFENDANT:  Just that there was no

12          Faretta Hearing, which is required to strip

13          someone of counsel, like I was.  It's Faretta

14          versus California.  And that's been adopted by

15          the Florida Supreme Court as a standard in

16          Florida, as well.  And it's sort of like when you

17          take a plea agreement, it goes through a specific

18          colloquy with the defendant saying, you know, you

19          understand you're giving up the right to

20          attorney, etcetera, etcetera, just as -- similar

21          to a plea agreement.

22          THE COURT:  Okay.  Anything from the State on

23          that issue?


24          MR. KUNASEK:  No, Judge.


28. A true and correct excerpt from Huminski's examination of the deputy that served a show

    cause order in <u>Huminski v. Town of Gilbert, et al</u>, 17-CA-421, 20th Circuit Court and

    never served anything in <u>State v. Huminski</u>, 17-MM-815, Lee County Court and what he

    did serve in Gilbert was missing 117 pages of content is as follows:

11      Q. Are there any exhibits listed if you read

12 that carefully? It refers to exhibits. See exhibit

13 A, see exhibit B, etcetera, etcetera.

14      A. Yeah, it mentions exhibits.

15      Q. And did you serve those exhibits?

16      A. I don't think so. I just served these in

17 front of me here.

18           THE DEFENDANT: Exactly. Thank you.


22           THE DEFENDANT: Your Honor, jurisdiction is

23      achieved though ser -- personal jurisdiction is

24      achieved through proper service, which hasn't

25      taken place by the State's own witness.


29. Only 3 pages were in front of the State's witness in the colloquy from the prior paragraph, not the full 120 pages that should have been served that constituted the full show cause order in the State Circuit Court. Nothing was served in the County Court matter State v. Huminski. The State of Florida in the prior paragraph indicates its belief that service in a civil case where the State is not a party suffices as service in a criminal case in a different court where the State injected itself as plaintiff absent the filing of a charging document whereby the commencement document was a forged court order filed by an unknown entity and not signed by an attorney representing the Plaintiff, the State of Florida, nor did it list the State as a Plaintiff, yet, the caption State v. Huminski was somehow adopted by the clerk's office indicating widespread corruption.

30. A true and correct sworn transcript excerpt describing the overall goal of the State of Florida in regarding the *void ab initio* State v. Huminski case was to silence core protected political expression critical of government is as follows:

7        exhibits, he often times will send email blasts

8        including 300 people. So, I would ask that that

9        immediately cease and desist with respect to

10       communication, third party or direct or indirect.

11            THE COURT: Mr. Huminski?

12            THE DEFENDANT: If he could be more specific

13       in that. That's kind of a migration thing and

14       the first amendment requires that any such orders

15       impacting speech be narrowly tailored to a

16       specific governmental interest. So, if he -- if

17       he can narrowly tailor it that would be nice,

18       instead of just saying don't email anyone.


19            THE COURT: I think he's talking about the

20       parties who are -- and I'm going to assume that

21       are involved -- and I don't know, for lack --

22       I'll say that -- you know, what's going on with

23       the town of Gilbert, Arizona and how they are

24       related, to some extent, to Lee County.

25            MR. KUNASEK: I don't believe -- well,

59

1        they're related to the extent that they were

15

2    brought in as a defendant in this -- Mr.

3    Huminski's case.

4         THE COURT:  Okay.

5         THE DEFENDANT:  That extends the Court's

6    jurisdiction nationwide, I think, that request.

7         THE COURT:  What's the other issue that you

8    have, Mr. Huminski?

9         THE DEFENDANT:  I don't -- did I mention one?

10        THE COURT:  You did.

11        THE DEFENDANT:  Oh, for sentencing, well, I

12   guess I'll skip it.

13        THE COURT:  Okay.  I'll add in the additional

14   condition of probation that he is not to

15        communicate with the other individuals in the

16        other case, also, as requested by the State.

31. In the prior paragraph, the Court orders the protection of some 300 unspecified non-
parties to State v. Huminski as a condition of probation, however, when distilled to a
written order, the First Amendment banishment extends in perpetuity (See Para. 21
above) and it is not restrained to only the probationary period and Huminski was jailed
prior to the end of his probation without bond for not paying costs, fines and fees in the
case so the probationary period is not yet complete.  Huminski's filing of bankruptcy and
the removal to bankruptcy court of the *sui generis* common law offense are an
overwhelming portion of the record in the State v. Huminski.  Essentially, Huminski was
incarcerated in a debtors prison without bond when the record contained absolute proof
that Huminski was bankrupt.

32. Attached hereto as Exhibit "A" is a copy of a true and correct copy of the State Court order specifying the life-long banishment of Huminski from communication with the entire State government of Florida in perpetuity.

33. Attached hereto as Exhibit "B" is a copy of a true and correct copy of the sworn Motion for Injunction Pending Appeal, DE 17, as filed in the Court below that is largely identical to this motion.

34. Attached hereto as Exhibit "C" is a true and correct copy of the motion to intervene, DE 17.

35. Attached hereto as Exhibit "D" is a true and correct copy of the sworn motion for reconsideration of the denial of intervention, DE 53.

36. Attached hereto as Exhibit "E" is a true and correct copy of the order striking the injunction pending appeal, DE 88, as "unauthorized".

37. Attached hereto as Exhibit "F" is a true and correct copy of the order denying intervention, DE 46.

38. Attached hereto as Exhibit "G" is a trun and correct copy of the order denying reconsideration of the intervention, DE 80.

## Memorandum of Law

The four factors the Court must evaluate in determining whether to grant a motion for an injunction pending appeal are as follows:

"(1) whether the stay [injunction] applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.".  See *Hilton v.Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119 (1987); see also *Robinson v. Attorney Gen.*, 957 F.3d 1171, 1176-77 (11th Cir. 2020); see also *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (en banc) (applying same standard for injunction pending appeal).

## A. Likelihood of Success on the Merits

No Court, Governor, Attorney General or entity can breathe life into a hopelessly *void ab initio* judgment such as in State v. Huminski that was commenced in violation of a removal to the federal courts, that was: (1) commenced completely without service, (2) commenced without

17

service of a document listing the State of Florida as a plaintiff nor signed by an attorney representing the State, and (3) was prosecuted without subject matter jurisdiction because a County Court (a Court of limited jurisdiction) can not hear contempt arising in a Circuit Court (a Court of general jurisdiction). See South Dade Farms v. Peters, 88 So. 2d 891 (Fla. 1956) (emphasis added).

> "In the opinion last cited this court adopted the language of the Supreme Court of the United States in the leading case of Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S. Ct. 492, 501, 55 L. Ed. 797, from which we quote also the following:
>
> > "There has been general recognition of the fact that the courts are clothed with this power, and must be authorized to exercise it **without referring the issues of fact or law to another tribunal** or to a jury in the same tribunal. For, if there was no such authority in the first instance, there would be no power to enforce its orders if they were disregarded in such independent investigation. Without authority to act promptly and independently the courts could not administer public justice or enforce the rights of private litigants. Bessette v. W.B. Conkey Co., 194 U.S. 324 337, 24 S. Ct. 665, 48 L.Ed. [997] 1005." "

If a court enters an order prior to the filing of proper pleadings, the court lacks jurisdiction. Lovett v. Lovett, 93 Fla. 611, 112 So. 768, 775-76 (1927).

Huminski will prevail concerning a case that was commenced via the forgery of a court order, in the wrong court and without service which has now led to the suicide of the prosecutor that forged the faux court order. Huminski will prevail related to the **lifetime speech prohibition** foisted upon Huminski in a patently *void ab initio* court case which can not stand. No entity can breathe life into a *void ab initio* judgment that contains a **perpetual communication prohibition,** far more extreme than the censorship foisted upon the Plaintiffs, preventing any and all communication with the entire State government – a *per se* outrageous First Amendment violation that shocks the conscious.


## B. Irreparable Harm

Huminski suffers the *per se* harm, injury and prejudice that flows from a criminal conviction regardless of the fact that *sui generis* common law contempt is not defined as a statutory misdemeanor nor felony in Florida. Huminski was prosecuted criminally under F.S. § 900.04, a statute that does not authorize a statutory misdemeanor nor felony. To satisfy the irreparable harm requirement, Huminski need only demonstrate that absent a preliminary

injunction, he is "likely to suffer irreparable harm before a decision on the merits can be rendered." *Winter v. NRDC*, 555 U.S. 7, 22 (2008) (citation omitted). The sole motive behind the fraudulent criminal motivation was to immediately silence Huminski's speech via conditions of pre-trial supervision conditions of release in a *sui generis* common law case and ultimately the **silencing of any and all speech by Huminski with the entire government of Florida for life**.

The State of Florida has engaged in non-stop harassment concerning the *void ab initio* debt that arose in State v Huminski causing shock and injury to Huminski's mind and body. Huminski has been fully disabled for over a decade with Post Traumatic Stress Disorder, General Anxiety Disorder and Social Phobia which elevates the harm, injury and damage Huminski suffers as a result of the relentless collection activities of the State that Defendant DeSantis took steps to protect and make permanent with his filings in the State courts opposing a declaration that the *void ab initio* judgment in *State v. Huminski* was indeed *void ab initio* to cover-up the official crime of forgery by prosecutor Kunasek (deceased – suicide 30 days after the motion to intervene filed in this case). As all "convicts", Huminski suffers prejudice and discrimination concerning credit, housing, employment and all areas negatively impacted by a bogus criminal conviction.

Huminski suffers per se irreparable First Amendment harm and injury from the lifetime speech prohibition imposed in State v. Huminski that Defendant DeSantis endeavored to protect with extreme zeal and disdain for the Rule of Law, most notably, the U.S. Constitution.

~~_[handwritten annotations, largely illegible]_~~

## C. The issuance of an injunction will not harm any parties

A party seeking a preliminary injunction must demonstrate both "that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "These factors merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). No party opposed intervention in this case clearly targeting the herein mentioned moral turpitude exhibited by Defendant DeSantis.

An injunction preventing Defendant DeSantis from engaging in any activity intending to enforce or profit the State treasury and continue a **perpetual speech banishment** that are products of a hopelessly *void ab initio* judgment achieved in the absence of any and all

jurisdiction will not prejudice any party and will simply comply with the First Amendment, Due Process and the jurisdictional requirements prescribed in Due Process.  A judgment entered in the absence of personal jurisdiction, subject matter jurisdiction and commenced in violation of a federal removal simply can not stand despite Defendant DeSantis' desperate attempts in 2021 and 2022 to cover up felony forgery by prosecutor Kunasek (deceased – suicide) in State courts with motions to dismiss and other opposition papers.  Defendant DeSantis' zeal to propagate Police State **silencing of core protected political expression critical of government** has risen to a level in Defendant DeSantis whereby it supersedes the oath taken by him concerning both State and Federal constitutions when he became the Governor of Florida.

No party has opposed Huminski's intervention in *Equality Florida v. DeSantis, et al,* an overwhelming indicator of lack of prejudice.

**D. Public policy – official crime – governmental acts of moral turpitude – corruption**

The need "to prevent irreparable injury to the parties or to the public" pending review is essential in this matter.  *Scripps-Howard,* 316 U.S., at 9, 62 S.Ct. 875.  Failure to enjoin Defendant DeSantis' obsession with **silencing core protected political speech** critical of government via his scheme with Ashley Moody, Esq. to attempt to breathe life into a hopelessly *void ab initio* State v. Huminski in the State courts in 2021 and 2022 violates public policy and the public interest.  The public interest and public policy demands that a case initiated with a forged court order absent any and all jurisdiction is dispatched in an expedient manner that does not include a Governor covering-up the bold courthouse crimes to maintain a **lifetime speech prohibition** regarding any speech to the entire Florida government in perpetuity.

The herein-mentioned conduct and the other filings of Huminski in the instant matter set forth conduct of Defendant DeSantis involving moral turpitude concerning the civil rights of Huminski.  Notably, Defendant DeSantis' efforts in 2021 and 2022 to maintain Huminski's prohibition concerning the **perpetual lifetime ban on communication** with the entire State of Florida government is a substantial example of violation of rights under the color of law and conspiracy against rights between the Governor and his Attorney General concerning Huminski's First Amendment rights and Due Process – federal crimes.  18 U.S.C. § § 241, 242. Terminating this criminal conduct in this civil context under constitutional torts serves the public interest prior to any criminal proceedings that may follow in other fora.  Crimes can only be prosecuted by governmental entities.

The **lifetime speech prohibition** foisted upon Huminski was achieved in the complete absence of any and all jurisdiction because Huminski was never served in State v. Huminski and there exists no charging document authored by the State that commenced the "criminal" prosecution of a *sui generis* common law offense. Only a forged manufactured order taken by the government from another Court (20th Circuit Court) and then modified to appear as a legitimate County Court order in State v. Huminski existed as a document that resembled a charging document. This fraudulent forgery was then held out by the government to a County Court as a legitimate court order and commencement document in State v. Huminski. Governmental fraud and forgery used to initiate an illegitimate criminal case violate public policy and does shock the conscientiousness of a reasonable person. Such conduct constitutes State-sponsored domestic terrorism supported and embraced up to the highest level in State government; the Governor and Attorney General wielding the vast power of the State.

Further, the conduct of Defendant DeSantis which covered-up the forgery of a court order (the alleged charging document) in State v. Huminski proximately led to the suicide of the prosecutor who engaged in the forgery. The suicide occurred 30 days after the forgery was proffered in the matter below by Huminski in court papers. Had Defendant DeSantis along with his co-conspirator Florida Attorney General Ashley Moody, Esq. acted morally and ethically and taken steps to end the lifetime speech prohibition and constant attempts by the government to derive pecuniary benefit from the *void ab initio* judgment rendered in State v. Huminski and otherwise prejudice Huminski, the life of prosecutor Anthony Kunasek, Esq. may have been spared. The morally bankrupt herein-mentioned conduct of Defendant DeSantis violates public policy.

Public policy prohibits governmental wholesale violation of the First Amendment and Due Process. Public policy also weighs heavily against the cover-up of serious courthouse crimes such as forgery of a court order and actions by the State government pursuing court costs, fines and fees rendered in the absence of any and all jurisdiction and lifelong First Amendment deprivations.

Public policy and the public interest prohibits a Governor, Defendant DeSantis, from attempting to breathe life into a hopelessly *void ab initio* court judgment procured with forgery and fraud.

Some of the felony governmental/official State crimes inherent in State v. Huminski repugnant to public policy are,

- Forgery

21

- Fraud

- Official Misconduct

The aforementioned coordination of State prosecutors, judges, the State Attorney General and the Governor could easily constitute RICO and conspiracy crimes as well. There were many cooks stirring this kettle of corruption aside from the prosecutor who took his own life as a result of the filings in this case including the 20th Circuit State's Attorney, Judge Elizabeth Krier, Judge James Adams and numerous courthouse staff. Huminski concedes that this case is not the proper litigation to pursue criminal charges by himself nor the Plaintiffs, however, there is quite an overlap between constitutional torts and the criminal conduct set forth herein and public policy supports stopping the acts of moral turpitude by Defendant DeSantis in both a civil and criminal context.

Huminski can not prosecute criminal violations, he is not a prosecutor, however, public policy can certainly weigh in opposing this vile governmental crime even when government does not step in to stop the debauchery and corruption. When government fails to monitor its own corruption, side effects such as the suicide of prosecutor Anthony Kunasek, Esq. appear. A suicide that could have been avoided if the Governor chose to address the official crime and corruption instead of covering it up. An injunction should issue against Defendant DeSantis before more adverse events occur related to the herein described governmental misconduct. Defendant DeSantis had the opportunity to direct his counsel, the Florida Attorney General, to stipulate to a declaration in State Court to vacate the judgment in State v. Huminski thereby restoring Huminski's First Amendment rights, but, refused to take the ethical and moral course of conduct. The opposite approach was taken by Defendant DeSantis resulting in the suicide of prosecutor Kunasek. Attorney General Ashley Moody, Esq. is the top law enforcement and prosecutorial authority in the State of Florida and certainly could have stipulated to end the First Amendment violations and void judgments which can be remedied in any court and at any time where they have become an issue. The Attorney General also shares responsibility for the suicide of Anthony Kunasek, Esq..

A judgment entered without due service of process is void. See Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980); McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979); Grahn v. Dade Home Services, Inc. 277 So.2d 544 (Fla. 3d DCA 1973). On motion, a court may, at any time, relieve a party from a void final judgment. See Sams Food Store, Inc. v. Alvarez, 443 So.2d 211 (Fla. 3d DCA 1983); Tucker v. Dianne Electric, Inc. 389 So.2d 683 (Fla.

5th DCA 1980); _McAlice. See also Ramagli Realty Co. v. Craver_, 121 So.2d 648 (Fla. 1960) (the passage of time cannot make valid that which has been void).

Any judgment or order procured from any court by the practice of fraud or deception may in be set aside at any time – such as the forged commencement document filed in Huminski v. State failing to list the State as a party and not signed under the authority of any prosecutorial entity for the State of Florida, plaintiff in State v. Huminski. A void judgment is a nullity, a brutum fulmen and is subject to collateral attack and may be stricken at any time.  19 Fla.Juris. Void Adjudications, Sect. 383 and the cases there cited. The passage of time cannot make valid that which has always been void.  "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court", OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907). "The law is well-settled that a void order or judgment is void even before reversal", VALLEY v. NORTHERN FIRE & MARINE INS. CO., 254 U.S. 348, 41 S. Ct. 116 (1920). Official corruption is the only discernible reason why the Governor would engage in furtherance of a void judgment ordering a lifetime speech prohibition in stark violation of the founding documents. Covering up the crimes of the late Prosecutor Kunasek was the highest priority for Defendant DeSantis', a priority that ended up killing the prosecutor the Governor was assisting.

Defendant DeSantis, a graduate of Yale and Harvard Law, knew exactly what he was doing concerning the herein-mentioned conduct. A first year law student would realize the corrupt and criminal nature of the material herein and would reject the furtherance of the crimes of Defendant Kunasek and cooperating government employees/judges/court personnel.

Despite the existence of bedrock authority rejecting Defendant DeSantis' conduct seeking to maintain a **lifelong speech/communication banishment** between Huminski and the entire Florida government, ... _"might appears to be right"_ even given the Kunasek loss of life related to this issue. Government oppression and repression under the governance of Defendant DeSantis unfortunately is a higher objective than the preservation of human life, to wit: the life of Chief of Special Prosecutions for the Florida 20th Circuit, Anthony Kunasek, Esq taken by his own hand via a gunshot wound to the head 30 days after the publication of his crimes in the instant matter. A government win at all costs mentality and _let the Rule of Law be damned_ approach to fundamental constitutional rights by both the Florida Governor and Florida Attorney General.

The Plaintiffs' below claims and Huminski's claims involve perpetual First Amendment violations/censorship related to speech containing content that displeases the State of Florida. Huminski is a well-known critic of authoritarian, oppressive and repressive acts of government and any and all communication by Huminski with the entire State of Florida government is forbidden by a Court order, the gravamen of Huminski's claims. The Plaintiffs below asserted that prohibition of speech pertaining to LGTBQ issues, codified in a Florida law, is their issue. Both Huminski's claims and those of the plaintiff's below assert broad and sweeping restrictions upon speech and stare decisis concerning either of these issues will impact the claims of both Huminski and the Plaintiffs below. In Huminski's scenario, it is core protected political expression that the government sought to silence and any other communication with the entire government of Florida, without exception, FOR LIFE. The Plaintiffs below also face a perpetual speech prohibition.

## Prayer for Relief

**WHEREFORE**, the Court should enjoin Defendant DeSantis from engaging in any course of conduct intending to benefit the State of Florida, financially or otherwise with regard to the **lifetime speech banishment** or *void ab initio* judgment issued in State v. Huminski. The injunction should also enjoin Defendant DeSantis from engaging in any conduct in furtherance of the speech banishment and prejudice to Huminski that flows from the *void ab initio* judgment rendered in State v. Huminski including preventing Huminski from obtaining a Florida driver's license because of the "criminal" conviction in a *sui generis* common law action.

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT (CIP)

In Re: Scott Huminski _____ vs. _____ Appeal No. 22-12392-GG _____

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

*(please type or print legibly)*:

# Scott Huminski

Dated at Palm Coast, Florida this 23rd day of July, 2022.

_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL 32135
(239) 300-6656
S_Huminski@live.com

Sworn and Subscribed to before me on this 23rd day of July, 2022 in Flagler County, Florida.

_____

Notary                                    Exp.

### Certificate of Service

Copies of this document and any attachment(s) was served upon the parties in the Court below via the U.S. Mails and/or email and/or the e-filing system.

Dated this 23rd day of July,  2022.

-/s/- Scott Huminski

_____

Scott Huminski

# EXHIBIT "A"

ORDER / COMMITMENT FORM                                                        COUNTY COURT, LEE COUNTY, FLORIDA

17-MM-000815      State of Florida vs Huminski, Scott A

1 CONTEMPT OF COURT CIRCUIT OR COUNTY  No Charge - No Level §900.04

| Citation | Issuing Agency | Court Date | Court Clerk |
|---|---|---|---|
|  | OTH | 03/16/2018 |  |

Attorney:   AT Huminski, Scott A

| APPEARANCE | PLEA | ADJUDICATION | VERDICT | DISPOSITION |
|---|---|---|---|---|
| ___ Failed to Appear | ___ Guilty | ___ Withheld by Judge | ☒ Guilty by Judge | ___ Acquitted |
| ✓ Present w/o Attorney | ✓ Not Guilty | ☒ Adjudicated Guilty | ___ Not Guilty by Judge | ___ Nolle Pros |
| ___ Present w/ Attorney | ___ Nolo Contender | ___ Withheld by Clerk | ___ Guilty by Jury | ___ No Information |
| ___ Present by Attorney | ___ Lesser Offense |  | ___ Not Guilty by Jury | ___ Dismissed |
| ___ Present w/ Interpreter |  |  | ___ Mistrial | ___ Adm.Dismissed |
| ___ Interpreter Services Requested | Degree ___ |  |  | ___ Merge & Dismiss |
| ___ Language ___ | Statute ___ |  |  |  |
| ___ Victim/Other |  |  |  |  |

SENTENCE

☒ Probation (reports) __6__ DD/MM/YY
___ Consecutive/Concurrent with ___
___ One Time Cost $ ___     Waive COS $ ___
☒ Report to Probation Today or Upon Release Within ___
___ Probation may terminate early when conditions are met
___ May Transfer Probation to ___
___ May Report to Probation and/or Instruct by Mail
___ Ignition Interlock Device ___ DD/MM/YY
___ Impound Vehicle for ___ days as a condition of probation unless statutory conditions are met
___ Statutory Exception to Vehicle Impound
   ___ Does Not Own Vehicle ___ Shared Vehicle
   ___ Other ___
___ Random ___ Alcohol ___ Drug Screenings & Urinalysis at own expense - No positive/diluted samples
___ No Possession or Consumption of Alcohol or Illicit Substances
___ DUI School - Follow recommendations/Phase ___ I ___ II
   ___ School to Determine which Phase
   ___ Sign up w/in ___ days
___ Traffic School  4 Hr / 8 Hr / 12 Hr
___ Attend and Complete Lee Memorial High Risk Driver's Course or ___ Victim Impact Panel
___ Psychiatric Evaluation ___ Evaluate for Alcohol/Substance Abuse/Anger Mgmt and follow recommendations of ___
___ Sign up for Batterer's Intervention Program w/in 30 Days
___ Attend & Complete ___ Anti-Theft ___ Mile Post Program
___ Attend & Complete Program ___
___ DNA Testing Collected ___ in Court ___ at LCJ
___ Other Testing ___ HIV ___ STD ___
___ Defendant Advised of Habitual and/or Felony Status

☒ Jail Time __45__ (DD/MM/YY)
___ Consecutive/Concurrent with ___
___ Weekend Time Fri 8pm to Sun 6pm
___ Beginning ___
___ Day Work Program* ___ Days
   ___ Minimum ___ day(s) a week ___ consecutive weeks
___ Credit Time Served ___ DD/MM/YY
___ Credit Time Served Applied to ___ Straight Time
   ___ Weekends ___ Day Work Program
___ Defendant Remanded  ☒ Sentence Suspended - 45 DAYS
___ DL Suspended/Revoked ___ DD/MM/YY
___ Spec Conditions - Drive for Work/Business purposes
___ Show Valid Driver's License within ___
___ Produced Valid Driver's License in Court
___ Community Service ___ Hours and/or Pay $ ___
___ Must complete ___ hours of community service before buyout
___ Show Proof of Com. Service to Clerk w/in ___
___ Stay Away from arrest location ___
___ No Contact with victim ___
___ State Orally Amends Charge in Open Court
___ Formal Filing of Information is Waived
___ Information Filed in Open Court
___ Successfully Completed Pretrial Diversion Program
___ Judicial Warning
___ Defendant Accepted DV Diversion
___ Defendant to be Released ROR on this Charge Only

CONTINUANCES                                          MANDATORY COURT APPEARANCE
Date Continued to ___

| For ___ | AR ___ | DS ___ | TR ___ | DA ___ | DD ___ | DT ___ | RH ___ |
|---|---|---|---|---|---|---|---|

Time ___ AM / PM   Court Room ___
___ HAS ___ MEG ___ ZMG ___ DSG ___ JMG ___ TPP ___ ABH     ___ Speedy Trial Waived   ___ Speedy Trial Tolled
___ Report to PTS/Screen for Public Defender

Defendant/Attorney ___                                          Date ___
Failure to comply with any part of this order shall result in a bench warrant being issued for your arrest and/or suspension of your driver's license privilege

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Brooke Dean, Operations Division Manager, whose office is located at Lee County Justice Center, 1700 Monroe Street, Fort Myers, Florida 33901, and whose telephone number is (239) 533-1771, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

28

ORDER / COMMITMENT FORM

COUNTY COURT, LEE COUNTY, FLORIDA

**17-MM-000815**   State of Florida vs Huminski, Scott A

_____ Previously FTA for assigned Judge _____
_____ Felony Reduction   _____ Juvenile

**1 CONTEMPT OF COURT CIRCUIT OR COUNTY** No Charge - No Level §900.04

| Citation | Issuing Agency | Court Date | Court Clerk |
|---|---|---|---|
| | OTH | 03/16/2018 | |

**FINE ASSESSMENTS** (statutes indicated)

✓ Fine $ 600 _____ (775.083)
✓ 5% Surcharge $ 25 _____ (938.04)

**MANDATORY ASSESSMENTS**

✓ Court Costs (Include Crime Stoppers & Crime Prevention)
(318.18 / 775.083 / 938.01 / 938.03 / 938.05 / 938.06 / 939.185)
✓ $220.00 ___ Other $ _____
If Ordered Under - Reason:

_____ $33.00 Certain Traffic Offense Court Cost (318.17 / 318.18)
_____ $135.00 DUI Court Costs (938.07)
_____ $70.00 Reckless Driving Court Costs (318.18 / 316.192)
_____ $65.00 Racing Court Costs (318.18)
_____ $5.00 Leaving the Scene Court Costs (316.061)
_____ $195.00 BUI Court Costs (938.07 / 327.35)
_____ $201.00 Domestic Violence Trust Fund (938.08)
_____ $151.00 Rape Crisis Trust Fund (938.085)
_____ $151.00 Crimes Against Minors (938.10)
_____ $5000.00 Civil Penalty (796.07)
_____ $40.00 Contested By Nonprevailing Party Fee (34.045)

**DISCRETIONARY ASSESSMENTS**

_____ $100.00 FDLE Trust Fund/Statewide Crime Lab (938.25)
_____ Investigative Fee $ _____ to
to ___ FDLE ___ FMP ___ LCSO ___ Statewide Pros.
___ Other _____ (938.27)
_____ Worthless Check Diversion Fee $ _____ (832.08)
_____ Diversion Cost of Supervision $ _____ (948.09)
Pay Within _____ 5 _____ DD/MM/YY

_____
_____ Upon release from In-Custody

**MOTION HEARINGS**

_____ Revoke Bond ___ Reinstate Bond
_____ Set/Reduce/Increase Bond to _____
_____ Suppress ___ Dismiss ___ Continue
_____ Expunge/Seal (All outstanding monetary obligations must be paid to the Clerk's office before the case is officially expunged/sealed.)
_____ Withdraw Plea
_____ Withdraw as Counsel
_____ Modify No Contact Order ___ Lift No Contact Order
_____ Other _____
Motion Result (Circle One)  Granted  Denied  Reserves Ruling

_____ State & Defense Stipulate to Suppress the Breath Test Results
_____ State Amends Information from BAL of 15 or Above to 08
_____ Clerk to Update Case w/ Defendants Information Listed

DEFENSE MOTION FOR MISTRIAL DENIED : MOTION TO DISMISS - DENIED : ANY FUTURE FILINGS ARE TO BE UNDER THE SIGNATURE OF A LICENSED ATTORNEY : N. COMMUNICATION WITH THE PARTIES
IN THE _____ OF _____ CRIMINAL CASE

**ATTORNEY FEES & SURCHARGES**

✓ $50.00 Cost of Prosecution (938.27)
_____ $50.00 Public Def Application Fee (27.52)
_____ Additional Application Fees $ _____
(Must be addressed on the record)
_____ Defense Attorney Costs at Conviction (938.29)
_____ $50.00 ___ Other $ _____

**RESTITUTION**

_____ Minimum Payment of $ _____ per Month
to _____
___ As a Condition of Probation
_____ Restitution Ordered $ _____ to
_____
_____ Restitution Reduced to Judgment
_____ Court Orders Restitution - Reserves on Amount

**DISPOSITION OF MONETARY OBLIGATIONS**

✓ May Convert Fine Cost _____ All or In Part to Community
Service at $10 per Hour
___ Defendant Advised of Notary Requirement for Community
Service (For Non-Probationary Sentences)
_____ Credit Time Served for Fines/Costs/Fees _____
_____ Monetary Obligations Referred to Clerk of Court Collections
_____ Monetary Obligations Reduced to Judgment ___ Previous Only
_____ Monetary Obligations (VOP) ___ Carried Forward
_____ Defendant to sign up for Payment Plan
_____ First Payment Due within 30 Days
_____ Waive all Additional Mandatory Costs

**WARRANTS/BONDS**

_____ BW/D6 Ordered Balance $ _____
_____ Issue Bench Warrant _____ MM/DD/YYYY
_____ Bond Estreature $ _____
_____ Non-Compliance/Non-Appearance $ _____
_____ Set Aside BW/D6 $ _____
_____ Set Aside Estreature $ _____
_____ Cash Bond to pay Fine/Cost including _____
_____ Return Cash Bond to Depositor _____ |

_____ Conflicting Appearance Date Addressed in Court

**REVOCATION HEARINGS**

_____ Defendant Pleas Guilty/Admits Allegations
_____ Defendant Pleas Not Guilty/Denies Allegations
_____ Adjudicated Guilty ___ Adjudication Withheld
_____ Probation Reinstated
_____ Probation Modified
_____ Same Terms and Conditions to Apply
_____ Probation Revoked & Terminated ___ Probation Terminated
_____ COS Fees Due & Owing in the amount $ _____

_____ Pre-Sentence Investigation/Sentencing _____ Full/Partial

If probation has not been imposed, you must pay your financial obligation within the time allowed by the Judge or sign up for the payment plan option offered by the Clerk of Court. If sentenced to Probation, you must adhere to standards as directed.

Failure to comply with any part of this order may result in a suspension of your driver license privilege and/or warrant being issued for your arrest (322.245). Unpaid financial obligations still remaining 90 days after payment due date will be referred by the Clerk of Court to a collection agency and an additional fee of up to 40% of the outstanding balance owed will be added at that time (28.246).

Mandatory assessments are imposed and shall be included in the judgment without regard to whether the assessment was announced in open court.

| Asst State Attorney | /A. Kuvanse | Bar No. _____ / 26999 | Date _____ |
|---|---|---|---|
| Judge James R Adams | Adams | | Date _____ |

Rev 03/05/2017

29

# EXHIBIT "B"

# United States District Court
# Northern District of Florida

EQUALITY FLORIDA, ET AL,        )           Number: 4:22-cv-00134-AW-MJF

     PLAINTIFFS,          )

          v.            )

RONALD DESANTIS, ET AL,      )

     DEFENDANTS.       )

## <u>Verified Motion For Injunction Pending Appeal against Defendant DeSantis</u>

NOW COMES, Scott Huminski ("Huminski"), and under oath, swears, deposes, states and pursuant to F.R.C.P. 62 and F.R.App.P 8 moves that the Court issue an injunction pending appeal against Defendant DeSantis prohibiting his furtherance and continuance of his conduct intending to breathe life into a hopelessly *void ab initio* judgment issued in State v. Huminski, 17-mm-815, Lee County Court, that imposed fines, fees and costs upon Huminski that the State of Florida continues to attempt to collect to this day and otherwise benefit from the "criminal conviction" in a *sui generis* common law case that prejudices Huminski with ongoing constant and continuing collection activities harassing Huminski and prejudicing him with regard to employment, housing, credit and other prejudice that flows from a criminal conviction and **prohibits Huminski's communication with the entire government of Florida for life** (not disimilar to the speech prohibitions foisted upon Plaintiffs) and continues to cause shock and injury to body and mind of Huminski, he moves as follows:

1. Huminski was prosecuting a civil case, Huminski v. Town of Gilbert, et al, 20th Circuit Court, 17-CA-421 in the spring of 2017.

2. Huminski filed Chapter 7 bankruptcy in April 2017 and his claims in Gilbert became assets of the estate in bankruptcy staying the civil matter, Gilbert, pursuant to 11 U.S.C. § 362.

3. Upon the trial court in Gilbert refusing to obey and respect the automatic stay of bankruptcy, Huminski removed Gilbert to the United States District Court (Bankruptcy Unit) on June 26, 2017 and the case was docketed as an adversary proceeding in the

2

Bankruptcy Court, Huminski v. Town of Gilbert, et al., 9-17-ap-00509-FMD (U.S.D.C.

Middle District of Florida, Bankruptcy Unit) ("Gilbert Bankruptcy Case").

4. There existed allegations of contempt, a *sui generis* common law offense under Florida
law (also Federal law and the stare decisis in virtually all jurisdictions in the U.S.), in the
Gilbert Bankruptcy Case that had been removed from the State Courts on 6/26/2017.

5. The State Court chose to hold a hearing in the removed case, Huminski v. Town of
Gilbert, et al, three days after removal on June 29, 2017 in the 20th Circuit Court despite
its status as removed to the federal courts under Bankruptcy Rule 9027 three days prior.

6. At hearing on 6/29/2017 in State court, after removal, the following true and correct
excerpts from the sworn transcript of the June 29, 2017 State court hearing in Gilbert
(removed on 6/26/2017) included these colloquies,

```
10          THE COURT:  Okay.  We're here on an order to
11     show cause.  This is essentially an arraignment
12     proceeding today.  So, I think the things that we
13     have to do today are set court dates for various
14     proceedings, as well as address issues of bond
15     and/or pretrial release, am I correct?
16          MR. SARLO:  Yes, Judge.
17          THE COURT:  Okay.  So, first thing is bond
18     and/or pretrial release.  Any arguments from
19     anybody?
20          MR. KUNASEK:  Judge, the State will defer to
21     the Court with respect to that.  I know there was
22     an issue with serving him with the initial order
23     to show cause.  So, his availability may be an
24     issue and the Court's well aware of that more
25     than I am, so I will defer to the Court with
```

Pre-trial release is not an option for civil cases or *sui generis* common law cases nor is an
"arraignment", the State court proceedings continue,

3

8          MR. SARLO:  The clerk very well may ask us --

9          THE COURT:  I know in Collier County, because

10    I've done a couple of these proceedings in

11    Collier, they do open a new file.  So, if you

12    want that to happen, I would think that

13    somebody's gotta ask -- ask the Clerk to do that.

14         Okay.  So, let's see.  Middle of August is

15    okay for everybody?

16         MR. KUNASEK:  Yes, Your Honor.

17         THE DEFENDANT:  No.

18         THE COURT:  Could we do it at --

19         THE DEFENDANT:  This case has been removed to

20    bankruptcy court, so I'm not good with that.

21         THE COURT:  Pardon me?

22         THE DEFENDANT:  This case has been removed to

23    bankruptcy court --

4

24          THE COURT:   This case hasn't been removed to

25     any place, Mr. Huminski.

eFiled Lee County Clerk of Courts Page 6

**Page 223**

7

1          THE DEFENDANT:  Under bankruptcy rule 9027 --

2          THE COURT:  Mr. Huminski, A, you're not a

3     lawyer and, B, this case doesn't get removed to

4     bankruptcy court.  That's not how the law works.

5     Okay.  You need to --

23    THE COURT:  Yeah, 17-CA-421.

24        And, also, Madame Clerk, would you please

25    check with the clerk's office because, again, in

---

eFiled Lee County Clerk of Courts Page 22

Page 2

---

23

1    Collier, they give -- they set up a new file.

2    It's a little bit difficult to have a civil -- a

3    criminal proceeding in a civil case.  So, if you

4    could check with somebody about that, maybe we

5    can get that straightened out, too.

6        THE DEFENDANT:  Your Honor, I'd like

The State Court continues illogically categorizing a *sui generis* common law offense, indirect contempt, as a statutory criminal offense in this passage and above,

21    This is a criminal proceeding.  You can go to

22    jail for this.  You have violated -- it is

23    alleged that you have violated court orders.

24    It's alleged you have committed indirect criminal

25    contempt.  You can go to jail.

eFiled Lee County Clerk of Courts Page 7

Page 2236

Note that Huminski was convicted of contempt in the above passage, amazingly, at arraignment in this alleged "criminal case" despite the non-existence of a statute or criminal code defining the alleged *sui generis* offense (pending in the

6

federal courts after the State Court was divested of jurisdiction by the removal of

6/26/2017) as a statutory misdemeanor or a felony. The proceedings continue,

8          THE DEFENDANT:   The protective orders mention

9     civil, as well, and civil can be removed to

10    bankruptcy court.

11         THE COURT:   No, sir, you're misinformed.

12    Nothing gets removed from this court to

13    bankruptcy court.   That doesn't happen ever.

14         So, you need to talk to your attorney, who

15    I've appointed because he's the one that knows

16    the law.

17         THE DEFENDANT:   He doesn't know bankruptcy

18    law.


Apparently, a delusional jurist in the above passage believes that proceedings held
by her civil, criminal or sui generis common law are absolutely immune from
removal to federal court and the claims by the federal courts that they have
jurisdiction by operation of a self-executing notice of removal filed in both the
State and Federal Courts on 6/26/2017 can be disregarded as nonsense.  Despite
the Supremacy Clause, this particular State Court believes it is superior to the
federal courts and can ignore the jurisdiction of the federal courts.

7.   Huminski filed his Notice of Removal of Gilbert on 6/26/2017 in both State and Federal
     Court and served them on the same date in compliance with Bankruptcy Rule 9027.

8.   The now removed federal action Huminski v. Town of Gilbert, et al., 9-17-ap-00509-
     FMD (U.S.D.C. Middle District of Florida, Bankruptcy Unit) previously the State Court
     Gilbert case, 17-CA-421, 20th Circuit, morphed into State v. Huminski, 17-MM-815, Lee
     County Court via the manufacture of a forged County Court order by the government
     (prosecutors, court personnel, etc.), not a judge, that was filed in the Lee County Court
     and held out to be a legitimate County Court order when in reality it was a transparent
     forgery. See generally, Motion to Intervene.

                                        7

9. Huminski was not served with any commencement document in State case _State v. Huminski_, he was served with a show cause order in the _Gilbert_ case (not _State v. Huminski_) absent 117 pages of attachments which a State's witness confirmed at trial as not served in the original State civil case.  The was no service in _State v. Huminski_ and the record contains no proof of service.

10. The only document that resembles a charging/commencement document in _State v. Huminski_, a forged show cause order, mentioned 117 pages of attachments that were not filed until the date of trial and alleged conviction and Huminski's motion for a bill of particulars was denied when he sought to determine the basis of _State v. Huminski_.  See _Geary v. State_, 139 So. 2d 891 (Fla. 3d DCA 1962)  If a court enters an order prior to the filing of proper pleadings, the court lacks jurisdiction.  _Lovett v. Lovett_, 93 Fla. 611, 112 So. 768, 775-76 (1927).

11. During 2021 and 2022, Defendant DeSantis conspired with his attorney, Attorney General Ashley Moody, Esq., to foil Huminski's attempts in the Florida 11th Judicial Circuit and the Florida Third District Court of Appeal to vacate and/or declare void the **lifetime prohibition on communication with the entire State of Florida government** and declare the monetary judgment rendered in _State v. Huminski_ *void ab initio*, stop the collection activities by the State on the *void ab initio* debt arising from _State v. Huminski_ and to declare the criminal conviction *void ab initio* thereby freeing Huminski from the ongoing burden and prejudice the criminal conviction has upon Huminski, or any citizen for that matter, and clear the way for Huminski's obtaining a Florida Driver's License which is currently prohibited because of the unpaid costs/fees/fines arising out of _State v. Huminski_ and remedy/vacate the **perpetual speech prohibition with the entire State of Florida** set forth in the judgment in _State v. Huminski_.

12. The judgment obtained by the State of Florida in _State v. Huminski_ contains the provision that **Huminski not communicate with the entire government of Florida in perpetuity,** a First Amendment violation that Defendant DeSantis along with his counsel (Ashley Moody, Esq.) endeavored to make permanent and maintain in 2021 and 2022 with DeSantis' filings in the Florida 11th Circuit and Third District Court of Appeal. Similar future unconstitutional conduct of the Governor must be enjoined pursuant to the First Amendment and rudimentary Due Process.  The top executive of a State should not also be the chief civil rights violator of a State and violator of 18 U.S.C. § § 241, 242, criminal violations that can not be addressed in a civil matter.

13. An attorney (Ashley Moody, Esq., Florida Attorney General) and her client (Defendant DeSantis) share a unified entity/identity status during Huminski's State court actions, they are one in the same, and this creates a *per se* conspiracy presentation and they filed multiple Motions to Dismiss and other adverse papers in the State courts to maintain the State's ability to collect on its ill-gotten gains achieved in <u>State v. Huminski</u> and continue the **<u>lifetime speech prohibition</u>** that Huminski suffers.

14. Defendant DeSantis used multiple legal techniques to assure that the *void ab initio* judgment in <u>State v. Huminski</u> haunted Huminski for the remainder of his life in violation of procedural and substantive Due Process which forbids and negates/nullifies judgments rendered in the absence of any and all jurisdiction. Forgery of the commencement document in <u>State v. Huminski</u> also violates rudimentary Due Process' requirement for fundamental fairness. Using crime, forgery, to transform a *sui generis* common law offense into a statutory crime is repulsive to Due Process, yet, Defendant DeSantis seeks to make this constitutional transgression permanent.

15. The conduct in 2021 and 2022 of Defendant DeSantis transparently sought to deny Huminski his rights under the First Amendment and Due Process with multiple Motions to Dismiss and other adverse papers that foiled Huminski's legitimate claims to be free of burden from a *void ab initio* judgment and Defendant DeSantis succeeded in this scheme/conspiracy with the assistance and counsel of Ashley Moody, Esq..

16. The conduct of Defendant DeSantis and counsel achieved a cover-up of the felony forgery of a court order by prosecutor Anthony Kunasek, Esq. which led to the filings in this Court by Huminski. Conduct that constitutes acts of moral turpitude by Defendant DeSantis and counsel as accessories to the felonies of Prosecutor Kunasek (deceased – suicide).

17. Approximately 30 days after the Huminski filings in the instant matter detailing the forgery, corruption and crime of Mr. Kunasek, he committed suicide with a gunshot wound to the head. Litigation that Defendant DeSantis forced via his choice to cover-up the crimes of Kunasek rather than addressing them.

18. Upon information and belief, Defendant DeSantis could have stipulated to the relief being sought by Huminski and directed the various governmental entities to clear Huminski's name and credit rating and **<u>end the perpetual First Amendment prohibitions</u>**, but, chose to see to it that the Treasury of the State of Florida enjoyed unjust enrichment related to the costs, fines and fees it is still attempting to collect from

9

Huminski related to State v. Huminski, a matter that is irredeemably *void ab initio*. A Constitutional, moral, ethical and rational approach to the *void ab initio* judgment probably would have spared the life of prosecutor Kunasek. Defendant DeSantis' handling of the Huminski State cases in 2021 and 2022 proximately caused the suicide of Attorney Kunasek in April of this year one month after the filings of Huminski in this case. Death is a predictable side-effect of Defendant DeSantis' furtherance of the patently criminal governmental conduct infecting State v. Huminski. Many times the cover-up can be worse than the crime.

19. Huminski's motion for intervention sought declaratory and injunctive relief against Defendant DeSantis concerning his conduct related to the *void ab initio* judgment in State v. Huminski and the associated **First Amendment prohibitions**.

20. A true and correct excerpt from the final judgment order and Mr. Kunasek (deceased) requesting the lifetime speech prohibition (below and at Para. 29) after the Court stripped Huminski of defense counsel despite his objection without a Faretta hearing, this speech prohibition is listed in the final written order as a lifetime punishment along with the costs, fees and fines that the State of Florida attempts to enforce and collect on to this day which will continue in perpetuity (the costs, fees, fines and **speech prohibitions** listed in the judgment order do not expire) is as follows:

Clerk to Update Case w/ Defendants Information Listed          COS Fees Due & Owing in the amount $_____

DEFENSE MOTION FOR MISTRIAL - DENIED ' MOTION TO DISMISS - DENIED ' ANY FUTURE FILINGS ARE TO BE WITH THE SIGNATURE OF A LICENSED ATTORNEY' NO COMMUNICATION WITH THE PARTIES Pre-Sentence Investigation/Sentence IN THE CIVIL OR CRIMINAL CASE

21. A true and correct excerpt of the docketing of State v. Huminski that lists F.S. 900.04 as the **NON-criminal** statute Huminski was prosecuted under and "No charge – No level" is as follows,

17-MM-000815 : State of Florida vs Huminski, Scott A

| Case Type: | Misdemeanor | Date Filed: | 06/30/2017 |
| Location: | County Criminal | UCN: | 362017MM000815000ACH |
| Judge: | James R Adams | Status: | Closed |
| Citation Number: | Misdemeanor | Appear By Date: | |

| Parties | | | | |
|---|---|---|---|---|
| Name | DOB | Type | Attorney | Atty Phone |
| State of Florida | | Plaintiff | Anthony Kunasek | 239-533-1000 |
| Scott Huminski | 12/01/1959 | Defendant | | |

| Charge Details | | | | |
|---|---|---|---|---|
| Offense Date | Charge | Plea | Arrest Disposition | Sentence |
| 06/05/2017 | 1. CONTEMPT OF COURT CIRCUIT OR COUNTY Statute: 900.04 No Charge - No Level | 3/16/2018 Pled Not Guilty | 3/16/2018 Non Jury Trial - Adjudicated Guilty | |

22. A true and correct docketing of the <u>Gilbert</u> case upon removal to the federal courts is as follows (note the text: "Date Removed From State" below of 6/26/2017 which was followed by the State court hearing of 6/29/2017 "arraigning" Huminski for the alleged "crime" of contempt, a *sui generis* common law offense – not a crime),

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|---|---|---|---|---|---|---|
| Huminski, Scott Alan (pty) (2 cases) | 2:17-ap-00509-FMD | Huminski v. Town of Gilbert, AZ et al | Lead BK: 2:17-bk-03658-FMD Scott Alan Huminski | 06/26/17 | Plaintiff | 08/24/17 |
| | 2:17-bk-03658-FMD | Scott Alan Huminski | 7 | 04/28/17 | Debtor | 08/24/17 |

CM▥ECF   Query   Reports ▾   Utilities ▾   Help   Log Out

U.S. Bankruptcy Court
Middle District of Florida (Ft. Myers)
Adversary Proceeding #: 2:17-ap-00509-FMD

Assigned to: Chief Judge Caryl E. Delano
Lead BK Case: 17-03658
Lead BK Title: Scott Alan Huminski
Lead BK Chapter: 7
Show Associated Cases

Date Filed: 06/26/17
Date Terminated: 08/24/17
Date Removed From State: 06/26/17

Demand:

Nature[s] of Suit:  01 Determination of removed claim or cause

11

23. Following are true and correct sworn transcript excerpts from State v. Huminski with the Court describing how Circuit Court orders "dissolved" into the County Court (a court of inferior jurisdiction) and how a lower court (a County Court) was able to divest jurisdiction from a higher court (Circuit Court) or as the County Court stated "Well, they've [the Circuit Court] divested themselves of jurisdiction ..." (which never happened),

```
19          THE DEFENDANT:  Not in the circuit court.

20          THE COURT:  Okay.

21          THE DEFENDANT:  The circuit court order --

22          THE COURT:  Well, they've divested themselves

23     of jurisdiction at this point, so the orders that

24     I signed relative to your case are the warrants

25     that you should be attending to.
```

24. Upon information and belief the only way a Court can divest itself of jurisdiction, as mentioned in the previous paragraph, is via a dismissal of a case and Judge Krier has mentioned that the case was being transferred from civil to criminal court, a procedure that has no basis in statute, Rule or any other Florida authority.  This corrupt procedure placed the "contempt" portion of the civil case in the position of concurrent pendancy before two State courts, a Circuit Court and a County Court.  It was a new invention of the 20th Circuit and Lee County courts used to harass and terrorize with the misuse and abuse of the power of criminal prosecution. Below is a true and correct transcript excerpt with the Court explaining how the hijacking of a Circuit Court case by a County Court impacts the orders of the Circuit Court (this particular jurist had been condemned for multiple case hijackings in the past, YORLAN ESPINOSA PENA v. STATE OF FLORIDA, 2D17-4465 (2nd DCA, Fla. Dist. Ct. App. 2018) ),

1        THE DEFENDANT:  I don't think they overrule

2    the circuit court orders of Judge Krier.

3        THE COURT:  Sir, the circuit orders -- the

4    circuit court orders of Judge Krier have sort of

5    been dissolved into this case.  So, any

6    subsequent orders addressing similar issues that

7    I've issued are the ones that you should be

8    concerned about.

9        THE DEFENDANT:  That's not evident on the

10   record in the circuit court case --


25. A true and correct excerpt from the sworn transcript concerning personal jurisdiction is as follows:

10       THE DEFENDANT:  The service part is the most

11   critical part of that motion.  It says parties

12   are to go to the internet to get copies of this

13   order.

14       THE COURT:  Okay.

15       THE DEFENDANT:  Showing the exact procedure

16   that I find is a problem in this case is that I

17   was never served with anything.

18       THE COURT:  Okay.  But that's the --

19       MR. KUNASEK:  I don't have a position -- the

20   State doesn't have a position on that, Judge.


13

```
21            THE COURT:  Okay.  All right.  Okay.  I don't
22       -- okay.  Mr. Huminski, I guess I'm not going to
23       rule on that at all.  All right.
```

26. A true and correct sworn excerpt from the transcript concerning the stripping of a criminal defendant of defense counsel (6th Amendment) is as follows:

```
11            THE DEFENDANT:  Just that there was no
12       Faretta Hearing, which is required to strip
13       someone of counsel, like I was.  It's Faretta
14       versus California.  And that's been adopted by
15       the Florida Supreme Court as a standard in
16       Florida, as well.  And it's sort of like when you
17       take a plea agreement, it goes through a specific
18       colloquy with the defendant saying, you know, you
19       understand you're giving up the right to
20       attorney, etcetera, etcetera, just as -- similar
21       to a plea agreement.
22            THE COURT:  Okay.  Anything from the State on
23       that issue?


24            MR. KUNASEK:  No, Judge.
```

27. A true and correct excerpt from Huminski's examination of the deputy that served a show cause order in Huminski v. Town of Gilbert, et al, 17-CA-421, 20th Circuit Court and never served anything in State v. Huminski, 17-MM-815, Lee County Court and what he did serve in Gilbert was missing 117 pages of content is as follows:

14

11        Q.  Are there any exhibits listed if you read

12   that carefully?  It refers to exhibits.  See exhibit

13   A, see exhibit B, etcetera, etcetera.

14        A.  Yeah, it mentions exhibits.

15        Q.  And did you serve those exhibits?

16        A.  I don't think so.  I just served these in

17   front of me here.

18             THE DEFENDANT:  Exactly.  Thank you.


22             THE DEFENDANT:  Your Honor, jurisdiction is

23        achieved though ser -- personal jurisdiction is

24        achieved through proper service, which hasn't

25        taken place by the State's own witness.


28. Only 3 pages were in front of the State's witness in the colloquy from the prior
    paragraph, not the full 120 pages that should have been served that constituted the full
    show cause order in the State Circuit Court.  The State of Florida in the prior paragraph
    indicates its belief that service in a civil case where the State is not a party suffices as
    service in a criminal case in a different court where the State injected itself as plaintiff
    absent the filing of a charging document whereby the commencement document was a
    forged court order filed by an unknown entity and not signed by an attorney representing
    the Plaintiff, the State of Florida, not did it list the State as a Plaintiff, yet, the caption
    State v. Huminski was somehow adopted by the clerk's office indicating widespread
    corruption.

29. A true and correct sworn transcript excerpt describing the overall goal of the State of
    Florida in regarding the *void ab initio* State v. Huminski case was to silence core
    protected political expression critical of government is as follows:

7     exhibits, he often times will send email blasts

8     including 300 people.  So, I would ask that that

9     immediately cease and desist with respect to

10    communication, third party or direct or indirect.

11        THE COURT:  Mr. Huminski?

12        THE DEFENDANT:  If he could be more specific

13    in that.  That's kind of a migration thing and

14    the first amendment requires that any such orders

15    impacting speech be narrowly tailored to a

16    specific governmental interest.  So, if he -- if

17    he can narrowly tailor it that would be nice,

18    instead of just saying don't email anyone.


19        THE COURT:  I think he's talking about the

20    parties who are -- and I'm going to assume that

21    are involved -- and I don't know, for lack --

22    I'll say that -- you know, what's going on with

23    the town of Gilbert, Arizona and how they are

24    related, to some extent, to Lee County.

25        MR. KUNASEK:  I don't believe -- well,

59

1     they're related to the extent that they were

2        brought in as a defendant in this -- Mr.

3        Huminski's case.

4                THE COURT:  Okay.

5                THE DEFENDANT:  That extends the Court's

6        jurisdiction nationwide, I think, that request.

7                THE COURT:  What's the other issue that you

8        have, Mr. Huminski?

9                THE DEFENDANT:  I don't -- did I mention one?

10               THE COURT:  You did.

11               THE DEFENDANT:  Oh, for sentencing, well, I

12       guess I'll skip it.

13               THE COURT:  Okay.  I'll add in the additional

14       condition of probation that he is not to


15       communicate with the other individuals in the

16       other case, also, as requested by the State.


30. In the prior paragraph, the Court orders the protection of some 300 unspecified non-
parties to State v. Huminski as a condition of probation, however, when distilled to a
written order, the First Amendment banishment extends in perpetuity (See Para. 20
above) and it is not restrained to only the probationary period and Huminski was jailed
prior to the end of his probation without bond for not paying costs, fines and fees in the
case so the probationary period is not yet complete.  Huminski's filing of bankruptcy and
the removal to bankruptcy court of the *sui generis* common law offense are an
overwhelming portion of the record in the State v. Huminski.  Essentially, Huminski was
incarcerated in a debtors prison without bond when the record contained absolute proof
that Huminski was bankrupt.

31. Attached hereto as Exhibit "A" is a copy of a true and correct settlement demand issued
to the parties.

17

<u>Memorandum of Law</u>

The four factors the Court must evaluate in determining whether to grant a motion for an injunction pending appeal are as follows:

"(1) whether the stay [injunction] applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.".  See *Hilton v.Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119 (1987); see also *Robinson v. Attorney Gen.*, 957 F.3d 1171, 1176-77 (11th Cir. 2020); see also *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (en banc) (applying same standard for injunction pending appeal).


<u>A. Likelihood of Success on the Merits</u>

No Court, Governor, Attorney General or entity can breathe life into a hopelessly *void ab initio* judgment such as in State v. Huminski that was commenced in violation of a removal to the federal courts, that was: (1) commenced completely without service, (2) commenced without service of a document listing the State of Florida as a plaintiff nor signed by an attorney representing the State, and (3) was prosecuted without subject matter jurisdicition because a County Court (a Court of limited jurisdiction) can not hear contempt arising in a Circuit Court (a Court of general jurisdiction). See South Dade Farms v. Peters, 88 So. 2d 891 (Fla. 1956) (emphasis added),

"In the opinion last cited this court adopted the language of the Supreme Court of the United States in the leading case of Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S. Ct. 492, 501, 55 L. Ed. 797, from which we quote also the following:

"*There has been general recognition of the fact that the courts are clothed with this power, and must be authorized to exercise it **without referring the issues of fact or law to another tribunal** or to a jury in the same tribunal. For, if there was no such authority in the first instance, there would be no power to enforce its orders if they were disregarded in such independent investigation. Without authority to act promptly and independently the courts could not administer public justice or enforce the rights of private litigants. Bessette v. W.B. Conkey Co., 194 U.S. 324 337, 24 S. Ct. 665, 48 L.Ed. [997] 1005.*" "

If a court enters an order prior to the filing of proper pleadings, the court lacks jurisdiction. *Lovett v. Lovett*, 93 Fla. 611, 112 So. 768, 775-76 (1927).

Huminski will prevail concerning a case that was commenced via the forgery of a court order, in the wrong court and without service which has now led to the suicide of the prosecutor that forged the faux court order. Huminski will prevail related to the **lifetime speech prohibition** foisted upon Huminski in a patently *void ab initio* court case which can not stand. No entity can breathe life into a *void ab initio* judgment that contains a **perpetual communication prohibition,** far more extreme than the censorship foisted upon the Plaintiffs, preventing any and all communication with the entire State government – a *per se* outrageous First Amendment violation that shocks the conscious.

B. Irreparable Harm

Huminski suffers the *per se* harm, injury and prejudice that flows from a criminal conviction regardless of the fact that *sui generis* common law contempt is not defined as a statutory misdemeanor nor felony in Florida. Huminski was prosecuted criminally under F.S. § 900.04, a statute that does not authorize a statutory misdemeanor nor felony. To satisfy the irreparable harm requirement, Huminski need only demonstrate that absent a preliminary injunction, he is "likely to suffer irreparable harm before a decision on the merits can be rendered." *Winter v. NRDC*, 555 U.S. 7, 22 (2008) (citation omitted). The sole motive behind the fraudulent criminal motivation was to immediately silence Huminski's speech via conditions of pre-trial supervision conditions of release in a *sui generis* common law case and ultimately the **silencing of any and all speech by Huminski with the entire government of Florida for life**.

The State of Florida has engaged in non-stop harassment concerning the *void ab initio* debt that arose in <u>State v Huminski</u> causing shock and injury to Huminski's mind and body. Huminski has been fully disabled for over a decade with Post Traumatic Stress Disorder, General Anxiety Disorder and Social Phobia which elevates the harm, injury and damage Huminski suffers as a result of the relentless collection activities of the State that Defendant DeSantis took steps to protect and make permanent with his filings in the State courts opposing a declaration that the *void ab initio* judgment in *State v. Huminski* was indeed *void ab initio* to cover-up the official crime of forgery by prosecutor Kunasek (deceased – suicide 30 days after the motion to intervene filed in this case). As all "convicts", Huminski suffers prejudice and discrimination concerning credit, housing, employment and all areas negatively impacted by a bogus criminal conviction.

19

Huminski suffers per se irreparable First Amendment harm and injury from the lifetime speech prohibition imposed in State v. Huminski that Defendant DeSantis endeavored to protect with extreme zeal and disdain for the Rule of Law, most notably, the U.S. Constitution.

*[handwritten annotations across the page]*

___ Clerk to Update Case w/ Defendants information Listed   ___ UUS Fees Due & Owing in the amount $_____
Defense Motion For Mistrial~Denied ' Motion to Dismiss~Denied ' Any Future Filings Are
To Be Under The Signature Of A Licensed Attorney' No Communication With The Parties
In The Civil or Criminal Case
Pre-Sentence Investigation/Sentencing

## C. The issuance of an injunction will not harm any parties

A party seeking a preliminary injunction must demonstrate both "that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "These factors merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). No party opposed intervention in this case clearly targeting the herein mentioned moral turpitude exhibited by Defendant DeSantis.

An injunction preventing Defendant DeSantis from engaging in any activity intending to enforce or profit the State treasury and continue a **perpetual speech banishment** that are products of a hopelessly *void ab initio* judgment achieved in the absence of any and all jurisdiction will not prejudice any party and will simply comply with the First Amendment, Due Process and the jurisdictional requirements prescribed in Due Process. A judgment entered in the absence of personal jurisdiction, subject matter jurisdiction and commenced in violation of a federal removal simply can not stand despite Defendant DeSantis' desperate attempts in 2021 and 2022 to cover up felony forgery by prosecutor Kunasek (deceased – suicide) in State courts with motions to dismiss and other opposition papers. Defendant DeSantis' zeal to propagate Police State **silencing of core protected political expression critical of government** has risen to a level in Defendant DeSantis whereby it supersedes the oath taken by him concerning both State and Federal constitutions when he became the Governor of Florida.

No party has opposed Huminski's intervention in *Equality Florida v. DeSantis, et al*, an overwhelming indicator of lack of prejudice.

## D. Public policy – official crime – governmental acts of moral turpitude – corruption

The need "to prevent irreparable injury to the parties or to the public" pending review is essential in this matter. *Scripps-Howard*, 316 U.S., at 9, 62 S.Ct. 875. Failure to enjoin Defendant DeSantis' obsession with **silencing core protected political speech** critical of

government via his scheme with Ashley Moody, Esq. to attempt to breathe life into a hopelessly *void ab initio* State v. Huminski in the State courts in 2021 and 2022 violates public policy and the public interest. The public interest and public policy demands that a case initiated with a forged court order absent any and all jurisdiction is dispatched in an expedient manner that does not include a Governor covering-up the bold courthouse crimes to maintain a **lifetime speech prohibition** regarding any speech to the entire Florida government in perpetuity.

The herein-mentioned conduct and the other filings of Huminski in the instant matter set forth conduct of Defendant DeSantis involving moral turpitude concerning the civil rights of Huminski. Notably, Defendant DeSantis' efforts in 2021 and 2022 to maintain Huminski's prohibition concerning the **perpetual lifetime ban on communication** with the entire State of Florida government is a substantial example of violation of rights under the color of law and conspiracy against rights between the Governor and his Attorney General concerning Huminski's First Amendment rights and Due Process – federal crimes. 18 U.S.C. § § 241, 242. Terminating this criminal conduct in this civil context under constitutional torts serves the public interest prior to any criminal proceedings that may follow in other fora. Crimes can only be prosecuted by governmental entities.

The **lifetime speech prohibition** foisted upon Huminski was achieved in the complete absence of any and all jurisdiction because Huminski was never served in State v. Huminski and there exists no charging document authored by the State that commenced the "criminal" prosecution of a *sui generis* common law offense. Only a forged manufactured order taken by the government from another Court (20th Circuit Court) and then modified to appear as a legitimate County Court order in State v. Huminski existed as a document that resembled a charging document. This fraudulent forgery was then held out by the government to a County Court as a legitimate court order and commencement document in State v. Huminski. Governmental fraud and forgery used to initiate an illegitimate criminal case violate public policy and does shock the conscientiousness of a reasonable person. Such conduct constitutes State-sponsored domestic terrorism supported and embraced up to the highest level in State government; the Governor and Attorney General wielding the vast power of the State.

Further, the conduct of Defendant DeSantis which covered-up the forgery of a court order (the alleged charging document) in State v. Huminski proximately led to the suicide of the prosecutor who engaged in the forgery. The suicide occurred 30 days after the forgery was proffered in the instant matter by Huminski in court papers. Had Defendant DeSantis along with his co-conspirator Florida Attorney General Ashley Moody, Esq. acted morally and

ethically and taken steps to end the lifetime speech prohibition and constant attempts by the government to derive pecuniary benefit from the *void ab initio* judgment rendered in <u>State v. Huminski</u> and otherwise prejudice Huminski, the life of prosecutor Anthony Kunasek, Esq. may have been spared.  The morally bankrupt herein-mentioned conduct of Defendant DeSantis violates public policy.

Public policy prohibits governmental wholesale violation of the First Amendment and Due Process.  Public policy also weighs heavily against the cover-up of serious courthouse crimes such as forgery of a court order and actions by the State government pursuing court costs, fines and fees rendered in the absence of any and all jurisdiction and lifelong First Amendment deprivations.

Public policy and the public interest prohibits a Governor, Defendant DeSantis, from attempting to breathe life into a hopelessly *void ab initio* court judgment procured with forgery and fraud.

Some of the felony governmental/official State crimes inherent in <u>State v. Huminski</u> repugnant to public policy are,

- Forgery
- Fraud
- Official Misconduct

The aforementioned coordination of State prosecutors, judges, the State Attorney General and the Governor could easily constitute RICO and conspiracy crimes as well.  There were many cooks stirring this kettle of corruption aside from the prosecutor who took his own life as a result of the filings in this case including the 20th Circuit State's Attorney, Judge Elizabeth Krier, Judge James Adams and numerous courthouse staff.  Huminski concedes that this case is not the proper litigation to pursue criminal charges by himself nor the Plaintiffs, however, there is quite an overlap between constitutional torts and the criminal conduct set forth herein and public policy supports stopping the acts of moral turpitude by Defendant DeSantis in both a civil and criminal context.

Huminski can not prosecute criminal violations, he is not a prosecutor, however, public policy can certainly weigh in opposing this vile governmental crime even when government does not step in to stop the debauchery and corruption.  When government fails to monitor its own corruption, side effects such as the suicide of prosecutor Anthony Kunasek, Esq. appear.  A suicide that could have been avoided if the Governor chose to address the official

22

crime and corruption instead of covering it up. An injunction should issue against Defendant DeSantis before more adverse events occur related to the herein described governmental misconduct. Defendant DeSantis had the opportunity to direct his counsel, the Florida Attorney General, to stipulate to a declaration in State Court to vacate the judgment in State v. Huminski thereby restoring Huminski's First Amendment rights, but, refused to take the ethical and moral course of conduct. The opposite approach was taken by Defendant DeSantis resulting in the suicide of prosecutor Kunasek. Attorney General Ashley Moody, Esq. is the top law enforcement and prosecutorial authority in the State of Florida and certainly could have stipulated to end the First Amendment violations and void judgments which can be remedied in any court and at any time where they have become an issue. The Attorney General also shares responsibility for the suicide of Anthony Kunasek, Esq..

A judgment entered without due service of process is void. *See Gelkop v. Gelkop*, 384 So.2d 195 (Fla. 3d DCA 1980); *McAlice v. Kirsch*, 368 So.2d 401 (Fla. 3d DCA 1979); *Grahn v. Dade Home Services, Inc.* 277 So.2d 544 (Fla. 3d DCA 1973). On motion, a court may, at any time, relieve a party from a void final judgment. *See Sams Food Store, Inc. v. Alvarez*, 443 So.2d 211 (Fla. 3d DCA 1983); *Tucker v. Dianne Electric, Inc.* 389 So.2d 683 (Fla. 5th DCA 1980); *McAlice. See also Ramagli Realty Co. v. Craver*, 121 So.2d 648 (Fla. 1960) (the passage of time cannot make valid that which has been void).

Any judgment or order procured from any court by the practice of fraud or deception may be set aside at any time – such as the forged commencement document filed in Huminski v. State failing to list the State as a party and not signed under the authority of any prosecutorial entity for the State of Florida, plaintiff in State v. Huminski. A void judgment is a nullity, a brutum fulmen and is subject to collateral attack and may be stricken at any time. 19 Fla.Juris. Void Adjudications, Sect. 383 and the cases there cited. The passage of time cannot make valid that which has always been void. "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court", OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907). "The law is well-settled that a void order or judgment is void even before reversal", VALLEY v. NORTHERN FIRE & MARINE INS. CO., 254 U.S. 348, 41 S. Ct. 116 (1920). Official corruption is the only discernible reason why the Governor would engage in furtherance of a void judgment ordering a lifetime speech prohibition in stark violation of the founding documents. Covering up the crimes of the late Prosecutor

Kunasek was the highest priority for Defendant DeSantis', a priority that ended up killing the prosecutor the Governor was assisting.

Defendant DeSantis, a graduate of Yale and Harvard Law, knew exactly what he was doing concerning the herein-mentioned conduct. A first year law student would realize the corrupt and criminal nature of the material herein and would reject the furtherance of the crimes of Defendant Kunasek and cooperating government employees/judges/court personnel.

Despite the existence of bedrock authority rejecting Defendant DeSantis' conduct seeking to maintain a **lifelong speech/communication banishment** between Huminski and the entire Florida government, ... *"might appears to be right"* even given the Kunasek loss of life related to this issue. Government oppression and repression under the governance of Defendant DeSantis unfortunately is a higher objective than the preservation of human life, to wit: the life of Chief of Special Prosecutions for the Florida 20th Circuit, Anthony Kunasek, Esq taken by his own hand via a gunshot wound to the head 30 days after the publication of his crimes in the instant matter. A government win at all costs mentality and *let the Rule of Law be damned* approach to fundamental constitutional rights by both the Florida Governor and Florida Attorney General.

## Prayer for Relief

**WHEREFORE,** the Court should enjoin Defendant DeSantis from engaging in any course of conduct intending to benefit the State of Florida, financially or otherwise with regard to the **lifetime speech banishment** or *void ab initio* judgment issued in State v. Huminski. The injunction should also enjoin Defendant DeSantis from engaging in any conduct in furtherance of the prejudice to Huminski that flows from the *void ab initio* judgment rendered in State v. Huminski including preventing Huminski from obtaining a Florida driver's license. The *void ab initio* "criminal" costs, fines and fees (levied in a *sui generis* common law case) prohibit Huminski from obtaining a Florida driver's license.

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_Huminski@live.com

Sworn and Subscribed to before me on this  17th day of July, 2022 in Flagler County, Florida.

Notary

**KYLE RASMUSSEN**
Notary Public
State of Florida
Comm# HH260959
Expires 5/4/2026

Exp. = 05/04/2026

## Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system.

Dated this 17th day of July,  2022.

-/s/- Scott Huminski

Scott Huminski

<attachments>

25

# Exhibit "A"

To: Christopher Sutter: Katia Marques: Martine Legagneur: Stacey
Blume: rkaplan@kaplanhecker.com; CStoll@nclrights.org: liz@elizabethschwartz.com: nadine@eqfl.org: geann
y@eqfl.org: mark@eqfl.org: nick@eqfl.org: todd@eqfl.org. mark@eqfl.org: robin@eqfl.org: robert@eqfl.org:
rene@eqfl.org: andrew@eqfl.org: carlos@eqfl.org: don@eqfl.org: paul@eqfl.org: stratton@eqfl.org: dan@eq
fl.org: david@eqfl.org: joe@eqfl.org: brittany@eqfl.org: brandon@eqfl.org: michael@eqfl.org: nikole@eqfl.or
g: jon@eqfl.org: wesley@eqfl.org: yordanos@eqfl.org: salvatore@eqfl.org: benjamin@eqfl.org: mary@eqfl.or
g: de@eqfl.org: ian@eqfl.org: Joel Valez.
Stokes: jason.parsley@sfgn.com: justin.wyse@sfgn.com: lbrown@washblade.com: srutgers@washblade.com: b
prits@washblade.com: jhickling@washblade.com: prockstroh@washblade.com: tmasters@losangelesblade.com
: swong@losangelesblade.com: Scott
Wazowska: m.yamashita@ebar.com: Bilal.Faruqui@myfloridalegal.com: Daniel.Bell@myfloridalegal.com: Henry
Whitaker@myfloridalegal.com: SBarday@gibsondunn.com: Anita.Patel@myfloridalegal.com: ComplexLitigation.
eservice@myfloridalegal.com: ServiceSAO-
LEE@sao.cjis20.org: oag-civil.eserve@myfloridalegal.com: crimappTPA@myfloridalegal.com: Daniel.Bell@myflori
dalegal.com: ejackson@johnsonjackson.com: agallagher@johnsonjackson.com. lstillwell@johnsonjackson.com:
kharris@johnsonjackson.com: walter.harvey@dadeschools.net: jordanmadrigal@dadeschools.net: dmarsey@ru
mberger.com: jgresholz@rumberger.com: docketingorlando@rumberger.com: bharris@lawfla.com: ahopkins@
lawfla.com: jdcun@lawfla.com: ccastern@lawfla.com: mfuqua@fnu.leg.it: kanzmeier@sao.cjis20.org: jwasserk
rug@mwe.com: ejackson@johnsonjackson.com; agallagher@johnsonjackson.com: Andrew
Kadah: sandymodell@aol.com: gzerman@hotmail.com: Christopher Crowley

Instead of engaging in endless litigation of a hopelessly void ab initio judgment with its perpetual speech prohibitions and other infirmities,
I propose as settlement the following,

Stipulation to a declaration that State v. Huminski, 17-mm-815 is void ab initio in its entirety including the judgment, costs, fines, fees and
the lifetime speech prohibition.

This demand will be withdrawn at the end of the week.

Also the State must agree to end the "open season" on crime against the Huminski family and address the seemingly state-sponsored
perjury of James Greco in 20th Circuit Court whereby he perjured himself in writing and recanted and admitted perjury in the first hearing
in case, 362020DR030822A001CH, constituting felony perjury, felony abuse of a disabled adult and felony abuse of an elderly adult.

https://cdn.muckrock.com/outbound_request_attachments/s_huminski%40live.com/127252/motion_for_injunction_pending_appeal_compressed
.pdf

At the above link is my draft for an injunction pending appeal for the district court. A similar document will be filed in the 11th Circuit in Atlanta if
Florida insists on litigating these issues endlessly.   -- scott

# EXHIBIT "C"

In The

# United States District Court
# Northern District of Florida

EQUALITY FLORIDA, ET AL,   )   Number: 4:22-cv-00134-AW-MJF

  PLAINTIFFS,     )

     v.       )

RONALD DESANTIS, ET AL,   )

  DEFENDANTS.     )

## MOTION TO INTERVENE

NOW COMES, Scott Huminski ("Huminski"), and moves to intervene pursuant to F.R.C.P. 24 as follows:

1. A central gravamen of the Complaint is that Ronald DeSantis, Et al. (Defendants) engage in a systemic procedure, policy, custom or practice of silencing First Amendment speech via the use of notorious discriminatory tactics targeting speech of those of a specific group such as the LGBTQ citizenry/community of Florida or those of a particular viewpoint. Certainly, the Plaintiffs are free to speak on any issue except a topic related to LGBTQ status and issues. In the case at Bar, one of those viewpoints is that residents of Florida have the right to freedom of speech absent the fear of governmental retaliation or viewpoint discrimination based upon a criteria such as the content of speech, race, color, creed or, more succinctly, speech with content that discusses topics that the government is uncomfortable with such as sexual orientation or gender identity. Ronald Desantis could have not signed the "don't say gay" bill and referred it back to the legislature for narrow-tailoring, but, failed to consider basic First Amendment and Due Process/Equal Protection mandates and signed the highly discriminatory, unconstitutionally vague and over-broad bill creating Florida law. Cleverly, the bill was crafted to appear as if it was only a prohibition in the grades kindergarten to grade three, but, the vague language of the bill extends to the entire school population regardless of age or grade.

2. Huminski, a 10 year resident of Florida, is a long-time critic of the "plodding steer of the State" whether it be in Huminski v. Corsones, 396 F3d 53, 90 (2nd Cir 2005), or as the leader and founder of Scott X and the Constitution Commandos, an anti-Police-State rock

1

band, with half a million views of their youtube music videos.  See Exhibit "A", WHEN

COURTS SUBVERT LAW TO BANISH A CRITIC,  CHARLES LEVENDOSKY c.

2000 Casper (Wyo.) Star-Tribune (discussing Huminski's First Amendment issues).

3.  In retaliation for Huminski's anti-Police-State First Amendment core protected political

expression, Ronald DeSantis, Et al. engaged in the following retaliatory conduct:

- Huminski was criminally prosecuted in State v. Huminski, 17-MM-815, Lee
County Court **absent** a State of Florida charging document authored by the
State or signed by a legitimate State of Florida prosecutor with the only
document that could be deemed as a commencement/charging document
being a show cause order copied from another Florida Court (the 20th Circuit
Court), a true and correct copy of the order attached to an associated Court
Paper are attached hereto as Exhibit "B".

- A state prosecutor did show up at hearings in State v. Huminski and, of
course, successfully pursued the case to criminal conviction absent the filing
of a charging document and without bothering to serve Huminski with a
commencement document.

- At conviction the State of Florida insisted upon an order barring Huminski
from any contact with the State of Florida for life.  A true and correct copy of
a court filing of Huminski detailing the lifetime First Amendment censoring
of Huminski and other case details in State v. Huminski is attached hereto as
Exhibit "C".  Included in Exhibit "C" are papers forbidding Huminski from
reporting crime to his local sheriff as another violation of the First
Amendment absent any procedural or substantive Due Process.  A First
Amendment summary punishment.  The State stipulated in the case that
Huminski could speak to his local sheriff only if spoken to and reporting
crime and other communication was prohibited.  Excerpt prohibiting
Huminski communication below, for life, whereby Huminski's local sheriff
was a defendant in the "civil" case and the State of Florida was the plaintiff in
State v. Huminski.  No communication by a resident of the State to the entire
State of Florida government. A bit over-broad considering the "parties".

Clerk to update Case w/ Defendants Information Listed                   COS Fees Due & Owing in the amount $
DEFENSE MOTION FOR MISTRIAL - DENIED · MOTION TO DISMISS - DENIED · ANY FUTURE FILINGS ARE
TO BE UNDER THE SIGNATURE OF A LICENSED ATTORNEY; NO COMMUNICATION WITH THE PARTIES
Pre-Sentence Investigation/Sentencing        IN THE CIVIL OR CRIMINAL CASE                    Full/Partial

If probation has not been imposed, you must pay your financial obligation within the time

2

4. Huminski did not only suffer the same First Amendment viewpoint based discrimination as the Plaintiffs, and Due Process/Equal Protection violations – he was incarcerated for his speech "crime" and, as a fully disabled American for the last 10 years determined by the Social Security Administration, continues to suffer shock and injury to mind and body and the expected products of a *void ab initio* criminal judgment including prejudice in obtaining credit, housing, employment and continued harassment from Ronald DeSantis, Et al. (Defendants) via on-going collection activities arising from the State v. Huminski void "criminal" judgment concerning fines, costs and fees.  These ill-gotten gains and pecuniary windfalls demanded by the State, to this day, only apply to a statutory criminal conviction in a case that, in the best light, was a *sui generis* common law case – contempt, whereby, only the allegedly offended Court has the ability to hear and conduct a trial (i.e. only the 20th Circuit Court had subject matter jurisdiction to hear contempt in Huminski v. Town of Gilbert, Et al., 17-CA-421, not a County Court criminal case captioned as State v. Huminki).  See Huminski v. State, 2d19-1247 (FL 2 DCA 2019) (hearing contempt private to the allegedly offended Court).  See also Exhibit "B".

5. Huminski's long-time labeling of Florida as a Police State is not far from reality when criminal prosecutions commence absent the participation of the State, without service and proceed to judgment in the absence of any and all jurisdiction.  What notoriously corrupt entity filed the commencement document in State v. Huminski remains a mystery and the paper contains no signature of an attorney representing the State of Florida, yet, a criminal conviction stands to this day *per se* prejudicing Huminski preventing him from obtaining a Florida Driver's License and causing him injury and prejudice.  Ronald DeSantis, Et al., has done their very best in other fora to cover-up the patently illegal and unconstitutional conduct foisted upon Huminski set forth in material herein.

6. Huminski's attorney in State Court, Eugene Steele, was killed in a car accident after briefing in the Florida 3 DCA and the Court refused to meaningfully address *pro se* pleadings causing Huminski to dismiss that appeal because he didn't have a voice that would be heard.  All of Huminski's assets to hire an attorney are now tied up in the late Attorney Steele's estate or are gone.

7. Defendant DeSantis has directed his attorney general to obsessively oppose any attempt by Huminski regarding a collateral attack upon Huminski v. State or any attempt to vindicate his rights related to Huminski v. State in bad faith and with unclean hands on the part of the State of Florida concerning their securing of a criminal conviction absent

3

their authoring of a commencement document and absent service in State v. Huminski and with the speech banishment(s) on the record in that matter. See Exhibit "C".

8. Ronald DeSantis, did direct his Attorney General to use any and all methods to continue the First Amendment prohibitions foisted upon Huminski in State v. Huminski on or about September 1, 2021.

9. The motivations of Ronald DeSantis, Et al. (Defendants) related to Huminski's set of facts boils down to the silencing of dissent and core protected political expression that is protected at an elevated level compared to the speech of the Plaintiffs' concerning discussion of LGBTQ issues. Both are serious constitutional violations. The speech prohibitions foisted upon Huminski are absolute as far as speech directed to the government of the State of Florida as ordered by the County Court in State v. Huminski.

10. Huminski would be happy to withdraw this paper if the State concedes to address the *void ab initio* judgment in State v. Huminski (stipulating to its *void ab initio* status thus abolishing the speech prohibitions) and stops its collection activities related to the criminal conviction and removes the criminal conviction from all records. Civilized settlement is always a preferable route to litigation, but, it requires an admission of wrong-doing which governmental entities rarely succumb to.

11. The discussion of this litigation in the schools of Florida is a potential target of the exceedingly vague Bill under attack by Plaintiffs extending to high school students that may be 18, 19 or even 20 years of age. At what age is the discussion of this lawsuit appropriate? ... one may ask, or at what age or grade level does the bill apply to and what specific content are to be condemned and prohibited?

## Memorandum of Law

Under Fed. Rule Civ. P. 24(a)(2), upon timely application, anyone shall be permitted to intervene in an action when the applicant shows:

(1) his application to intervene is timely;

(2) he has an interest relating to the property or transaction which is the subject of the action;

(3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and

(4) his interest is represented inadequately by the existing parties to the suit.

*Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

Here, Huminski's request for intervention satisfies the requirements of Rule 24(a)(2) for intervention as of right.

### 1. Huminski's Motion to Intervene is Timely

The Eleventh Circuit has identified several factors relevant to determining whether a request for intervention is timely:

(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene;

(2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest;

(3) the extent of prejudice to the proposed intervenor if the motion is denied; and

(4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citing *Chiles*, 865 F.2d at 1213).

This Circuit has recognized that the requirement of timeliness "must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

### 2. Huminski has a Substantial Legal Interest in this Litigation

For an applicant's interest in the subject matter of the litigation to be cognizable under Rule 24(a)(2), it must be "direct, substantial and legally protectable." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1249; *see also Chiles*, 865 F.2d at 1212-13 (noting that the focus of a Rule 24 inquiry is "whether the intervenor has a legally protectable interest in the litigation."). The inquiry on this issue "is 'a flexible one, which focuses on the particular facts and circumstances surrounding each [motion for intervention].'" *Chiles*, 865 F.2d at 1214 (quoting *United States v. Perry Cnty. Bd. of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978)).

Huminski has a legally protectable interest in this litigation as a party impacted as greatly, or more so, by the State of Florida's zeal to silence speech based upon discriminatory or

viewpoint based criteria. Huminski's speech, critical of government, is core protected political expression – dissent, afforded the highest level of First Amendment protection.

The Court orders issued in State v. Huminski have the same chilling effect upon Huminski's speech that the bill challenged by Equality Florida has upon the general population and both are grounded upon the same government motive – silencing of speech that the government finds distasteful.

**3.     The Disposition of the Instant Litigation May Impair Huminski's Ability to Protect his Interest**

Huminski's ability to protect his substantial legal interest would be impaired absent intervention. Federal decisions interpreting and applying the provisions of the First Amendment, Due Process and Equal Protection are an important enforcement tool related to the Plaintiffs' and Huminski's claims concerning the discriminatory silencing of speech and content related silencing of speakers.

The outcome of this case, including the potential for appeals by existing parties, implicates *stare decisis* concerns that warrant Huminski's intervention. *See Stone v. First Union Corp.*, 371 F. 3d 1305, 1309-10 (11th Cir. 2004) (recognizing that potential for a negative *stare decisis* effect "may supply that practical disadvantage which warrants intervention of right") (citing *Chiles*, 865 F.2d at 1214); *see also United States v. City of Los Angeles*, 288 F.3d 391, 400 (9th Cir. 2002) (holding that amicus curiae status may be insufficient to protect the rights of an applicant for intervention "because such status does not allow [the applicant] to raise issues or arguments formally and gives it no right of appeal"). While the existing parties to the litigation will not be prejudiced by Huminski's intervention, Huminski will be prejudiced if its request for intervention is denied.   This intervention motion is prior to an appearance by Ronald DeSantis, Et al..

**4. The Existing Parties Do Not Adequately Represent Huminski's Interests**

The fourth and final element to justify intervention of right is inadequate representation of the proposed intervenor's interest by existing parties to the litigation because the background facts present a slightly different approach to the same legal issue – out of control governmental censorship. This element is satisfied if the proposed intervenor "shows that representation of his interest 'may be' inadequate." *Chiles*, 865 F.2d at 1214 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)). The burden on the proposed intervenor to

6

show that existing parties cannot adequately represent its interest is "minimal." *Stone*, 371 F.3d

1311;*U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (citing *Trbovich*,404 U.S. at 538 n.10).  Any

doubt concerning the propriety of allowing intervention should be resolved in favor of the

proposed intervenors because it allows the court to resolve all related disputes in a single

action.  *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1341 (11th Cir. 1999); *Fed. Sav. & Loan Ins.

Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

Huminski's interest is in the enforcement of the First Amendment, Due Process and Equal

Protection and to advance the public interest in eliminating speech discrimination and

prohibitions.

In summary, Huminski meets the Rule 24(a) requirements for intervention as of right.

### 5. Huminski Meets the Requirements for Permissive Intervention

Fed. R. Civ. P. 24(b) provides for permissive intervention as an alternative basis for

Huminski's intervention in this action. Rule 24(b) states, in relevant part:

(1) On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

(2) On timely motion, the court may permit a federal or state governmental officer or agency to

intervene if a party's claim or defense is based on:

(A) a statute or executive order administered by the officer or agency; or

(B) any regulation, order, requirement, or agreement issued or made under the statute or

executive order.

(3) In exercising its discretion, the court must consider whether the intervention will unduly

delay or prejudice the adjudication of the original parties' rights.

The Eleventh Circuit has established a two-part test to guide the Court's discretion as to

whether a party may intervene pursuant to Rule 24(b)(2): the applicant must show that "(1) his

application to intervene is timely; and (2) his claim or defense and the main action have a

question of law or fact in common." *Chiles*, 865 F.2d at 1213 (citing *Sellers v. United States*,

709 F.2d 1469, 1471 (11th Cir. 1983)).

As discussed above, Huminski's application for intervention in this litigation is timely

and Huminski's participation would neither unduly delay the proceedings nor prejudice the

adjudication of the rights of the original parties. Additionally, Huminski's claims against the

defendant share common questions of law with Plaintiff's claims, and rest upon common

7

questions of law related to censorship and constitutional issues flowing from content-based censorship.

By avoiding multiple lawsuits and coordinating discovery, intervention will lend efficiency to the proceedings.

Accordingly, Huminski meets the requirements for permissive intervention.

## III.   CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Intervene (i) as a matter of right pursuant to Rule 24(a)(2), Federal Rules of Civil Procedure, or, in the alternative, (ii) permissively pursuant to Rule 24(b) Federal Rules of Civil Procedure.

Dated at Miami, Florida this 3rd day of April, 2022.
-/S/-  Scott Huminski

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_Huminski@live.com

### Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case.

Dated this 3rd day of April, 2022.
-/s/- Scott Huminski

Scott Huminski

&lt;attachments&gt;

EXHIBIT "A"

WHEN COURTS SUBVERT LAW TO BANISH A CRITIC

(EDITOR'S NOTE: Charles Levendosky, editorial page editor of the Casper (Wyo.) Star-Tribune, has a national reputation for First Amendment commentary. His email address is levendos(AT-sign)trib.com.)

By CHARLES LEVENDOSKY c. 2000 Casper (Wyo.) Star-Tribune

In Vermont, a number of state judges and one federal judge don't think citizens have the right to attend criminal or civil trials -- at least not those citizens who criticize judges or the decisions they make. Citizen-reporter Scott Huminski has been summarily barred from Vermont courts for his criticisms.

His case is a lesson in how those in power, even when they know they are wrong can subvert constitutional guarantees of liberty.

Although Huminski transports antiques for a living, for the past three years he has been on a crusade watching how his state courts operate. He attends state court proceedings and then publicizes what he considers misconduct with posters placed in the windows of his Bennington home and in the windows of his van. He also distributes information about the proceedings to attorneys and government officials.

One of Huminski's posters contained the headline, "Judge Corsones: Butcher of the Constitution" and beneath it, Huminski listed five reasons why he made that claim. One of the reasons, Huminski charged was that Rutland District Court Judge Nancy Corsones "strips defendants of the right to defense counsel."

That poster resulted in him being banished from "all lands and property under the control of the Supreme Court and the Commissioner of Buildings and General Services, including the Rutland District Court, parking areas, and lands."

Judge M. Patricia Zimmerman of the Rutland District Court signed this sweeping trespass notice on May 27, 1999. The Bennington County Sheriff's Department served Huminski with the notice.

Clearly, Huminski is a gadfly, troubling the plodding steer of state. He may be bothersome, but he isn't a criminal. He has done nothing illegal. He has only exercised his rights as a U.S. citizen.

Zimmerman's trespass order is the third one issued against Huminski, but it is the broadest. The first trespass notice, issued only days earlier, prohibited Huminski from entering the Rutland District Court or its parking lot. The second trespass order barred him from entering Corsones' property.

If Huminski were to even park his van in the parking lot of a Vermont court, he could be arrested immediately.

The trespass notices were filed for one reason only -- Huminski criticized a state judge and her decisions.

Law enforcement officials make no claim that Huminski was disruptive, a public nuisance, or interfered with the administration of justice. He was quiet and attentive while in the courtroom and the courthouse. He neither picketed the courthouse, nor engaged in vulgar or obscene expression while there. He simply posted his opinions.

The trespass orders have worked. They have kept a citizen-reporter from engaging in public debate about his state courts. Huminski has not been close to a Vermont court for nearly a year. His reporting has been silenced.

Instead, Huminski filed a lawsuit in a federal district court against Rutland and Bennington law

9

enforcement officials claiming they have violated the Vermont Constitution and his First Amendment rights to attend and report on court proceedings. He acted as his own attorney. And lost.

On Oct. 20, 1999, U.S. District Court Judge J.G. Murtha, apparently blinded by Huminski's harsh criticism of a judge, dismissed his claims. Murtha concluded that Huminski had "failed to demonstrate a clearly established federal right which the defendants violated." Never mind that the U.S. Supreme Court has ruled time and again that the people have a right to criticize government officials.

In his decision, Murtha quoted a U.S. Supreme Court case having to do with picketing near a courthouse -- a very narrow decision that has nothing at all to do the facts of Huminski's case. No one asserted that Huminski had picketed the Rutland District Court. He hadn't.

The Vermont Constitution, in Article 13 of its Declaration of Rights, states: "That the people have a right to freedom of speech, and of writing and publishing their sentiments, concerning the transactions of government, and therefore the freedom of the press ought not to be restrained." How clear can it be? Courtroom proceedings are "transactions of government." And "the people have a right ... of writing and publishing their sentiments" concerning those transactions.

Now, Huminski has Robert Corn-Revere, an experienced and well-respected First Amendment attorney from Washington, D.C., handling his case. They have filed an appeal with the U.S. Second Court of Appeals.

According to Corn-Revere, he hopes that his client gets "a clear statement from the Second Circuit that local governmental officials don't have the ability to simply exclude people from the courthouses in the state of Vermont.

"More specifically, we would hope to get a ruling that eliminates the ability to simply use mechanisms like trespass law to silence critics of local judges. In short, what we're looking for is a clear declaration from the Second Circuit involving the fundamental First Amendment rights that are at stake in this case in the situation we're presented with here."

These Vermont law enforcement officials and judges have the astounding gall to seriously think that they can bar a citizen from the state courts for all time because that citizen criticized a judge. They make no bones about it.

In the briefs filed with the court of appeals, the attorneys for the sheriff's department, city law enforcement and city officials baldly state they have such a right.

And they note in their briefs that Huminski "has never attempted to enter courthouse property since service of the (trespass) notice, and thus has neither been denied access nor suffered any criminal sanction." The briefs assert, "Huminski has suffered no actual harm."

The series of events involving Huminski might be worse than a collusion of arrogance on the part of those in power to silence a critic.

Widespread ignorance of the foundation of liberty upon which this nation is built -- especially on the part of judges and law enforcement officials could eventually bring our nation crumbling down -- as if an earthquake had fractured the structural basis of our constitutional values. An earthquake of ignorance.

Arrogance or ignorance? That isn't much of a choice. Either way, Huminski has been unfairly and illegally persecuted by the power structure in Vermont. The harm he has suffered, all of us share. The outcome of this case affects us all.

# EXHIBIT "B"

In The

# Eleventh Judicial Circuit Court

| | | |
|---|---|---|
| SCOTT HUMINSKI, | ) | |
| MICHAEL ESSIX, | ) | CASE NUMBER: |
| PLAINTIFFS | ) | 21-CA-018435 |
| V. | ) | |
| STATE OF FLORIDA, ET AL., | ) | CIVIL ACTION |
| DEFENDANTS. | ) | |

## MEMO re: FORGERY OF COURT ORDERS

NOW COMES, Scott Huminski ("Huminski"), and concerning the felony forgery and official misconduct that are significant elements in this matter states as follows:

1.  A true and correct copy of the original and legitimate contempt show cause order as filed in <u>Huminski v. Town of Gilbert, et al.</u>, 17-CA-421, 20<sup>th</sup> Circuit Court is in the <u>Complaint</u> and sworn in, <u>Huminski's Verified Ex Parte Motion for a Temporary Restraining Order</u>. Complaint, D.E. 2, Exhibit A Page(s) 15-17 (exhibit page numbers are at the bottom right corner of the exhibit only). Also attached hereto as Exhibit "A" for convenience. (the "LEGITIMATE ORDER").

2.  A true and correct copy of the FORGED contempt show cause order as filed in <u>State v. Huminski.</u>, 17-MM-815, Lee County Court is in the <u>Complaint</u> and sworn in, <u>Huminski's Verified Ex Parte Motion for a Temporary Restraining Order</u>. Complaint, D.E. 2, Exhibit A Page(s) 19-21 (exhibit page numbers are at the bottom right corner of the exhibit only). Also attached hereto as Exhibit "B" for convenience. (the "FORGERY").

## CONFLICTING FILING DATES

## THE FORGERY WAS FILED 25 DAYS LATER after modification

### The LEGITIMATE ORDER,

06/14/2017 4:55 PM Filed Lee County Clerk of Court   *170014603*

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

### The FORGERY

with 2 extra filing dates and missing clerk notations "13", "170014603" that were

digitally removed by the forger.

6/30/2017 4:52 PM Filed Lee County Clerk of Courts
6/5/2017 1:56 PM Filed Lee County Clerk of Court

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

CIVIL CASE CAPTION

SCOTT HUMINSKI,                    Civil Case No.: 17CA421
      Plaintiff

## THE FORGERY HAS A HAND-WRITTEN DOCKET NUMBER ADDED TO

## THE LEGITIMATE ORDER and Digital deletions

Judicial orders can not be treated like used clothing at a Goodwill Store and

recycled and reused in multiple cases in multiple courts.

2

The LEGITIMATE ORDER,

SCOTT HUMINSKI,
        Plaintiff

v.

TOWN OF Gilbert, AZ, et al

Civil Case No.: 17CA421

**ORIGINAL FOR SERVICE**

Criminal Case No. _____

### The FORGERY

with "ORIGINAL FOR SERVICE" and the Sheriff's stamp digitally removed by the

forger and a County Court Docket Number hand-written in by the forgery felon.

The forgery felon  also added some numerals where a sheriff department stamp

used to exist.

CIVIL CASE CAPTION

SCOTT HUMINSKI,
        Plaintiff

v.

TOWN OF Gilbert, AZ, et al

Civil Case No.: 17CA421

Criminal Case No. _17-MM-000815_

## ALL SHERIFF DEPARTMENT NOTATIONS DIGITALLY REMOVED BY
## THE FORGERY FELON

3

## The LEGITIMATE ORDER,

| DATE executed by Court | CASE No. | ORDER TITLE |
|---|---|---|
| 4/19/17 | 17CA421 | Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order (specifically Paragraphs 1, 2 & 7) – attached hereto as Exhibit A |
| 4/19/17 | 17CA421 | Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and |

Sheriff, Lee County, Florida
☑-SERVED   ☐ NOT SERVED
TIME _____ A.M. DATE _____ 2017
COMMENT _____
DEPUTY _____

1   6/4 1900  NO ANSWER
    6/7 1012   "
    6/8 808    "

## The FORGERY

**with the Sheriff's notations digitally removed by the forgery felon.**

The Orders that SCOTT HUMINSKI is alleged to be in violation of are:

| DATE executed by Court | CASE No. | ORDER TITLE |
|---|---|---|
| 4/19/17 | 17CA421 | Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order (specifically Paragraphs 1, 2 & 7) – attached hereto as Exhibit A |
| 4/19/17 | 17CA421 | Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and |

1

4

## THE FORGERY FELON DIGITALLY ERASED A TIME STAMP AND

## REPLACED IT WITH THE DATE OF THE FORGERY

### The LEGITIMATE ORDER,

| | | Other Relief (specifically Paragraph 2) – attached hereto as Exhibit B |
|---|---|---|

**COUNT 1: INDIRECT CRIMINAL CONTEMPT**
In the Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order, SCOTT HUMINSKI was specifically ordered that any further pleadings be signed by a licensed attorney representing the Plaintiff (Paragraph 7). In the Order on Scribd, Inc's Motion to Dismiss

Filed 05/14/2017

### The FORGERY

with the valid Circuit Court time/date stamp digitally removed by the forgery felon
and the date of the forgery has replaced it.

| | | Other Relief (specifically Paragraph 2) – attached hereto as Exhibit B |
|---|---|---|

**COUNT 1: INDIRECT CRIMINAL CONTEMPT**
In the Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order, SCOTT HUMINSKI was specifically ordered that any further pleadings be signed by a licensed attorney representing the Plaintiff (Paragraph 7). In the Order on Scribd, Inc's Motion to Dismiss

Filed 05/30/2017

5

# THE FORGERY FELON "LIFTED" THE JUDICIAL SIGNATURE OF THE CIRCUIT COURT ORDER TO CREATE A FORGED COUNTY COURT ORDER

### The LEGITMATE ORDER,

IT IS FURTHER ORDERED that the Sheriff of this County serve this Order to Show Cause by delivering copies to SCOTT HUMINSKI, with proof of Sheriff's service.

DONE AND ORDERED in Lee County, Florida, on _____ 6 / 5 / 17 _____.

Circuit Judge, Elizabeth V. Krier

The FORGERY with the digitally "lifted" judicial signature with a "lifted" date.  The felony forger didn't bother to change the date of the signature to make a more believable forgery.  A reckless criminal who may have experience in getting away with forged court orders in the 20th Circuit without being challenged before. Complacency for this felon led to a sloppy crime.

IT IS FURTHER ORDERED that the Sheriff of this County serve this Order to Show Cause by delivering copies to SCOTT HUMINSKI, with proof of Sheriff's service.

DONE AND ORDERED in Lee County, Florida, on _____ 6 / 5 / 17 _____.

Circuit Judge, Elizabeth V. Krier

Notably, it is humanly impossible to replicate a signature that is digitally perfect on 6/5/2017 and 6/30/2017 and it it impossible to do it with digital precision related to its alignment with the other text in the document.  A bold and very poor forgery also constituting official misconduct which can be prosecuted for 2 years after the forger leaves office or ends employment with the State of Florida.

# THE FORGERY FELON DIGITALLY REMOVES THE VALID FILED DATE

## TO AVOID CONTRADICTION WITH THE FORGERY

### The LEGITMATE ORDER,



S. Douglas Knox & Keely Morton, attorneys for Defendant-City of Glendale at
doglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, Attorneys for City of Surprise, AZ at
serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert Sherman, attorneys for Defendant-Sheriff Mike Scott at
Robert.sherman@henlaw.com; Courtney.ward@henlaw.com
Kenneth R. Drake & Doron Weiss, attorneys for SCRIBD, INC. at
kendrake@dkllawyers.com; dweiss@dkllawyers.com



I CERTIFY THIS DOCUMENT TO BE
A TRUE & CORRECT COPY OF THE
RECORD ON FILE IN MY OFFICE.

**JUN - 5 2017**

Linda Doggett, Clerk Circuit
Court, Lee County, Florida
By: _____ D.C.

3

### The FORGERY

#### which was never certified by the clerk on appeal.

Copies to:
✓  State Attorney's Office
✓  Public Defender's Office

S. Douglas Knox & Keely Morton, attorneys for Defendant-City of Glendale at
doglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, Attorneys for City of Surprise, AZ at
serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert Sherman, attorneys for Defendant-Sheriff Mike Scott at
Robert.sherman@henlaw.com; Courtney.ward@henlaw.com
Kenneth R. Drake & Doron Weiss, attorneys for SCRIBD, INC. at
kendrake@dkllawyers.com; dweiss@dkllawyers.com

3

There also exist in these cases, 3 diferent versions of the "same" judicial recusal
order also 2 of which are forgeries located at the Complaint, D.E. 2, Exhibit "A"

pages 23-25 (exhibit page numbers are at the bottom right corner of the exhibit only).

Forgery and official misconduct, both felonies, appear to be the *modus operandi* of these courthouse criminals.

The legitimate original is followed by the two forgeries, (see next page)

8/2/2017 12:10 PM   Filed Lee County Clerk of Courts

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

SCOTT HUMINSKI

        Plaintiff

                                           CASE NO: 17-CA-421

vs.

TOWN OF GILBERT, AZ, et al

        Defendant

_____/

**ORDER OF DISQUALIFICATION**

    THIS CAUSE having come before this Court on 8/1/17 on its own Motion, it is ORDERED and ADJUDGED:

Pursuant to Cannon 3E of the Florida Code of Judicial Conduct, the undersigned Judge hereby disqualifies herself from cases involving the above Plaintiff, including the above styled Case.

DONE and ORDERED this 1st day of August, 2017.

                                      Honorable Elizabeth V. Krier
                                      Circuit Court Judge, 20th Circuit

Conformed copies to:
Scott Huminski, pro se Plaintiff at s_huminski@live.com
Kenneth R. Drake, attorney for Scribd, Inc at kendrake@dkllawyers.com; dweiss@dkllawyers.com
S. Douglas Knox & Keely Morton, attorneys for City of Glendale at douglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, attorneys for City of Surprise AZ at serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert C. Sherman, attorneys for Lee County Sheriff at Robert.shearman@henlaw.com; Courtney.ward@henlaw.com

COURT ADMINISTRATION

FELONY FORGERY OF JUDICIAL RECUSAL ORDER # 1

Judicial recusal order forgery number one filed two weeks after the legitimate order, (1) the original date and time filing stamp is digitally erased and replaced with a new date, (2) the Circuit Court docket number is digitally erased and replaced with a County Court docker number, the entire distribution list along with the date in the left margin next to it is digitally erased and replaced with a new distribution list and (3) it is stamped "COPY" "COPY". See next page.

8/14/2017 2:57 PM  Lee County Clerk of Courts

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

STATE OF FLORIDA

CASE NO: 17-MM-815

vs.

SCOTT HUMINSKI

                Defendant
_____/

ORDER OF DISQUALIFICATION

THIS CAUSE having come before this Court on 8/1/17 on its own Motion, it is ORDERED and
ADJUDGED:

Pursuant to Cannon 3E of the Florida Code of Judicial Conduct, the undersigned Judge hereby
disqualifies herself from cases involving the above Plaintiff, including the above styled Case.

DONE and ORDERED this 1st day of August, 2017.

Honorable Elizabeth V. Krier
Circuit Court Judge, 20th Circuit

Conformed copies to:
Scott Huminski at s_huminski@live.com
State Attorney's Office
Public Defender's Office
COURT ADMINISTRATION

COPY

CC

11

## FELONY FORGERY OF JUDICIAL RECUSAL ORDER # 2

Judicial recusal order forgery number two filed two weeks after the legitimate order and over an hour after the first forgery in this series. Apparently the forgery felon was not pleased with their initial forgery draft and came up with this new version with (1) the original date and time filing stamp is digitally erased and replaced with a new date and time an hour and a half later than the first forgery, (2) the Circuit Court docket number has been restored contrary to the first forgery above, (3) it is stamped "COPY" at a different portion of the document than the first forgery above and (4) the original distribution list has been restored absent the date and initials in the left margin next to the distribution list that was digitally erased by the forgery felon. See next page.

12

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

SCOTT HUMINSKI

        Plaintiff

vs.                                 **CASE NO: 17-CA-421**

TOWN OF GILBERT, AZ, et al

        Defendant                            ◻ **COPY**

### ORDER OF DISQUALIFICATION

    THIS CAUSE having come before this Court on 8/1/17 on its own Motion, it is ORDERED and ADJUDGED:

Pursuant to Cannon 3E of the Florida Code of Judicial Conduct, the undersigned Judge hereby disqualifies herself from cases involving the above Plaintiff, including the above styled Case.

DONE and ORDERED this 1 day of ꞁꞁꞁꞁ, 2017.

                                    Honorable Elizabeth V. Krier
                                    Circuit Court Judge, 20th Circuit

Conformed copies to:
Scott Huminski, pro se Plaintiff at s_huminski@live.com
Kenneth R. Drake, attorney for Scribd, Inc at kendrake@dldlawyers.com; dweiss@dldlawyers.com
S. Douglas Knox & Keely Morton, attorneys for City of Glendale at douglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, attorneys for City of Surprise AZ at serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert C. Sherman, attorneys for Lee County Sheriff at Robert.shearman@henlaw.com; Courtney.ward@henlaw.com

COURT ADMINISTRATION

**WHEREFFORE, a forgery by court personal is not a valid charging document precluding subject matter jurisdiction.**

Dated in Flagler County, Florida this 16th day of September, 2021.

-/s/- Scott Huminski

_____

Scott Huminski, Pro Se
P.O. Box 353820
Palm Coast, FL 32137
(239) 300-6656
S_huminski@live.com

### Certificate of Service

Plaintiff, Scott Huminski, hereby certifies that this paper and any attachment(s) have been served upon the parties of record via the e-filing system on this date.

Dated this 16th day of September, 2021.

-/s/- Scott Huminski

_____

Scott Huminski

,<ATTACHMENTS>

# EXHIBIT "A"

170014603

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

CIVIL CASE CAPTION

SCOTT HUMINSKI,
    Plaintiff

v.

TOWN OF Gilbert, AZ, et al

Civil Case No.: 17CA421

ORIGINAL FOR SERVICE

Criminal Case No. _____

| DESCRIPTION OF SCOTT HUMINSKI | |
|---|---|
| GENDER: Male | EYE COLOR: ? |
| RACE: Caucasian | HAIR COLOR: Brown |
| HEIGHT: approx. 5 ft 10 in. | LAST KNOWN ADDRESS: 24544 Kingfish St. |
| WEIGHT: ? | Bonita Springs, FL 34134 |
| DOB: 12/1/59 | |

ORDER TO SHOW CAUSE

This cause comes before the court for review based upon the alleged conduct of SCOTT HUMINSKI for the issuance of an Order to Show Cause directed to SCOTT HUMINSKI for violation of the Orders set forth below copies of which are attached hereto and made a part hereof.

The Orders that SCOTT HUMINSKI is alleged to be in violation of are:

| DATE executed by Court | CASE No. | ORDER TITLE |
|---|---|---|
| 4/19/17 | 17CA421 | Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order (specifically Paragraphs 1, 2 & 7) – attached hereto as Exhibit A |
| 4/19/17 | 17CA421 | Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and |

Sheriff, Lee County, Florida

☑ SERVED   ☐ NOT SERVED
TIME _0800_ A.M. DATE _6-13_ 2017
COMMENT _Pers serv._
DEPUTY _____ 0601?

1  6/6 1900  No Answer
    6/7 1012  "
    6/8 805  "

15

Filed 06/14/2017

| | | Other Relief (specifically Paragraph 2) – attached hereto as Exhibit B |

**COUNT 1: INDIRECT CRIMINAL CONTEMPT**
In the Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order, SCOTT HUMINSKI was specifically ordered that any further pleadings be signed by a licensed attorney representing the Plaintiff (Paragraph 7). In the Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and Other Relief, SCOTT HUMINSKI was specifically ordered not to file any additional documents or materials of any nature with the Court unless the filing was signed by an attorney and specifically provided that an Order to Show Cause might be entered against him if he did so (Paragraph 2). SCOTT HUMINSKI has continued to file multiple documents in the Court file in contradiction to these Orders as evidenced by the attached composite Exhibit C.

**COUNT 2: INDIRECT CRIMINAL CONTEMPT**
In the Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order, SCOTT HUMINSKI was specifically prohibited from directly contacting, communicating with or otherwise serving materials directly on Sheriff Scott, his agents and employees (see Paragraph 1 & 2). SCOTT HUMINSKI was specifically ordered to direct such contact to counsel for Mike Scott (see Paragraph 2). SCOTT HUMINSKI has repeatedly violated this Order by contacting Sheriff Scott, his agents and employees since the execution of the Court's orders – see the emails attached as composite Exhibit D.

> **NOW, THEREFORE, you SCOTT HUMINSKI** are hereby ORDERED to appear before this court before Judge *KRIER* on **THURSDAY, 6/29/17**, at **1:30 p.m.**, in Room 4H of the Lee County Courthouse, located at 1700 Monroe Street, Ft. Myers, Florida 33901, to be arraigned. THIS IS A CRIMINAL PROCEEDING. A subsequent trial will be scheduled requiring Respondent to show cause why he should not be held in contempt of this court for violation of the above Orders. Punishment, if imposed, may include a fine and incarceration. Should the court determine, based on the evidence presented at trial, that the conduct of SCOTT HUMINSKI warrants sanctions for civil contempt in addition to or instead of indirect criminal contempt, the court reserves the right to find him guilty of civil contempt and impose appropriate civil sanctions.
>
> IF YOU FAIL TO APPEAR as set forth above, a warrant for your arrest or a writ of bodily attachment may be issued to effectuate your appearance.

2



16

The court hereby appoints the STATE ATTORNEY's OFFICE to prosecute the case.

The Court hereby advises SCOTT HUMINSKI that he is entitled to be represented by counsel and if he can't afford an attorney, that one may be appointed for him in this criminal contempt proceeding ONLY (not in the civil case). This Court hereby appoints the PUBLIC DEFENDER's OFFICE to provisionally represent SCOTT HUMINSKI at the above Arraignment proceeding pending a determination of indigency. This Court anticipates that SCOTT HUMINSKI will be found to be indigent.

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: Court Administration at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IT IS FURTHER ORDERED that the Sheriff of this County serve this Order to Show Cause by delivering copies to SCOTT HUMINSKI, with proof of Sheriff's service.

DONE AND ORDERED in Lee County, Florida, on _____ 6 / 5 / 17 _____.

_____

Circuit Judge, Elizabeth V. Krier

Copies to:
_√_ State Attorney's Office
_√_ Public Defender's Office

S. Douglas Knox & Kealy Morton, attorneys for Defendant-City of Glendale at doglas.knox@quarles.com; kealy.morton@quarles.com; docketfl@quarles.com
Robert O. Pritt & James D. Fox, Attorneys for City of Surprise, AZ at serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert Sherman, attorneys for Defendant-Sheriff Mike Scott at Robert.sherman@henlaw.com; Courtney.ward@henlaw.com
Kenneth R. Drake & Doron Weiss, attorneys for SCRIBD, INC. at kendrake@dldlawyers.com; dweiss@dldlawyers.com

I CERTIFY THIS DOCUMENT TO BE A TRUE & CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE.

JUN - 5 2017

Linda Doggett, Clerk Circuit Court, Lee County, Florida
By: _____ D.C.



3

# EXHIBIT "B"

Filed 06/30/2017

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

CIVIL CASE CAPTION

SCOTT HUMINSKI,
    Plaintiff

Civil Case No.: 17CA421

v.

TOWN OF Gilbert, AZ, et al

Criminal Case No. 17-MM-000815

| DESCRIPTION OF SCOTT HUMINSKI | |
|---|---|
| GENDER: Male | EYE COLOR: ? |
| RACE: Caucasian | HAIR COLOR: Brown |
| HEIGHT: approx. 5 ft 10 in. | LAST KNOWN ADDRESS: 24544 Kingfish St. |
| WEIGHT: ? | Bonita Springs, FL 34134 |
| DOB: 12/1/59 | |

## ORDER TO SHOW CAUSE

This cause comes before the court for review based upon the alleged conduct of SCOTT HUMINSKI for the issuance of an Order to Show Cause directed to SCOTT HUMINSKI for violation of the Orders set forth below copies of which are attached hereto and made a part hereof.

The Orders that SCOTT HUMINSKI is alleged to be in violation of are:

| DATE executed by Court | CASE No. | ORDER TITLE |
|---|---|---|
| 4/19/17 | 17CA421 | Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order (specifically Paragraphs 1, 2 & 7) – attached hereto as Exhibit A |
| 4/19/17 | 17CA421 | Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and |

1

19

Filed 08/30/2017

|  |  | Other Relief (specifically Paragraph 2) – attached hereto as Exhibit B |
|--|--|--|

**COUNT 1: INDIRECT CRIMINAL CONTEMPT**
In the Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order, SCOTT HUMINSKI was specifically ordered that any further pleadings be signed by a licensed attorney representing the Plaintiff (Paragraph 7). In the Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and Other Relief, SCOTT HUMINSKI was specifically ordered not to file any additional documents or materials of any nature with the Court unless the filing was signed by an attorney and specifically provided that an Order to Show Cause might be entered against him if he did so (Paragraph 2). SCOTT HUMINSKI has continued to file multiple documents in the Court file in contradiction to these Orders as evidenced by the attached composite Exhibit C.

**COUNT 2: INDIRECT CRIMINAL CONTEMPT**
In the Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order, SCOTT HUMINSKI was specifically prohibited from directly contacting, communicating with or otherwise serving materials directly on Sheriff Scott, his agents and employees (see Paragraph 1 & 2). SCOTT HUMINSKI was specifically ordered to direct such contact to counsel for Mike Scott (see Paragraph 2). SCOTT HUMINSKI has repeatedly violated this Order by contacting Sheriff Scott, his agents and employees since the execution of the Court's orders – see the emails attached as composite Exhibit D.

> NOW, THEREFORE, you SCOTT HUMINSKI are hereby ORDERED to appear before this court before Judge *KRIER* on THURSDAY, 6/29/17, at 1:30 p.m., in Room 4H of the Lee County Courthouse, located at 1700 Monroe Street, Ft. Myers, Florida 33901, to be arraigned. THIS IS A CRIMINAL PROCEEDING. A subsequent trial will be scheduled requiring Respondent to show cause why he should not be held in contempt of this court for violation of the above Orders. Punishment, if imposed, may include a fine and incarceration. Should the court determine, based on the evidence presented at trial, that the conduct of SCOTT HUMINSKI warrants sanctions for civil contempt in addition to or instead of indirect criminal contempt, the court reserves the right to find him guilty of civil contempt and impose appropriate civil sanctions.
>
> IF YOU FAIL TO APPEAR as set forth above, a warrant for your arrest or a writ of bodily attachment may be issued to effectuate your appearance.

2

20

Filed 05/30/2017

The court hereby appoints the STATE ATTORNEY's OFFICE to prosecute the case.

The Court hereby advises SCOTT HUMINSKI that he is entitled to be represented by counsel and if he can't afford an attorney, that one may be appointed for him in this criminal contempt proceeding ONLY (not in the civil case). This Court hereby appoints the PUBLIC DEFENDER's OFFICE to provisionally represent SCOTT HUMINSKI at the above Arraignment proceeding pending a determination of indigency. This Court anticipates that SCOTT HUMINSKI will be found to be indigent.

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: Court Administration at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IT IS FURTHER ORDERED that the Sheriff of this County serve this Order to Show Cause by delivering copies to SCOTT HUMINSKI, with proof of Sheriff's service.

DONE AND ORDERED in Lee County, Florida, on _____10/5/17_____.

_____
Circuit Judge, Elizabeth V. Krier

Copies to:
_√_ State Attorney's Office
_√_ Public Defender's Office

S. Douglas Knox & Keely Morton, attorneys for Defendant-City of Glendale at douglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, Attorneys for City of Surprise, AZ at serve.rdritt@rplaw.com; jfox@rplaw.com; serve.jfox@rplaw.com
Robert Sherman, attorneys for Defendant-Sheriff Mike Scott at Robert.sherman@henlaw.com; Courtney.ward@henlaw.com
Kenneth R. Drake & Doron Weiss, attorneys for SCRIBD, INC. at kendrake@dldlawyers.com; dweiss@dldlawyers.com

6/5/17
RH

3

21

# Exhibit "C"

In The

# Third District Court of Appeal

| | | |
|---|---|---|
| Scott Huminski, | ) | Number: 3d21-1920 |
| Appellant, | ) | |
| v. | ) | |
| State of Florida, Et Al, | ) | |
| Appellees. | ) | |

## EMERGENCY VERIFIED MOTION FOR EMERGENCY RELIEF, RULE 9.300(c)

NOW COMES, Appellant Scott Huminski ("Huminski"), and pursuant to F.R.A.P. 9.300(c) moves, states, deposes, and swears, as follows,

1. The gravamen of the complaint in the Court below is that the State of Florida secured a void judgment in State v. Huminski, 17-MM-815, Lee County Court absent authoring or filing any commencement document that would vest jurisdiction in the County Court and absent standing to prosecute which is absolutely true and correct because the County Court commencement document was merely an altered court order from Huminski v. Town of Gilbert, et al., 17-CA-421, 20th Circuit, created on 6/30/2017, after modification of an original and legitimate order issued in Huminski v. Gilbert, et al. on 6/5/2017.

2. Attached hereto as Exhibit "A" is a true and correct copy of Huminski's affidavit as filed in this appeal on 3/7/2022, AFFIDAVIT OF S. HUMINSKI #2 RE: State's forgery of court orders/unclean hands, which contain true and correct fact statements as to the use of forgery to initiate State v. Huminski.

3. The commencement document in State v. Huminski attached hereto in Exhibit "A" was not signed by any legitimate State prosecutorial authority.

4. The commencement document in State v. Huminski attached hereto in Exhibit "A" was not authored by any legitimate State prosecutorial authority and it is a modified version of an order issued in Huminski v. Town of Gilbert, et al., a civil case where the State of Florida was not a party.

5. The commencement document in State v. Huminski attached hereto in Exhibit "A" was not filed with 117 pages of attachments that it referenced and that

RECEIVED, 03/13/2022 01:13:21 PM, Clerk, Third District Court of Appeal

do exist in the Circuit Court version of the order in <u>Huminski v. Town of Gilbert, et al.</u>

6.    Not only was Huminski never served in <u>State v. Huminski</u>, 117 pages of attachments were never filed with the commencement document or served.

7.    There exists no proof of service in <u>State v. Huminski</u>.

8.    Huminski was never served with the 117 pages of attachments in the version of the commencement document that exists in <u>Huminski v. Town of Gilbert, et al.</u> and the server of this document (in the Circuit Court matter) testified at hearing/trial that he did not serve any attachments.

9.    Huminski was placed on pre-trial supervision in <u>State v. Huminski</u>.

10.    Huminski, at conviction in <u>State v. Huminski,</u> was assessed by the Court every cost and fees that would apply only to criminal convictions in Florida.

11.    Attached hereto as Exhibit "B" is a true and correct copy of the final judgment form from <u>State v. Huminski</u> listing the costs and fees levied upon Huminski.

12.  Exhibit "A" contains true and correct versions of 3 judicial recusal orders, two of which are forgeries.  The only authentic order exists in <u>Huminski v. Town of Gilbert</u>.

13.    Exhibit "B" contains a term that was requested by the State at trial that Huminski be barred from contacting the State of Florida or his local sheriff concerning any matter subsequent to conviction which prevented Huminski from reporting several crimes in his town of residence which was solely served by a Sheriff's Department.

14.    The no contact with his local sheriff provision of the previous paragraph was part of Huminski's pre-trial supervision, however, the State later stipulated that Huminski could contact law enforcement to report crime.

15.    A true and correct copy of the stipulation mentioned in the prior paragraph is attached hereto as Exhibit "C".

16.    All materials and fact represented in the attached papers filed herewith are true and correct.

17.    Huminski asserts with the same force and effect as if more fully set forth herein all papers filed by him as a *pro se* litigant in this appeal.

18.   This paper requests emergency relief because the State is; (1) continuing to attempt to breathe life into a hopelessly void judgment in <u>State v. Huminski</u>, (2) continues enforcement efforts concerning the void judgment and (3) continues to this day to attempt to profit off the ill-gotten gains related to the void judgment via ongoing and relentless collection efforts causing Huminski prejudice and discrimination in employment, housing, obtaining credit and all harm, injure and prejudice that flows from a criminal conviction.

19.   Huminski has been confirmed fully disabled by the Social Security administration and medical providers Leonard Lado, M.D., Karen Huffer and Rebecca Potter, LMHC, for over 10 years related to his PTSD, General Anxiety Disorder, social phobia and the State's continuing conduct related to the void judgment continues to cause Huminski shock and injury to body and mind.  The collection activities of the State must be enjoined to mitigate and perhaps end the injury, damage and prejudice to Huminski related to the State's obsession with the void judgment.

20.   Huminski is unable to obtain a Florida Driver's License with outstanding criminal fines and fees causing him harm and prejudice and many of the costs/fines/fees foisted upon Huminski related to the void judgment are only criminal in nature as set forth by the statutes used to justify the imposition of them.

21.   Attached hereto as Exhibit "D" is a true and correct copy of the appearance of the public defender in <u>State v. Huminski</u> mistakenly citing inapplicable criminal rules in a *sui generis* common law case.  Upon information and belief treating contempt in routine civil cases as a statutory criminal offense in the 20th Circuit is standard operating procedure (SOP) that even the entire public defender office has accepted as commonplace and proper.  Huminski directed the public defender not to fall for this governmental scheme without success because when a prosecutor and the presiding judge are "on board" concerning the practice of converting contempt in a civil case with a "CA" designation to a routine statutory crime, an over-burdened public defender has little recourse or time to object. Huminski's counsel at the time was a Georgetown Law School graduate.

22.   Attached hereto as Exhibit "E" is a true and correct copy of a "minutes" entry in <u>State v. Huminski</u> (although not captioned in <u>State v. Huminski</u>)

3

predating the existence of that case memorializing the State's plot to transfer of the civil "CA" case to a "criminal" County Court case to terrorize Huminski as follows,

*"Also to be discussed transfer of civil case to criminal".*

Upon information and belief cases such as <u>Huminski v. Town of Gilbert</u>, et al., 17-CA-421 never get transferred to "criminal" County Court in jurisdictions other than the 20th Circuit. County Courts (courts of inferior and limited jurisdiction) do not have jurisdiction to take over matters from the Circuit Courts and no Rule, Statute or other legitimate authority provides for such a transfer in the Courts of Florida.

23. Attached hereto as Exhibit "F" is a true and correct copy of the ruling in <u>Huminski v. State</u>, 2d19-1247, whereby the Second District Court of Appeal found that hearing and trying contempt is private to the offended Court.

24. Upon information and belief, the Court in <u>Huminski v. State</u>, 2d19-1247 statement that,

"§ 38.22, Fla. Stat. (2018) ("Every court may punish contempts <u>against it</u> . . ."
(emphasis added))",

concisely settles all debate related to this appeal, the matter below and all collateral cases because the Court's emphasis on the words "<u>against it</u>" (ie. Circuit Court) convincingly exemplifies and determines that all papers filed in this appeal and the Courts below by the State were filed for the sole reason to vex, further frivolous arguments, abuse the criminal justice system and to burden the Florida Courts all prejudicial to the administration of justice. Sanctions should be levied under this Courts inherent disciplinary and supervisory powers.

25. On September 17, 2021 when Huminski hired counsel, Huminski directed the late Attorney Steele thru his alleged assistant Ronald Humphreys to file an appearance and continuance related to the scheduled hearing and counsel filed an appearance several hours after the hearing that dismissed the case below and caused this appeal. Upon information and belief, this advice came solely from Mr. Humphreys without participation of Huminski's late attorney.

26. On September 21, 2021, subsequent to the hearing dismissing the case below, Huminski directed counsel to file a motion for emergency relief to achieve the goals of this paper and Huminski never heard back from counsel despite repeatedly requesting this relief continually from counsel during the last six months.

4

27.    Huminski has never spoken to Attorney Steele and has never engaged in any 2-way conversation with his former late attorney in any fora.

28.    On dozens of occasions over the last 6 months Huminski requested counsel advise him; (1) why all legal fees in this matter went to the closely-held corporation of his assistant, Ronald Humphrey, Lawstaff, Inc. (a corporation headquartered at the private residence of Mr. Humphreys), (2) why there wasn't a timely appearance in the Court below, (3) why unclean hands was not proffered after the State's answer brief and (4) why counsel was not filing for emergency relief related to the collection activities of the State and collateral issues to which Huminski only received the response of silence from counsel or his alleged assistant, Mr. Humphreys.

29.    To this date, Huminski believes Mr. Humphreys, a non-attorney, was sole counsel on this case and he received all client funds related to representation into his corporation Lawstaff, Inc. and paid a stipend to John Contini, a disbarred attorney, for referral of this case to him and paid a stipend to Attorney Steele for using his Bar credentials. (See Huminski's 2 notices of retention of counsel filed on September 17, 2021 and September 20, 2021 in the Court below)

30.    Mr. Humphreys verbally advised Huminski to attend the hearing of September 21, 2021 *pro se* in a case where a vexatious litigant issue was pending. Upon information and belief, Mr. Steele nor any licensed attorney would advise a client in such a manner and this advice was a product of the unauthorized practice of law, UPL.

## MEMORANDUM OF LAW

Huminski asserts the arguments of his late attorney filed in this matter especially including the bad faith argument posed by counsel, or Mr. Humphreys, in the motion for attorney fees.

State v. Huminski, 17-MM-815, Lee County Court, is a hopelessly void criminal judgment (in a *sui generis* common law case) that was commenced; (1) absent the filing of a pleading authored by a prosecutorial representative of the State, (2) absent a signature of an authorized representative of the State, (3) absent service upon Huminski and (4) filing in contravention to F.S. § 831.01 (felony

forgery) and F.S. § 838.022 (felony official misconduct) acts of moral turpitude, bad

faith and justifying a finding of unclean hands.  See generally Huminski's affidavit

<u>AFFIDAVIT OF S. HUMINSKI #2 RE: State's forgery of court orders/unclean hands</u>

filed in this matter on 3/7/2022.  Accord <u>Huminski v. State</u>, 2d19-1247.  See Exhibit

"F".

<center>VOID JUDGMENTS</center>

In Florida, a "void judgment" is so defective that it is deemed never to have

had legal force and effect.  <u>Sterling Factors Corp. v. U.S. Bank Nat. Ass'n</u>, 968 So.

2d 658, 665 (Fla. 2d DCA 2007)

Trial courts "lack jurisdiction" until proper pleadings are filed.  <u>Lovett v.

Lovett</u>, 112 So. 768, 776 (Fla. 1927) accord <u>Lewis v. Lewis</u>, 78 So.2d 711, 712.  The

government's relied upon document to commence <u>State v. Huminski</u> is not a proper

pleading.  A trial court's lack of subject-matter jurisdiction makes its judgment void.

<u>NWT v. LHD (In re DNHW)</u>, 955 So.2d 1236, 1238 (Fla. 2d DCA 2007)

<center><u>CONTEMPT A *SUI GENERIS* COMMON LAW OFFENSE IS NOT PROSECUTED
BY THE STATE AS A PLAINTIFF</u></center>

Concerning *sui generis* common law offenses, "'Proceedings for contempt are

sui generis (of their own class) in their nature and not strictly either civil or

criminal, as those terms are commonly used. But courts have classified and termed

them, "civil" and "criminal."'" <u>Dangel on Contempt</u>, page 5, Section 12.  The State's

positioning themselves as a Plaintiff in <u>State v. Huminski</u> when they were never a

party in the case containing the alleged contempt, <u>Huminsk v. Town of Gilbert, et

al.</u>, was accomplished by notoriously corrupt conduct that remains a mystery absent

a criminal inquest into the forgery and official misconduct that the State has

successfully obfuscated so far in the Court below and with its papers filed in this

Court.

The Florida Supreme Court did not get it wrong in the contempt case cited

above <u>Lewis v. Lewis</u>, ~~State v. Lewis~~ would have been just as corrupt of a caption as

<u>State v. Huminski</u>.  Whatever underhanded method was used to get the case

docketed as <u>State v. Huminski</u>, it constitutes an attack upon the integrity of the

<center>6</center>

justice system and prejudices the administration of justice and the filings of the State in this matter were made in bad faith with unclean hands, more specifically, absolutely filthy hands attempting to profit off of their ill-gotten gains with a void judgment.

## STATE V. HUMINSKI WAS PROSECUTED IN THE ABSENCE OF ALL JURISDICTION

In Pennoyer v. Neff, 95 US 714, 732 (1878), the U.S. Supreme Court held that the judgment of a court lacking personal jurisdiction violated the Due Process. Huminski was not served by the State in State v. Huminski but was compelled to attend court proceedings in the quite irregularly initiated case, State v. Huminski, to avoid incarceration for failure to appear in the State's so-called "criminal" case absent any filing by the State initiating the prosecution.  Accord Huminski v. State, 2d19-1247. See Exhibit "F".

## HEARING OF CONTEMPT IS PRIVATE TO THE ALLEGEDLY OFFENDED COURT

The Florida Supreme Court held that the hearing and trying of contempt is private to the allegedly offended court in South Dade Farms v. Peters, 88 So. 2d 891 - Fla: Supreme Court 1956 while adopting U.S. Supreme Court precedent as follows:

> "In the opinion last cited this court adopted the language of the Supreme Court of the United States in the leading case of Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 501, 55 L.Ed. 797, from which we quote also the following:
>
>> "There has been general recognition of the fact that the courts are clothed with this power, and must be authorized to exercise it without referring the issues of fact or law to another tribunal or to a jury in the same tribunal. For, if there was no such authority in the first instance, there would be no power to enforce its orders if they were disregarded in such independent investigation. Without authority to act promptly and independently the courts could not administer public justice or enforce the rights of private litigants. Bessette v. W.B. Conkey Co., 194 U.S. 324 337, 24 S.Ct. 665, 48 L.Ed. [997] 1005.""

in stark contrast to the hearing and conviction of Huminski in the Lee County Court for alleged contempt occurring before the 20th Circuit Court  in Huminski v. Town of Gilbert, AZ, et al., 17_CA-421, 20th Circuit, with a criminal prosecution

7

brought in <u>State v. Huminski</u>, Lee County Court.  Accord <u>Huminski v. State</u>, 2d19-1247.  A court of inferior jurisdiction heard a Circuit Court contempt case without any statutory authority in a so-called "criminal" misdemeanor case (indicated by the "MM" designation and the State being named as Plaintiff) whereby he was placed on pre-trial supervision and assessed every cost and fee applicable only to criminal prosecutions (crimestoppers fund, costs of prosecution, etc.).  The State was not a party in <u>Huminski v. Gilbert</u>, but, by an unknown yet, patently illegal scheme, bullied its way into the position of Plaintiff absent the filing of a shred of paper commencing <u>State v. Huminski</u>.

The dissent in <u>TYRONE JENKINS, Appellant, v. STATE OF FLORIDA, Appellee,</u> No. 4D20-1171 [June 23, 2021] clearly drives the point home concerning subject matter jurisdiction in contempt cases stating in pertinent part,

> *"Appellant was convicted of indirect criminal contempt for sending an expletive-laced diatribe to a circuit court judge after the judge dismissed his civil case, accusing the judge of incompetence and impugning his integrity. On appeal, appellant claims that the county court judge who tried the contempt proceeding lacked subject matter jurisdiction. I agree that the county court lacked jurisdiction, and I would reverse."*

Accord <u>Huminski v. State</u>, 2d19-1247. See Exhibit "F".

The State's own admission that at least one of the fees imposed upon Huminski at "criminal" conviction in <u>State v. Huminski</u> did not apply to contempt is compelling, stating in pertinent part in the State of Florida brief filed in <u>Huminski v. State</u>, 2D19-1912, Florida Attorney General, 2/21/2020,

> "ISSUE FOUR WHETHER THE TRIAL COURT ERRED IN IMPOSING A $50 COST OF PROSECUTION FOR THE OFFENSE OF CRIMINAL CONTEMPT. [RESTATED].
>
> Appellant's fourth claim, that the court impermissibly imposed a cost of prosecution in this case, appears to have merit. Because contempt is a common law crime and the statutes governing contempt do not explicitly allow for the cost of prosecution to be imposed, Appellee concedes that this cost was seemingly imposed in error and the case should be remanded for the limited purpose of striking the cost from Appellant's judgment and sentence. "

Apparently, the author of the above didn't get the memo that the Rule of Law in <u>State v. Huminski</u> was to be ignored and illegal governmental conduct covered-up.

As this case exemplifies, in criminal justice matters, the State rarely admits error and uses the power of criminal prosecution as a tool of terror. Notable, is the State's characterization of contempt as a "crime" when in reality, under Florida authority, it is a *sui generis* common law offense. The confusion concerning contempt extends to the Florida Attorney General's office.

## BAD FAITH

At hearing in this matter, the presiding judge asked the State if they wanted her to dismiss on their other paper as well which would have brought in the merits. The State informed the court that they did not wish that motion, filed weeks before the granted motion, to be heard. This maneuver by the State was solely intended as a backup plan to extend litigation unnecessarily. A technique employed by defendants with deep pockets to wear out and adversary and outspend an adversary that doesn't have endless funding from the State treasury. This scheme, used in a quasi-criminal context such as the instant case, has no place in a civilized society and offends public policy.

## LEGISLATIVE INTENT

The State's use of the vexatious litigant statute to protect, preserve, enforce and profit from a hopelessly void criminal judgment was never a notion that the legislative branch had contemplated or would endorse.

As held by the Florida Supreme Court in <u>Borden v. East-European Ins. Co.,</u> 921 So. 2D 587,

> "*It is a fundamental principle of statutory interpretation that legislative intent is the "polestar" that guides this Court's interpretation. See <u>State v. J.M., 824 So.2d 105, 109 (Fla.2002); Reynolds v. State, 842 So.2d 46, 49 (Fla.2002)</u>*."

## CONCLUSION

The aforementioned constitutes an abuse of the power of criminal prosecution that shocks the conscience and epitomizes a manifest injustice. This conduct also constitutes *bad faith* and *unclean hands* on the part of the State of Florida related

to these matters.  The State can request **no relief** from this Court or the Court Below pursuant to unclean hands concerning their conduct attempting to breathe life into a hopelessly void judgment and continual attempts to enforce the void judgment and profit from it in their ongoing collection activities.  The State's filings in this matter seeking relief from this Court were filed in *bad faith* with *unclean hands*.  The late Mr. Steele asserted the same in his paper requesting attorney fees.

**WHEREFORE,** the Court should, based upon the aforementioned,

1. Find the State has proceeded in this appeal and in the Court below with unclean hands by attempting to breathe life into a hopelessly void judgment and continuing to pursue enforcement and collection activities related to the void judgment and/or

2. Enjoin the State from continuing any activities that attempt to breathe life into a void judgment, collect on the judgment or enforce the judgment and/or

3. Summarily reverse this case with instructions to grant all relief sought in the Court below and/or

4. The Court should invoke its inherent supervisory and disciplinary powers and/or

5. The Court should find the State's conduct in bad faith with unclean hands because the ruling in Huminski v. State, 2d19-1247 (Exhibit "F"), clearly holds that contempt is private to the offended court, not a court of inferior jurisdiction, and the State positions are vexatious and frivolous given well-established and overwhelming authority and/or

6. Grant any other relief the Court deems fair and just or as a sanction including the striking of the papers filed by the State in this matter. Ironically, the State couldn't bother to file a proper commencement document in State v. Huminski, but, now files volumes to protect the void judgment burdening this and the lower court worthy of the most severe of sanctions.  A judgment issued in the absence of any and all jurisdiction simply can not be remedied with additional volumes of paper filed by the State.

7. Huminski requests oral argument related to this motion.

Appellant advises the Appellees to treat this paper as a motion for sanctions under

F.S. § 57.105 and are given safe harbor for 21 days as an opportunity to withdraw

their frivolous and vexatious papers filed in this appeal.

## **Declaration**

Under penalties of perjury, I declare that I have read the foregoing document and

that the facts stated in it are true. F.S. 92.525.


Dated at Miami, Florida this 13th day of March, 2022.

-/S/-  Scott Huminski

_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_huminski@live.com

## Certificate of Service

Copies of this document and any attachment(s) was served upon the Appellees via
the e-filing system in this case.

Dated this 13th day of March, 2022.
-/s/- Scott Huminski

_____

Scott Huminski

# Exhibit "A"

Filing # 145236107 E-Filed 03/07/2022 07:59:22 PM

Case 4:22-cv-00302-RH-MAF   Document 26   Filed 08/31/22   Page 110 of 192
USCA11 Case: 22-12392   Date Filed: 07/25/2022   Page: 104 of 186

In The

# Third District Court of Appeal

SCOTT HUMINSKI,                         )          Number: 3d21-1920

    APPELLANT ,                         )

       v.                              )

STATE OF FLORIDA, ET AL,                )

    APPELLEES.                          )

## <u>AFFIDAVIT OF S. HUMINSKI #2 RE:  State's forgery of court orders/unclean hands</u>

NOW COMES, Appellant Scott Huminski ("Huminski"), and, under oath, hereby states, deposes and swears as follows:

1. The State of Florida used a forged document to commence <u>State v. Huminski</u>, 17-MM-815 which is the gravamen of the matter below which is a collateral attack upon a *void ab initio* judgment that was the product of the State's reliance upon a forged commencement document in <u>State v. Huminski</u>.

2. Huminski's <u>Affidavit of Scott Huminski Re: State's forgery of court orders/unclean hands,</u> filed in this matter on 2/28/2022, is a true and correct depiction of the forgeries used by the State in <u>State v. Huminski</u> to pursue a criminal prosecution and obtain a criminal conviction in the Lee County Court when the alleged contempt arose in <u>Huminski v. Town of Gilbert</u>, et al., 17-CA-421, 20th Circuit Court.

3. State criminal prosecutions such as <u>State v. Huminski</u> do not arise in the State of Florida from contempt in a civil matter to which the State was never a party such as <u>Huminski v. Town of Gilbert, et al.</u>.

4. The State bullied it's way into <u>State v. Huminski</u> with forged charging instruments in an extreme abuse of the power of criminal prosecution.

5. In <u>State v. Huminski</u>, no State prosecutor authored a charging document and no commencement document exists containing the signature of a State prosecutor only a show cause order with the judicial signature "lifted" from a Circuit Court order in <u>Huminski v. Town of Gilbert, et al.</u>.

RECEIVED, 03/07/2022 08:00:21 PM, Clerk, Third District Court of Appeal

6. In <u>State v. Huminski</u>, the show cause order which is the only commencement document that remotely resembles a commencement document does not list the State of Florida as a party.

7. How the State managed to get a case entitled <u>State v. Huminski</u> docketed remains a mystery absent the State's filing of any commencement document in the case.

8. This appeal is solely the product of Appellant's counsel failing to appear in the case subsequent to their retention on September 17, 2021 and noticed on that same day as truthfully portrayed in the docket below and the record on appeal which is the same day the granted motion (subject of this appeal) was filed by the State.  Appellants counsel did file an appearance, too little too late, a few hours after the dispositive hearing (AKA Status Conference) on September 21<sup>st</sup>

9. Huminski noticed the Court again on September 20, 2021 in writing memorialized on the docket below and verbally informed the Court below at the Status Conference (sua sponte converted to a dispositive motion hearing) of the retention of counsel 4 days earlier.

10. The only response Huminski proffered to the granted motion to dismiss filed on September 17, 2021 were the verbal and written notices of retention of counsel filed and presented to the Court below detailed in the prior 2 paragraphs.

11. The State's filings in this matter (upon information and belief with unclean hands) are an attempt to breathe life into the hopelessly void judgment from <u>State v. Huminski</u> which was not commenced with a proper pleading filed by the State nor did any initial pleading list the State as a plaintiff.

12. The State's filings in this matter (upon information and belief with unclean hands) are an attempt to profit from ill-gotten gains related to the void judgment in <u>State v. Huminski</u>.

13. The State's filings in this matter (upon information and belief with unclean hands) are an attempt to cover-up the forgeries they used in <u>State v. Huminski</u>.

14. Upon information and belief the State's conduct before this Court related to their attempts to protect the *void ab initio* judgment in <u>State v. Huminski</u> is conduct that shocks the conscious and constitutes a manifest injustice.

15. On 9/21/2021 after dismissal at the status hearing, Huminski requested counsel to file for emergency relief to stop the State's continuing activities to collect on the judgment in <u>State v. Huminski</u> and Huminski received no response from counsel, only silence.

16. On multiple occasions since September 21, 2021, Huminski requested counsel to seek relief in this Court to place the parties in *status quo* related to the judgment in <u>State v. Huminski</u> to stop harassment, collection activities and prejudice from the government and received no response, only silence.

17. Huminski has not conferred once with counsel that produced a meaningful response from counsel that addressed any of Huminski's concerns.

18. All legal fees paid to counsel went to a tightly held corporation of Ronald Humphreys, Lawstaff, Inc., headquartered at the home of Mr. Humphreys quite contrary to an attorney's ethical duty to safeguard client funds.

19. Upon information and belief Mr. Humphrey's is engaging in the criminal Unauthorized Practice of Law because no licensed attorney would advise a client to attend a hearing *pro se* when a vexatious litigant issue was pending in a court proceeding.

20. Mr. Humphreys did advise me to attend the hearing of September 21, 2021 *pro se*, advice that cause the dismissal of the case below and forced this very unnecessary appeal prejudicing the administration of justice constituting UPL as this advice certainly did not come from Mr. Steele nor would it come from any licensed attorney in Florida.

21. Upon information and belief Florida attorneys do not engage in the neglect of a legal matter entrusted to them or engage in malpractice, however, non-attorney Mr. Humphreys, or his corporation that collects legal fees, Lawstaff, Inc., is not bound by any attorney ethical precepts because he is not an attorney nor is Lawstaff, Inc. that collected all legal fees in this case.

3

22. Huminski has requested that Attorney Steele explain why all legal fees paid in this matter went to Mr. Humpheys' corporation Lawstaff, Inc. and got no response, only silence.

23. This appeal is solely the result of UPL or neglect of a legal matter entrusted to either Mr. Humphreys or Mr. Steele and malpractice and has created a burden on this Court.

24. On this date, I once again requested Mr. Steele and Mr. Humphreys to move to strike or seek a similar sanction regarding today's State filing in this matter pursuant to unclean hands/bad faith and got no response. I also previously received no response when I asked both men to challenge the State's Answer brief under unclean hands and received no response, only silence.

25. I have never spoken to Attorney Steele and I don't know the man and don't believe an attorney-client relationship exists especially since all legal fees were paid to Mr. Humphreys' corporation.

26. I intend to file a UPL complaint concerning Mr. Humphreys and possibly an ethics complaint concerning Mr. Steele (if he indeed is counsel on this appeal), however Mr. Humphreys threatened me today via email to end my inquiries into the aforementioned issues which may be construed as obstruction of justice concerning forthcoming complaints to authorities.

## Declaration

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. F.S. 92.525

Dated at Miami, Florida this 7th day of March, 2022.

-/S/-  Scott Huminski

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL 32135
(239) 300-6656

S_huminski@live.com

## Certificate of Service

Copies of this document and any attachment(s) was served upon the State of Florida via the e-filing system in this case.

Dated this 7th day of March, 2022.
-/s/- Scott Huminski

---

Scott Huminski

# Exhibit "B"

ORDER / COMMITMENT FORM                                                    COURT COURT, LEE COUNTY, FLORIDA

**17-MM-000815**       State of Florida vs Huminski, Scott A       ____ Previously FTA for assigned Judge
                                                                   ____ Felony Reduction   ____ Juvenile

**1 CONTEMPT OF COURT CIRCUIT OR COUNTY  No Charge - No Level §900.04**

| Citation | Issuing Agency | Court Date | Court Clerk |
|---|---|---|---|
| | OTH | 03/16/2018 | SM BENCH |

Attorney:    AT Huminski, Scott A

| APPEARANCE | PLEA | ADJUDICATION | VERDICT | DISPOSITION |
|---|---|---|---|---|
| ____ Failed to Appear | ____ Guilty | ____ Withheld by Judge | ✔ Guilty by Judge | ____ Acquitted |
| ✔ Present w/o Attorney | ✔ Not Guilty | ✔ Adjudicated Guilty | ____ Not Guilty by Judge | ____ Nolle Pros |
| ____ Present w/ Attorney | ____ Nolo Contender | ____ Withheld by Clerk | ____ Guilty by Jury | ____ No Information |
| ____ Present by Attorney | ____ Lesser Offense | | ____ Not Guilty by Jury | ____ Dismissed |
| ____ Present w/ Interpreter | | | ____ Mistrial | ____ Adm.Dismissed |
| ____ Interpreter Services Requested | Degree ____ | | | ____ Merge & Dismiss |
| ____ Language ____ | Statute ____ | | | |
| ____ Victim/Other ____ | | | | |

**SENTENCE**

✔ Probation Reporting  6  DD/MM/YY
____ Consecutive/Concurrent with ____
____ One Time Cost $ ____   Waive COS $ ____
✔ Report to Probation Today or Upon Release Within ____
____ Probation may terminate early when conditions are met
____ May Transfer Probation to ____
____ May Report to Probation and/or Instruct by Mail
____ Ignition Interlock Device ____ DD/MM/YY
____ Impound Vehicle for ____ days as a condition of
       probation unless statutory conditions are met
____ Statutory Exception to Vehicle Impound
       ____ Does Not Own Vehicle ____ Shared Vehicle
       ____ Other ____
____ Random ____ Alcohol ____ Drug Screenings & Urinalysis
       at own expense - No positive/diluted samples
____ No Possession or Consumption of Alcohol or Illicit Substances
____ DUI School - Follow recommendations/Phase ____ I ____ II
       ____ School to Determine which Phase
       ____ Sign up w/in ____ days
____ Traffic School  4 Hr / 8Hr / 12 Hr
____ Attend and Complete Lee Memorial High Risk
       Driver's Course or ____ Victim Impact Panel
____ Psychiatric Evaluation ____ Evaluate for
       Alcohol/Substance Abuse/Anger Mgmt and follow
       recommendations of...
____ Sign up for Batterer's Intervention Program w/in 30 Days
____ Attend & Complete ____ Anti-Theft ____ Mile Post Program
____ Attend & Complete Program ____
____ DNA Testing Collected ____ in Court ____ at LCJ
____ Other Testing ____ HIV ____ STD ____
____ Defendant Advised of Habitual and/or Felony Status

✔ Jail Time  45  (DD/MM/YY
____ Consecutive/Concurrent with ____
____ Weekend Time Fri 6pm to Sun 6pm
____ Beginning ____
____ Day Work Program* ____ Days
       ____ Minimum ____ day(s) a week ____ consecutive weeks
____ Credit Time Served ____ DD/MM/YY
____ Credit Time Served Applied to ____ Straight Time
       ____ Weekends ____ Day Work Program
____ Defendant Remanded  ✔  Sentence Suspended -45 DAYS
____ DL Suspended/Revoked ____ DD/MM/YY
____ Spec. Conditions - Drive for Work/Business purposes
____ Show Valid Driver's License within ____
____ Produced Valid Driver's License in Court
____ Community Service ____ Hours and/or Pay $ ____
____ Must complete ____ hours of community service
       before buyout
____ Show Proof of Com. Service to Clerk w/in ____
____ Stay Away from arrest location ____
____ No Contact with victim ____
____ State Orally Amends Charge in Open Court
____ Formal Filing of Information is Waived
____ Information Filed in Open Court
____ Successfully Completed Pretrial Diversion Program
____ Judicial Warning
____ Defendant Accepted DV Diversion
____ Defendant to be Released ROR on this Charge Only

**CONTINUANCES**
Date Continued to ____

| For | ____ AR | ____ DS | ____ TR | ____ DA | ____ DD | ____ DT | ____ RH |
|---|---|---|---|---|---|---|---|

Time ____ (3P) AM / PM   Court Room ____   Speedy Trial Waived ____   Speedy Trial Tolled ____
____ Report to PTS/Screen for Public Defender   ____ HAS ____ MEG ____ ZMG ____ DSG ____ JMG ____ TPP ____ ABH

**MANDATORY COURT APPEARANCE**

Defendant/Attorney ____   Date ____

Failure to comply with any part of this order shall result in a bench warrant being issued for your arrest and/or suspension of your driver's license privilege.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Brooke Dean, Operations Division Manager, whose office is located at Lee County Justice Center, 1700 Monroe Street, Fort Myers, Florida 33901, and whose telephone number is (239) 533-1771, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Rev 05/05/2017

ORDER / COMMITMENT FORM

COUNTY COURT, LEE COUNTY, FLORIDA

**17-MM-000815**   State of Florida vs Huminski, Scott A

_____ Previously FTA for assigned Judge _____
_____ Felony Reduction    _____ Juvenile

**1 CONTEMPT OF COURT CIRCUIT OR COUNTY No Charge - No Level §900.04**

| Citation | Issuing Agency OTH | Court Date 03/16/2018 | Court Clerk |
|---|---|---|---|

**FINE ASSESSMENTS** (statutes indicated)

☑ Fine $ 500 _____ (775.083)
☑ 5% Surcharge $ 25 _____ (938.04)

**MANDATORY ASSESSMENTS**

☑ Court Costs (Include Crime Stoppers & Crime Prevention)
(318.18 / 775.083 / 938.01 / 938.03 / 938.05 / 938.06 / 939.185)
☑ $220.00 _____ Other $ _____
If Ordered Under - Reason:
_____

_____ $33.00 Certain Traffic Offense Court Cost (318.17 / 318.18)
_____ $135.00 DUI Court Costs (938.07)
_____ $70.00 Reckless Driving Court Costs (318.18 / 316.192)
_____ $65.00 Racing Court Costs (318.18)
_____ $5.00 Leaving the Scene Court Costs (316.061)
_____ $195.00 BUI Court Costs (938.07 / 327.35)
_____ $201.00 Domestic Violence Trust Fund (938.08)
_____ $151.00 Rape Crisis Trust Fund (938.085)
_____ $151.00 Crimes Against Minors (938.10)
_____ $5000.00 Civil Penalty (796.07)
_____ $40.00 Contested By Nonprevailing Party Fee (34.045)

**DISCRETIONARY ASSESSMENTS**

_____ $100.00 FDLE Trust Fund/Statewide Crime Lab (938.25)
_____ Investigative Fee $ _____ to
to _____ FDLE _____ FMP _____ LCSO _____ Statewide Pros.
_____ Other _____ (938.27)
_____ Worthless Check Diversion Fee $ _____ (832.08)
_____ Diversion Cost of Supervision $ _____ (948.09)

Pay Within _____ 5 _____ DD/MM/YY
_____
_____ Upon release from In-Custody

**MOTION HEARINGS**

_____ Revoke Bond   _____ Reinstate Bond
_____ Set/Reduce/Increase Bond to
_____ Suppress _____ Dismiss _____ Continue
_____ Expunge/Seal (All outstanding monetary obligations must be
paid to the Clerk's office before the case is officially
expunged/sealed.)
_____ Withdraw Plea
_____ Withdraw as Counsel
_____ Modify No Contact Order   _____ Lift No Contact Order
_____ Other _____
Motion Result (Circle One): Granted  Denied  Reserves Ruling

_____ State & Defense Stipulate to Suppress the Breath Test Results
_____ State Amends Information from BAL of .15 or Above to .08
_____ Clerk to Update Case w/ Defendants Information Listed
DEFENSE MOTION FOR MISTRIAL - DENIED · MOTION TO DISMISS - DENIED · ANY FUTURE FILINGS ARE
TO BE FILED THRU THE SIGNATURE OF A LICENSED ATTORNEY No COMMUNICATION WITH THE PARTIES
IN THIS CIVIL OR CRIMINAL CASE
Pre-Sentence Investigation/Sentencing _____  Full/Partial

**ATTORNEY FEES & SURCHARGES**

☑ $50.00 Cost of Prosecution (938.27)
_____ $50.00 Public Def Application Fee (27.52)
Additional Application Fees $ _____
(Must be addressed on the record)
_____ Defense Attorney Costs at Conviction (938.29)
_____ $50.00 _____ Other $ _____

**RESTITUTION**

_____ Minimum Payment of $ _____ per Month
to _____
_____ As a Condition of Probation
_____ Restitution Ordered $ _____ to
_____
_____ Restitution Reduced to Judgment
_____ Court Orders Restitution - Reserves on Amount

**DISPOSITION OF MONETARY OBLIGATIONS**

☑ May Convert Fine/Cost _____ All or In Part to Community
Service at $10 per Hour
_____ Defendant Advised of Notary Requirement for Community
Service (For Non-Probationary Sentences)
_____ Credit Time Served for Fines/Costs/Fees
_____ Monetary Obligations Referred to Clerk of Court Collections
_____ Monetary Obligations Reduced to Judgment _____ Previous Only
_____ Monetary Obligations (VOP) _____ Carried Forward
_____ Defendant to sign up for Payment Plan
_____ First Payment Due within 30 Days
_____ Waive all Additional Mandatory Costs

**WARRANTS/BONDS**

_____ BW/D6 Ordered Balance $ _____
_____ Issue Bench Warrant _____ MM/DD/YYYY
_____ Bond Estreature $ _____
_____ Non-Compliance/Non-Appearance $ _____
_____ Set Aside BW/D6 $ _____
_____ Set Aside Estreature $ _____
_____ Cash Bond to pay Fine/Cost including _____
_____ Return Cash Bond to Depositor

_____ Conflicting Appearance Date Addressed in Court

**REVOCATION HEARINGS**

_____ Defendant Pleas Guilty/Admits Allegations
_____ Defendant Pleas Not Guilty/Denies Allegations
_____ Adjudicated Guilty _____ Adjudication Withheld
_____ Probation Reinstated _____
_____ Probation Modified _____
_____ Same Terms and Conditions to Apply
_____ Probation Revoked & Terminated _____ Probation Terminated
_____ COS Fees Due & Owing in the amount $ _____

If probation has not been imposed, you must pay your financial obligation within the time allowed by the Judge or sign up for the payment plan option offered by
the Clerk of Court. If sentenced to probation, you must adhere to standards as directed.
Failure to comply with any part of this order may result in a suspension of your driver license privilege and/or warrant being issued for your arrest (322.245).
Unpaid financial obligations still remaining after BAL of .15 or Above on the date will be referred by the Clerk of Court to a collection agency and an additional fee of up
to 40% of the outstanding balance owed will be added at that time (28.246).
Mandatory assessments are imposed and shall be included in the judgment without regard to whether the assessment was announced in open court.

| Asst. State Attorney A. Huminski | Bar No. 100852 / 26999 | Date _____ |
|---|---|---|
| Judge James R Adams _____ | _____ | Date _____ |

Rev.05/05/2017

# Exhibit "C"

KS/SK

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

STATE OF FLORIDA                    CASE NO.    17-MM-000815 JRA

vs.

SCOTT ALAN HUMINSKI

_____/

### STIPULATED MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

COMES NOW, the Defendant, by and through the Office of the Public Defender, and the State Attorney and jointly stipulate that the Defendant's pretrial release conditions be modified, and states the following as grounds:

1. On June 29, 2017, Mr. Huminski was placed on pretrial supervision as part of indirect criminal contempt proceedings.
2. Mr. Huminski's conditions included (but were not limited to) no contact with the Lee County Sherriff's Office "except through their legal counsel, unless said contact is initiated by the Sherriff's Office, such as if SCOTT HUMINSKI is arrested or stopped for a traffic violation." Order on Arraignment, dated July 7, 2017.
3. The Lee County Sherriff's Office provides security for the Lee County Justice Center and is the default law enforcement agency in the City of Bonita Springs, where Mr. Huminski lives.
4. Mr. Huminski's conditions should be modified so that he shall not have any contact with the Lee County Sherriff's Office except through their legal counsel unless said contact:
   a. is initiated by the Sherriff's Office, such as if Mr. Huminski is arrested or stopped for a traffic violation;
   b. is made in the process of attending and participating in court dates for his criminal case; or
   c. is necessary to report a crime or other emergency normally referred to the Lee County Sherriff's Office.

DATED this 20th day of September, 2017.

STEPHEN B. RUSSELL                          KATHLEEN A. SMITH
State Attorney                              Public Defender

Anthony W. Kunasek                          Kevin John Saflo
Assistant State Attorney                    Assistant Public Defender
Florida Bar No. 0026999                     Florida Bar No. 0126369

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Anthony W. Kunasek, Assistant State Attorney, 2000 Main Street, 6th Floor, Fort Myers, FL 33901; to the Honorable Kathleen A. Smith, Public Defender, P. O. Drawer 1980; to Scott Huminski, 24544 Kingfish Street, Bonita Springs, FL 34134 dated this 22nd day of September, 2017.

Linda Doggett
Clerk of the County Court

By: J. Maria
Deputy Clerk

KS/SK

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

STATE OF FLORIDA                          CASE NO.    17-MM-000815  (JRA)

vs.

SCOTT ALAN HUMINSKI

_____/

## ORDER

     **THIS CAUSE** having come for consideration upon the Stipulation between Defense counsel and State Attorney and the Court being duly advised in the premises, it is thereupon:

     **ORDERED AND ADJUDGED** that the Stipulated Motion to Modify Conditions of Pretrial Release is hereby:

    ✓   **GRANTED**

    ____   **DENIED**

     **DONE AND ORDERED**, this 22 day of September, 2017.

                                      James R. Adams
                                      Judge of the County Court

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Anthony W. Kunasek, Assistant State Attorney, 2000 Main Street, 6th Floor, Fort Myers, FL 33901; to the Honorable Kathleen A. Smith, Public Defender, Lee County Justice Center, 1700 Monroe Street, Fort Myers, Florida; to Scott Huminski, 24544 Kingfish Street, Bonita Springs, FL 34134 dated this 22nd day of September, 2017.

                                      Linda Doggett
                                      Clerk of the County Court

                                      By: J. Marcia
                                      Deputy Clerk

# Exhibit "D"

Filing # 61766853 E-Filed 09/20/2017 01:01:40 PM

Case 2:22-cv-00302-JLB-MRM   Document 26   Filed 08/31/22   Page 122 of 192
USCA11 Case: 22-12392   Date Filed: 07/25/2022   Page: 117 of 186

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

STATE OF FLORIDA                    CASE NO. 17-000815MM   (JRA)
vs.

SCOTT ALAN HUMINSKI

---

## NOTICE OF APPEARANCE; WAIVER OF ARRAIGNMENT; WRITTEN PLEA OF NOT GUILTY; NOTICE OF DISCOVERY AND INITIAL DISCLOSURE

The Public Defender hereby enters this notice of appearance.

The Defendant, pursuant to Rule 3.160(a), Florida Rules of Criminal Procedure and files this Written Plea of Not Guilty to the charge(s) pending in the above-entitled cause.

The Defendant, pursuant to Fla.R.Crim.P.3.220, files written notice of said Defendant's election to participate in discovery.

The Defendant, pursuant to Fla. R. Crim. P. 3.220(d), has no disclosures or witnesses other than those that will be disclosed by the State pursuant to Fla. R. Crim. P. 3.220(b). Should the Defendant discover additional witnesses or materials subject to disclosure, the Defendant will promptly provide such to the State pursuant to Fla. R. Crim. P. 3.220(j).

**I HEREBY CERTIFY** that a true and correct copy of the forgoing has been furnished electronically to the Anthony W. Kunasek, Assistant State Attorney, 2000 Main Street, 6th Floor , Fort Myers FL 33901; on this 20th day of September, 2017.

KATHLEEN A. SMITH
Public Defender
2000 Main Street
Fort Myers, Florida 33901

By:
Of Counsel - Kevin John Sarlo
Florida Bar No. 0126369
KevinS@pd.cjis20.org

# Exhibit "E"

17 mm 815

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR**
**LEE COUNTY, FLORIDA**                                             **CIVIL ACTION**

Huminski, Scott                          **Case No:** 17-CA-000421
  Plaintiff
                                         **Date:** June 29, 2017
**vs**
Town of Gilbert AZ et al                 **Judge:** Elizabeth V Krier
  Defendant
                                         **Deputy Clerk:** Brenda Horton

                                         **Court Reporter:**

                        **MINUTES**

Attorney for Plaintiff:    **Kevin Sarlo**          ☑ Present  ☐ Not Present
Attorney for Defendant:    **Anthony Kunasek**      ☑ Present  ☐ Not Present

**Hearing Information:**

## SHOW CAUSE / ARRAIGNMENT PROCEEDING:

-Plea of Not Guilty Entered
-CMC scheduled on 8/15/17 at 1:00 for 10 minutes
-CMC is set to review how the State is proceeding with the case and at that
  Point we can schedule future hearings.  Also to be discussed transfer case
  From civil to criminal
-Pretrial release without bond  /  Conditions:  Mr. Huminski is to check in with
  Pretrial officer every 2 weeks, along with the condition to not violate anymore
  Orders.  Only Mr. Huminski's PD or licensed attorney may contact the courts.
  He must not contact the courts or Sheriff's Department by email

☐ Motion _____  ☐ Granted  ☐ Denied  ☐ Reserved

Notes:
-Scott Huminski-present
-Copies of orders on file given to Mr. Huminski, Mr. Sarlo, and Mr. Kunasck
  In court

*Sworn

# Exhibit "F"

## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FL 33802-0327

May 08, 2019

**CASE NO.: 2D19-1247**
L.T. No.: 18-AP-3,
18-AP-9

SCOTT HUMINSKI                    v.        STATE OF FLORIDA

Appellant / Petitioner(s),                      Appellee / Respondent(s).

## BY ORDER OF THE COURT:

The petition for writ of prohibition and in the alternative for writ of mandamus is granted. As this court concludes that it has jurisdiction over the appeal of case 17-MM-815, the Appellate Division of the Twentieth Judicial Circuit Court for Lee County shall immediately transfer the appeal of that case to this court. Although it appears that a given court must address its own contempt cases, § 38.22, Fla. Stat. (2018) ("Every court may punish contempts against it . . ." (emphasis added)), we additionally rely on the series of administrative orders issued by the Chief Judge of the Twentieth Judicial Circuit appointing all county judges as acting circuit judges, beginning with the order signed on December 2 and filed on December 5, 2016, in Book 60, Page 124 of the clerk's records, such that the disposition order in case 17-MM-815 may be considered an order of the circuit court. See also Fla. R. Jud. Admin. 2.515(b)(4); Wild v. Dozier, 672 So. 2d 16, 20 (Fla. 1996); State ex rel. Treadwell v. Hall, 274 So. 2d 537, 539 (Fla. 1973); see also § 38.22, Fla. Stat. (2018).

NORTHCUTT, VILLANTI, and KHOUZAM, JJ., Concur.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

Attorney General, Tampa        Katherine Coombs Cline,        Anthony M. Candela,
Hon. Elizabeth V. Krier        A.A.G.                         Esq.
                               Linda Doggett, Clerk

td

Mary Elizabeth Kuenzel
Mary Elizabeth Kuenzel
Clerk



# EXHIBIT "D"

# United States District Court
# Northern District of Florida

| | | |
|---|---|---|
| EQUALITY FLORIDA, ET AL, | ) | Number: 4:22-cv-00134-AW-MJF |
| PLAINTIFFS, | ) | |
| V. | ) | |
| RONALD DESANTIS, ET AL, | ) | |
| DEFENDANTS. | ) | |

**<u>Verified Motion For Reconsideration and Motion For ADA Accommodations and</u>**

**<u>Verified Motion to Compel the Clerk to file and docket docket the filings received by the Court on 5/24/2022 to complete the record on appeal and support reconsideration/intervention</u>**

**<u>and</u>**

**<u>Verified Motion for Recusal of Presiding Judge</u>**

**<u>and</u>**

**<u>Verified Motion for Order to Show Cause</u>**

NOW COMES, Scott Huminski ("Huminski"), and under oath, swears, deposes, states and moves as above and moves that the Court reconsider its intervention ruling of 5/23/2022, recuse, grant ADA accommodations and Compel the clerk to file papers in its possession and issue an order to show cause as to why State actors should not be held in contempt of the United States Courts for the following reasons:

The Court's opinion was prior to this Court's receipt of 3 filings that arrived at the Court on 5/24/2022, but were authored and served upon the parties on or before 5/13/2022. The order denying intervention wasn't mailed or served upon Huminski. Thus, the record on appeal will not be complete nor the decision-making process of this Court absent judicial review of ALL papers and pleadings prior to ruling. Attached hereto as Exhibit "A" are true and correct proof of copying and proof of shipping of papers that were in transit (4 court filings) at the time the order denying intervention was authored/issued.

1

1. This Court has adopted a procedure that discriminates against disabled indigent litigants that rely solely upon Social Security Disability for income by forcing the disabled indigent to:

> *Travel to copy shops to print out copies and pay 20 cents per page
>
> *Travel to shipping locations and pay for shipping/mailing services
>
> *Both are activities a well-monied law firm can accomplish with a mouse click
>
> *The disabled indigent have difficultly traveling and paying massive costs and fees for copies and shipping because of their disabilities and indigent status and should at least be on a level playing field as litigants such as Florida with the State treasury available to fund litigation.
>
> *This discrimination allows the Court to expeditiously rule absent papers filed by the indigent disabled as they travel to printing companies, they are shipped back to the disabled and have to finally be shipped to the court. This case demonstrates a highly prejudicial course of conduct targeting disabled indigents that has no place in a court that wishes to obey and adopt the ADA.

2. Huminski has been determined fully disabled by the Social Security Administration for over 10 years and his sole source of income is Social Security Disability.

3. Courthouse staff, not a judicial authority, rejected 4 papers filed by Huminski in this matter which he intended as support for intervention and is required for the record on appeal in this matter. Low level court employees can not summarily deny the filing of papers pursuant to Due process. Attached hereto as Exhibit "B" are the Notice(s) of Filing as filed in the State Courts which does not discriminate against the disabled as this Court does, at least with regard to filing papers. Attached hereto as Exhibit "B" are true and correct copies of the first two pages of these documents. Attached hereto as Exhibit "C" is the service list for copies of the filings rejected by the Court that were also filed in State court as a backup. All parties have been served. Attached hereto as Exhibit "D" is a true and correct copy of the one page sent by the court announcing the refusal to file the documents received by the Court on 5/24/2022.

4. Huminski has not received and wasn't served the order denying intervention, the Court can refer to its mailing machine/software to verify this.

5. Ironically, all parties possess the rejected pleadings including Huminski and the State Courts have the papers ... the U.S.D.C. is the only party that has the papers, but, refuses to file and docket them that are supportive of intervention.

6. Exhibit "D" is a true and correct copy of the clerk's rejection letter concerning the filing of the 4 Court papers filed by Huminski and received by the Court on 5/24/2022. The postage on the envelope is $.53 and only 1 page was included in the envelope from the court. These papers, in possession of the Court, should be filed prior to ruling on this paper and certainly prior to appeal to provide a complete record on appeal. Huminski has not received any returned documents back from the Court and can not timely regenerate the papers which are produced in New York State, shipped to Huminski and then shipped to the Court. Court deadlines do not allow time to re-produce the documents that are in possession of the Court that the Court refuses to file. A *per se* ADA violation.

7. The Clerk of the Court has refused to file the papers that were in transit to the Court when the Court denied intervention and true and correct first two pages from each motion and a notice of filing of the motions in State Court are attached hereto in Exhibit "B".

8. Huminski asserted identical claims related to the plaintiffs' issues concerning censorship and content-based discrimination against speech although the State of Florida has taken a more extreme approach by banishing Huminski from communication with the entire State government for perpetuity where Huminski resides and is a citizen. Florida's version of sending a political dissident to a gulag in Siberia. The content based discrimination concerning Huminski's speech is dissent and core protected political expression critical of government for which Huminski has a long record as a citizen-reporter. See generally Huminski v. Corsones, 396 F.3d 53 (2nd Cir. 2005)

9. Huminski's papers in this matter, consistent with the pleadings of the Plaintiff, asserts that the State of Florida conducts itself with a complete disdain and revulsion for the First Amendment most notably memorialized in the Statements of Judge Krier on 6/29/2017 in Huminski v. Town of Gilbert, et al., 17-CA-421, Florida 20th Circuit court, setting forth her willingness to reject the authority, integrity, dignity, powers and jurisdiction of the federal courts by plowing ahead in a State case that had been removed to the U.S.D.C. three days earlier on 6/26/2017, Huminski v. Town of Gilbert, et al., 9-17-ap-00509-FMD (Middle District of Florida, Bankruptcy Unit) to ban any and all speech by Huminski with the entire State of Florida's government and local law enforcement (including reporting of crime) as truly and correctly excerpted as follows (the Court is in possession of the hardcopy that has yet to be filed):

3

22   Are they gonna assign another case number to

23   this case?  I don't know how they're gonna do

24   that.

25          MR. KUNASEK:  My experience with orders to

---

eFiled Lee County Clerk of Courts Page 5

Page 2

                                                          6

1   show cause in DR court, Your Honor, has led me to

2   believe that that normally does not happen.

3   We'll just stay under this case number.

4          MR. SARLO:  The case number that's on the

5   order is a civil case number.

6          THE COURT:  Right because that's the only

7   case number I have.

4

8           MR. SARLO:  The clerk very well may ask us --

9           THE COURT:  I know in Collier County, because

10    I've done a couple of these proceedings in

11    Collier, they do open a new file.  So, if you

12    want that to happen, I would think that

13    somebody's gotta ask -- ask the Clerk to do that.

14          Okay.  So, let's see.  Middle of August is

15    okay for everybody?

16          MR. KUNASEK:  Yes, Your Honor.

17          THE DEFENDANT:  No.

18          THE COURT:  Could we do it at --

19          THE DEFENDANT:  This case has been removed to

20    bankruptcy court, so I'm not good with that.

21          THE COURT:  Pardon me?

22          THE DEFENDANT:  This case has been removed to

23    bankruptcy court --

24          THE COURT:  This case hasn't been removed to

25    any place, Mr. Huminski.

7

1           THE DEFENDANT:  Under bankruptcy rule 9027 --

2           THE COURT:  Mr. Huminski, A, you're not a

3     lawyer and, B, this case doesn't get removed to

4     bankruptcy court.  That's not how the law works.

5     Okay.  You need to --

5

23          THE COURT:   Yeah, 17-CA-421.

24          And, also, Madame Clerk, would you please

25     check with the clerk's office because, again, in

---

eFiled Lee County Clerk of Courts Page 22

Page

---

23

1     Collier, they give -- they set up a new file.

2     It's a little bit difficult to have a civil -- a

3     criminal proceeding in a civil case.  So, if you

4     could check with somebody about that, maybe we

5     can get that straightened out, too.

6          THE DEFENDANT:  Your Honor, I'd like

6

7       permission to forward the rules of the bankruptcy

8       court to my attorney, so he can forward them to

9       you concerning the removal.

10          THE COURT:  I'm not a bankruptcy court judge,

11      so if your attorney thinks that that should be

12      done in this case, well, I'm certain he can --

13          THE DEFENDANT:  It's a federal court, so it

14      has jurisdiction everywhere.

15          THE COURT:  Again, sir, this is not a

16      bankruptcy court.  You can forward them to your

17      attorney and your attorney can decide whether or

18      not to forward them to me.

\<break in text\>

2        THE COURT:  Well, you need to have an

3     attorney representing you throughout these

4     proceedings.  You don't understand the law, Mr.

5     Huminski, and an attorney does and you seriously

6     need that kind of assistance.  They go to school

7     for it.  They go to school for three years for

8     it, then they -- then they, you know, watch other

9     attorneys do their job in training for their job

10    and they have -- and they've had practice in

11    doing their job.  You haven't had any of that.

12    And these are serious charges.  You could be in

13    jail for it.  So, you need to make sure that --

14    that --

15        THE DEFENDANT:  One further question, to get

16    it on the record.  You will not respect the

17    removal to United States bankruptcy court?

d

8

18          THE COURT:   It's not -- again, evidence that

19     you do not understand the law.   It's not removed

20     to bankruptcy court.   You can file bankruptcy, it

21     has nothing to do with a criminal proceeding.

22          THE DEFENDANT:   Rule 9027 allows removal of

23     any state proceeding to bankruptcy court.

24          THE COURT:   It's not removed to bankruptcy

25     court, okay?   I might stay a civil proceeding, so

                                                              18

1     such that we couldn't proceed with a judgement

2     against you, but you're the plaintiff in this

3     case, Mr. Huminski.   You filed this action.

4          THE DEFENDANT:   And I can remove it.

9

5          THE COURT:  You can't remove it.  It doesn't

6     work that way.  You don't understand.  You are

7     not in a law -- you are not a lawyer and you are

8     misstating the law.

9          THE DEFENDANT:  What does bankruptcy rule

10    9027 allow you to do?  It's about removal.

11         THE COURT:  It does -- it's not removed to

12    bankruptcy court and this, today, is a criminal

13    proceeding.  Criminal proceedings are definitely

14    not removed to bankruptcy court.  There is

15    nothing that is -- that a bankruptcy court is

16    going to do that is going to stop this criminal

17    proceeding from --

18         THE DEFENDANT:  It got removed on Monday,

19    prior to today.

20         THE COURT:  Okay.  It's not removed.  There's

10

18          THE DEFENDANT:  It got removed on Monday,

19     prior to today.

20          THE COURT:  Okay.  It's not removed.  There's

21     no removal.

22          THE DEFENDANT:  That's not what the federal

23     law says.

24          THE COURT:  Well, I think you're

25     misinterpreting the federal law.  Bankruptcy

---

eFiled Lee County Clerk of Courts Page 18                    Page 2

---

                                                    19

1      court can stay a civil proceeding, meaning it can

2      stop the proceedings from going forward, but it's

3      not removed to bankruptcy court.

4           THE DEFENDANT:  It can remove a proceeding

5      and it's called an adversary proceeding and it's

6      a very common in bankruptcy court.

7           THE COURT:  Okay.  Mr. Huminski -- Mr.

8      Huminski, you don't understand the law.  Get an

9      attorney.  I asked you to get an attorney

10     previously.  I strongly recommended it.  You

11     need an attorney.  So --

&lt;break in text&gt;

.

2        MR. SARLO:   No, Your Honor.   We'll just put

3    on the record that he enters a plea of not

4    guilty.   He reserves his fifth and sixth

5    amendment right to (unintelligible) jury trial,

6    if that's the way that the State decides to go.

7        THE DEFENDANT:   I'm gonna object to

8    jurisdiction in this court.

9        MR. SARLO:   You've made that objection.


<obviously the public defender (on a *sui generis* common law case!) should have objected to jurisdiction and moved to dismiss for lack of any and all jurisdiction – it was removed to federal court, and the government doesn't barge into a civil case with a contempt allegation as plaintiff >

10. A true and correct copy of an email sent to all parties/attorneys of record in this case is attached hereto as Exhibit "E" that contains some content from the previous paragraph and much more. Noteworthy that more than a dozen Florida Assistant Attorney Generals were recipients of Exhibit "E" who likely are laughing concerning the ability of the State of Florida to disrespect the integrity, dignity, jurisdiction, powers and authority of the federal courts and this Courts refusal to allow intervention making the federal courts a laughing stock compared to the strict adherence of other States to respect the powers and authority of the federal courts.  In Florida, in the eyes of the Florida Courts and now the Florida Attorney General's office, the federal courts are a joke to be ignored and treated as circus clowns to be ridiculed and disobeyed at every opportunity.  There is no other explanation why a State judge, a State prosecutor and a State Public Defender going along with continuing a State case after it had been removed to federal court.  They all should be held in criminal contempt of the District Court.

11. Below is a true and correct PACER listing of Huminski v. Town of Gilbert, et al. as removed to federal court on 6/26/2022, yet the 20th Circuit held a hearing described as an "arraignment" in Huminski v. Town of Gilbert, et al. (the removed State case contained a *sui generis* common law issue-contempt) in the complete absence of any and all jurisdiction to pursue the agenda of the State of Florida which was to silence all

communication with the State of Florida government, for life, which the State succeeded

in securing in the absence of any and all jurisdiction at final judgment,

| Name | Case No. | Case Title | Chapter - Lead BK case | Date Filed | Party Role | Date Closed |
|---|---|---|---|---|---|---|
| Huminski Scott Alan (ptv) (2 cases) | 2:17-ap-00509 FMD | Huminski v Town of Gilbert AZ et al | Lead BK: 2:17-bk-03658 FMD Scott Alan Huminski | 06-26-17 | Plaintiff | 08-24-17 |
| | 2:17-bk-03658 FMD | Scott Alan Huminski | 7 | 04-28-17 | Debtor | 08-24-17 |

CM   ECF   Query   Reports ▾   Utilities ▾   Help   Log Out

U.S. Bankruptcy Court
Middle District of Florida (Ft. Myers)
Adversary Proceeding #: 2:17-ap-00509-FMD

Assigned to: Chief Judge Caryl E. Delano
Lead BK Case: 17-03658
Lead BK Title: Scott Alan Huminski
Lead BK Chapter: 7
Show Associated Cases

Demand:

Nature of Suit: 72 Determination of removed claim or cause

12. True and correct audio from the above-described and transcribed hearing is available at
https://soundcloud.com/nelsonaudio/2017-07-23-183640-mp3

13. This Court failed to adequately address the authorities cited in Huminski's Motion to
Intervene and has failed to realize that the disdain and disrespect of the First Amendment
that controls the behavior of the State of Florida in both Plaintiff's and Huminski's set of
facts and is only surpassed by the disdain and disrespect of the State of Florida for the
dignity, integrity, powers, authority and jurisdiction of the federal courts residing in
Florida by plowing ahead in a State case after removal.

14. This Court ruled prior to receipt of all papers filed in the case by Huminski, notably 4
papers that were in transit.   Attached hereto as Exhibit "A" are true and correct copies of
proof of copying at Best Value Copying in New York, Proof of shipping via UPS of
papers for filing and a scan of this Court's envelope with the postmark that transmitted
the refusal to file and docket.   The UPS shipment tracking for Best Value Copying to
Huminski was 1Z14636X0391822342.

15. Huminski will immediately appeal this Court's decision to the 11ᵗʰ Circuit Court of
Appeals in Atlanta upon denial of this Reconsideration Motion or refusal of the clerk to
docket this paper.

16. None of the parties served, which includes all Plaintiffs and all Defendants opposed
intervention and, likely, will remain silent with regard to this motion because Huminski's

13

intervention is proper. Only a *sua sponte* denial of intervention would succeed in this matter because no party opposed intervention, nor, honesty, could they have properly opposed intervention given the fact and authorities cited in the intervention paper.

17. A one word order such as "Denied" would have given the parties and the 11th Circuit the same logic and analysis as the instant opinion on intervention. Huminski will proceed with an interlocutory appeal after the forthcoming denial of reconsideration.

18. The refusal of this Court to serve the indigent disabled electronically places this class of persons at a disadvantage to all other attorneys who have appeared in this matter and Huminski still awaits a served copy of the order.

19. Disabled indigent litigants should not be given an advantage over the parties to this litigation, they merely should be treated equally as mandated by the ADA and not forced to incur costs, fees, travel, hardships and prejudice that other litigants do not have to endure.

20. The *sua sponte* ruling without notice deprived the parties and Huminski the notice required under Due Process to respond to the arguments posed by the Court and to create a record for appeal. A show cause order should have issued pursuant to Due Process. As it stands now only the relevant filings of Huminski (sans the papers the clerk refused to file) will be part of the record on appeal in the Eleventh Circuit and the few vague sentences from the Court's order absent analysis or on-point citation of authority. At least this motion to reconsider will allow the parties to set forth their view of the intervention to be heard on appeal. All parties should be allowed to respond to this motion to put into the record what they believe to be relevant to the intervention issue pursuant to Due Process and to create a record for appeal aside from the sparse order which doesn't mention *stare decisis* concerning First Amendment concerns which was a central issued proffered by Huminski.

21. The Court incorrectly stated that Huminski intervention was grounded upon State criminal cases. Huminski recounted, contrary to the Court's characterization, that the State converted a *sui generis* common law offense, contempt, to a statutory misdemeanor to banish Huminski from all communication with the entire State government for life when ancient law and authority in federal law and State legal authority classifies contempt as a *sui generis* common law offense. The reason for the illegitimate conversion to a statutory crime (absent a statute) was to ban Huminski's core protected political expression as a condition of release and to ultimately banish Huminski from communication with the entire government of Florida for life which was achieved in the

14

State contempt prosecution absent any and all jurisdiction and commenced when the matter had been removed to federal court. This Court should reject drinking the sham/fraud Kool-Aid of State actors  detailed in the above transcript excerpts and attached hereto.

22. Another motivation of the State of Florida was to silence Huminski by evading the jurisdiction of the U.S. District Court (Bankruptcy Unit, Middle District of Florida, Chief Judge Caryl Delano presiding) that had exclusive jurisdiction over the *sui generis* contempt claims as a result of federal removal. Three days after removal, the State of Florida continued the contempt case containing the same contempt allegations as the case before the Bankruptcy Court. Attached hereto are google results for the search in Florida Courts regarding "contempt sui generis" attached hereto as Exhibit "F". The Florida courts themselves characterize contempt as *sui generis* in nature, neither a statutory misdemeanor nor felony – not a crime. Exhibit "F" reveals that the State of Florida doesn't and can not inject itself into contempt arising in a civil matter as a Plaintiff. None of the cases in Exhibit "F" list the State of Florida as a plaintiff which is absolutely consistent with the Rule of Law in Florida and the United States. <u>State v. Huminski</u> concerning the alleged contempt in <u>Huminski v. Town of Gilbert</u> is a fraudulent fiction achieved with a forgery of a County Court order by prosecutor Anthony Kunasek who committed suicide 30 days after Huminski's initial filings in this matter.

23. An interlocutory appeal regarding denial of intervention will be a waste of the parties and Huminski's and the 11th Circuit time and resources which can be remedied now by the Court simply filing and docketing the papers received by the Court on 5/24/2022 that Huminski has relied upon in the intervention and which he will rely upon on appeal. An appeal with a deliberately deficient record on appeal caused by courthouse staff will not further the interests of justice.

24. Huminski will file a motion for summary remand in the 11th Circuit with instructions to this Court to file court papers properly submitted to the Court if non-judicial staff is successful in intercepting and rejecting filings.

25. Noteworthy, is the State Courts filing of all documents this Court refuses to file which are at State Court websites located at.

https://edca.3dca.flcourts.org/DcaDocs/2021/1920/2021-1920_Notice_245631_DK15A202D20Notice20of20Filing.pdf

https://edca.3dca.flcourts.org/DcaDocs/2021/1920/2021-1920_Notice_245331_DK15A202D20Notice20of20Filing.pdf

15

https://edca.3dca.flcourts.org/DcaDocs/2021/1920/2021-

1920_Notice_245273_DK15A202D20Notice20of20Filing.pdf

https://edca.3dca.flcourts.org/DcaDocs/2021/1920/2021-

1920_Notice_245144_DK15A202D20Notice20of20Filing.pdf

The clerks interception and refusal to file instead of orderly compliance with Due Process and the ADA as the State Courts have done above related to redress of grievances is an improper discrimination against the disabled indigent and a First Amendment deprivation. This Court can learn from the State Courts as to treatment under the ADA of disabled indigent litigants with respect to treating the disabled equally to able-bodied well-funded attorneys.

26. Although Huminski has not received the Court's intervention order as of the date of this writing, he heard that the Court mentioned his listing the State in a temporary restraining order which he intended to clarify once additional defendants where added in the forthcoming Amended Complaint that is being drafted by the Plaintiffs and Governor DeSantis will be at least one subject of the TRO when Huminski clarifies it.

27. This Court should recuse because it does not have sufficient knowledge of contempt as a *sui generis* common law offense under both Federal and State authority, thus, upon considering reconsideration or upon remand this Court will be unable to understand the issues in this case. This is evident from the Court's characterization of Huminski's *sui generis* common law cases as "criminal" in nature similar to a very misinformed jurist's quotes above and in the clerk-rejected papers. No Florida case exists whereby contempt in a civil case designated "CA" has ever been prosecuted in a State Court as a criminal case with the State injecting themselves as a plaintiff in a case such as Huminski v. Town of Gilbert, et al., 17-CA-421, Fl. 20th Circuit Court.

28. Huminski is not in possession of the aforementioned court-rejected papers nor the order denying intervention. He does possess the one page refusal to file letter from the Court. The Court is in possession of all Huminski's papers intended for filing and he was never served the order regarding intervention.

**Prayer for Relief**

16

**WHEREFORE**, the Court should reconsider denial of intervention and grant the disabled

indigent litigants the same methods of communication with the Court that licensed attorneys

enjoy, such as;

1. Cost free and travel free filing of court documents with a click of a mouse that would
   have prevented the instant decision of this Court that was rendered without documents
   that were authored and served 10 days prior to the instant ruling which, after lengthy
   copying and shipping, arrived at the Court on 5/24/2022.  The disparity between the
   Court's treatment of the disabled indigent and licensed attorneys, prejudicing the disabled
   indigent, violates the Americans with Disabilities Act and embodies First Amendment
   concerns concerning access to the Courts.  The Court and parties should also serve
   disabled indigents electronically pursuant to the ADA.  Attached hereto as Exhibit "A"
   are true and correct copies of proof of copying at Best Value Copying in New York,
   Proof of shipping via UPS of papers for filing and a scan of this Courts envelope with the
   postmark containing the 1 page notice of rejection of filings.

And the Court should compel the clerk to file the papers Huminski sent to the court for

filing that remain at the court and are not filed or docketed and are necessary to opine on

intervention and for the forthcoming appeal to the Eleventh Circuit.  The Court also should

recuse because of inadequate knowledge of contempt, that presents prominently in Huminski's

claims, and its classification as a *sui generis* common law offense neither a felony nor a

misdemeanor under both Federal and Florida authority.  This lack of judicial knowledge

concerning contempt will prejudice Huminski in this proceeding and in potential remand.

Pursuant to the ADA this Court should also file the papers set forth in the State Courts

which are identical to the papers that this Court refuses to file.  See content at above links.

This Court should also issue an order to show cause as to why State actors should not be

held in civil and/or criminal contempt of the United States Courts for continuing State litigation

after the matter had been removed to the federal courts and securing a judgment forbidding

Huminski's communication with the State of Florida government for life.  A perpetual First

Amendment restriction equivalent to the Plaintiffs' claims in the instant matter. 18 USC 241, 242

Sworn and Subscribed to before me on this 28th day of May 2022 in Flagler County, Florida.



KYLE RASMUSSEN
Notary Public
State of Florida
Comm# HH260959
Expires 5/4/2026

*Kyle Rasmussen*

Notary

Exp. 05/04/2026

Dated at Palm Coast, Florida this 28th day of May, 2022.

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_Huminski@live.com

## Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case.

Dated this 28
th day of May, 2022.
-/s/- Scott Huminski

Scott Huminski

&lt;attachments&gt;

18

# Exhibit "A"



scott huminski,

Thank you for your order from Best Value Copy. You can check the status of your order by logging into your account. If you have questions about your order, you can email us at customerservice@bestvaluecopy.com or call us at 1-888-307-4570.

Your shipping confirmation is below. Thank you again for your business.

# Your Shipment #000037332 for Order #000047273

| Shipped By | Tracking Number |
|---|---|
| UPS | 1Z14636X0391822342 |



## Your package has been delivered.

**Delivery Date:** Tuesday, 05/24/2022
**Delivery Time:** 12:03 PM

At the request of Anonymous, this notice is to confirm that the following shipment has been delivered.

### Shipment Details

| | |
|---|---|
| **Tracking Number:** | 1Z013X530301546454 |
| **Ship To:** | TALLAHASSEE, FL 32301 US |
| **UPS Service:** | UPS GROUND |
| **Number of Packages:** | 1 |
| **Weight:** | 25.7 LBS |

You have mail and packages arriving soon.    5/27/2022

 COMING TO YOUR MAILBOX
SOON.

 **MAIL**

**View all mail on dashboard**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
111 NORTH ADAMS STREET, SUITE 322
TALLAHASSEE, FLORIDA 32301-7717

OFFICIAL BUSINESS

TALLAHASSEE FL 323
25 MAY 2022PM 2 L



$0.630
US POSTAGE
FIRST-CLASS
32301

Scott Huminski
Post Office Box 353820
Palm Coast, Florida 32135
Return of Documents

32135-3B2020

21



# Exhibit "B"

Filing # 149219632 E-Filed 05/09/2022 03:14:39 PM

In The

# Third District Court of Appeal

| | | |
|---|---|---|
| SCOTT HUMINSKI, | ) | Number: 3d21-1920 |
| APPELLANT, | ) | |
| v. | ) | |
| STATE OF FLORIDA, ET AL, | ) | |
| APPELLEES. | ) | |

## Notice of filing

NOW COMES, Appellant Scott Huminski ("Huminski"), and notices of filing of the documents attached hereto in Equality Florida, Et al. v. Desantis, Et al., 4:22-cv-00134-AW-MJF, United States District Court (Northern District of Florida)

Dated at Miami, Florida this 9th day of May, 2022

-/S/- Scott Huminski

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL 32135
(239) 300-6656
S_huminski@live.com

## Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the e-filing system in this case.

Dated this 9th day of May, 2022

-/s/- Scott Huminski

_____
Scott Huminski

<attachments>

1

24

RECEIVED, 05/09/2022 03:15:23 PM, Clerk, Third District Court of Appeal

In The
# United States District Court
# Northern District of Florida

EQUALITY FLORIDA, ET AL.,                )            Number: 4.22-cv-00134-AW-MJF

    PLAINTIFFS,                          )

        V.                         )

RONALD DESANTIS, ET AL,                   )

    DEFENDANTS                           )

## SUGGESTION OF DEATH – ANTHONY KUNASEK, ESQ.

NOW COMES, Scott Huminski ("Huminski"),   and, notices of the death of Anthony Kunasek, Esq. as follows:

Anthony Kunasek (deceased) after conducting a murder trial on Friday April 29, 2022 became informed that crimes he committed targeting the Federal and State courts were being considered for prosecution.  On April 30, 2022 Mr. Kunasek committed suicide via a gunshot wound to the head which was investigated by the F.B.I..

The crimes Mr. Kunasek was confronting are the exact same issues that Governor DeSantis and Florida Ashley Moody continue to conspire together to cover up and ensure the results of the crimes of Mr. Kunasek remained permanent against Huminski including the lifetime speech prohibition requested by Mr. Kunasek and granted creating a virtual First Amendment Free Zone concerning Huminski's core protected political expression to the State of Florida  A claim almost identical to the set of facts of Huminski v. Corsones, 396 F.3d 53 (2d Cir. 2004 amended 2005).

> "The Notices Against Trespass in effect prohibit indefinitely any and all expressive activity in which Huminski might want to engage in and around Rutland state courthouses. These notices are thus pervasive enough to be viewed as creating a "First-Amendment-Free Zone" for Huminski alone in and around the Rutland courts. The defendants' singling out of Huminski for exclusion, thereby permitting all others to engage in similar activity in and around the courts  suggests to us that the trespass notices are not reasonable  Such broad restrictions are generally frowned upon even in nonpublic forums  Cf  Bd  of Airport Comm'rs v  Jews for Jesus  Inc   482 U S  569, 575, 107 S Ct  2568, 96 L Ed 2d 500 (1987) ("We think it obvious that ... a ban [on First Amendment activities at an airport] cannot be justified even

1

25

Filing # 149474426 E-Filed 05/12/2022 01:49.06 PM

In The

# Third District Court of Appeal

SCOTT HUMINSKI,                                )          Number: 3d21-1920

    APPELLANT,                                )

        V.                                      )

STATE OF FLORIDA, ET AL,                    )

    APPELLEES.                                )

### Notice of filing

NOW COMES, Appellant Scott Huminski ("Huminski"), and notices of filing of the documents attached hereto in Equality Florida, Et al. v. Desantis, Et al., 4:22-cv-00134-AW-MJF, United States District Court (Northern District of Florida)

Dated at Miami, Florida this 12th day of May, 2022.

-/S/- Scott Huminski

----------------------------------------------------------------

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL. 32135
(239) 300-6656
S_huminski@live.com

### Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the e-filing system in this case

Dated this 12th day of May, 2022.

-s/- Scott Huminski

----------------------------------------------------------------

Scott Huminski

RECEIVED, 05/12/2022 01:49:23 PM, Clerk, Third District Court of Appeal

1

In The

# United States District Court
# Northern District of Florida

| | | |
|---|---|---|
| EQUALITY FLORIDA, ET AL. | ) | Number: 4:22-cv-00134-AW-MJF |
| PLAINTIFFS, | ) | |
| V. | ) | |
| RONALD DESANTIS, ET AL. | ) | |
| DEFENDANTS | ) | |

## NOTICE OF CORRESPONDENCE

NOW COMES, Scott Huminski ("Huminski"),  and, notices of the below correspondence with the parties (the phrase "Criminal Division" referring to State v. Huminski, 17-mm-815, was unintentionally truncated from an image below, the parties have the full version):

From: scott huminski <s_huminski@live.com>
Sent: Thursday, May 12, 2022 1:18 PM
To: Christopher Sutter <Christopher.Sutter@myfloridalegal.com>; Katia Marques <Katia.Marques@myfloridalegal.com>; Martine Legagneur <Martine.Legagneur@myfloridalegal.com>; Eugene Steele <apugg@yahoo.com>; info@lawstaff.info <info@lawstaff.info>; es@lawstaff.info <es@lawstaff.info>; Stacey Blume <stacey.blume@myfloridalegal.com>; rkaplan@kaplanhecker.com <rkaplan@kaplanhecker.com>; CStoll@nclrights.org <CStoll@nclrights.org>; liz@elizabethschwartz.com <liz@elizabethschwartz.com>; nadine@eqfl.org <nadine@eqfl.org>; geanny@eqfl.org <geanny@eqfl.org>; mark@eqfl.org <mark@eqfl.org>; nick@eqfl.org <nick@eqfl.org>; todd@eqfl.org <todd@eqfl.org>; mark@eqfl.org <mark@eqfl.org>; robin@eqfl.org <robin@eqfl.org>; robert@eqfl.org <robert@eqfl.org>; rene@eqfl.org <rene@eqfl.org>; andrew@eqfl.org <andrew@eqfl.org>; carlos@eqfl.org <carlos@eqfl.org>; don@eqfl.org <don@eqfl.org>; paul@eqfl.org <paul@eqfl.org>; stratton@eqfl.org <stratton@eqfl.org>; dan@eqfl.org <dan@eqfl.org>; david@eqfl.org <david@eqfl.org>; joe@eqfl.org <joe@eqfl.org>; brittany@eqfl.org <brittany@eqfl.org>; brandon@eqfl.org <brandon@eqfl.org>; michael@eqfl.org <michael@eqfl.org>; nicole@eqfl.org <nicole@eqfl.org>; jon@eqfl.org <jon@eqfl.org>; wesley@eqfl.org <wesley@eqfl.org>; yordanos@eqfl.org <yordanos@eqfl.org>; salvatore@eqfl.org <salvatore@eqfl.org>; benjamin@eqfl.org <benjamin@eqfl.org>; mary@eqfl.org <mary@eqfl.org>; dee@eqfl.org <dee@eqfl.org>; ian@eqfl.org <ian@eqfl.org>; Joel Valez-Stokes <joel.valez-stokes@browardpalmbeach.com>; jason.parsley@sfgn.com <jason.parsley@sfgn.com>; justin wyse@sfgn.com <justin.wyse@sfgn.com>; lbrown@washblade.com <lbrown@washblade.com>; srutgers@washblade.com <srutgers@washblade.com>; bpitts@washblade.com <bpitts@washblade.com>; jhickling@washblade.com <jhickling@washblade.com>; prockstroh@washblade.com <prockstroh@washblade.com>; tmasters@losangelesblade.com <tmasters@losangelesblade.com>; swong@losangelesblade.com <swong@losangelesblade.com>; Scott Wazlowski

2

Filing # 149581361 E-Filed 05/13/2022 04:25:18 PM

In The

# Third District Court of Appeal

SCOTT HUMINSKI,                    )            Number: 3d21-1920

    APPELLANT,                      )

          V.                      )

STATE OF FLORIDA, ET AL.,          )

    APPELLEES.                      )

### Notice of filing

NOW COMES, Appellant Scott Huminski ("Huminski"), and notices of filing of the documents attached hereto in Equality Florida, Et al. v. Desantis, Et al., 4:22-cv-00134-AW-MJF, United States District Court (Northern District of Florida).

Dated at Miami, Florida this 13ᵗʰ day of May, 2022.

-/S/- Scott Huminski

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, Fl. 32135
(239) 300-6656
S_huminski@live.com

### Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the e-filing system in this case.

Dated this 13ᵗʰ day of May, 2022.
-/s/- Scott Huminski

_____

Scott Huminski

            |                                          |

<attachments>

1

RECEIVED, 05/13/2022 04:30:25 PM, Clerk, Third District Court of Appeal

In The
# United States District Court
# Northern District of Florida

EQUALITY FLORIDA, ET AL,                  )          Number: 4:22-cv-00134-AW-MJF

    PLAINTIFFS,                          )

                V                         )

RONALD DESANTIS, ET AL,                    )

    DEFENDANTS.                          )

### Motion to Take Judicial Notice

NOW COMES, Scott Huminski ("Huminski"), and moves that the Court take judicial notice pursuant to FED. R. EVID. 201 of the record on appeal Huminski v. State, 2D19-1914 (FL Second District Court of Appeal, 2019) attached hereto as Exhibit "A" concerning contempt allegedly occurring in the 20th Circuit Court whereby the 20th Circuit attempted to hijack the appeal by hearing the appeal of a contempt case involving the 20th Circuit by the 20th Circuit, but, the hijacking was thwarted by the 2nd District Court of Appeal who properly asserted jurisdiction after the 20th Circuit immediately dismissed the appeal with one sentence. For obvious reasons the 20th Circuit wanted to bury the issues that Huminski has proffered in the instant matter. Courthouse crime is very embarrassing and requires a cover-up.

Initially, this scenario presents the bizarre scenario that contempt allegedly occurs in the 20th Circuit Court and then the 20th Circuit became the appellate Court with it being the alleged victim of the contempt. How this 20th Circuit Contempt wiggled its way into a Court of inferior jurisdiction, Lee Court Court, State v. Huminski, 17-mm-815 was via forgery of court orders by prosecutor Anthony Kunasek and others which Huminski has already discussed extensively in previous papers filed in this matter. Mr. Kunasek took his life 30 days after his forgery and other conduct became a documented issue in the instant matter.

The record on appeal supports Huminski's contention that a custom, policy, practice and procedure exists through the entire State government of the State of Florida not only has an utter disdain for federal law especially the First Amendment, Bill of Rights generally, Title II, ADA, Title 18 and harbors an intense disdain and disrespect for the powers, authority, jurisdiction of the Federal Courts leading to wholesale violations of federally secured rights, immunities and protections. State Courts simply can not tell the federal courts to pound sand

I

29

Filing # 150206916 E-Filed 05/24/2022 02:21:12 PM

In The

# Third District Court of Appeal

| SCOTT HUMINSKI, | ) | Number: 3d21-1920 |
|---|---|---|
| APPELLANT, | ) | |
| V. | ) | |
| STATE OF FLORIDA, ET AL., | ) | |
| APPELLEES. | ) | |

## Notice of filing

NOW COMES, Appellant Scott Huminski ("Huminski"), and notices of filing of the documents attached hereto in Equality, Florida, Et al. v. Desantis, Et al., 4:22-cv-00134-AW-MJF, United States District Court (Northern District of Florida)

Dated at Miami, Florida this 24ᵗʰ day of May, 2022.

-/S/- Scott Huminski

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_huminski@live.com

## Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the e-filing system in this case.

Dated this 24ᵗʰ day of May, 2022.
-/s/- Scott Huminski

_____

Scott Huminski

<attachments>

1

RECEIVED, 05/24/2022 02:22:49 PM, Clerk, Third District Court of Appeal

In The

# United States District Court
# Northern District of Florida

EQUALITY FLORIDA, ET AL,            )            Number: 4:22-cv-00134-AW-MJF
    PLAINTIFFS,                      )
        v.                         )
RONALD DESANTIS, ET AL,             )
    DEFENDANTS.                      )

### Motion to Take Judicial Notice

NOW COMES, Scott Huminski ("Huminski"), and moves that the Court take judicial notice pursuant to FED. R. EVID. 201 of the opinion entered in NetChoice, LLC v. Attorney General, State of Florida, 21-12355 (11th Cir. 2022). Attached hereto as Exhibit "A" is a true and correct copy of the NetChoice opinion enjoining another State of Florida law violative of the First Amendment.

The NetChoice opinion supports Huminski's contention that the State of Florida operates with a completely depraved disdain for the First Amendment and will chose a course of conduct to silence speech, if the State disagrees or is uncomfortable with said speech and violate any and all provisions of federal law to accomplish its depraved corrupt notions/philosophy regarding free speech. The willingness of Governor DeSantis and Ashley Moody, Esq. in 2021 and 2022 to engage in a course of conduct to maintain Huminski's lifetime banishment (Huminski v. DeSantis, et al., 21-CA-18435, Fl. 11th Judicial Circuit, Huminski v. DeSantis, et al., 3d21-1920, Fl. 3rd District Court of Appeal) concerning communication with the entire State of Florida government despite him being a citizen and resident of Florida reveals the intent of the State with regard to federal law and the Bill of Rights. Forgery of a Lee County Court order (State v. Huminski, 17-nam-815) is just one technique used by the State to silence dissent and core protected political expression. Apparently no provision of federal law will stop the State's quest to undermine the First Amendment. Even removal to federal court didn't stop the State of Florida from plowing ahead the State v. Huminski. In the mindset of Florida, federal law exists to be ignored and violated and this philosophy rises to the highest levels of State government.

Considering the State of Florida's position on the First Amendment, the only possible solution for this once confederate State may be to secede as it did 150 years ago concerning the

1

# Exhibit "C"

**Notice of Service of Court Documents**

**Filing Information**

| | |
|---|---|
| Filing #: | 149581361 |
| Filing Time: | 05/13/2022 04:25:05 PM ET |
| Filer: | Scott Alan Huminsky 239-300-6656 |
| Court: | Third District Court of Appeal |
| Case #: | 3D2021-1920 |
| Court Case #: | 3D2021-1920 |
| Case Style: | SCOTT HUMINSKI, vs STATE OF FLORIDA, et al., |

**Documents**

| Title | File |
|---|---|
| Other Notice | merged dca notice of filing_compressed 55mb.pdf |

33

E-service recipients selected for service:

| Name | Email Address |
| --- | --- |
| Christopher Michael Sutter | christopher.sutter@myfloridalegal.com |
| | katia.marques@myfloridalegal.com |
| | martine.leoagneur@myfloridalegal.com |
| Eugene Steele | apiggg@yahoo.com |
| | info@lawstaff.info |
| | es@lawstaff.info |
| Scott Huminski | s_huminski@live.com |
| Stacey Blume | Stacey.Blume@myfloridalegal.com |
| Scott Alan Huminsky | scott.huminski@gmail.com |
| Paralegal | info@lawstaff.info |
| Andrew Greenlee | andrew@andrewgreenleelaw.com |
| Michael Brownlee | mbrownlee@brownleelawfirmpa.com |
| R. Kaplan | rkaplan@kaplanhecker.com |
| S. Stoll | CStoll@nclrights.org |
| L. Schwartz | liz@elizabethschwartz.com |
| B. Faruqui | Bilal.faruqui@myfloridalegal.com |
| D. Bell | Daniel.Bell@myfloridalegal.com |

| | |
|---|---|
| C. Whitaker | Henry.Whitaker@myfloridalegal.com |
| S Barday | SBarday@gibsondunn.com |
| A. Patel | Anita.Patel@myfloridalegal.com |
| C. Litigation | ComplexLitigation.eservice@myfloridalegal.com |
| SAO Service | ServiceSAO-LEE@sao.cjis20.org |
| Oag Serve | oag.civil.eserve@myfloridalegal.com |
| Crim App | crimappTPA@myfloridalegal.com |
| D Bell | Daniel.Bell@myfloridalegal.com |
| E Jackson | ejackson@johnsonjackson.com |
| A Gallagher | agallagher@johnsonjackson.com |
| L Stillwell | lstillwell@johnsonjackson.com |
| K Harris | kharris@johnsonjackson.com |
| W Harvey | walter.harvey@dadeschools.net |
| J Madrigal | jordanmadrigal@dadeschools.net |
| D Marsey | dmarsey@rumberger.com |
| J Grosholz | jgrosholz@rumberger.com |
| D Orlando | docketingorlando@rumberger.com |
| b harris | bharris@lawfla.com |
| a hopkins | ahopkins@lawfla.com |
| j dean | jdean@lawfla.com |
| c carstens | ccarstens@lawfla.com |

35

| J Grosholz | jgrosholz@rumberger.com |
| D Orlando | docketingorlando@rumberger.com |
| b harris | bharris@lawfla.com |
| a hopkins | ahopkins@lawfla.com |
| j dean | jdean@lawfla.com |
| c carstens | ccarstens@lawfla.com |
| m fuqua | mfuqua@fmc.legal |
| c crowley | ccrowleylaw@gmail.com |
| c wor | cworcester@sao.cjis20.org |

**E-service recipients not selected for service:**

| Name | Email Address |

No Matching Entries

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

Thank you,
The Florida Courts E-Filing Portal

# Exhibit "D"

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## OFFICE OF THE CLERK

JESSICA J. LYUBLANOVITS
CLERK OF COURT

ELIZABETH LAWRENCE
CHIEF DEPUTY CLERK

Visit our web site at www.flnd.uscourts.gov

Reply to: Tallahassee Division

May 25, 2022

Scott Huminski

P.O. Box 353620

Palm Coast, FL 32135

Subject: 4:22-cv-00134-AW-MJF EQUALITY FLORIDA et al v. DESANTIS et al

Dear Mr Huminski :

The Clerk's Office received today for filing two motions to take judicial notice, notice of correspondence and a suggestion of death as well voluminous exhibits.

In a recent order of the Court, enclosed, it denied your request to intervene and so you are not a party in the subject case.

Therefore the Clerk's office is returning these voluminous documents to you..

Sincerely.

JESSICA J. LYUBLANOVITS, Clerk

*Blair Patton*
by Blair Patton
Deputy Clerk

38

# Exhibit "E"

**From:** scott huminski <s_huminski@live.com>
**Sent:** Tuesday, May 24, 2022 8:59 AM
**To:** Christopher Sutter <Christopher.Sutter@myfloridalegal.com>; Katia Marques
<Katia.Marques@myfloridalegal.com>; Martine Legagneur <Martine.Legagneur@myfloridalegal.com>;
Eugene Steele <apiggg@yahoo.com>; info@lawstaff.info <info@lawstaff.info>; es@lawstaff.info
<es@lawstaff.info>; Stacey Blume <stacey.blume@myfloridalegal.com>; rkaplan@kaplanhecker.com
<rkaplan@kaplanhecker.com>; CStoll@nclrights.org <CStoll@nclrights.org>; liz@elizabethschwartz.com
<liz@elizabethschwartz.com>; nadine@eqfl.org <nadine@eqfl.org>; geanny@eqfl.org
<geanny@eqfl.org>; mark@eqfl.org <mark@eqfl.org>; nick@eqfl.org <nick@eqfl.org>; todd@eqfl.org
<todd@eqfl.org>; mark@eqfl.org <mark@eqfl.org>; robin@eqfl.org <robin@eqfl.org>; robert@eqfl.org
<robert@eqfl.org>; rene@eqfl.org <rene@eqfl.org>; andrew@eqfl.org <andrew@eqfl.org>;
carlos@eqfl.org <carlos@eqfl.org>; don@eqfl.org <don@eqfl.org>; paul@eqfl.org <paul@eqfl.org>;
stratton@eqfl.org <stratton@eqfl.org>; dan@eqfl.org <dan@eqfl.org>; david@eqfl.org
<david@eqfl.org>; joe@eqfl.org <joe@eqfl.org>; brittany@eqfl.org <brittany@eqfl.org>;
brandon@eqfl.org <brandon@eqfl.org>; michael@eqfl.org <michael@eqfl.org>; nikole@eqfl.org
<nikole@eqfl.org>; jon@eqfl.org <jon@eqfl.org>; wesley@eqfl.org <wesley@eqfl.org>;
yordanos@eqfl.org <yordanos@eqfl.org>; salvatore@eqfl.org <salvatore@eqfl.org>; benjamin@eqfl.org
<benjamin@eqfl.org>; mary@eqfl.org <mary@eqfl.org>; de@eqfl.org <de@eqfl.org>; ian@eqfl.org
<ian@eqfl.org>; Joel Valez-Stokes <joel.valez-stokes@browardpalmbeach.com>;
jason.parsley@sfgn.com <jason.parsley@sfgn.com>; justin.wyse@sfgn.com <justin.wyse@sfgn.com>;
lbrown@washblade.com <lbrown@washblade.com>; srutgers@washblade.com
<srutgers@washblade.com>; bpitts@washblade.com <bpitts@washblade.com>;
jhickling@washblade.com <jhickling@washblade.com>; prockstroh@washblade.com
<prockstroh@washblade.com>; tmasters@losangelesblade.com <tmasters@losangelesblade.com>;
swong@losangelesblade.com <swong@losangelesblade.com>; Scott Wazlowski
<s.wazlowski@ebar.com>; m.yamashita@ebar.com <m.yamashita@ebar.com>;
Bilal.Faruqui@myfloridalegal.com <Bilal.Faruqui@myfloridalegal.com>; Daniel.Bell@myfloridalegal.com
<Daniel.Bell@myfloridalegal.com>; Henry.Whitaker@myfloridalegal.com
<Henry.Whitaker@myfloridalegal.com>; SBarday@gibsondunn.com <SBarday@gibsondunn.com>;
Anita.Patel@myfloridalegal.com <Anita.Patel@myfloridalegal.com>;
ComplexLitigation.eservice@myfloridalegal.com <ComplexLitigation.eservice@myfloridalegal.com>;
ServiceSAO-LEE@sao.cjis20.org <ServiceSAO-LEE@sao.cjis20.org>; oag.civil.eserve@myfloridalegal.com
<oag.civil.eserve@myfloridalegal.com>; crimappTPA@myfloridalegal.com
<crimappTPA@myfloridalegal.com>; Daniel.Bell@myfloridalegal.com
<Daniel.Bell@myfloridalegal.com>; ejackson@johnsonjackson.com <ejackson@johnsonjackson.com>;
agallagher@johnsonjackson.com <agallagher@johnsonjackson.com>; lstillwell@johnsonjackson.com
<lstillwell@johnsonjackson.com>; kharris@johnsonjackson.com <kharris@johnsonjackson.com>;
walter.harvey@dadeschools.net <walter.harvey@dadeschools.net>; jordanmadrigal@dadeschools.net
<jordanmadrigal@dadeschools.net>; dmarsey@rumberger.com <dmarsey@rumberger.com>;
jgrosholz@rumberger.com <jgrosholz@rumberger.com>; docketingorlando@rumberger.com
<docketingorlando@rumberger.com>; bharris@lawfla <bharris@lawfla.com>;
ahopkins@lawfla.com <ahopkins@lawfla.com>; jdean@lawfla.com <jdean@lawfla.com>;
ccarstens@lawfla.com <ccarstens@lawfla.com>; mfuqua@fmc.legal <mfuqua@fmc.legal>;
kworcester@sao.cjis20.org <kworcester@sao.cjis20.org>; jwasserkrug@mwe.com
<jwasserkrug@mwe.com>; ejackson@johnsonjackson.com <ejackson@johnsonjackson.com>;
agallagher@johnsonjackson.com <agallagher@johnsonjackson.com>; Andrew Kadah
<askadah09@gmail.com>; sandymodell@aol.com <sandymodell@aol.com>
**Subject:** Equality Florida v. DeSantis correspondence

The below content from an email of yesterday was sent to the entire staff at the Lee Court
complex and discussed arraignment in the communication banishment case that sought and

accomplished a lifetime communication banishment between proposed intervenor Huminski and the entire State of Florida in perpetuity.

Co-conspirators to this criminal activity clearly involve the participation of a quite delusional Judge Krier, the late prosecutor Kunasek and the public defender for the 20th Circuit. All were eager to advance the case in State court in spite of its removal to the U.S. District Court (Bankruptcy Unit).

DeSantis and Ashley Moody fought to continue collection activities related to the void ab initio case State v. Huminski in 2021-2022 on a case that was commenced to evade jurisdiction of the Federal Courts. That commencement was in the absence of any and all jurisdiction because of the removal. Further, after the forgery of a court order, there was no service of the forged court order and Lee County Court had no subject matter jurisdiction to hear Circuit Court contempt. **South Dade Farms v. Peters, 88 So. 2d 891 - Fla: Supreme Court 1956**

> "In the opinion last cited this court adopted the language of the Supreme Court of the United States in the leading case of <u>Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 501, 55 L.Ed. 797,</u> from which we quote also the following:
> "There has been general recognition of the fact that the courts are clothed with this power, and must be authorized to exercise it without referring the issues of fact or law to another tribunal or to a jury in the same tribunal. "

Intense and obvious corruption, The Goal - to **SILENCE ALL SPEECH TO THE FLORIDA GOVERNMENT IN PERPETUITY,** a situation that continues to this day. The issue was not only removed, there was no service and the "transfer" from Circuit to County court constituted a loss of subject matter jurisdiction. Transfer of contempt from a court of general jurisdiction to a court of limited jurisdiction is unknown in any United States jurisdiction. An obscene level of corruption in Florida concerning the obsession with silencing core protected political expression. Afforded the highest level of protection under the first amendment.

So in the below email are transcript excerpts of the "criminal arraignment" of 6/29/2017 in Huminski v. Town of Gilbert, et al, a case that had been removed to the Bankruptcy Court 3 days prior, See pacer excerpts,

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|---|---|---|---|---|---|---|
| Huminski, Scott Alan (pty) (2 cases) | 2:17-ap-00509-FMD | Huminski v. Town of Gilbert, AZ et al | *Lead BK:* 2:17-bk-03658-FMD Scott Alan Huminski | 06/26/17 | Plaintiff | 08/24/17 |
| | 2:17-bk-03658-FMD | Scott Alan Huminski | 7 | 04/28/17 | Debtor | 08/24/17 |

41

CM**ECF**   Query   Reports▾   Utilities▾   Help   Log Out

_____

**U.S. Bankruptcy**
**Middle District of Floric**
**Adversary Proceeding #: 2:1**

*Assigned to:* Chief Judge Caryl E. Delano
*Lead BK Case:* 17-03658
*Lead BK Title:* Scott Alan Huminski
*Lead BK Chapter:* 7
Show Associated Cases

*Demand:*

*Nature[s] of Suit:* 01 Determination of removed claim or cause

*'laintiff*
---------------------
**cott Alan Huminski**
4544 Kingfish Street
.onita Springs, FL 34134
39-300-6656
SN / ITIN: xxx-xx-4327

---------------------------------------------------- EMAIL to Courthouse staff and SA office
          |                                                                    |
-----------------------------------------

**From:** scott huminski <s_huminski@live.com>
**Sent:** Monday, May 23, 2022 2:56 PM
**To:** ldoggett@leeclerk.org <ldoggett@leeclerk.org>; Eadams@ca.cjis20.org <Eadams@ca.cjis20.org>;
Jadams@ca.cjis20.org <Jadams@ca.cjis20.org>; KAhlquist@ca.cjis20.org <KAhlquist@ca.cjis20.org>;
Kamo@ca.cjis20.org <Kamo@ca.cjis20.org>; Jatkins@ca.cjis20.org <Jatkins@ca.cjis20.org>;
Fbaker@ca.cjis20.org <Fbaker@ca.cjis20.org>; Lbaldyga@ca.cjis20.org <Lbaldyga@ca.cjis20.org>;
Kball@ca.cjis20.org <Kball@ca.cjis20.org>; Dballard@ca.cjis20.org <Dballard@ca.cjis20.org>;
Mbancroft@ca.cjis20.org <Mbancroft@ca.cjis20.org>; Jbaniowski@ca.cjis20.org
<Jbaniowski@ca.cjis20.org>; Mbarcia@ca.cjis20.org <Mbarcia@ca.cjis20.org>; Tbauer@ca.cjis20.org
<Tbauer@ca.cjis20.org>; Cbeach@ca.cjis20.org <Cbeach@ca.cjis20.org>; Gbedinotti@ca.cjis20.org
<Gbedinotti@ca.cjis20.org>; Sblasko@ca.cjis20.org <Sblasko@ca.cjis20.org>; Kbrantley@ca.cjis20.org
<Kbrantley@ca.cjis20.org>; Lbrisbois@ca.cjis20.org <Lbrisbois@ca.cjis20.org>; Lbrodie@ca.cjis20.org
<Lbrodie@ca.cjis20.org>; Kbrooks@ca.cjis20.org <Kbrooks@ca.cjis20.org>; Tbrousseau@ca.cjis20.org
<Tbrousseau@ca.cjis20.org>; AngelaBrown@ca.cjis20.org <AngelaBrown@ca.cjis20.org>;

Tbrown@ca.cjis20.org <Tbrown@ca.cjis20.org>; Ebruns@ca.cjis20.org <Ebruns@ca.cjis20.org>;
Ebusby@ca.cjis20.org <Ebusby@ca.cjis20.org>; Rcallanan@ca.cjis20.org <Rcallanan@ca.cjis20.org>;
Jcarlin@ca.cjis20.org <Jcarlin@ca.cjis20.org>; Mcarr@ca.cjis20.org <Mcarr@ca.cjis20.org>;
Gcary@ca.cjis20.org <Gcary@ca.cjis20.org>; Jclay@ca.cjis20.org <Jclay@ca.cjis20.org>;
Rcorbin@ca.cjis20.org <Rcorbin@ca.cjis20.org>; Ccrews@ca.cjis20.org <Ccrews@ca.cjis20.org>;
Rcrivello@ca.cjis20.org <Rcrivello@ca.cjis20.org>; Rcrown@ca.cjis20.org <Rcrown@ca.cjis20.org>;
Ecruz@ca.cjis20.org <Ecruz@ca.cjis20.org>; Ldavis@ca.cjis20.org <Ldavis@ca.cjis20.org>;
CdeMarsh@ca.cjis20.org <CdeMarsh@ca.cjis20.org>; Gdemeyere@ca.cjis20.org
<Gdemeyere@ca.cjis20.org>; Cdenton@ca.cjis20.org <Cdenton@ca.cjis20.org>;
MdeSousa@ca.cjis20.org <MdeSousa@ca.cjis20.org>; Jdommerich@ca.cjis20.org
<Jdommerich@ca.cjis20.org>; Ddrinnon@ca.cjis20.org <Ddrinnon@ca.cjis20.org>;
Ddrinnon@ca.cjis20.org <Ddrinnon@ca.cjis20.org>; Debron-Harrison@ca.cjis20 <Debron-
Harrison@ca.cjis20>; Cellis@ca.cjis20.org <Cellis@ca.cjis20.org>; Senglish@ca.cjis20.org
<Senglish@ca.cjis20.org>; Efishbeck@ca.cjis20.org <Efishbeck@ca.cjis20.org>; Nforrett@ca.cjis20.org
<Nforrett@ca.cjis20.org>; Afoster@ca.cjis20.org <Afoster@ca.cjis20.org>; Hfrench@ca.cjis20.org
<Hfrench@ca.cjis20.org>; Dfriedman@ca.cjis20.org <Dfriedman@ca.cjis20.org>; Jfriess@ca.cjis20.org
<Jfriess@ca.cjis20.org>; Jfuller@ca.cjis20.org <Jfuller@ca.cjis20.org>; Jgagliardi@ca.cjis20.org
<Jgagliardi@ca.cjis20.org>; Lgerald@ca.cjis20.org <Lgerald@ca.cjis20.org>; Dgolden@ca.cjis20.org
<Dgolden@ca.cjis20.org>; Mgonzalez@ca.cjis20.org <Mgonzalez@ca.cjis20.org>; Sgray@ca.cjis20.org
<Sgray@ca.cjis20.org>; Cgreider@ca.cjis20.org <Cgreider@ca.cjis20.org>; Tgutshall@ca.cjis20.org
<Tgutshall@ca.cjis20.org>; FrederickH@ca.cjis20.org <FrederickH@ca.cjis20.org>; Hhayes@ca.cjis20.org
<Hhayes@ca.cjis20.org>; LFHayes@ca.cjis20.org <LFHayes@ca.cjis20.org>; Lhayslip@ca.cjis20.org
<Lhayslip@ca.cjis20.org>; Jhendrickx@ca.cjis20.org <Jhendrickx@ca.cjis20.org>;
Vheinssen@ca.cjis20.org <Vheinssen@ca.cjis20.org>; Iherrera@ca.cjis20.org <Iherrera@ca.cjis20.org>;
Nhood@ca.cjis20.org <Nhood@ca.cjis20.org>; Shooper@ca.cjis20.org <Shooper@ca.cjis20.org>;
Njackson@ca.cjis20.org <Njackson@ca.cjis20.org>; Ljacobs@ca.cjis20.org <Ljacobs@ca.cjis20.org>;
Djordan@ca.cjis20.org <Djordan@ca.cjis20.org>; Mkantor@ca.cjis20.org <Mkantor@ca.cjis20.org>;
Skellum@ca.cjis20.org <Skellum@ca.cjis20.org>; Skaskie@ca.cjis20.org <Skaskie@ca.cjis20.org>;
Jkent@ca.cjis20.org <Jkent@ca.cjis20.org>; Skeppen@ca.cjis20.org <Skeppen@ca.cjis20.org>;
Ekhin@ca.cjis20.org <Ekhin@ca.cjis20.org>; Lkiesel@ca.cjis20.org <Lkiesel@ca.cjis20.org>;
Skolody@ca.cjis20.org <Skolody@ca.cjis20.org>; Bkrier@ca.cjis20.org <Bkrier@ca.cjis20.org>;
Bkyle@ca.cjis20.org <Bkyle@ca.cjis20.org>; Kkyle@ca.cjis20.org <Kkyle@ca.cjis20.org>;
Elentovich@ca.cjis20.org <Elentovich@ca.cjis20.org>; Mlentovich@ca.cjis20.org
<Mlentovich@ca.cjis20.org>; Rlevingston@ca.cjis20.org <Rlevingston@ca.cjis20.org>;
Along@ca.cjis20.org <Along@ca.cjis20.org>; Slucas@ca.cjis20.org <Slucas@ca.cjis20.org>;
Jluna@ca.cjis20.org <Jluna@ca.cjis20.org>; Jlundy@ca.cjis20.org <Jlundy@ca.cjis20.org>;
Lmaldonado@ca.cjis20.org <Lmaldonado@ca.cjis20.org>; Rmanalich@ca.cjis20.org
<Rmanalich@ca.cjis20.org>; Lmartin@ca.cjis20.org <Lmartin@ca.cjis20.org>; JmcGarity@ca.cjis20.org
<JmcGarity@ca.cjis20.org>; MmcHugh@ca.cjis20.org <MmcHugh@ca.cjis20.org>;
MmcHugh@ca.cjis20.org <MmcHugh@ca.cjis20.org>; Mmeyer@ca.cjis20.org <Mmeyer@ca.cjis20.org>;
Bmidgley@ca.cjis20.org <Bmidgley@ca.cjis20.org>; Dmonaco@ca.cjis20.org <Dmonaco@ca.cjis20.org>;
Gmorrison@ca.cjis20.org <Gmorrison@ca.cjis20.org>; Dmravic@ca.cjis20.org <Dmravic@ca.cjis20.org>;
Smunroe@ca.cjis20.org <Smunroe@ca.cjis20.org>; Vmurphy@ca.cjis20.org <Vmurphy@ca.cjis20.org>;

Nnetram@ca.cjis20.org <Nnetram@ca.cjis20.org>; Jnorden@ca.cjis20.org <Jnorden@ca.cjis20.org>;
Tpaluck@ca.cjis20.org <Tpaluck@ca.cjis20.org>; Jporter@ca.cjis20.org <Jporter@ca.cjis20.org>;
Lpoulston@ca.cjis20.org <Lpoulston@ca.cjis20.org>; Squindry@ca.cjis20.org <Squindry@ca.cjis20.org>;
Gragoonanan@ca.cjis20.org <Gragoonanan@ca.cjis20.org>; Treese@ca.cjis20.org
<Treese@ca.cjis20.org>; CharlesR@ca.cjis20.org <CharlesR@ca.cjis20.org>; Drodriguez@ca.cjis20.org
<Drodriguez@ca.cjis20.org>; Jrodriguez@ca.cjis20.org <Jrodriguez@ca.cjis20.org>;
Jrosman@ca.cjis20.org <Jrosman@ca.cjis20.org>; Lruiz@ca.cjis20.org <Lruiz@ca.cjis20.org>;
Csackett@ca.cjis20.org <Csackett@ca.cjis20.org>; Jseals@ca.cjis20.org <Jseals@ca.cjis20.org>;
Pshannon@ca.cjis20.org <Pshannon@ca.cjis20.org>; Lschreiber@ca.cjis20.org
<Lschreiber@ca.cjis20.org>; Jsheets@ca.cjis20.org <Jsheets@ca.cjis20.org>; Cshepelrich@ca.cjis20.org
<Cshepelrich@ca.cjis20.org>; Jsimpson@ca.cjis20.org <Jsimpson@ca.cjis20.org>; Jsloan@ca.cjis20.org
<Jsloan@ca.cjis20.org>; Bsmith@ca.cjis20.org <Bsmith@ca.cjis20.org>; Dsoumastre@ca.cjis20.org
<Dsoumastre@ca.cjis20.org>; Lspader@ca.cjis20.org <Lspader@ca.cjis20.org>; Hstarnes@ca.cjis20.org
<Hstarnes@ca.cjis20.org>; Msteinbeck@ca.cjis20.org <Msteinbeck@ca.cjis20.org>;
MASteinbeck@ca.cjis20.org <MASteinbeck@ca.cjis20.org>; Mstockman@ca.cjis20.org
<Mstockman@ca.cjis20.org>; Sstudybaker@ca.cjis20.org <Sstudybaker@ca.cjis20.org>;
Rsturgis@ca.cjis20.org <Rsturgis@ca.cjis20.org>; Athompson@ca.cjis20.org
<Athompson@ca.cjis20.org>; Lthompson@ca.cjis20.org <Lthompson@ca.cjis20.org>;
Lthrelkeld@ca.cjis20.org <Lthrelkeld@ca.cjis20.org>; Ctrammell@ca.cjis20.org
<Ctrammell@ca.cjis20.org>; Aturner@ca.cjis20.org <Aturner@ca.cjis20.org>; Eturner@ca.cjis20.org
<Eturner@ca.cjis20.org>; Evolz@ca.cjis20.org <Evolz@ca.cjis20.org>; Bwhite@ca.cjis20.org
<Bwhite@ca.cjis20.org>; Kwilkinson@ca.cjis20.org <Kwilkinson@ca.cjis20.org>; Swilsker@ca.cjis20.org
<Swilsker@ca.cjis20.org>; Swinesett@ca.cjis20.org <Swinesett@ca.cjis20.org>; Dzellman@ca.cjis20.org
<Dzellman@ca.cjis20.org>; Info_InspectorGeneral@leeclerk.org <Info_InspectorGeneral@leeclerk.org>;
oag.civil.eserve@myfloridalegal.com <oag.civil.eserve@myfloridalegal.com>; ineymotin@flrc2.org
<ineymotin@flrc2.org>; KatherineT@pd.cjis20.org <KatherineT@pd.cjis20.org>; KevinS@pd.cjis20.org
<KevinS@pd.cjis20.org>; zmiller@flrc2.org <zmiller@flrc2.org>; newstips@nbc-2.com <newstips@nbc-
2.com>; service@parveyfrankel.com <service@parveyfrankel.com>; allan@parveyfrankel.com
<allan@parveyfrankel.com>; srussell@sao.cjis20.org <srussell@sao.cjis20.org>; srussell2@sao.cjis20.org
<srussell2@sao.cjis20.org>; akunasek@sao.cjis20.org <akunasek@sao.cjis20.org>;
douglas.szabo@henlaw.com <douglas.szabo@henlaw.com>; beverly.slager@henlaw.com
<beverly.slager@henlaw.com>; john.noland@helaw.com <john.noland@helaw.com>;
anne.migliore@henlaw.com <anne.migliore@henlaw.com>; investigators@nbc-2.com
<investigators@nbc-2.com>; support@nbc-2.com <support@nbc-2.com>; comments@nbc-2.com
<comments@nbc-2.com>; dabbot@water.net <dabbot@water.net>; darrel.lieze-adams@water.net
<darrel.lieze-adams@water.net>; bhannon@water.net <bhannon@water.net>; spontius@water.net
<spontius@water.net>; gerry.poppe@water.net <gerry.poppe@water.net>; research@water.net
<research@water.net>; ineymotin@flrc2.org <ineymotin@flrc2.org>; KevinS@pd.cjis20.org
<KevinS@pd.cjis20.org>; KatherineT@pd.cjis20.org <KatherineT@pd.cjis20.org>;
stateattorney@sao.cjis20.org <stateattorney@sao.cjis20.org>; ServiceSAO-LEE@sao.cjis20.org
<ServiceSAO-LEE@sao.cjis20.org>; akunasek@sao.cjis20.org <akunasek@sao.cjis20.org>;
zmiller@flrc2.org <zmiller@flrc2.org>; appeals@flrc2.org <appeals@flrc2.org>; appeals@pd.cjis20.org
<appeals@pd.cjis20.org>; Jadams@ca.cjis20.org <Jadams@ca.cjis20.org>; ValerieZ@pd.cjis20.org

<ValerieZ@pd.cjis20.org>; mdcavic@uspis.gov <mdcavic@uspis.gov>;
oag.civil.eserve@myfloridalegal.com <oag.civil.eserve@myfloridalegal.com>; MmcHugh@ca.cjis20.org
<MmcHugh@ca.cjis20.org>; srussell@sao.cjis20.org <srussell@sao.cjis20.org>; srussell2@sao.cjis20.org
<srussell2@sao.cjis20.org>; aegisalliance@theaegisalliance.com <aegisalliance@theaegisalliance.com>;
edkellyatlaw@aol.com <edkellyatlaw@aol.com>; lawsters@googlegroups.com
<lawsters@googlegroups.com>; akunasek@sao.cjis20.org <akunasek@sao.cjis20.org>; Rebecca Potter
<tlc211@gmail.com>; southfloridacorruption@gmail.com <southfloridacorruption@gmail.com>;
jgreco@fgcu.edu <jgreco@fgcu.edu>; jgarner@fgcu.edu <jgarner@fgcu.edu>; dwiltrout@fgcu.edu
<dwiltrout@fgcu.edu>; daanderson@fgcu.edu <daanderson@fgcu.edu>; tclark@fgcu.edu
<tclark@fgcu.edu>; kfeldman@fgcu.edu <kfeldman@fgcu.edu>; kgibson@fgcu.edu
<kgibson@fgcu.edu>; jhaley@fgcu.edu <jhaley@fgcu.edu>; ahubbell@fgcu.edu <ahubbell@fgcu.edu>;
fjones@fgcu.edu <fjones@fgcu.edu>; mmartinez@fgcu.edu <mmartinez@fgcu.edu>;
kmccurry@fgcu.edu <kmccurry@fgcu.edu>; sminsky@fgcu.edu <sminsky@fgcu.edu>;
cpivacek123@gmail.com <cpivacek123@gmail.com>; mrechkemmer@fgcu.edu
<mrechkemmer@fgcu.edu>; grodriguez@fgcu.edu <grodriguez@fgcu.edu>; hromero@fgcu.edu
<hromero@fgcu.edu>; asterwald@fgcu.edu <asterwald@fgcu.edu>;
debbie.filipek@cityofbonitasprings.org <debbie.filipek@cityofbonitasprings.org>;
hr@cityofbonitasprings.org <hr@cityofbonitasprings.org>; fred.forbes@cityofbonitasprings.org
<fred.forbes@cityofbonitasprings.org>; mike.gibson@cityofbonitasprings.org
<mike.gibson@cityofbonitasprings.org>; Ben.nelson@cityofbonitasprings.org
<Ben.nelson@cityofbonitasprings.org>; Stephen.mcintosh@cityofbonitasprings.org
<Stephen.mcintosh@cityofbonitasprings.org>; janet.martin@cityofbonitasprings.org
<janet.martin@cityofbonitasprings.org>; Peter Simmons <peter.simmons@cityofbonitasprings.org>;
meg.weiss@cityofbonitasprings.org <meg.weiss@cityofbonitasprings.org>;
Arleen.Hunter@cityofbonitasprings.org <Arleen.Hunter@cityofbonitasprings.org>;
carl.schwing@cityofbonitasprings.org <carl.schwing@cityofbonitasprings.org>; Matt Feeney
<matt.feeney@cityofbonitasprings.org>; jesse.felger@cityofbonitasprings.org
<jesse.felger@cityofbonitasprings.org>; peter.oflinn@cityofbonitasprings.org
<peter.oflinn@cityofbonitasprings.org>; kworcester@sao.cjis20.org <kworcester@sao.cjis20.org>;
Christopher Crowley <ccrowleylaw@gmail.com>; sandymodell@aol.com <sandymodell@aol.com>;
FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>; Andrew Kadah
<askadah09@gmail.com>; kworcester@sao.cjis20.org <kworcester@sao.cjis20.org>;
Afox@sao.cjis20.org <Afox@sao.cjis20.org>; Christopher Sutter
<Christopher.Sutter@myfloridalegal.com>; Katia Marques <Katia.Marques@myfloridalegal.com>;
Martine Legagneur <Martine.Legagneur@myfloridalegal.com>; oag.civil.eserve@myfloridalegal.com
<oag.civil.eserve@myfloridalegal.com>; crimappTPA@myfloridalegal.com
<crimappTPA@myfloridalegal.com>; USDOJ Office of the Attorney General [Criminal Division] <PLEASE
CONSIDER THIS AS ANOTHER ADDENDUM TO MY HIGHLY DETAILED OFFICIAL CORRESPONDENCE OF JUL
6 2017 10:10 <criminal.division@usdoj.gov>; Bilal.Faruqui@myfloridalegal.com
<Bilal.Faruqui@myfloridalegal.com>; Daniel.Bell@myfloridalegal.com
<Daniel.Bell@myfloridalegal.com>; ComplexLitigation.eservice@myfloridalegal.com
<ComplexLitigation.eservice@myfloridalegal.com>; Henry.Whitaker@myfloridalegal.com
<Henry.Whitaker@myfloridalegal.com>; Anita.Patel@myfloridalegal.com

45

<Anita.Patel@myfloridalegal.com>; crimappTPA@myfloridalegal.com
<crimappTPA@myfloridalegal.com>; gzerman@hotmail.com <gzerman@hotmail.com>;
FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>; dhalpen@cl-law.com
<dhalpen@cl-law.com>; jstusek@cl-law.com <jstusek@cl-law.com>; rlancaster@cl-law.com
<rlancaster@cl-law.com>; hhujsa@cl-law.com <hhujsa@cl-law.com>; rtucker@cl-law.com <rtucker@cl-
law.com>; jschechter@cl-law.com <jschechter@cl-law.com>; culrich@cl-law.com <culrich@cl-law.com>;
dludgin@cl-law.com <dludgin@cl-law.com>; bmontalvo@cl-law.com <bmontalvo@cl-law.com>;
tbradley@cl-law.com <tbradley@cl-law.com>; rsherm@cl-law.com <rsherm@cl-law.com>; mkaelin@cl-
law.com <mkaelin@cl-law.com>; jpoklemba@cl-law.com <jpoklemba@cl-law.com>; adouglas@cl-
law.com <adouglas@cl-law.com>; whorowitz@cl-law.com <whorowitz@cl-law.com>; tmccann@cl-
law.com <tmccann@cl-law.com>; mcrawford@cl-law.com <mcrawford@cl-law.com>;
ccarneyrichman@cl-law.com <ccarneyrichman@cl-law.com>; dfurneaux@cl-law.com <dfurneaux@cl-
law.com>

**Subject:** Judge Krier responsible for Kunasek's SUICIDE, the wrong person died.

Kunasek stipulating to banishment from communication with the entire State
of florida early on, I told Kathleen Smith that this was illegal and
unconstitutional. First off, there are no terms of release in a sui generis
common law case - contempt. The speech banishment was made final and
permanent at final judgment. Criminally actionable to this day under the
continuing violation/offense doctrine. Suicide is a cowards way out for those
who can not take the punishment for their crimes like a man and own up to
the crimes.

STATE OF FLORIDA                          CASE NO.    17-MM-000815 JRA

vs.

SCOTT ALAN HUMINSKI

_____/

### STIPULATED MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

     **COMES NOW**, the Defendant, by and through the Office of the Public Defender, and the State Attorney and jointly stipulate that the Defendant's pretrial release conditions be modified, and states the following as grounds:

1. On June 29, 2017, Mr. Huminski was placed on pretrial supervision as part of indirect criminal contempt proceedings.
2. Mr. Huminski's conditions included (but were not limited to) no contact with the Lee County Sherriff's Office "except through their legal counsel, unless said contact is initiated by the Sheriff's Office, such as if SCOTT HUMINSKI is arrested or stopped for a traffic violation." Order on Arraignment, dated July 7, 2017.
3. The Lee County Sherriff's Office provides security for the Lee County Justice Center and is the default law enforcement agency in the City of Bonita Springs, where Mr. Huminski lives.
4. Mr. Huminski's conditions should be modified so that he shall not have any contact with the Lee County Sherriff's Office except through their legal counsel unless said contact:
   a. is initiated by the Sheriff's Office, such as if Mr. Huminski is arrested or stopped for a traffic violation;
   b. is made in the process of attending and participating in court dates for his criminal case; or
   c. is necessary to report a crime or other emergency normally referred to the Lee County Sherriff's Office.

DATED this 20th day of September, 2017.

STEPHEN B. RUSSELL                        KATHLEEN A. SMITH
State Attorney                            Public Defender

Anthony W. Kunasek                        Kevin John Saylo
Assistant State Attorney                  Assistant Public Defender


Here is where Krier, Kunasek and the Public pretender were discussing the forgery, pre-forgery. Even Kunasek admitted alleged contempt in a civil case does not get transferred to County Court. Kunasek does mention contempt arising in a "DR" case, contrarily, Huminski v. Town of Gilbert was a "CA" case, straight civil case. Krier admits here that somebody had to ask a clerk to forge the County Court order. Mr. Kunasek's fun and games.

22      Are they gonna assign another case number to

23      this case?  I don't know how they're gonna do

24      that.

25          MR. KUNASEK:  My experience with orders to

---

---

                                                            6

1       show cause in DR court, Your Honor, has led me to

2       believe that that normally does not happen.

3       We'll just stay under this case number.

4           MR. SARLO:  The case number that's on the

5       order is a civil case number.

6           THE COURT:  Right because that's the only

7       case number I have.

8              MR. SARLO:  The clerk very well may ask us --

9          THE COURT:  I know in Collier County, because

10     I've done a couple of these proceedings in

11     Collier, they do open a new file.  So, if you

12     want that to happen, I would think that

13     somebody's gotta ask -- ask the Clerk to do that.

14          Okay.  So, let's see.  Middle of August is

15     okay for everybody?

16          MR. KUNASEK:  Yes, Your Honor.

17          THE DEFENDANT:  No.

18          THE COURT:  Could we do it at --

19          THE DEFENDANT:  This case has been removed to

20     bankruptcy court, so I'm not good with that.

21          THE COURT:  Pardon me?

22          THE DEFENDANT:  This case has been removed to

23     bankruptcy court --

24          THE COURT:  This case hasn't been removed to

25     any place, Mr. Huminski.

7
1          THE DEFENDANT:  Under bankruptcy rule 9027 --

2          THE COURT:  Mr. Huminski, A, you're not a

3      lawyer and, B, this case doesn't get removed to

4      bankruptcy court.  That's not how the law works.

5      Okay.  You need to --

23          THE COURT:   Yeah, 17-CA-421.

24          And, also, Madame Clerk, would you please

25     check with the clerk's office because, again, in

---

eFiled Lee County Clerk of Courts Page 22                    Page

---

                                                              23

1      Collier, they give -- they set up a new file.

2      It's a little bit difficult to have a civil -- a

3      criminal proceeding in a civil case.  So, if you

4      could check with somebody about that, maybe we

5      can get that straightened out, too.

6          THE DEFENDANT:   Your Honor, I'd like

7    permission to forward the rules of the bankruptcy

8    court to my attorney, so he can forward them to

9    you concerning the removal.

10        THE COURT:  I'm not a bankruptcy court judge,

11    so if your attorney thinks that that should be

12    done in this case, well, I'm certain he can --

13        THE DEFENDANT:  It's a federal court, so it

14    has jurisdiction everywhere.

15        THE COURT:  Again, sir, this is not a

16    bankruptcy court.  You can forward them to your

17    attorney and your attorney can decide whether or

18    not to forward them to me.

Yes, Crazy Krier, you are not a federal court,
but, federal courts implementing federal law is
the "Law of the Land" under the Supremacy
Clause.  Removal ends your ignorant vendetta
in the
"Wisdom" from the legal idiot Krier.  This isn't
incompetence, it is mental disease.  Federal
removal is a self-executing procedure
equivalent to a federal court order.  This is
indirect criminal contempt of the federal courts
and congress.

Yes, Kunasek was right, contempt doesn't get transferred to a lower court.  So why did he go ahead and engage in forging a County Court order to evade federal jurisdiction of the U.S. District Court (Bankruptcy Unit).  Notice the statute involved in the charges and then the content of the statute.  Lee County Court had no [exercise of their] "Civil Jurisdiction". F.S. 900.04  There was no County Court Civil case.  Thus, "no exercise of its civil jurisdiction".  Courthouse crime on top of crime by the State criminal justice system. I wouldn't be surprised if there are a dozen courthouse criminals involved in this corrupt courthouse enterprise intending to shake down costs, fees and fines from the innocent.  A RICO violation. A pot pourri of courthouse criminals all working together to obtain a corrupt goal.



17-MM-000815 : State of Florida vs Huminski, Scott A

| Case Type: | Misdemeanor | Date Filed: | 06/30/2017 |
| Location: | County Criminal | UCN: | 362017MM000815000A |
| Judge: | James R Adams | Status: | Closed |
| Citation Number: | Misdemeanor | Appear By Date: | |

### Parties

| Name | DOB | Type | Attorney | Atty Phone |
|------|-----|------|----------|-----------|
| State of Florida | | Plaintiff | Anthony Kunasek | 239-533-100 |
| Scott Huminski | 12/01/1959 | Defendant | | |

### Charge Details

| Offense Date | Charge | Plea | Arrest Disposition |
|--------------|--------|------|--------------------|
| 06/05/2017 | 1. CONTEMPT OF COURT CIRCUIT OR COUNTY Statute: 900.04 No Charge - No Level | 3/16/2018 Pled Not Guilty | 3/16/2018 Non Jury Trial Adjudicated Guilty |

Ok, FS 900.04 below. Not defining contempt as a misdemeanor. Who entered the false information on the docket above to justify a criminal misdemeanor prosecution. Another courthouse criminal.

Title XLVII                     Chapter 900          View Entire Chapter
CRIMINAL PROCEDURE AND CORRECTIONS  GENERAL PROVISIONS

900.04    Contempts.—Said courts, in the exercise of their criminal jurisdiction may punish for contempts as in the exercise of their civil jurisdiction, and the county courts shall possess, in this respect, the same powers as the circuit courts.

History.—FS 2794; GS 3844; RGS 5939; CGL 8205; s. 3, ch. 70-339; s. 34, ch. 73-334.
Note.—Former s. 932.03.

Krier is the gift that keeps giving.  Here is
Kunasek informing the judge to have a little
highly illegal fun with the case.  Thank
heavens Kunasek is not practicing law.  He
was dangerous and an enabler of criminal
judicial conduct.

```
10          THE COURT:  Okay.  We're here on an order to
11    show cause.  This is essentially an arraignment
12    proceeding today.  So, I think the things that we
13    have to do today are set court dates for various
14    proceedings, as well as address issues of bond
15    and/or pretrial release, am I correct?
16          MR. SARLO:  Yes, Judge.
17          THE COURT:  Okay.  So, first thing is bond
18    and/or pretrial release.  Any arguments from
19    anybody?
20          MR. KUNASEK:  Judge, the State will defer to
21    the Court with respect to that.  I know there was
22    an issue with serving him with the initial order
23    to show cause.  So, his availability may be an
24    issue and the Court's well aware of that more
25    than I am, so I will defer to the Court with
```

Here is Krier setting forth imaginary law from
an imaginary statute.  Delusional.  Her mental
disease is on full display in this complete
detachment from reality.

54

2           THE COURT:  My understanding is these

3     proceedings there's two different ways that the

4     State can proceed, one is with a -- a maximum of,

5     I think, 59 days in jail count, which means

6     there's no jury trial and then the second option

7     is for the State to proceed as a second degree

8     misdemeanor, I guess, with a maximum of just

9     under six months in jail, which requires a jury

10    trial.  Does the State know how it's gonna be

11    proceeding with this?

12         Haven't decided yet?  Okay.  Well, at some

13    point I'm gonna need a decision.  We can probably

14    address that at case management.  I mean, despite

15    the fact that I prepared and signed the order to

16    show cause I can't prosecute a case, so it's the

17    State that's gotta prosecute the case.  So, you

18    guys can just tell me at case management if

Kathleen Smith, PD going along with the criminal conduct.  Setting a trial in a case that has been removed to federal court.  Also a moron.

7       THE COURT:   Okay.   Do you want to wait and

8    set the trial at that time?

9        MR. SARLO:   Yes, Your Honor.

10       THE COURT:   Okay.   And, then, I'm assuming,

11   also, if you have any motions that you want to

12   file, that you can just file those and then just

13   call my office for a time.

14       You're probably gonna need to call the office

15   because my regular JAC system is, you know, I'm

16   generally in the sill (phonetic spelling)

17   division.   I think it might be weirder for you to

18   try to get on my regular motion calendar.   So, if

19   you have motions that need to be addressed by the

20   Court, then you can just call my office and get

21   hearing time.   Okay.

# Kunasek going along with lunatic Krier

|                                    |

56

24          THE COURT:   Okay.   Now, I have to consider

25     issues of bond and/or pretrial release.   I have a

10

1     couple of concerns.   Now, first of all, let me

2     just review with you what my understanding of the

3     law is, which is if I set a bond then I don't get

4     to set any terms of pretrial release.   If I set a

5     pretrial release and I set terms, then I don't

6     get to set a bond, unless, of course, he violates

7     his terms.   Is that accurate?

8          MR. KUNASEK:   That's how I understand it.

9          THE COURT:   Okay.

Kathleen Smith going along with the illegal
antics.  No Mr. Sarlo, there is no pre-trial
release related to F.S. 900.04, it is not a
statutory misdemeanor nor felony.  Another
member of the courthouse crime cartel.

# EXHIBIT "E"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**EQUALITY FLORIDA, et al.,**

    **Plaintiffs,**

**v.**                                  **Case No. 4:22-cv-134-AW-MJF**

**RONALD DESANTIS, et al.,**

    **Defendants.**

_____/

## ORDER STRIKING PRO SE MOTION FOR INJUNCTION

Pro se nonparty Scott Huminski has filed several papers in this action. He now seeks an injunction pending appeal. But he is not a party to this action, and his motion for injunction (ECF No. 84) is STRICKEN as unauthorized.

SO ORDERED on July 20, 2022.

                         _s/ Allen Winsor_____
                         United States District Judge

# EXHIBIT "F"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**EQUALITY FLORIDA, et al.,**

    **Plaintiffs,**

v.                                                                    **Case No. 4:22-cv-134-AW-MJF**

**RONALD DESANTIS, et al.,**

    **Defendants.**

_____/

## ORDER DENYING MOTION TO INTERVENE

Scott Huminski has filed a pro se motion to intervene, ECF No. 17, which this order denies.

Huminski has not shown he is entitled to intervention as of right because he has shown no "direct, substantial, legally protectable interest in the proceeding." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (cleaned up). He does not seek to challenge the law Plaintiffs challenge; he seeks only to address unrelated complaints about what he views as the State's unfair treatment of him, including through his criminal cases.

Huminski has not shown any basis for permissive intervention either. He has not shown that his claim "and the main action have a question of law or fact in common." *Id.* And even if the court had discretion to allow his intervention, I would not do so. A pro se plaintiff's assertion of unrelated claims would only complicate

1

Case 4:22-cv-00134-AW-MJF Document 46 Filed 05/23/22 Page 2 of 2
Case 4:22-cv-00302-RH-MAF Document 26 Filed 06/31/22 Page 189 of 192
USCA11 Case: 22-12392    Date Filed: 07/25/2022    Page: 184 of 186

and delay this proceeding. Huminski's motion for a temporary restraining order against the State of Florida (a nonparty) only illustrates this point.

The motion to intervene (ECF No. 17) is DENIED. The motion for a Temporary Restraining Order, ECF No. 17-1, and the "Clarification of a Motion for Temporary Restraining Order," ECF No. 21, are STRICKEN as improperly filed.

SO ORDERED on May 23, 2022.

*s/ Allen Winsor*
United States District Judge

# EXHIBIT "G"

Case 4:22-cv-00134-AW-MJF Document 80 Filed 07/12/22 Page 1 of 1
Case 4:22-cv-00134-AW-MJF Document 86 Filed 07/14/22 Page 191 of 192
USCA11 Case: 22-12392    Date Filed: 07/25/2022    Page: 186 of 186

### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**EQUALITY FLORIDA, et al.,**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　**Case No. 4:22-cv-134-AW-MJF**

**RONALD DESANTIS, et al.,**

    **Defendants.**

_____/

### ORDER DENYING MOTION TO INTERVENE

I earlier denied Scott Huminski's motion to intervene. ECF No. 46. Huminski

now moves for reconsideration, requesting for various forms of relief. ECF No. 53.

Because Huminski shows no entitlement to relief, his motion (ECF No. 53) is

DENIED.

SO ORDERED on July 12, 2022.

　　　　　　　　　　　　　　_s/ Allen Winsor_____
　　　　　　　　　　　　　　United States District Judge

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED



**PRIORITY® MAIL**

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

From
Hernndz. POB 353820

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

Palm Coast FL
32135

**TRACKED ■ INSURED**

To schedule free Package Pickup,
scan the QR code.



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

FROM:

P

U.S. POSTAGE
$8.95
PM
32137 0004
Date of sale
08/29/22 ✕
06      25.0
11487516

**PRIORITY MAIL®**

U.S. District
Court                           0004

EXPECTED DELIVERY DAY: 09/02/22

SHIP
TO:
401 SE 1ST AVE
STE 307
GAINESVILLE FL 32601-6896          C001

**USPS TRACKING® NUMBER**

9505 5066 9811 2241 5386 99