IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

        Plaintiff,

v.

RON DESANTIS, individually and in his official capacity as Governor of the State of Florida,

        Defendant.

Case No. 4:22-cv-302-RH-MAF

_____

**PLAINTIFF'S RESPONSE TO AMICI CURIAE**

Plaintiff Andrew Warren respectfully responds to the amicus brief by the Florida Sheriffs Association ("Sheriffs").[1]

## I. The Court should disregard the Sheriffs' duplicative arguments.

Courts welcome an amicus brief "when the amicus has unique information or perspective." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). But courts generally disregard an amicus brief that merely "duplicate[s] the arguments made in the litigants' briefs." *Florida v. U.S. Dep't of Health & Human Servs.*, No. 3:10-cv-91, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010) (quoting *Ryan*, 125 F.3d at 1063).

Here, the Sheriffs offer neither unique information nor a unique perspective. They duplicate DeSantis's arguments on the First Amendment issue. *Compare* DE38-1 at 10–13, *with* DE30 at 9–18. And they do so on the quo warranto issue. *Compare* DE38-1 at 13–18, *with* DE30 at 20–28. The Court therefore should give these arguments little or no regard. *See In re Halo Wireless*, 684 F.3d at 596 (striking an amicus brief for providing "no [new] information or arguments").

---

[1] Three other briefs support Warren. *First*, numerous prosecutors, jurists, and law-enforcement officials assert that DeSantis's Executive Order contravened prosecutorial discretion because prosecutors are "ethically bound" to decide "where and how limited resources are best expended, what cases merit entry into the justice system, and what charges and penalties to seek when a case does warrant criminal prosecution." [DE14-1 at 8–9] *Second*, various legal scholars explain that the Order defied "professional standards of conduct" for prosecutors, "usurp[ed] the will and power of the electorate, and eviscerate[d] the carefully crafted separation of powers erected in the Florida Constitution." [DE22-1 at 19] *And third*, "members of Florida's 1997-1998 Constitution Revision Commission and state constitutional law scholars" observe that DeSantis's grounds for suspending Warren "find[] no support in the long history of judicial examination of these grounds." [DE24-1 at 6, 12]

1

## II. The Sheriffs' First Amendment argument (like DeSantis's) fails because it applies the wrong cases while ignoring *Wilson* and *Bond* entirely.

If the Court considers the merits of the Sheriffs' brief, its arguments fail. As Warren establishes, DeSantis's Order—motivated by Warren's political views and statements—violates the First Amendment because "[t]he manifest function of the First Amendment in a representative government requires that [elected officials] be given the widest latitude to express their views on issues of policy." *Bond v. Floyd*, 385 U.S. 116, 135–36 (1966). [*See* DE1 ¶¶ 1–2, 78–104; DE3-1 at 7, 9–17]

The Sheriffs (like DeSantis) argue (at 10) that Warren's speech is not protected, based on *Garcetti v. Ceballos*, 547 U.S. 410 (2006), because he "spoke in his capacity as the State Attorney." But *Garcetti* does not apply to elected officials like Warren, as he explains. [*See* DE46 at 4–8] Instead, *Bond*, *Wood v. Georgia*, 370 U.S. 375 (1962), and *Houston Community College System v. Wilson*, 142 S.Ct. 1253 (2022), apply and prohibit "exclu[ding]" an elected official "from office" for "speak[ing] freely on questions of government policy." *Wilson*, 142 S.Ct. at 1261 & 1263. Multiple federal circuit courts have agreed. [*See* DE46 at 6 (collecting cases)]

Despite Warren discussing *Bond* and *Wilson* in the first two paragraphs of the first two pages of his Complaint, the Sheriffs fail to discuss or even cite these cases. Nor do the Sheriffs cite the Fifth, Ninth, or Tenth Circuit opinions agreeing with Warren and disagreeing with the Sheriffs (and DeSantis). Simply put, the Sheriffs apply the wrong law and ignore the cases that should guide this Court's analysis.[2]

---

[2] The Sheriffs also suggest (at 10–11) that Warren "relies" solely on *Wood*. The first two paragraphs of his Complaint, though, prove otherwise.

Finally, the Sheriffs contend (at 12) that "*Garcetti* cannot be materially distinguished from th[is] case." Not true. *Garcetti* neither involved "an elected official" nor "implicate[d] the franchise of his constituents." *Wilson*, 142 S.Ct. at 1263. And DeSantis, of course, is neither Warren's "manager[]" nor "employer," as the Sheriffs claim (at 10–12) and as Warren explains elsewhere. [*See* DE46 at 7]

### III. The Sheriffs misread the policies that require case-by-case assessments.

Nor do the Sheriffs undercut Warren's quo warranto claim. As he establishes, DeSantis unlawfully suspended Warren simply for expressing his political views and issuing charging guidelines for prosecutors. [DE1 ¶¶ 106–31; DE3-1 at 17–28][3]

The Sheriffs criticize Warren's policies, objecting (at 6) that "[s]heriffs anticipate that arrests by their deputies will be reviewed on a case-by-case basis and the state attorney will exercise prosecutorial discretion." But, by their plain text, Warren's polices do precisely that, as he already explains. [*See* DE3-1 at 23–28; DE46 at 14–17] These policies also do not set "a prosecutorial edict disqualifying categories of crimes from prosecution," as the Sheriffs claim (at 7). Rather, the policies require prosecutors to consider "the facts and circumstances of the case" and authorize charges when justified by, for example, "significant public safety concerns." [DE1-4 at 3; DE1-3 at 2] Thus, contrary to the Sheriffs' assertion (at 15),

---

[3] In his papers, Warren also shows that various Florida sheriffs have criticized certain criminal laws and even declined to enforce those laws, without repercussion. [DE3-1 at 16] One example involved Sheriff Dennis Lemma of Seminole County—the chair of the Sheriffs' board—who declared that he "wouldn't" enforce a gun-control law if passed. [*See id.* (citation omitted)] But the Sheriffs do not address how Sheriff Lemma's statements can be reconciled with their criticism of Warren.

3

Warren's policies are not "[a]kin to" the blanket policies at issue in *Ayala v. Scott*, 224 So.3d 755 (Fla. 2017), as Warren already explains elsewhere. [*See* DE46 at 15][4]

## Conclusion

The Court should disregard the Sheriffs' arguments. They duplicate DeSantis's own and are otherwise refuted by Warren's papers.

---

[4] The Sheriffs also criticize Warren's policies based either on "[a]ssuming" certain evidence exists or on evidence not in the record. [*See, e.g.*, DE38-1 at 8 (claiming that one of Warren's policies "does not lessen crimes" and "encourages lawlessness"); *id.* (claiming that, based on these policies, "drug dealers will be inclined to use these means [i.e., "pedestrians and bicycle[s]"] to carry out their trade")] Because none of this evidence is in the record—indeed, DeSantis never introduced any evidence whatsoever—this Court should disregard this non-existent evidence. Nor, in any event, would it be relevant or material to Warren's claims.

4

Dated: September 14, 2022

PERKINS COIE LLP

By: */s/ Matthew R. Koerner*

Jean-Jacques Cabou (AZ #022835)*
Alexis E. Danneman (AZ #030478)*
Matthew R. Koerner (AZ #035018)*
Margo R. Casselman (AZ #034963)*
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
JCabou@perkinscoie.com
ADanneman@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com
602.351.8000

*\*Pro Hac Vice*

**AND**

David B. Singer
Florida Bar No. 72823
Matthew T. Newton
Florida Bar No. 111679
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
dsinger@shumaker.com
mnewton@shumaker.com

**ATTORNEYS FOR PLAINTIFF**

**LOCAL RULE 7.1(F) CERTIFICATE OF COMPLIANCE**

I certify that this Response to Amici Curiae contains 1,064 words, with such word count incorporating all portions of this document subject to the word limitations imposed under Local Rule 7.1(F).

*/s/ Matthew R. Koerner*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF System for filing.

<em>/s/ Stephanie Lawson</em>