IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

        Plaintiff,

v.

RON DESANTIS, individually and in his official capacity as Governor of the State of Florida,

        Defendant.

_____

Case No. 4:22-cv-302-RH-MAF

**JOINT RULE 26(f) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order (Docket Entry ("DE") 56), Plaintiff Andrew Warren and Defendant Ron DeSantis respectfully submit this Joint Rule 26(f) Report.

1.   **Rule 26(f) Conference**

The parties conferred by telephone and video conference under Fed. R. Civ. P. 26(f) on September 23, 2022 and agreed to this report on September 27, 2022. David Singer, Jean-Jacques Cabou, and Alexis Danneman participated in the conference for Plaintiff, and Henry Whitaker, James Percival, Jeffrey DeSousa, Jeff Aaron, and George Levesque participated for Defendant.

2.   **Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983 and 1988. Plaintiff's position is the Court has jurisdiction under 28 U.S.C. § 1343(a)(3) and 1357.  Defendant's position is that the Complaint does not contain allegations that support jurisdiction under those statutes.  This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201. Plaintiff's position is that the Court has jurisdiction to grant injunctive relief under 28 U.S.C. § 2202. Defendant's position is that § 2202 is not jurisdictional and that the Court lacks authority to order the injunctive relief Plaintiff seeks in any event. Plaintiff believes the Court has jurisdiction to grant attorneys' fees under 42 U.S.C. § 1988(b). Defendant's position is that § 1988(b) is not jurisdictional and that an award of attorney's fees in this litigation is inappropriate in any event. The parties agree that this action arises under the Constitution and laws of the United States.

3. **Summary of Proposed Deadlines**

| DEADLINE OR EVENT | PLAINTIFF'S PROPOSAL | DEFENDANT'S PROPOSAL |
|---|---|---|
| Mandatory Initial Disclosures | October 3, 2022 ||
| Deadline for Plaintiff to Amend Pleadings and Join Parties | October 3, 2022 ||
| Deadline for Defendant to Answer Complaint | October 3, 2022 ||
| Deadline for Defendant to Amend Pleadings and Join Parties | October 10, 2022 ||
| Fact discovery deadline | October 14, 2022 (Assuming 10/24/22 trial)[1] | November 14, 2022 (Assuming 12/5/22 trial) |
| Expert discovery deadline | N/A ||
| Dispositive motions | N/A[2] | November 16, 2022 |
| Oppositions to Dispositive Motions | 14 days to respond, if the Court permits dispositive motions | November 23, 2022 |
| Replies in Support of Dispositive Motions | N/A | November 28, 2022 |
| Pretrial Disclosures (exhibit lists, witness lists) | October 17, 2022 | November 21, 2022 |

---

[1]   Plaintiff proposes that in the event of a December 5, 2022 trial, discovery should be completed by October 24, 2022.

[2]   Plaintiff does not believe dispositive motions are appropriate, as explained below. Plaintiff reserves the right to file a dispositive motion if the Court permits such motions.

3

| DEADLINE OR EVENT | PLAINTIFF'S PROPOSAL | DEFENDANT'S PROPOSAL |
|---|---|---|
| Motion for Protective Order regarding Deposition of Defendant | N/A | October 10, 2022 |
| Opposition to Motion for Protective Order | N/A | October 17, 2022 |
| Reply in Support of Motion for Protective Order | N/A | October 20, 2022 |
| Objections to Witness and Exhibit Lists | October 19, 2022 | November 28, 2022 |
| Motions in Limine | October 21, 2022 | November 28, 2022 |
| Final pretrial conference | TBD by Court | |
| Pretrial briefs | TBD by Court | |
| Trial term begins | October 24, 2022 | December 5, 2022 |
| Estimated length of trial | 4-5 days | |
| Jury/Non-Jury | Non-Jury | |
| Mediation | None proposed | |
| Consent to proceed before magistrate judge | No | |

4. **Initial Disclosures**

The parties agree to exchange Rule 26(a)(1) information by October 3, 2022. The parties do not propose any changes in the timing, form, or requirement for disclosures under Rule 26(a)(1).

5. **Discovery Plan**

   a. **Subject Matter**

The parties propose the following discovery plan. Discovery will be needed on the following subjects.

Plaintiff intends to take discovery regarding: Defendant's suspension of Plaintiff from his elected role as State Attorney; the event at which the suspension was announced, and subsequent public statements made about the suspension by Defendant and those allied with Defendant; Defendant's reasons and pretext for suspending Plaintiff; and Defendant's appointment of a replacement for Plaintiff.

Defendant intends to take discovery regarding Plaintiff's development, execution, and implementation of policy statements and non-prosecution policies, as well as any evidence relevant to whether the Governor was entitled to suspend Plaintiff regardless of protected activity. Defendant disagrees with Plaintiff's position in opposition to Defendant's proposed basis and scope of discovery, but believes that the issue is properly litigated in the context of a specific discovery request.

Plaintiff's position is that much if not all of Defendant's proposed discovery is irrelevant to Defendant's defenses, unduly burdensome, and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff intends to object to

discovery of facts not known to Defendant on or before August 4, 2022 and not within the four corners of the executive order, as such information would not be relevant or probative of "whether the [defendant] [can show] by a preponderance of the evidence that [he] would have reached the same decision [to suspend Mr. Warren from office] even in the absence of the protected conduct." *Mt. Healthy School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977).

      **b.**     **Electronically Stored Information**

Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

The parties agree to discuss and seek agreement on protocols with respect to the identification, review, and production of electronically stored information ESI. ESI shall be produced, on a rolling basis, in an electronic format to be agreed upon by the parties. The parties have agreed to negotiate in good faith on the following issues:

- The need to produce various forms of ESI;
- Limitation on production of ESI, for example, on the basis of search terms to be agreed upon by the parties;
- Scheduled timing for updating the production of ESI during the course of litigation;
- The format of document production; and
- Defining the scope of production of ESI that is "not reasonably accessible because of undue burden or cost," including without limitation the

identification of such information, and procedures to compel production of such information, including cost allocation.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

### c.    Discovery Deadline and Proposed Trial Dates

The parties are presently unable to agree on a proposed trial date; this disagreement impacts certain of the proposed deadlines below and in the summary chart above.

As stated in Court on September 19, 2022, Plaintiff believes that with efficient discovery, the matter can proceed to trial on October 24, 2022.[3] Defendant has proposed a trial date of December 5, 2022.[4] Defendant's position is that a significant

---

[3]    Plaintiff's counsel are unavailable for trial the weeks of November 7 and November 14.
[4]    Defendant's counsel are unavailable for trial the week of October 31 and the week of December 12.

amount of discovery must be conducted in a short time frame, even under pared-down discovery procedures. Also, issues of executive privilege and the apex doctrine that must also be addressed based upon the Plaintiff's stated intent to depose Defendant. Additionally, the State is under a state of emergency, with Hurricane Ian forecast to make landfall in Florida between Tampa and Tallahassee later this week. This impacts the availability of Defendant and Defendant's staff and counsel in the near term and after the storm has passed and complicates their ability to respond to anticipated discovery requests and to prepare for trial on expedited timelines. Given these issues, a December trial date is still ambitious but would permit the parties to prepare the matter for trial in a more orderly fashion.

Assuming a trial date of October 24, 2022, Plaintiff proposes that the last date to complete all fact discovery is October 14, 2022.

Assuming a trial date of December 5, 2022, Defendant proposes that the last date to complete all fact discovery is November 14, 2022. Plaintiff proposes that in the event of a December 5, 2022 trial, discovery should be completed by October 24, 2022.

      **d.**    **Interrogatories**

The parties agree that each side is entitled to 15 interrogatories.

      **e.**    **Requests for Admission**

The parties agree that each side is entitled to 20 requests for admission.

      **f.**    **Requests for Production**

The parties agree that each side is entitled to 10 requests for production.

  g. **Depositions**

  **Plaintiff's Position:**  Plaintiff's position is that in addition to the depositions of the parties, each side should be permitted to take no more than 8 other depositions.[5] Plaintiff further believes that a time limit shorter than the presumptive limit is appropriate for all depositions, including the deposition of the Plaintiff and the deposition of the Defendant.

  **Defendant's Position:**  Defendant's position is that, consistent with Rule 30(a)(2)(A)(i), each side should be permitted to take no more than 10 depositions, regardless of party status.  Defendant intends to assert the apex doctrine and executive/deliberative process privileges. Defendant does not believe a shorter limit than the presumptive, 7-hour limit set forth in Rule 30(d)(1) is appropriate for any depositions.

  h. **Expedited Time to Respond to Discovery**

  The parties agree that all discovery requests should be answered within 14 days after service, which shall be accomplished by email.

  i. **Experts**

  The parties agree that no Rule 26(a)(2) witness may testify, unless otherwise agreed by the parties.

  **6.** **Other Items Discussed at the Joint Meeting**

  The parties discussed certain other matters during their joint meeting about which they wish to advise the court:

---

[5] Plaintiff would agree to five depositions per side if the matter is set for trial on October 24, 2022.

  a. **Deadline to Amend Pleadings:** The deadline for Plaintiff to amend the pleadings and join parties is October 3, 2022. The deadline for Defendant to amend the pleadings and join parties is October 10, 2022.

  b. **Dispositive Motions:**

   **Plaintiff's Position:** Plaintiff does not believe dispositive motions are appropriate, given that the Court has ordered the matter to trial on an expedited basis in order to ensure a ruling on a more complete factual record. Should the Court permit such motions to be filed, Plaintiff reserves the right to do so.

   **Defendant's Position:** Defendant reserves the right to file a dispositive motion and proposes the following briefing schedule: Defendant's dispositive motion is due by November 16, 2022; Plaintiff's response to the motion is due by November 23; and Defendant's reply to Plaintiff's response is due by November 28.[6]

  c. **Answer Deadline:** The parties agree that Defendant's Answer is due by October 3, 2022.

  d. **Pretrial Disclosure Deadline:** Plaintiff's position is that Rule 26(a)(3)(A) pretrial disclosures should be filed by October 17,

---

[6] Plaintiff objects to any schedule that would have it respond to a dispositive motion within 7 days of that motion being filed. Plaintiff proposes 14 days to respond.

10

2022, and Rule 26(a)(3)(B) objections should be filed by October 19, 2022. Defendant's position is that Rule 26(a)(3) disclosures of exhibits, witnesses, and deposition designations before any depositions have been conducted, before any documents have been produced, and on the same day that initial disclosures are due, is premature. Defendant proposes that the parties file Rule 26(a)(3)(A) disclosures by November 21 and Rule 26(a)(3)(B) disclosures by November 28.

e. **Trial Length:** The parties presently believe a bench trial of this matter will take 4-5 days.

f. **Pretrial Conference:** The parties request a date consistent with the trial date set by the Court.

g. **Scope of Discovery:** During the joint meeting the parties identified certain areas of disagreement already evident to them and for which the Court's assistance will be necessary to resolve. In summary those issues already identified are:

Defendant stated a view of relevant discovery, including discovery into Plaintiff's development, execution, and implementation of policy statements and non-prosecution policies and what was intended by such policy statements and non-prosecution policies, as well as any evidence relevant to whether the Governor was entitled to suspend Plaintiff regardless of protected activity.

Plaintiff sees the relevant discovery as focused on the suspension and the events and motivations surrounding the suspension as stated in Section 5A above.

Plaintiff's position is that much if not all of Defendant's proposed discovery is irrelevant to Defendant's defenses, unduly burdensome, and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff intends to object to discovery of facts not known to Defendant on or before August 4, 2022 and not within the four corners of the executive order, as such information would not be relevant or probative of "whether the [defendant] [can show] by a preponderance of the evidence that [he] would have reached the same decision [to suspend Mr. Warren from office] even in the absence of the protected conduct." *Mt. Healthy School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977).

Plaintiff expects to depose Defendant.

Defendant will assert the apex doctrine and executive/deliberative process privileges in response to any attempt to compel Defendant's testimony; however, Defendant would be willing to produce a designated representative consistent with Federal Rules of Civil Procedure Rule 30(b)(6). Defendant proposes the following briefing schedule: Defendant's motion for protective order is due by October 10, 2022; Plaintiff's response to the motion is due by October 17; and Defendant's reply to Plaintiff's response is due by October 20.

      **h.**   **Motions:** The Parties' position is that expedited response times should be provided for motions in lieu of the 14-day deadline imposed under Local Rule 7.1(E). The Parties propose any response to a motion, other than a dispositive motion, should be filed within 7 days after service.

Given the dispute regarding the trial date and the other disputes already noted herein, the parties request a prompt meeting with the Court before a Scheduling Order is entered to discuss the resolution of deadlines on which the parties cannot agree and the establishment of an expedited procedure by which to resolve any further disputes that may arise in the course of discovery.

Dated: September 27, 2022

RESPECTFULLY SUBMITTED

| **PERKINS COIE LLP** | **GRAY ROBINSON, P.A.** |
|---|---|
| By: */s/ Jean-Jacques Cabou* | By: */s/ George T. Levesque* |
| Jean-Jacques Cabou (AZ #022835)*<br>Alexis E. Danneman (AZ #030478)*<br>Matthew R. Koerner (AZ #035018)*<br>Margo Casselman (AZ #034963)*<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012-2788<br>JCabou@perkinscoie.com<br>ADanneman@perkinscoie.com<br>MKoerner@perkinscoie.com<br>MCasselman@perkinscoie.com<br>602.351.8000<br><br>*Pro Hac Vice* | Jeff Aaron (FL #123473)<br>George T. Levesque (FL #555541)<br>301 South Bronough Street, Suite 600<br>Tallahassee, Florida 32302<br>George.levesque@gray-robinson.com<br>Jeff.Aaron@gray-robinson.com<br>850.577.9090<br><br>AND<br><br>Henry C. Whitaker (FL #1031175)<br>Jeffrey Paul DeSousa (FL #110951)<br>David Costello (FL #1004952)<br>James Percival (FL #1016188)<br>Natalie Christmas (FL #1019180)<br>Office of the Attorney General<br>The Capitol, PL-01<br>Tallahassee, Florida 32399<br>850.414.3300<br>Henry.whitaker@myfloridalegal.com |
| AND<br><br>David B. Singer (FL #72823)<br>Matthew T. Newton (FL #111679)<br>101 E. Kennedy Blvd., Suite 2800<br>Tampa, FL 33602<br>dsinger@shumaker.com<br>mnewton@shumaker.com<br><br>**ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF System for filing.

/s/  Jennifer McNamara