# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 28, 2022

Scott Huminski
PO BOX 353820
PALM COAST, FL 32135

Appeal Number:  22-13219-AA
Case Style:  Andrew H Warren v. Scott Huminski, et al
District Court Docket No:  4:22-cv-00302-RH-MAF

Please use the appeal number for all filings in this court.

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system,
unless exempted for good cause. Although not required, non-incarcerated pro se parties are
permitted to use the ECF system by registering for an account at www.pacer.gov. Information
and training materials related to electronic filing are available on the Court's website.

Briefing
Pursuant to 11th Cir. R. 31-1, the appellant's brief is due on or before November 7, 2022. The
appendix is due 7 days after the appellant's brief is filed. An incarcerated pro se party is not
required to file an appendix.

The appellee's brief is due within 30 days after the service of the last appellant's brief. The
appellant's reply brief, if any, is due within 21 days after the service of the last appellee's brief.
This is the only notice you will receive regarding the due date for briefs and appendices.

Please see FRAP 32(a) and the corresponding circuit rules for information on the form of briefs
and FRAP 32(b) and 11th Cir. Rules 30-1 and 30-2 for information on the form of appendices.

(In cross-appeals pursuant to Fed.R.App.P. 28.1(b), the party who first files a notice of appeal is
the appellant unless the parties otherwise agree.)

Certificate of Interested Persons and Corporate Disclosure Statement ("CIP")
Every motion, petition, brief, answer, response, and reply must contain a CIP. See FRAP 26.1;
11th Cir. R. 26.1-1. In addition:

- Appellants/Petitioners must file a CIP within 14 days after this letter's date.

- Appellees/Respondents/Intervenors/Other Parties <u>must</u> file a CIP within 28 days after this letter's date, regardless of whether Appellants/Petitioners have filed a CIP.
- Only parties represented by counsel must complete the web-based CIP. Counsel <u>must</u> complete the web-based CIP, through the <u>Web-Based CIP</u> link on the Court's website, on the same day the CIP is first filed.

The failure to comply with 11th Cir. Rules 26.1-1 through 26.1-4 may result in dismissal of the case or appeal under 11th Cir. R. 42-1(b), no action taken on deficient documents, or other sanctions on counsel, the party, or both. <u>See</u> 11th Cir. R. 26.1-5(c).

<u>Attorney Admissions</u>
Attorneys who wish to participate in this appeal must be properly admitted either to the bar of this court or for this particular proceeding, <u>See</u> 11th Cir. R. 46-1; 46-3; 46-4. In addition, all attorneys (except court-appointed attorneys) who wish to participate in this appeal must file an appearance form within fourteen (14) days after this letter's date. The <u>Application for Admission to the Bar</u> and <u>Appearance of Counsel Form</u> are available on the Court's website. **The clerk generally may not process filings from an attorney until that attorney files an appearance form.** <u>See</u> 11th Cir. R. 46-6(b).

Attorneys must file briefs electronically using the ECF system. Use of ECF does not modify the requirements of the circuit rules that counsel must also provide four (4) paper copies of a brief to the court, nor does it modify the requirements of the circuit rules for the filing of appendices in a particular case.

<u>Obligation to Notify Court of Change of Addresses</u>
Each pro se party and attorney has a continuing obligation to notify this court of any changes to the party's or attorney's addresses during the pendency of the case in which the party or attorney is participating. <u>See</u> 11th Cir. R. 25-7.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: T. L. Searcy, AA/tjs
Phone #: (404) 335-6180

DKT-7CIV Civil Early Briefing

In The

# United States District Court
# Northern District of
# Florida

| | | |
|---|---|---|
| ANDREW WARREN, | ) | Number: |
| PLAINTIFF, | ) | 4:22-cv-00302-RH-MAF |
| V. | ) | |
| RONALD DESANTIS, ET AL, | ) | |
| DEFENDANTS. | ) | |

### Notice of Appeal

NOW COMES, Scott Huminski ("Huminski"), and notifies that he hereby appeals to the United States Court of Appeals for the 11th Circuit from denial of intervention (Docket Entry # 9) in the order of 9/2/2022, served on 9/6/2022, (Docket Entry # 31) and from the decision of the Court not to docket or hear the Motion for Reconsideration / Rehearing dated 9/10/2022 requesting rehearing related to DE 31.

09/02/2022 | 31 | ORDER DENYING 9 & 12 MOTIONS TO INTERVENE. Mr. Huminski's motion for leave to intervene, ECF No. 9, is denied. His notice of appearance, ECF No. 25, and affidavit, ECF No. 26, are struck. Mr. LoRusso's amended complaint, ECF No. 12, is deemed a motion for leave to intervene. The motion is denied. The clerk must provide copies of this order to Mr. Huminski and Mr. LoRusso but not add them to the docket or provide them copies of further filings. Signed by JUDGE ROBERT L HINKLE on 09/02/2022. (rcb)**Copies of ECF 31 forwarded as directed to Mr LoRusso & Mr Huminski** Modified on 9/6/2022 (rcb). (Entered: 09/06/2022)

The order, DE 31, was mailed to Huminski on 9/6/2022 which was received by Huminski via the USPS on 9/10/2022.

Huminski also appeals from the Court Below's refusal to docket and hear the motion for reconsideration/rehearing authored and mailed to the Court on 9/10/2022 and received via the USPS by the Court on 9/14/2022 and never docketed. After the failure to docket, Huminski hand-delivered the 9/10/2022 motion for reconsideration/rehearing on 9/19/2022 and a true and correct copy of the file-stamped paper received by the District Court is attached hereto as Exhibit "A".

Attached hereto as Exhibit "B" is the file stamped copy of Huminski's notice of service and mailing to the Court (concerning the mailing and delivery of the motion to reconsider) hand delivered on 9/19/2022 to the District Court and never docketed after the paper was accepted and

1



date-stamped by the clerk.

Attached hereto as Exhibit "C" is a true and correct copy of the envelope that mailed the 9/2/2022 denial of intervention to Huminski with a mailing date of 9/6/2022.

Attached hereto as Exhibit "D" is a true and correct copy of the order denying intervention under appeal.

Huminski notes that pursuant to the order of 9/2/2022, Huminski is forbidden from filing this Notice of Appeal in stark contrast to the First Amendment, Due Process and Equal Protection as quoted below,

> "Mr. Huminski and Mr. LoRusso should file nothing further. This is not an open forum for submission of public comments."

Subsequently, the clerk below simply discarded the filings of Huminski. See Exhibit "A" and "B", hand-delivered, file stamped and then discarded by the District Court. The above quote is the unconstitutional language relied upon by the clerk of the Court Below regarding the refusal to file documents. It is a dubious proposition that this notice of appeal will be docketed given the prohibition on speech and redress of grievances adopted by the Court below. This use of a prior restraint concerning access to the Courts should be squarely reversed just as the use of trespass notices to restrict courthouse access was deemed unconstitutional in a prior Huminski court access case. See *Huminski v. Corsones*, 396 F.3d 53 (2d Cir. 2005).

**In addition to direct appeal,** Huminski seeks a writ of prohibition/mandamus regarding the District Court's prior restraint upon speech concerning Huminski's motion to reconsider (Exhibit "A") and Exhibit "B" and this paper. This paper will be hand-delivered to the District Court, whether it is docketed or just merely discarded is unknown. Huminski faces the risk that he may face contempt charges and incarceration for merely filing this notice of appeal or the two other papers that the clerk below refused to docket. The epitome of a "chilling" effect upon speech just as egregious as Governor DeSantis' conduct making permanent the lifetime speech prohibition in 2021-2022 that formed the basis for intervention set forth below,

Clerk to Update Case w/ Defendants Information Listed          COS Fees Due & Owing in the amount $ _____

Defense Motion for Mistrial - Denied ' Motion to Dismiss" Denied ' Any Future Filings Are to Be Under The Signature of ' A Licensed Attorney' In Communication with The Parties In The Civil or Criminal Case

Pre-Sentence Investigation/Sentencing _____          Full/Partial

If probation has not been imposed, you must pay your financial obligations within the time ...

2

Dated at Miami, Florida this 27th day of September, 2022.

-/S/-  Scott Huminski
_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_Huminski@live.com

<u>Certificate of Service</u>

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case.

Dated this 27th day of September, 2022.

-/s/- Scott Huminski
_____
Scott Huminski

# EXHIBIT "A"

In The

# United States District Court
# Northern District of
# Florida

| | | |
|---|---|---|
| ANDREW WARREN, | ) | Number: |
| PLAINTIFF, | ) | 4:22-cv-00302-RH-MAF |
| v. | ) | |
| RONALD DESANTIS, ET AL, | ) | |
| DEFENDANTS. | ) | |

### Motion for reconsideration/rehearing Re: Denial of intervention 9/2/2022

NOW COMES, Scott Huminski ("Huminski"), and moves for reconsideration/rehearing of the denial of intervention of September 2, 2022 for the reason that Huminski's facts are consistent with the torts alleged by the Plaintiff – First Amendment retaliation by the Governor. The Governor tortuously chose to make permanent the lifetime banishment of Huminski from communication with the entire State Government of Florida,

The Governor accomplished the outrageous lifetime silencing of Huminski in State Court litigation in 2021 and 2022 whereby Defendant DeSantis engaged in a course of conduct in 2 State Courts to see to it that the above speech prohibition would prejudice, injure and harm Huminski for the remainder of his life. First Amendment retaliation embodied in "No Communication with the Parites in the civil or criminal case [State of Florida]" could not be more egregious, over-broad and vague. It is wildly unconstitutional, yet, it was vigorously fought for by the Governor.

The Governor engaged in one count of First Amendment retaliation against Mr. Warren, in contrast, Huminki has been silenced for life and the retaliation continues into the future.

Huminski agrees that denial of the non-party's (Mr. LaRusso) Amended Complaint was

6

proper even construed as a Motion to Intervene because a tort attributed to the Governor is not mentioned in the paper. Court proceedings are not a sounding board. Huminski's tort allegations relate to the Governor's conduct in State Court proceedings (2021, 2022) that made a lifetime prohibition against Huminski's speech with the entire State Government of Florida permanent. The retaliation against the speech of Huminski by the Governor is a continuing tort that will prohibit speech in perpetuity and cause ongoing prejudice, injury and harm. The Governor proceeds with his policies with reckless indifference to the First Amendment rights of the citizens of Florida – Huminski. Mr. LaRusso's "Amended Complaint" fails to allege any injury.

The paper concurrently decided in the 9/2/2022 order is Mr. LaRusso's "Amended Complaint" that does not mention a tort of Defendant DeSantis once. Why the Court lumped Huminski's motion to intervene and memo of law proffering torts against the Governor in the same order is bewildering and defies logic and will make appellate review complex and also bewildering.

Further, the denial of intervention, fails to set forth a sufficient record for appeal with zero analysis of fact or law proffered by Huminski. It only speaks of the paper of Mr. LaRusso. The reasoning is quite clear with regard to the "Amended Complaint" of Mr. LaRusso.

Huminski notes the failure of any party to oppose intervention or allege prejudice is a significant factor concerning intervention in his favor. A fact not plead by Mr. LaRusso because he did not seek to intervene. A different legal standard and analysis is applicable.

The Court's addressing Huminski's intervention in the same paper and for the same reasoning as an "Amended Complaint" when the fact and law differ massively from the order denying a paper that does not request intervention, does not state a claim in common with that of the Plaintiff and has no relevance to the issues at Bar is puzzling. In contrast, Huminski alleges First Amendment retaliation similar to that of the Plaintiff, i.e. Huminski's banishment from communication with the entire State of Florida government for life in retaliation for core protected First Amendment expression. Mr. Warren's speech is also core protected political expression. The other so-called "intervenor" denied in the same order of 9/2/2022 does not request intervention nor does he allege any legal grounds for intervention.

Denying Mr. LaRusso's "Amended Complaint" with the same order as Huminski's intervention motion is without logic and the legal standard for analysis of an "Amended Complaint" versus a motion to intervene with adequate fact and legal argument is quite different. Further Mr. LaRusso's paper does not allege any claims or points of law in common with the Plaintiff. This is not the case in Huminski's First Amendment retaliation claims proffered and his

memo of law in support of intervention. The Court mistakenly mixed apples with oranges, Huminski v. Mr. LaRusso's papers and threw the baby out with the bathwater.

Concisely, the same order denying an "Amended Complaint" and a "Motion to Intervene" for the same factual and legal reasons defies logic when the facts are different and when Mr. LaRusso does not request intervention and states no legal grounds for intervention. There is no factual or legal similarities between the two papers denied on the same factual and legal grounds by the Court. The order of 9/2/2022 defies logic and should at least be clarified to allow a meaningful appeal pursuant to the fact and law proffered by Huminski, not Mr. LaRusso's wild assertions. The order appears to punish Huminski for the baseless wild filings of Mr. LaRusso.

American jurisprudence does not support a non-party filing of an Amended Complaint that never mentioned intervention nor listed a legal basis for the filing of an Amended Complaint nor intervention. Huminski sees no claims proffered by Mr. LaRusso that remotely resemble the claims of the Plaintiff, whereas, the First Amendment retaliation plead by Huminski is quite a good match to the First Amendment claims of Mr. Warren. Both the Plaintiff and Huminski cite torts by the Governor. Mr. LaRusso does not.

Mr. LaRusso states no claims related to the Governor. Quite to the contrary, Huminski asserted that the Governor engaged in State Court litigation in 2021 and 2022 seeking to silence Huminski's core protected political expression – for life. The Governor's conduct ensured that Huminski's lifetime speech prohibition with the entire State government of Florida would prejudice Huminski for life. A continuing tort and offense. Mr. LaRusso makes no such claims or any claims against the Governor. Mr. LaRusso only appears to disagree with the governance decisions of Mr. DeSantis in his "Amended Complaint".

The Governor zealously fought to protect and make permanent in 2021 and 2022 the Huminski perpetual speech prohibition with the entire government of Florida and attempted to breathe life into a patently void ab initio judgment achieved without jurisdiction over the parties or subject matter, a patently outrageous violation of rudimentary Due Process and Equal Protection,

Clerk to Update Case w/ Defendants Information Listed ___ COS Fees Due & Owing in the amount $ ___

Defense Motion for Mistrial: Denied ' Motion to Dismiss: Denied ' Any Future Filings Are To Be Under The Signature of A Licensed Attorney NL Communicating With The Parties In The Civil & Criminal Case

Pre-Sentence Investigation/Sentencing ___ Full/Partial

If probation has not been imposed you must pay your financial obligation within the time ...

The plaintiff in the criminal case was the State of Florida and the speech prohibition does not expire. Silencing dissent is the hallmark of a police state and a Governor's successful conduct of breathing life into a patently void ab initio judgment that contains a lifetime speech prohibition violates the Eighth Amendment and is a punishment for alleged future speech "crimes".

The "Amended Complaint" of Mr. LaRusso and Huminski's well supported and briefed Motion to Intervene share no similarities, do not seek the same relief and can not be decided with one paper that may address Mr. LaRusso's paper, but, fails to address the fact or law proffered by Huminski. Mr. LaRusso's paper claims other officials should be suspended by the Governor, conversely, Huminski pleads constitutional deprivations arising out of the conduct of the Governor. Mr. LaRusso's paper seeks no relief against the Governor nor does it allege a similar tort set forth in the Complaint. Huminski's paper strongly alleges First Amendment retaliation among other constitutional deprivations including Due Process (breathing life into a void ab initio judgment) and Equal Protection (lifetime speech prohibition secured by the Governor).

As of the date of this paper, Huminski has not received service of the order denying intervention and found out by viewing the docket online.

Attached hereto as Exhibit "A" is proof of mailing to the Court of this paper.

Attached hereto as Exhibit "B" is a copy of a Huminski recent publication, the type of speech the Governor seeks to silence. What the Governor sought to silence and retaliate against is clear, core protected political First Amendment expression,

https://cdn.muckrock.com › desantis_article  PDF   ⋮

## Gov. DeSantis: The New Nixon - MuckRock

Gov. **DeSantis: The New Nixon.** Is the Cover-up worse than the crime? How similar is Gov. Ron DeSantis' cover-up of the felony forgeries of Chief.
3 pages

**WHEREFORE,** the denial of intervention should be reconsidered/reheard with sufficient detail to allow a meaningful appeal including an analysis of fact and law which was lumped in with the nonsensical rantings of Mr. LaRusso in his "Amended Complaint" to allow meaningful appellate review. The two papers concurrently and simultaneously denied share no fact or law and the order was based upon virtually no analysis. The 2 papers should be heard separately, they request different relief. Reconsideration/rehearing is necessary. Obviously, the "Amended Complaint" of Mr. LaRusso should not survive. Huminski's plead fact and law present a much different scenario.

An Amended Complaint filed by a non-party suffers a dismissal/denial quite different than a properly supported Motion to Intervene which is held to a different legal and factual standard. Mr. LaRusso does not mention a tort of Defendant DeSantis once in his Amended Complaint nor does he complain of any actionable conduct of the Governor. Defendant DeSantis is the sole tortfeasor proffered by Huminski in his intervention motion. Torts similar, if not identical, to Mr. Warren's First Amendment claims. No party has opposed Huminski's intervention or alleged prejudice tipping the scales in Huminski's favor. See Generally Motion to Intervene and the legal basis for intervention therein.

Dated at Miami, Florida this 10th day of September, 2022.

-/S/-  Scott Huminski

_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_Huminski@live.com

Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case.

Dated this 10th day of September, 2022.

-/s/- Scott Huminski

_____

Scott Huminski

# EXHIBIT "A"



**UNITED STATES POSTAL SERVICE**

PALM COAST
2 PINE CONE DR
PALM COAST  FL 32137-9998
(800)275-8777

09/10/2022                                08:47 AM

---

Product              Qty    Unit    Price
                            Price

First-Class Mail®      1                  $1.68
Large Envelope
  Gainesville, FL  32601
  Weight: 2.20 oz
  Estimated Delivery Date
    Tue 09/13/2022
  Tracking #:
    9516 4066 9811 2253 5415 70
Insurance                                 $2.60
  Amount: $45.55
Total                                     $4.28

---

Grand Total:                              $4.28

---

Credit Card Remit                         $4.28
  Card Name: VISA
  Account #: XXXXXXXXXXXX8140
  Approval #: 010734
  Transaction #: 258
  Receipt #: 000258
  AID: A0000000031010
  AL: VISA CREDIT                         Chip
  PIN: Not Required



U.S. POSTAGE
$4.28
FCM LG ENV
32137 0029
Date of sale
09/10/22
06        2S
11487516

**USPS FIRST-CLASS MAIL ®**

U.S. District Court                      2.20 oz

                                           0029

SHIP
TO:
        401 SE FIRST AVE                  #307
        GAINESVILLE FL 32601

**USPS TRACKING® NUMBER**

9516 4066 9811 2253 5415 70

# EXHIBIT "B"

# Gov. DeSantis: The New Nixon

## Is the Cover-up worse than the crime?

How similar is Gov. Ron DeSantis' cover-up of the felony forgeries of Chief of Special Prosecutions (Fl 20th Judicial Circuit), Anthony Kunasek, Esq. to Watergate?

Kunasek committed suicide via a gunshot would to the head 30 days after his forgeries and DeSantis' cover-up of the forgery of several court orders was filed in federal court (in the "Don't Say Gay" lawsuit) and a day after the FBI requested an interview with Kunasek concerning his crimes.

<u>Florida prosecutor found dead</u>

First the facts.

In *Equality Florida v. DeSantis* (U.S.D.C. ND Florida, 4:22-CV-00134-AW-MJF) (the "Don't Say Gay" lawsuit) sworn court filings stand unopposed by DeSantis and Florida Attorney General Ashley Moody detailing Kunasek's forgery of a show cause order under the direction of State's Attorney Amira Fox.  Two judicial recusal orders are also on the record as forgeries, however, it is not clear if Kunasek or courthouse staff forged the 2 disqualification orders.

DeSantis and Florida Attorney General Ashley Moody took the opportunity to engage in a cover-up of the forgeries in the Florida 11th Judicial Circuit (Miami) and the Florida 3rd District Court of Appeal (Miami) in 2021-2022 attempting to see to it that the crimes never saw the light of day. The Florida State Republican appointed judiciary cooperated leading to the matter being proffered in the federal courts in the *Don't Say Gay* lawsuit.

<u>First filing in USDC Northern District of Florida</u>

<u>USDC Motion for injunction against DeSantis</u>

Once in the federal court, Trump appointee and federalist society member Judge Allen Winsor quickly *sua sponte* dismissed the charges against DeSantis despite no party had filed any opposition to the DeSantis allegations.  In federal district court, both DeSantis and the Florida Attorney General chose to remain silent.

Trump Judge Who Defended Same-Sex Marriage Ban Will Review Florida's "Don't Say Gay" Law

Atlanta Ga, U.S. 11th Circuit Court of Appeals (22-12392-GG, 2022).

An appeal was filed objecting to the rulings of the Trump appointed federal judge in the lower federal court.  The appellate filings, under oath, re-assert the DeSantis cover-up, corruption and collusion with Florida AG, Ashley Moody, Esq..  The papers assert acts of moral turpitude by DeSantis and his attorney in violation of federal criminal statutes 18 U.SC. § § 241, 242 (Conspiracy against rights, violation of rights under color of law) as well as the constitutional prohibitions that forbid the conduct of DeSantis and friends.

The appeal seeks to immediately enjoin future conduct of Governor DeSantis that would further his cover-up of crimes that he perpetrated in the Florida State courts.  His cover-up also caused continuing illegal First Amendment prohibitions and was a scheme intending to unjustly enrich the treasury of the State of Florida in 2021-2022.

Emergency Motion Injunction against DeSantis U.S. 11th Circuit Court of Appeals

Further filing in U.S. 11th Circuit Court of Appeals

On appeal, DeSantis and Attorney General Ashley Moody have remained silent and the deadline has long passed for them to oppose the injunction requested in the high Atlanta federal court concerning the corruption in the highest levels of the Florida State government.

One of the goals of the injunction under consideration by the federal appellate court is Florida's threats to citizens that any communication with the entire State of Florida's government is prohibited and will be punished with imprisonment via contempt.  This speech prohibition is memorialized in an order from a State court that DeSantis has zealously supported and protected in the State courts. Filing quoting speech prohibition

Once in the federal court system in Tallahassee and now Atlanta, DeSantis and his attorney have chosen to remain silent.

DeSantis' ultimate goal related to this litigation is silencing of dissent – one of the early hallmark's of a police state.

Is the blood of prosecutor Anthony Kunasek, Esq. on the hands of the Florida Governor and Attorney General?

DeSantis didn't plead the Fifth yet, perhaps next time he is in court over this issue, he will be pleading the Fifth and a federal prosecutor will be asking the questions.



Search



DeSantis corrupt Police State felony courthouse forgery cover-up TRIBUTE

13,017 views...        👍 2    👎 DISLIKE    ↷ SHARE    ⬇ DOWNLOAD    ≡+ SAVE    ...

youtube.com

# EXHIBIT "B"

# United States District Court
# Northern District of
# Florida

ANDREW WARREN,                    )          Number:

    PLAINTIFF,                )          4:22-cv-00302-RH-MAF

       V.                   )

RONALD DESANTIS, ET AL,           )

    DEFENDANTS.               )

### Cerificate of Service and receipt by the Court, Re:
### 9/10/2022 Motion

NOW COMES, Scott Huminski ("Huminski"), and certifies that the Court received

Huminski's Motion for Reconsideration/Rehearing as follows:



Hello **scott huminski**,

Your item was delivered in or at the mailbox at
1:54 pm on September 14, 2022 in
GAINESVILLE, FL 32601.

Tracking Number: 9516406698112253541570

After delivery Huminski spoke to a clerk at the Gainesville USDC, Blair, who

acknowledged receipt and that the paper had been transmitted to Clerk Barker in Tallahassee

USDC on the same day of receipt, 9/14/2022. A copy of the envelope as delivered by the USPS

was attached to the Motion for Reconsideration/Rehearing as Exhibit "A". Huminski will hand

deliver another copy of the Motion for Reconsideration/Rehearing this week.

Huminski also filed a paper with the Court dated September 6, 2022, a Notice of Filing that

the Court received, but, did not docket.   Huminski believes that there is some improper conduct

related to the censorship of papers filed with the Court. See envelope sent 9/10/2022,

2

Dated at Miami, Florida this 19th day of September, 2022.

-/S/-  Scott Huminski

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_Huminski@live.com

<u>Certificate of Service</u>

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case.

Dated this 19th day of September, 2022.

-/s/- Scott Huminski

Scott Huminski

2

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
111 NORTH ADAMS STREET, SUITE 322
TALLAHASSEE, FLORIDA 32301-7717

OFFICIAL BUSINESS

TALLAHASSEE FL 323

6 SEP 2022 PM 3 L



$0.57 0
US POSTAGE
FIRST-CLASS
062S0011647455
32301

Scott Huminiski
Post Office Box 353820
Palm Coast, Florida  32135
4:22-cv-00302-RH-MAF ECF 31

32135-382020

# EXHIBIT "D"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ANDREW H. WARREN,

     Plaintiff,

v.                                    CASE NO. 4:22cv302-RH-MAF

RON DESANTIS,

     Defendant.

_____/

## ORDER DENYING MOTIONS TO INTERVENE

In this action a State Attorney challenges his removal by the Governor. Scott Huminski, a nonparty who has no apparent interest in this litigation other than as a lay observer, has moved for leave to intervene.

Michael LoRusso, another nonparty who has no apparent interest in this litigation other than as a lay observer, has submitted a document entitled "Amended Complaint of Petitioner." As a nonparty, Mr. LoRusso has no right to submit pleadings or other documents. His filing may be an attempt to intervene and will be treated as a motion for leave to do so.

Neither Mr. Huminski nor Mr. LoRusso has alleged facts entitling them to intervene as of right under Federal Rule of Civil Procedure 24(a) or making them eligible for permissive intervention under Rule 24(b). As a matter of discretion, neither would be granted leave to intervene permissively, even if they were somehow deemed eligible under Rule 24(b).

Mr. Huminski and Mr. LoRusso should file nothing further. This is not an open forum for submission of public comments.

IT IS ORDERED:

1. Mr. Huminski's motion for leave to intervene, ECF No. 9, is denied. His notice of appearance, ECF No. 25, and affidavit, ECF No. 26, are struck.

2. Mr. LoRusso's "amended complaint," ECF No. 12, is deemed a motion for leave to intervene. The motion is denied.

3. The clerk must provide copies of this order to Mr. Huminski and Mr. LoRusso but not add them to the docket or provide them copies of further filings.

SO ORDERED on September 2, 2022.

> s/Robert L. Hinkle
> United States District Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ANDREW H. WARREN,

      Plaintiff,

v.                                 CASE NO. 4:22cv302-RH-MAF

RON DESANTIS,

      Defendant.

_____/

## ORDER DENYING MOTIONS TO INTERVENE

In this action a State Attorney challenges his removal by the Governor. Scott Huminski, a nonparty who has no apparent interest in this litigation other than as a lay observer, has moved for leave to intervene.

Michael LoRusso, another nonparty who has no apparent interest in this litigation other than as a lay observer, has submitted a document entitled "Amended Complaint of Petitioner." As a nonparty, Mr. LoRusso has no right to submit pleadings or other documents. His filing may be an attempt to intervene and will be treated as a motion for leave to do so.

Neither Mr. Huminski nor Mr. LoRusso has alleged facts entitling them to intervene as of right under Federal Rule of Civil Procedure 24(a) or making them eligible for permissive intervention under Rule 24(b). As a matter of discretion, neither would be granted leave to intervene permissively, even if they were somehow deemed eligible under Rule 24(b).

Mr. Huminski and Mr. LoRusso should file nothing further. This is not an open forum for submission of public comments.

IT IS ORDERED:

1. Mr. Huminski's motion for leave to intervene, ECF No. 9, is denied. His notice of appearance, ECF No. 25, and affidavit, ECF No. 26, are struck.

2. Mr. LoRusso's "amended complaint," ECF No. 12, is deemed a motion for leave to intervene. The motion is denied.

3. The clerk must provide copies of this order to Mr. Huminski and Mr. LoRusso but not add them to the docket or provide them copies of further filings.

SO ORDERED on September 2, 2022.

s/Robert L. Hinkle
United States District Judge