## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ANDREW H. WARREN,

      Plaintiff,

v.                               CASE NO. 4:22cv302-RH-MAF

RON DESANTIS,

      Defendant.

_____/

## SCHEDULING ORDER

This order is entered upon consideration of the parties' Federal Rule of Civil Procedure 26(f) report. The parties have requested a conference before entry of an order setting the overall schedule, but this order reverses the sequence, setting an overall schedule but also setting a scheduling conference at which any needed changes can be addressed.

The schedule relies on the attorneys' continued, highly professional cooperation. Discovery should be conducted as soon as possible, without awaiting the deadline, and good-faith disagreements that the parties are unable to resolve should be presented for a ruling without delay.

The 26(f) report notes possible discovery disputes. As required by Local Rule 7.1, the attorneys must confer before any discovery motion is filed. This order expresses no opinion on the merits of any such motion. But the order notes matters that should be addressed in any motion raising issues noted in the 26(f) report.

The defendant has requested a deadline for any motion for a protective order regarding any deposition of the defendant himself. This order does not set a deadline, but any such motion should be filed as soon as efforts to resolve or narrow the dispute—including through a Federal Rule of Civil Procedure 30(b)(6) deposition or depositions of other individuals—have broken down. Any such motion and response should address the question whether a deposition should be allowed on, but limited to, issues on which the defendant expects to testify at the trial: if testimony, then deposition; if no testimony, then no deposition.

The 26(f) report indicates the plaintiff intends to oppose discovery on matters that are not within the four corners of the executive order suspending him or were not known to the defendant as of August 4, 2022. To the extent the issue is the permissible scope of any deposition of the plaintiff, any motion and response should address the flip side of the issue noted above: if testimony, then deposition; if no testimony, then no deposition. And any motion and response also should address whether a flat prohibition on discovery related to information not known as of August 4, even if the discovery is otherwise appropriate and proportional to the

needs of the case, is inconsistent with *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995).

Any motion and response on these issues may also address the question whether any inference properly could, and should, be drawn from a party's failure to testify on an issue.

IT IS ORDERED:

1. The trial is set for Tuesday, November 29, 2022.

2. The discovery deadline is November 14.

3. The deadline for Federal Rule of Civil Procedure 26(a)(1) disclosures is October 3.

4. The deadline for the defendant to answer the complaint is October 3.

5. The deadline for the plaintiff to amend pleadings or join parties is October 3. The deadline for the defendant to amend pleadings or join parties is October 10.

6. The deadline for any dispositive motion is November 15. The deadline for a response is November 22. No reply is authorized.

7. The deadline is November 16 for an attorney conference to address pretrial matters, stipulate to as many facts and agree on as many issues as possible, and prepare the pretrial stipulation. The plaintiffs' attorney must initiate

arrangements for the conference, but all attorneys are responsible for ensuring that the conference occurs and the requirements are met.

8. At or before the attorney conference, each party must make the disclosures required by Federal Rule of Civil Procedure 26(a)(3). As required by the rule, each party must separately identify witnesses and exhibits the party expects to offer and those the party may offer if the need arises, and each party must designate deposition testimony the party expects to offer. The deadline for objections under Rule 26(a)(3) is November 22.

9. By November 18, all exhibits that a party expects to offer must be pre-filed on the CM/ECF docket. Joint exhibits, plaintiff's exhibits, and defendant's exhibits may be attached to a single notice of filing or to separate notices of filings. Each exhibit must be a separate attachment to a notice of filing. The docket entry for the attachment must identify the exhibit by number and may also include a description of the exhibit.

10. The parties must file a pretrial stipulation by November 22. The pretrial stipulation must include:

 (a) All stipulations of fact and agreements on issues;

 (b) A concise statement of those factual issues that remain to be litigated;

 (c) A concise statement of legal issues that remain for determination by the court;

(d) Each party's witness list, separately identifying those the party

   expects to call and those the party may call if the need arises, and

   identifying any who will give expert testimony;

(e) Each party's exhibit list, separately identifying those the party expects

   to offer and those the party may offer if the need arises.

(f) A concise statement of any disagreement on admissibility of evidence

   or application of the Federal Rule of Civil Procedure or Evidence;

(g) A list of all motions that remain pending;

(h) Each side's estimate of the length of trial.

11.  Witness and exhibit lists must include rebuttal witnesses and exhibits as well as those that may be offered in a party's case in chief. A witness or exhibit not timely and properly listed will be excluded unless (a) the late discovery or disclosure of the witness or exhibit did not result from lack of diligence, (b) the full substance and import of the evidence is disclosed to all other parties immediately upon discovery of the omission, and (c) the court determines that justice requires admission of the evidence. Evidence not timely and properly disclosed is almost always excluded.

12.  The deadline for motions in limine is November 22.

13.  Each party must file a trial brief by November 22. The brief may incorporate by reference appropriate parts of earlier filings.

14. By a separate notice, the clerk must set a pretrial conference by telephone for November 23. Any motion then pending may be heard at the pretrial conference.

15. The 26(f) report's limits on interrogatories, admission requests, and production requests are adopted.

16. The deadline to respond to interrogatories, admission requests, and production requests is 14 days after service. The requests and responses must be served by email.

17. The number and length of depositions are limited as provided in the Federal Rules of Civil Procedure. A party may move—with or without a supporting memorandum—to limit an excessive examination. A hearing on any such motion will be set without delay.

18. The deadline to respond to any motion is 7 days after the motion was filed.

19. The clerk must set a scheduling conference by telephone for October 4, 2022, but the hearing will be canceled if both sides so request. A request may be made orally to the courtroom deputy clerk.

20. This order adopts the 26(f) report as to matter on which it indicates the parties have agreed, except to the extent of any conflict with this order.

     21.  The plaintiff does not need to respond to the motion for a 28 U.S.C.

§ 1292(b) certification.

     SO ORDERED on September 29, 2022.

                         s/Robert L. Hinkle
                         United States District Judge