IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

                    Plaintiff,                   Case No. 4:22-cv-302-RH-MAF

v.

RON DESANTIS, individually and in
his official capacity as Governor of the
State of Florida,

                    Defendant.

_____

## **<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant Ron DeSantis[1] ("Defendant") makes the following admissions, denials, and defenses in answer to each numbered paragraph[2] in Plaintiff Andrew H. Warren's ("Plaintiff") Complaint and writes:

## NATURE OF THE CASE

1.      This is a legal conclusion and does not warrant a response; otherwise, denied.

2.      This is a legal conclusion and does not warrant a response; otherwise, denied.

3.      Admitted.

4.      This is a legal conclusion and does not warrant a response; otherwise, denied.

5.      This is a legal conclusion and does not warrant a response; otherwise, denied.

6.      This is a legal conclusion and does not warrant a response; otherwise, denied.

---

[1] Plaintiff's caption is styled to assert claims against Ron DeSantis "individually and in his official capacity as Governor of the State of Florida;" however, Plaintiff makes no allegations supporting any claims as to DeSantis in his personal capacity. To the extent any of Plaintiff's allegations or claims are construed to apply to DeSantis in his individual capacity, those allegations and claims are denied.

[2] To the extent the Complaint includes headings that purport to include additional allegations, those allegations are denied.

7.     This is a legal conclusion and does not warrant a response; otherwise, denied.

8.     Admitted Plaintiff sued Defendant for a purported violation of the First Amendment; otherwise, denied.

## JURISDICTION AND VENUE

9.     Admitted Plaintiff purports to assert a claim against Defendant; otherwise, denied.

10.     Admitted this Court has jurisdiction to hear Claim I pursuant to 28 U.S.C. § 1331; otherwise, denied.

11.     Denied.  Count II was dismissed.

12.     Denied.  Count II was dismissed.

13.     Admitted the Court has jurisdiction over Defendant in his official capacity; denied the Court has jurisdiction over Defendant in his individual capacity. No claims or facts were asserted against Defendant in his individual capacity.

14.     Admitted.

15.     Admitted the Court has certain authority pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65; otherwise, denied.

**PARTIES**

16.     To the extent the allegations in paragraph 16 call for a legal conclusion, no response is warranted; otherwise, denied.

17.     Admitted Defendant is the Governor of Florida and Plaintiff accurately describes the claims Plaintiff has brought. All other statements are legal conclusions that do not warrant a response.

18.     Admitted.

19.     Admitted.

**STATEMENT OF FACTS**

20.     Admitted Plaintiff was admitted to the Florida Bar in 2003; otherwise, denied because Defendant lacks sufficient knowledge or information to respond.

21.     Denied; Defendant lacks sufficient knowledge or information to respond.

22.     Admitted Plaintiff was elected State Attorney for Florida's 13th Judicial Circuit in November 2016; denied as to the date on which he took his oath of office and began service because Defendant lacks sufficient knowledge or information to respond.

23.     Admitted Plaintiff was reelected in 2020; otherwise, denied.

24.     Denied; Defendant lacks sufficient knowledge or information to respond.

25.     Denied; Defendant lacks sufficient knowledge or information to respond.

26.     Denied; Defendant lacks sufficient knowledge or information to respond.

27.     This is a legal conclusion and does not warrant a response; otherwise, denied.

28.     This is a legal conclusion and does not warrant a response; otherwise, denied.

29.     This is a legal conclusion and does not warrant a response; otherwise, denied.

30.     This is a legal conclusion and does not warrant a response; otherwise, denied.

31.     Denied.

32.     Admitted Plaintiff stated his position on a number of matters while in office; denied as to any characterization of those positions.

33.     Admitted Plaintiff co-signed a Joint Statement and quoted that statement and the statement is attached to the Executive Order; denied as to any characterization of the statement's subject matter.

34.    Admitted Plaintiff co-signed a Joint Statement and quoted that statement and the statement is attached to the Executive Order; denied as to any characterization of the statement's subject matter.

35.    Admitted Plaintiff quoted the statement; denied as to any characterization of the statement's subject matter.

36.    Denied; Defendant lacks sufficient knowledge or information to respond.

37.    Denied; Defendant lacks sufficient knowledge or information to respond.

38.    Denied; Defendant lacks sufficient knowledge or information to respond.

39.    Admitted Plaintiff implemented the Presumptive Non-Prosecution Policies; otherwise, denied.

40.    Admitted Plaintiff quoted the Presumptive Non-Prosecution Polices and that they are attached to the Complaint; otherwise, denied.

41.    Admitted that the quoted language is from the Bike Stop Policy; otherwise, denied.

42.    Denied.

43.    Admitted that the quoted language is from the Bike Stop Policy; otherwise, denied.

44.     Admitted that the quoted language is from the March 2021 Policy; otherwise, denied.

45.     Admitted that the quoted language is from the March 2021 Policy; otherwise, denied.

46.     Denied.

47.     Denied.

48.     Admitted that Florida voters passed Amendment 4 (though they did so in 2018) and that it relates to felon voting rights; denied as to Mr. Warren's support for that law, as Defendant lacks sufficient knowledge or information to respond.

49.     Denied.

50.     Denied; Defendant lacks sufficient knowledge or information to respond.

51.     Admitted Defendant signed an executive order; otherwise, denied.

52.     Denied; Defendant lacks sufficient knowledge or information to respond to this allegation.

53.     Admitted Defendant signed HB 1, considered it a priority, and held a press conference to announce the same; otherwise, denied.

54.     Admitted the hyperlink goes to a Tweet purportedly posted by Plaintiff and Plaintiff quoted the Tweet; otherwise, denied.

55.     Denied.

56.    Denied.

57.    This is a legal conclusion and does not warrant a response.

58.    Admitted Defendant signed Executive Order 22-176; otherwise, denied.

59.    Admitted Plaintiff was escorted from his office; otherwise, denied.

60.    Admitted.

61.    Admitted Defendant held a press conference and announced Plaintiff had been suspended; otherwise, denied.

62.    Admitted the hyperlink goes to a Tweet posted by non-party Christina Pushaw and Plaintiff quoted the Tweet; otherwise, denied.

63.    Admitted Defendant held a press conference, which was recorded and is available at the link provided by Plaintiff; otherwise, denied.

64.    Admitted the hyperlink goes to a Tweet posted by the @GovRonDeSantis Twitter account and Plaintiff quoted the Tweet; otherwise, denied.

65.    This is a legal conclusion and does not warrant a response.

66.    Denied; Defendant lacks sufficient knowledge or information to respond.

67.    Denied.

68.    Denied.

69.     Admitted Defendant signed the Executive Order, which is attached to the Complaint and speaks for itself; otherwise, denied.

70.     Denied as phrased.

71.     Admitted the hyperlink goes to a Tweet posted by non-party Christina Pushaw and Plaintiff quoted the Tweet; any implication that this Tweet is somehow attributable to the Governor is denied.

72.     Admitted the hyperlink goes to a Fox News Webpage and Plaintiff quoted from it; otherwise, denied.

73.     Admitted the hyperlink goes to the State Attorney's Office for the 13th Judicial Circuit; otherwise, denied.

74.     Admitted Plaintiff provided a YouTube link, which appears to be a video of Susan Lopez; otherwise, denied.

75.     Admitted Plaintiff provided a link to a press release, which appears to have been posted by the State Attorney's office; otherwise, denied.

76.     Admitted Plaintiff provided a link to an article posted by WFLA; otherwise, denied.

## CLAIM I

### Violation of First Amendment

### U.S. Const. Amend. I

### 42 U.S.C. § 1983, Ex parte Young, 28 U.S.C. §§ 2201, 2202

77.     Defendant realleges and incorporates by reference paragraphs 1 through 76 as though fully set forth herein.

78.     This is a legal conclusion and does not warrant a response.

79.     This is a legal conclusion and does not warrant a response.

80.     This is a legal conclusion and does not warrant a response; otherwise, denied.

81.     Admitted Defendant is Florida's Governor; the remaining allegation is a legal conclusion and does not warrant a response.

82.     Admitted that Plaintiff was elected but has been suspended from his office.

83.     This is a legal conclusion that; otherwise, denied.

84.     Admitted that Plaintiff co-signed a Joint Statement with other prosecutors in June 2021; otherwise, denied.  The document speaks for itself.

85.     Admitted that Plaintiff co-signed another Joint Statement with other prosecutors in June 2022; otherwise, denied.  The document speaks for itself.

86.     Denied; Defendant lacks sufficient knowledge or information to respond.

87.     Admitted Defendant provides quotations from the Joint Statement, which speaks for itself; otherwise, denied.

88.     Admitted neither Joint Statement cites a specific Florida statute by number.

89.     Denied as phrased.

90.     Denied.

91.     Denied as phrased.

92.     Admitted.

93.     Admitted.

94.     The Executive Order, which is attached to the Complaint speaks for itself; otherwise, denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     This is a legal conclusion and does not warrant a response.

100.    To the extent the allegations in paragraph 100 call for a legal conclusion, no response is warranted; otherwise, denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

WHEREFORE, Defendant respectfully requests the Court dismiss Plaintiff's claim with prejudice, deny Plaintiff's Prayer for Relief, and grant any and all other relief deemed just and proper.

## CLAIM II

### Quo Warranto under Florida State Law

### Fla. Const. art. IV, § 7(a)

### 28 U.S.C. §§ 2201, 2202

The Court granted Defendant's Motion to Dismiss Count II. Therefore, paragraphs 105–131 do not warrant a response. To the extent they do, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Failure to State A Claim

132. Plaintiff fails to state a valid claim for relief, because Plaintiff's speech was not protected. Plaintiff was speaking pursuant to his office and duties and engaged in government speech that is not protected by the First Amendment. *See Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Parks v. City of Horseshoe Bend*, 480 F.3d 837, 840 n.4 (8th Cir. 2007); *Hartman v. Register*, No. 06-cv-33, 2007 WL 915193, at *6 (S.D. Ohio Mar. 26, 2007); *Hogan v. Twp. of Haddon*, No. 04-cv-2036, 2006 WL 3490353, at *6 (D.N.J. Dec. 1, 2006).

133.   Plaintiff fails to state a valid claim for relief due to lack of causation or proximate cause.  Defendant did not suspend Plaintiff due to any protected speech. Rather, Defendant suspended Plaintiff for legitimate, non-retaliatory reasons based upon his announced course of conduct.  Based on Plaintiff's express pledge not to enforce validly enacted Florida laws with which Plaintiff disagrees, Defendant concluded Plaintiff would not enforce certain criminal statutes, which is a valid, non-retaliatory ground for suspension.  Defendant's intent was not to suppress or penalize Plaintiff's protected speech.

134.   Plaintiff also fails to state a valid claim for relief because Defendant's Executive Order is presumed correct and proper, and Defendant had good cause to suspend Plaintiff. *See United States v. Chemical Foundation*, 272 U.S. 1, 14–15 (1926); and *Nieves v. Bartlett*, 139 S. Ct. 1715, 1728 (2019).

**Second Affirmative Defense – Same Decision Defense**

135.   Regardless of any alleged protected speech, Defendant would have suspended Plaintiff anyway.  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).  Defendant would have suspended Plaintiff for his expressed blanket refusal to prosecute certain cases in the absence of any protected speech.

**Third Affirmative Defense – Qualified Immunity**

136.   Plaintiff fails to allege any facts or causes of action against Defendant in his individual capacity.  However, to the extent any allegations or causes of action

are found to apply to Defendant in his individual capacity, Defendant is entitled to qualified immunity against any and all damages, costs, and fees based on Defendant's reasonable conclusion that Plaintiff would not faithfully execute Florida laws.

### Fourth Affirmative Defense – Failure to Exhaust Administrative Remedies

137.   Plaintiff has failed to exhaust his administrative remedies, which are afforded to him through his abated Senate Trial, and his claims are not ripe.

### Fifth Affirmative Defense – *Younger* Abstention

138.   There is a state judicial proceeding through the Senate which will implicate important state interests, and Plaintiff has an adequate opportunity in the Senate proceeding to address his suspension and removal.  *Younger v. Harris*, 401 U.S. 37 (1971).

### Sixth Affirmative Defense – Lack of Equitable Authority

139.   This Court lacks the power to reinstate Mr. Warren, because "federal equity power [cannot] be exercised to enjoin a state proceeding to remove a public officer." *Baker v. Carr*, 369 U.S. 186, 231 (1962); *accord Fineran v. Bailey*, 2 F.2d 363, 363 (5th Cir. 1924) ("It is well settled by the decisions of the Supreme Court that a District Court of the United States has no jurisdiction over the appointment and removal of public officers.").

### Seventh Affirmative Defense – Political Question

140.   The Court should refrain from exercising jurisdiction or issuing injunctive relief on political question grounds, because it will require the Court to invade the authorities and privileges of the executive branch and to decide policy determinations reserved for non-judicial discretion.  *See Baker,* 369 U.S. at 209.

### Eighth Affirmative Defense – Unclean Hands/Limitation on Damages and Relief

141.   Plaintiff's suspension was justified based on the reasons stated in the Executive Order.  However, Plaintiff's suspension could be warranted and supported based on additional non-retaliatory reasons, whether learned by the Governor before or after Plaintiff's initial suspension.  To the extent these additional legitimate bases are uncovered and proven, Plaintiff is not entitled to reinstatement and his damages will be limited.  *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995).

Respectfully submitted this 3rd day of October 2022.

/s/ Jeff Aaron
JEFF AARON (FBN 123473)
Email: jeff.aaron@gray-robinson.com
Secondary Email:
cindi.garner@gray-robinson.com
GEORGE T. LEVESQUE (FBN 555541)
Email: George.levesque@gray-robinson.com
Secondary Email:
maelene.tyson@gray-robinson.com
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32302
Telephone: 850-577-9090
Facsimile: 850-577-3311

ASHLEY MOODY
  *Attorney General*

HENRY C. WHITAKER (FBN 1031175)
  *Solicitor General*
JEFFREY PAUL DESOUSA (FBN 110951)
  *Chief Deputy Solicitor General*
JAMES H. PERCIVAL (FBN 1016188)
  *Deputy Attorney General of Legal Policy*
NATALIE CHRISTMAS (FBN 1019180)
  *Assistant Attorney General of Legal Policy*
DAVID M. COSTELLO (FBN 1004952)
  *Deputy Solicitor General*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
henry.whitaker@myfloridalegal.com

*Counsel for Governor DeSantis*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via email, as follows:

Jean-Jacques Cabou*
Alexis E. Danneman*
Matthew R. Koerner*
Margo R. Casselman*
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
JCabou@perkinscoie.com
ADanneman@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com
*Pro Hac Vice


**AND**

David B. Singer
Florida Bar No. 72823
Matthew T. Newton
Florida Bar No. 111679
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
dsinger@shumaker.com
mnewton@shumaker.com
*Attorneys for Plaintiff*


/s/ Jeff Aaron
Jeff Aaron (FBN 123473)
GRAYROBINSON, P.A.