**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


ANDREW H. WARREN,

      Plaintiff,

v.                                                  CASE NO. 4:22cv302-RH-MAF

RON DESANTIS,

      Defendant.

_____/


**ORDER DENYING THE MOTION
FOR § 1292(b) CERTIFICATION**


This case arises from Florida Governor Ron DeSantis's suspension of an

elected State Attorney, Andrew H. Warren. The suspension was based at least in

part based on two public statements joined in by Mr. Warren and scores of other

public officials. Mr. Warren filed this action against the Governor, asserting the

suspension violated the First Amendment and the Florida Constitution. Mr. Warren

moved for a preliminary injunction restoring him to his position. The Governor

moved to dismiss.

At the conclusion of a hearing on the motions, I announced on the record my

intention to deny a preliminary injunction, to dismiss the state-law claim based on

the Eleventh Amendment, and to deny the motion to dismiss the First Amendment claim. I indicated a written order would be entered. The order issued on September 29, 2022.

Before issuance of the order, the Governor moved to certify the First Amendment ruling for interlocutory appeal under 28 U.S.C. § 1292(b). The statute allows a district court to certify an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion," if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Whether to issue a certification, even when the statutory prerequisites are met, is committed to a district court's discretion. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); *see also OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1358 (11th Cir. 2008). That the September 29 order has already issued would not preclude certification now; certification could be accomplished by adding the necessary certification and reissuing the September 29 order.

As a matter of discretion, I choose not to certify the order.

The Governor has identified only a single question of law that he says is "controlling": whether *Garcetti v. Ceballos*, 547 U.S. 410 (2006), applies to speech of elected officials. *Garcetti* held "that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First

Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 547 U.S. at 421.

As set out in the September 29 order, the better view, supported by the weight of circuit authority, is that *Garcetti* does not apply to speech of elected officials, who are not subject to employer discipline of the kind involved in *Garcetti*. More importantly for present purposes, the issue did not control the outcome in the September 29 order.

The order rejected the Governor's *Garcetti* argument on two grounds, each of which would have been sufficient standing alone to require denial of the motion to dismiss the First Amendment claim. The first ground was that *Garcetti* does not apply to speech of elected officials. The second ground was that speech at issue— the statements joined in by Mr. Warren and scores of other officials—was not part of Mr. Warren's official duties. This second ground turns on facts only partially developed to this point. Factual issues of this kind are commonplace in employment cases, can rarely be resolved on motions to dismiss, are never certified for immediate appeal under § 1292(b), and rarely become issues on appeal from the final judgment that is eventually entered. This is precisely the kind of issue that, as a matter of discretion, ought *not* be certified for an interlocutory

appeal.

IT IS ORDERED:

The motion for a § 1292(b) certification, ECF No. 60, is denied.

SO ORDERED on October 4, 2022.

s/Robert L. Hinkle
United States District Judge