# Exhibit A

| From: | Cabou, Jean-Jacques (J) (PHX) |
|---|---|
| To: | George Levesque |
| Cc: | Jeff Aaron; Danneman, Alexis E. (PHX); Koerner, Matthew (PHX); Singer, David B.; Newton, Matt; Nyberg, Gina (PHX); Casselman, Margo (PHX); Henry Whitaker; Jeffrey DeSousa; david.costello@myfloridalegal.com; James.Percival@myfloridalegal.com; natalie.christmas@myfloridalegal.com; O'Neil, David A.; Alexandra P. Swain (apswain@debevoise.com) |
| Subject: | Re: SERVICE OF COURT DOCUMENT – CASE NO.: 4:22-cv-302-RH-MAF – Andrew H. Warren v. Ron DeSantis |
| Date: | Thursday, October 13, 2022 6:27:22 PM |

George

Of course we will propose dates for Mr. Warren's deposition. We are working to coordinate our schedules and anticipate getting back to you tomorrow.

J

> On Oct 13, 2022, at 6:18 PM, George Levesque <George.Levesque@gray-robinson.com> wrote:
>
>
>
> J,
> We're still assessing the volume of documents as we are reviewing them and will provide an update as soon as we can.  I can be available for a meet & confer before 9:00 or after 5:00 pm EST.
>
> Please let us know if you will be providing dates for Mr. Warren or are refusing to do so under your "what's good for the goose" reasoning mentioned in the Rule 26 conference.
>
> George

T  850.577.9090
D  850.577.6969
F  850.577.3311

**George Levesque**
Shareholder

GrayRobinson, P.A. ▪ 301 South Bronough Street, Suite 600, Tallahassee, Florida 32301



**From:** Cabou, Jean-Jacques (J) (PHX) <JCabou@perkinscoie.com>
**Sent:** Thursday, October 13, 2022 9:03 PM
**To:** George Levesque <George.Levesque@gray-robinson.com>; Jeff Aaron <jeff.aaron@gray-robinson.com>; Danneman, Alexis E. (PHX)

<ADanneman@perkinscoie.com>; Koerner, Matthew (PHX)
<MKoerner@perkinscoie.com>; Singer, David B. <dsinger@shumaker.com>; Newton,
Matt <mnewton@shumaker.com>; Nyberg, Gina (PHX) <GNyberg@perkinscoie.com>;
Casselman, Margo (PHX) <MCasselman@perkinscoie.com>
**Cc:** Henry Whitaker <Henry.Whitaker@myfloridalegal.com>; Jeffrey DeSousa
<Jeffrey.DeSousa@myfloridalegal.com>; david.costello@myfloridalegal.com;
James.Percival@myfloridalegal.com; natalie.christmas@myfloridalegal.com; O'Neil,
David A. <daoneil@debevoise.com>; Alexandra P. Swain (apswain@debevoise.com)
<apswain@debevoise.com>
**Subject:** Re: SERVICE OF COURT DOCUMENT – CASE NO.: 4:22-cv-302-RH-MAF –
Andrew H. Warren v. Ron DeSantis

**This message originated outside of GrayRobinson.**

Counsel.

Unless I have missed it we have not heard further from you following my email
below. This is disappointing. You also mentioned a rolling production that would
be completed by Friday. It is now late Thursday and that rolling production has
yet to begin.

Please provide an update as to the status of your compliance with your discovery
obligations. Also, please advise on a time tomorrow where we can meet and
confer about this. Depositions begin Tuesday and it is unreasonable to think that
we are not entitled to a substantial document production sufficiently in advance of
that date to be meaningful.

Thank you

J

> On Oct 12, 2022, at 3:18 PM, Cabou, Jean-Jacques (J) (PHX)
> <JCabou@perkinscoie.com> wrote:
>
> George,
>
> Your email has some appreciated content, but your introductory
> commentary is regrettable and surprising.  Nothing about my email was in
> bad faith.  My email was intended to ensure that we properly understood
> the position from which a meet and confer would be held.  No one ever
> said it was itself a meet and confer.  We have previously met and
> conferred on this matter before, always by telephone, and I assumed such
> a call would happen in this instance.
>
> Speaking of a call, we would like to have one, but given your
> representations below about documents being produced in the near

future, we think it makes sense to have that call on Friday, if possible after those productions.  In order to evaluate that, we need further information about the anticipated size of the productions, types of documents to be produced (emails, texts, memoranda, etc.), custodians collected from and other indicia by which we might quickly evaluate the likely adequacy of the production that was due on Monday but that you are now promising will be complete by Friday.  We are not in a position to wait until Friday and then be unhappily surprised by a production that fails to fairly meet the Governor's obligations.

Could some member of your team please respond promptly with that further information and with proposed times for a call Friday afternoon?

Thanks very much

J

---

**From:** George Levesque <George.Levesque@gray-robinson.com>
**Sent:** Wednesday, October 12, 2022 12:45 PM
**To:** Cabou, Jean-Jacques (J) (PHX) <JCabou@perkinscoie.com>; Jeff Aaron <jeff.aaron@gray-robinson.com>; Danneman, Alexis E. (PHX) <ADanneman@perkinscoie.com>; Koerner, Matthew (PHX) <MKoerner@perkinscoie.com>; Singer, David B. <dsinger@shumaker.com>; Newton, Matt <mnewton@shumaker.com>; Nyberg, Gina (PHX) <GNyberg@perkinscoie.com>; Casselman, Margo (PHX) <MCasselman@perkinscoie.com>
**Cc:** Henry Whitaker <Henry.Whitaker@myfloridalegal.com>; Jeffrey DeSousa <Jeffrey.DeSousa@myfloridalegal.com>; David.Costello@myfloridalegal.com; James.Percival@myfloridalegal.com; Natalie.Christmas@myfloridalegal.com; O'Neil, David A. <daoneil@debevoise.com>; Alexandra P. Swain (apswain@debevoise.com) <apswain@debevoise.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT – CASE NO.: 4:22-cv-302-RH-MAF – Andrew H. Warren v. Ron DeSantis

J- If this intended to be a meet & confer, we do not believe it is being conducted in good faith. For the topics below, you have only asked for confirmation of our position, but you have not identified any specific deficiency with which you disagree or pointed to any legal requirement that would solicit a meaningful dialogue about the sufficiency of our responses.  Having said that, please see the responses below that correlate to your numbered paragraphs.

1. Request for Production #1 seeks "All Documents relating to the Suspension, including all

Communications—within Your office or with media representatives or other third parties" is patently overbroad, especially when one considers that definitions of "Suspension" and "You" and "Your." The definition of Suspension includes the process leading to the suspension, the drafting and the preparation of the Executive Order, the selection of the replacement and the press conference. "Your" includes the Governor, his entire office, and his campaign. This very easily covers every single other request—it certainly covers the requests covered in #2 related to the investigation, the documents relied on to conclude he neglected his duty or was incompetent in #3, the documents related to performance in #4, and more. As we stated in our objection, we believe the request is overbroad and intend to rest on our objection.

2. We have had some challenges getting records uploaded to the e-discovery system, but those challenges have been overcome, the documents have been uploaded, and we in the throes of that review now. We have produced records already, and expect to continue rolling productions such that all responsive records are produced by close of business Friday.

3. I believe the reference was intended to Interrogatory #3, not #2, and we do not intend to answer the interrogatory at this time. There are 64 different people identified in Interrogatory #1. You have requested records of our communications, which we are collecting and producing, subject to any applicable privileges that are not waived. Interrogatory #3 would require us to catalogue the way 16 different gubernatorial employees communicated specifically about the Suspension with 63 other individuals. That is clearly burdensome and does not fit the needs of the case, particularly in light of the shortened timelines and matters at issue in the litigation.

4. We will indicate the privileges we are claiming for each record when we produce our privilege log. The records are still being reviewed, and we are not in a position to state what privileges will be claimed before that review is complete.

5. We are unable to provide such a confirmation at this time. We are not asserting any preemptive privileges as to the depositions of Mr. Keefe or Ms. Pushaw at

this time.  Additionally, where we are producing witnesses, the proper approach is to assert the privilege in response to specific questions.

6. Plaintiff's Interrogatories define "You" to include "Defendant Ron DeSantis, in his individual and official capacities, and every person acting on his behalf, including but not limited to in his campaign for Governor, including employees, staff, agents, representatives, consultants, contractors, and attorneys."  By Plaintiff's own broad definition, the Governor's employees were covered by the interrogatories.  You've sued the Governor of Florida in his official capacity, and it was only in his official capacity that he could suspend Mr. Warren.  The Executive Office of the Governor is a government agency with the Governor as its head.  *See* s. 14.201, Fla. Stat.  Moreover, Rule 33 of the Federal Rules of Civil Procedure provides the person who makes the answer must sign the interrogatories, and that a representative of a government agency may verify the agency's answers without personal knowledge of every response by furnishing the information that is available to the party. That is what we have done.

Finally and unrelated to your email below, we requests dates for Mr. Warren's deposition during the week of October 31 through November 4.

Thank you,

George



**T** 850.577.9090
**D** 850.577.6969
**F** 850.577.3311

**George Levesque**
Shareholder

GrayRobinson, P.A. ▪ 301 South Bronough Street, Suite 600, Tallahassee, Florida 32301

**From:** Cabou, Jean-Jacques (J) (PHX) <JCabou@perkinscoie.com>

**Sent:** Tuesday, October 11, 2022 2:17 PM
**To:** Jeff Aaron <jeff.aaron@gray-robinson.com>; Danneman, Alexis E.
(PHX) <ADanneman@perkinscoie.com>; Koerner, Matthew (PHX)
<MKoerner@perkinscoie.com>; Singer, David B.
<dsinger@shumaker.com>; Newton, Matt <mnewton@shumaker.com>;
Nyberg, Gina (PHX) <GNyberg@perkinscoie.com>; Casselman, Margo
(PHX) <MCasselman@perkinscoie.com>
**Cc:** George Levesque <George.Levesque@gray-robinson.com>; Henry
Whitaker <Henry.Whitaker@myfloridalegal.com>; Jeffrey DeSousa
<Jeffrey.DeSousa@myfloridalegal.com>;
David.Costello@myfloridalegal.com; James.Percival@myfloridalegal.com;
Natalie.Christmas@myfloridalegal.com; O'Neil, David A.
<daoneil@debevoise.com>; Alexandra P. Swain
(apswain@debevoise.com) <apswain@debevoise.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT – CASE NO.: 4:22-cv-302-RH-
MAF – Andrew H. Warren v. Ron DeSantis

<span style="color:red">**This message originated outside of GrayRobinson.**</span>

Dear Counsel:

We write in reference to your discovery responses and productions dated
October 10, 2022, which were served by the email to which this
responds.  First, let me take a moment to introduce Dave O'Neil and Alex
Swain, our colleagues at Debevoise with whom we will be co-counseling
this matter going forward. They are copied here; please include them on
all future correspondence, too.

As you know, depositions of several witnesses are scheduled for next
week.  To enable us to prepare for those depositions, and to make them a
meaningful component of the discovery process, it is critical that you
promptly confirm certain representations and complete the productions
you have indicated are forthcoming.  In particular:

1. Please confirm that you intend to produce no documents in
   response to Request for Production No. 1.
2. In response to Requests for Production Nos. 2, 3, and 4, you
   indicated that Defendant "will produce responsive and non-
   privileged documents."  Yesterday was the deadline not just to
   indicate an intent to produce, but to make the actual production.
   Please confirm that you will produce all such documents no later
   than Wednesday, October 12, at 5 pm EDT.
3. Please confirm that, as indicated in the Answer to Interrogatory
   Request No. 2, you are refusing to identify the means of
   communication used by the Defendant, even as defined to
   encompass only the specific individuals listed in your response to

Interrogatory Request No. 1.

4. Please identify the privileges on which you are relying in withholding documents or information responsive to Plaintiffs' discovery requests.

5. Please confirm that, as you have previously indicated, you will refuse to permit the witnesses whose depositions are scheduled for next week to answer any question about their communications with the Governor concerning Plaintiff's suspension.

6. Please explain why Raymond Treadwell, who is not a party to this action, purported to verify the responses to the First Set of Interrogatories.

We request that you respond in writing no later than Wednesday, October 12, at 5 pm EDT.  In light of the upcoming depositions, we will need to raise any areas of remaining disagreement with the Court on Thursday.

Thank you

J

---

**From:** Jeff Aaron <jeff.aaron@gray-robinson.com>
**Sent:** Monday, October 10, 2022 6:50 PM
**To:** Cabou, Jean-Jacques (J) (PHX) <JCabou@perkinscoie.com>; Danneman, Alexis E. (PHX) <ADanneman@perkinscoie.com>; Koerner, Matthew (PHX) <MKoerner@perkinscoie.com>; Singer, David B. <dsinger@shumaker.com>; Newton, Matt <mnewton@shumaker.com>; Nyberg, Gina (PHX) <GNyberg@perkinscoie.com>; Casselman, Margo (PHX) <MCasselman@perkinscoie.com>
**Cc:** George Levesque <George.Levesque@gray-robinson.com>; Henry Whitaker <Henry.Whitaker@myfloridalegal.com>; Jeffrey DeSousa <Jeffrey.DeSousa@myfloridalegal.com>; David.Costello@myfloridalegal.com; James.Percival@myfloridalegal.com; Natalie.Christmas@myfloridalegal.com
**Subject:** SERVICE OF COURT DOCUMENT – CASE NO.: 4:22-cv-302-RH-MAF – Andrew H. Warren v. Ron DeSantis

| Court in which proceeding is pending: | United States District Court, Northern District of Florida, Tallahassee Division |
|---|---|
| **Case Number:** | Case No. 4:22-cv-302-RH-MAF |
| **Name of initial party on each side:** | Andrew H. Warren v. Ron DeSantis, individually and in his official capacity as Governor of the State of Florida |
| **Title of each** | 1.  Defendant's Responses and |

| | |
|---|---|
| **document served:** | Objections to Plaintiff's First Set of Interrogatories.pdf |
| | 2. Defendant's Response to Plaintiff's First Set of Requests for Production.pdf |
| | 3. Defendant's Response to Plaintiff's First Set of Requests for Admissions.pdf |
| | 4. DEF 000063 - DEF 000398.pdf (Click here to download) |
| **Sender's Name:** | Jeff Aaron |
| **Sender's Telephone Number:** | 850-577-9090 |

**T** 407.843.8880

**F** 407.244.5690

**Jeff Aaron**

Shareholder

GrayRobinson, P.A. ▪ 301 East Pine Street, Suite 1400, Orlando, Florida 32801

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# Exhibit B

**12:38**

  

Larry ›

iMessage
Thu, Sep 1, 12:01 PM

Just called you.
Please call me when
you clear. Thanks.
Larry

Can you talk at
1:15?

Yes. I'll call at 1:15.
Thanks.

Ok!

  iMessage 

SAO20_AW_000043

**12:38**

  **Larry** >



Thu, Sep 1, 1:57 PM



John Durrett  JD  >

SA in 3d Circuit

Tom Bakkedahl  TB  >

SA in 19th Circuit

## Thank you Amira.

Larry Basford  LB  >

SA in 14th Circuit

Brian Haas  BH  >
State A...

SA in 10th Circuit

iMessage

SAO20_AW_000044

12:38





Larry >

Fri, Sep 2, 2:16 PM

I just emailed the Sheriff's Association amicus brief to you.

Thx. I am in court but will read it shortly

Understood. Thanks

Did you send it to the 4 SA's or would you like me to?



iMessage


SAO20_AW_000045

12:38

**LK**

Larry >

I did email the brief to them. But your follow up would be helpful. Thanks for all.

Will do now!!

Done. I texted them the attachment.

Thanks.

I just finished it. I think it is very good and consistently

  iMessage 

SAO20_AW_000046

12:38

 

LK

Larry ›



made the distinc-
tion between blan-
ket refusal to prose-
cute and discretion.

I will sign



Thank you

May I call you ?

I am back in the
courtroom. I will call
you later if that's ok

Thank you.

  iMessage 

SAO20_AW_000047

12:39

  

Larry ›
Fri, Sep 2, 5:53 PM

Can you send Bakkedahl the attachments referenced in the brief?

Fri, Sep 2, 7:36 PM

I will try to get them asap. Not sure when I'll get them. When I do I'll email to him. Will let you know. Thanks for your help.

  iMessage

SAO20_AW_000048



12:40



LK

Larry ›



8:16

I am sharing 'Amicus Curiae-Draft v4' with you

Keefe, Larry                                    8:03 AM
'tbakkedahl@sao19.org', + 1

Amicus Curiae-Draft v4.pdf
PDF - 206 KB

Sent from my Verizon, Samsung Galaxy smartphone

Get Outlook for Android

Got them!  Thank you

Thank you

    iMessage  

SAO20_AW_000050

12:40




Larry >

Tue, Sep 6, 8:31 AM

Can you help deter-
mine this morning
whether SAs Archer,
Durrett, Kramer and
Campbell will sup-
port the FSA brief
and Governor? I
emailed the FSA
brief to each of
them last Friday.
The filing deadline
is 12 noon today.
Please advise.
Thanks for all. Larry

  iMessage 

12:40

 

Larry ›

The filing deadline is 12 noon today. Please advise. Thanks for all. Larry

Yes I will reach out to all of them again this morning

Thank you.

I have left phone messages for all 4.

Delivered

Thanks.

  iMessage 

SAO20_AW_000052

12:35





Tom >

iMessage
Fri, Sep 2, 2:46 PM

*W*

Amicus Curi...

FSA brief

Fri, Sep 2, 5:44 PM

I would be particu-
larly interested in
seeing the attach-
ments referenced in
the brief can we get
those as well

  iMessage 

SAO20_AW_000053

12:35

 

Tom >

> Let me ask him!  I have told him I would sign.

I am sure I will as well but I really want to see this "bicycle" policy that pisses me off

> Wait until you see it you are not going to believe it I think it is the worst part about what he did. Let me

  iMessage 

SAO20_AW_000054



12:36

**Tom** ›

see if I can find it I texted Larry but he hasn't responded. I think that all the attachments were attached to DeSantis's executive order that he issued on Warren but I'm driving I will look in a second

Thanks I read the order when issued but didn't see the attachments

  iMessage 

SAO20_AW_000055

12:36



Tom >

Sat, Sep 3, 11:55 AM

They can't seem to get me the bicycle policy. The only reference to it is in the order but I never saw any attachments containing the actual policy. Have you seen such a document?

Yes. My Chief assistant had it last week and I read it - I

    iMessage   

SAO20_AW_000056

12:36



Tom ›

Yes. My Chief as sistant had it last week and I read it - I have texted him to see if he can access it from home. I think it was attached to Warren's lawsuit against DeSantis but I could not put my hands on it.....

Larry just got it to me.

Great!

iMessage

SAO20_AW_000057

12:37



2 People >

iMessage
Fri, Sep 2, 10:01 PM

Larry Keefe

Larry Keefe here. This is to Tom Bakkedahl and Ami-ra Fox.

I just emailed to you both the attach-ments to the Sher-iff's Association's amicus brief.

Call me 24/7 here

   iMessage  

12:37



2 People ›

on anything.

Thanks for all.

Larry

> **Thank you Larry!**

Larry Keefe

Thank you both.

Sat, Sep 3, 12:05 PM

Tom Bakkedahl

Larry thank you for all the information. I

  iMessage 

SAO20_AW_000059

12:37



2 People >

Sat, Sep 3, 12:05 PM

Tom Bakkedahl

Larry thank you for all the information. I join in the FSA's. If I need to do anything else
To memorialize this please let me know.

Larry Keefe

Thank you, Tom. That is all that's needed. Much appreciated.

   iMessage  

SAO20_AW_000060

| | |
|---|---|
| **From:** | Keefe, Larry |
| **Sent:** | Friday, September 2, 2022 2:26 PM EDT |
| **To:** | Thomas Bakkedahl |
| **CC:** | Keefe, Larry |
| **Subject:** | FW: Amicus Curiae-Draft v4 |
| **Attachments:** | Amicus Curiae-Draft v4.docx |

**SECURITY WARNING:** This message originated from an **EXTERNAL EMAIL ADDRESS** outside of the SAO19 systems. Please show caution when clicking links, opening attachments, or responding back unless you recognize the sender and know the content is safe.

Larry Keefe
Executive Office of the Governor

---

**From:** Wayne Evans <REvans@anblaw.com>
**Sent:** Friday, September 2, 2022 1:46 PM
**To:** Keefe, Larry <Larry.Keefe@eog.myflorida.com>
**Cc:** Dunagan, M <mdunagan@flsheriffs.org>
**Subject:** Amicus Curiae-Draft v4

Larry FYI
Please note that under Florida law correspondence sent to the Governor's Office, which is not confidential or exempt pursuant to chapter 119 of the Florida Statutes, is a public record made available upon request.

SAO19_AW_000083

| | |
|---|---|
| **From:** | Thomas Bakkedahl |
| **Sent:** | Saturday, September 3, 2022 12:02 PM EDT |
| **To:** | L Keefe |
| **Subject:** | Re: Read Warren Biking Policy on Scribd |

Thank you that is it. Sorry to be a bother.

Thomas Bakkedahl
State Attorney
Nineteenth Judicial Circuit

> On Sep 3, 2022, at 11:14 AM, L Keefe <19lkeefe@gmail.com> wrote:
>
> SECURITY WARNING: This message originated from an EXTERNAL EMAIL ADDRESS outside of the SAO19 systems. Please show caution when clicking links, opening attachments, or responding back unless you recognize the sender and know the content is safe.
>
>
>
> I'm reading Warren Biking Policy on Scribd: https://protect-us.mimecast.com/s/_5RHC68mjYT7g0xNuzwYUI?domain=scribd.com
>
>
> Sent from my iPhone

SAO19_AW_000415

# Exhibit C

**From:** Kelly Jefferson, Savannah [Savannah.KellyJefferson@eog.myflorida.com]
**Sent:** 8/3/2022 6:00:27 PM
**To:** Smith, Casey [Casey.Smith@eog.myflorida.com]
**Subject:** FW: One pager
**Attachments:** The Soros Plan.docx

**Savannah Kelly Jefferson**
Director of External Affairs
Governor Ron DeSantis
850-508-1021

---

**From:** Fenske, Taryn M. <Taryn.M.Fenske@eog.myflorida.com>
**Sent:** Wednesday, August 3, 2022 6:00 PM
**To:** Pushaw, Christina <Christina.Pushaw@eog.myflorida.com>; Griffin, Bryan <Bryan.Griffin@eog.myflorida.com>; Kelly Jefferson, Savannah <Savannah.KellyJefferson@eog.myflorida.com>
**Subject:** Fwd: One pager

For the front pocket of the binder

Get Outlook for iOS

---

**From:** Lamb, Kyle <Kyle.Lamb@eog.myflorida.com>
**Sent:** Wednesday, August 3, 2022 4:43:51 PM
**To:** Fenske, Taryn M. <Taryn.M.Fenske@eog.myflorida.com>
**Subject:** One pager

Here is the background on what you asked for. If you need anything else added or edited, or if it's good to go, let me know.

**Kyle Lamb**
Analyst & Researcher
Executive Office of the Governor
(850) 717-9313
Kyle.Lamb@eog.myflorida.com

*Please note that under Florida law correspondence sent to the Governor's Office, which is not confidential or exempt pursuant to chapter 119 of the Florida Statutes, is a public record made available upon request.*

# The Soros Plan

August 3, 2022

## Background

- In an editorial published July 31, 2022, in the Wall Street Journal titled "Why I Support Reform Prosecutors," billionaire tycoon George Soros purports his efforts to reduce prosecution of criminal acts is about "prioritizing the resources of the criminal-justice system to protect people against violent crime."

- In practice, this effort has led to a vast network of prosecutors going soft on crime – spiraling into a nationwide spike in violence – including state attorneys in the ninth and thirteenth circuits of Florida.

- According to a recent report published by the Law Enforcement Legal Defense Fund (LELDF) entitled "Justice for Sale: How George Soros Put Radical Prosecutors in Power," Soros has spent nearly $40 million funding the elections of like-minded defense attorneys in the past decade.

- The effort, which has seen over $13 million spent since 2018 alone, has reached at least 75 Soros-backed social justice prosecutors in the United States. Those prosecutors were elected to represent – and protect – over 72 million people, which is roughly 22 percent of Americans.

- <u>In 2021, those jurisdictions accounted for over 40 percent of all homicides in the U.S.</u> (9,000+ out of 22,500).

- In all, the report found the Soros financial network runs deep, including 527 political action committees (PACS), and 501(c)(4) "social welfare advocacy organizations or "dark money" groups, charitable foundations, and dozens of traditional 501(c)(3) nonprofit organizations.

- Additionally, Soros donated $50 million to the ACLU for criminal justice efforts in 2014, which was over 35 percent of the ACLU's total operating revenue and for the year prior and double the total net assets of the group.

- The ACLU has recently come under intense scrutiny for their 'woke' social justice efforts, which on Aug. 1, included filing an amicus brief urging the U.S. Supreme Court to uphold the ability of universities to consider and implement race as a determining factor in student admissions.

- Soros delivers this radical change through his web of advocates. One such organization is the "Fair and Just Prosecution" (FJP) project, which is an advocacy arm of the progressive prosecution movement. FJP influences policy through press releases, amicus briefs, and junkets.

DEF 000402

## FINDINGS:

- The US currently has at least **75 Soros-Backed** social justice prosecutors, supported through campaign dollars and/or Soros-funded progressive infrastructure groups.

- These 75 prosecutors represent more than **1 in 5 Americans** or more than 72 million people, including **half of America's 50 most populous cities** and counties.

- From 2018 to 2021, Soros spent **$13 million on just 10 prosecutors' races**, where his organizations were by far the biggest spender in the race and comprised the majority of the progressive candidate's campaign spending – as much as 90% in some cases.

- To date, Soros has spent more than **$40 million** on direct campaign spending over the past decade to elect prosecutors.

- Soros uses a series of **shell organizations, affiliates, and pass-through committees** to steer contributions to both candidates and his robust support network for progressive prosecutors, which provide gravitas and perks to preferred prosecutors.

## Ties to Florida

- Here in Florida, a *New York Times* report published March 30, 2017, entitled "5 Prosecutors with a Fresh Approach," named a pair of attorneys receiving funding by Soros – Aramis Ayala in the ninth circuit and Andrew Warren in the thirteenth.

- Warren has not hidden his links to Soros funding. In a *Tampa Bay Times* story published Nov. 8, 2020, he acknowledges Soros funding likely aided his election in 2016.

- "We think (it helped)," Warren said. "We understand that he gave money to the state (Democratic) party. And the state party money…went to support different candidates. And I have very little insight into the amount of money he gave, who it went to, etc."

- Data from the Florida Department of State, Campaign Finances Database, corroborate nearly $100,000 in funding from the Florida Democratic Party, Hillsborough Democratic Party, and Hillsborough Democratic Executive Committee to Warren in the 2016 election.



From the *Tampa Bay Times* story…

    Late in the campaign, a rumor circulated among Ober's supporters, fueled in part by large contributions Warren's campaign received from state and local Democratic parties.

    The rumor centered on George Soros. The billionaire philanthropist has funneled money to progressive political causes over the years. He's known to have helped fund the campaigns of district attorney candidates throughout the country.

    Did he help Warren's campaign?

    "We think so," Warren said. "We understand that he gave money to the state (Democratic) party. And the state party money … went to support different candidates. And I have very little insight into the amount of money he gave, who it went to, etc."



- Even more money flowed into the ninth circuit campaign in 2020 from a political action committee with ties to Soros called "Our Vote Our Voice."

- An Aug. 16, 2020, report from the *Orlando Sentinel* found ad buys totaling $1.5 million were placed in support of Monique Worrell, who wound up representing Orange and Osceola counties as a replacement for Ayala when she chose not to run for re-election.

≡ **Orlando Sentinel** 🔍    Family of 5 found dead at Orlando home in apparent murder-suicide, police say

Marjory
Douglas
18m

Backed by billionaire investor George Soros, who has helped tip local races before, a group is spending at least $1.5 million on last-minute ads to help one of the candidates in the crowded race to become the next top prosecutor for Orange and Osceola counties.

Records show that a new political committee raised more than $2.2 million and spent more than $1.5 million in the past two weeks — all of it, according to organizers, on behalf of Monique Worrell, a criminal-justice reform advocate who is one of four Democrats competing in the Tuesday primary to become the local state attorney.

That political committee – called "Our Vote Our Voice" — has raised most of

## Soft on Crime

- Warren specifically has been a loyal advocate of the Soros agenda. In 2017, he was one of 31 district prosecutors nationally to sign his name to a letter issued by FJP opposing and criticizing a Justice Department directive "to charge and pursue the most serious, readily provable offense."

- Opposition by Warren to this directive, which defined the most serious offenses as those carrying the heaviest sentences, clearly contradicts the Soros narrative that it's merely about going light on low-level drug offenses.

- "There is no empirical evidence to suggest that increases in sentences, particularly for low-level offenses, decreases the crime rate," Warren told the *Tampa Bay Times* in a May 22, 2017, edition.

DEF 000405

- Warren joined 80 lawyers, many from FJP, in signing his name to an amicus brief supporting plaintiffs in Texas in a 2019 legal case challenging the constitutionality of cash bail.

- Adding to what the brief described as "wealth-based discrimination," Warren criticized cash bail saying in a Feb. 1, 2019, edition of the *Tampa Bay Times*, "we shouldn't be spending taxpayer money to lock up people who haven't been convicted of a crime when they're not a flight risk or a threat to public safety."

- Another item on the Warren agenda that he wears as a badge of pride is his soft stance on juvenile crime and other first-time offenders. Since 2016, juvenile arrests in Hillsborough County have decreased 56 percent from 5,256 in 2016-17 to 2,292 in 2020-21, according to a graph posted on the thirteenth circuit data dashboard.



**Juvenile arrests in Hillsborough County**

Data from Florida Department of Juvenile Justice, Delinquency Profile
Source: Florida Department of Juvenile Justice and Administrative Office of the Courts • Get the data • Created with Datawrapper

- Data presented on the dashboard also makes glowing reference to a 14 percent decline in felony cases prosecuted since 2017. That year there were 19,347 felony cases on the docket in the thirteenth circuit and 16,562 in 2021.



**Total Cases by Type**

Source: SAO13 • Created with Datawrapper

DEF 000406

- It will be important to continue to demonstrate the importance of fighting against our OPIOD crisis. In Hillsborough County, Warren has pushed the Driver Enhanced Treatment Education Rehabilitation (DETER) initiative, which alleges to help "promote long-term community safety curbing the dangers of impaired driving and reducing recidivism," and the Drug Education and Treatment Reducing Recidivism (DETRR) program, which seeks to achieve similar results for going easy on first time drug offenders.

- The reality, however, is the programs are seen by critics as being too soft on drunken driving and drug-related offenses and does not actually deter anyone from repeated offenses.

- With fentanyl overdoses soaring, and the wave of Soros-soft prosecution sweeping the nation, cashless bail resulted in two drug traffickers being no-shows to a California court hearing.

- After being busted with 150,000 fentanyl pills, a seizure of a street value estimated at $750,000, two males released without bond failed to appear for their arraignments at a Tulare County court in July. Initially, their bail was set at $1 million but the county probation department asked for no bond and for the suspects to be released on their own recognizance after the risk assessment program determined they were "low risk."

- The county sheriff Mike Boudreaux criticized the move and his state's soft stance on criminal offenders saying, "I couldn't believe we had 150,000 fentanyl pills – one of the most dangerous epidemics facing our nation today – with people in custody that may potentially be able to impact the future of this type of drug trafficking organization…and we let them go."

- Most recently, Warren pledged a dereliction of his sworn duty when he announced he would not follow Florida law and decline to prosecute crimes relating to abortion services. The pledge was joined by 84 state attorneys through FJP.

- "Our legislators may decide to criminalize personal healthcare decisions, but we remain obligated to prosecute only those cases that serve the interest of justice and the people," he said in a statement released by his office.

DEF 000407

Exhibit D

| | |
|---|---|
| **From:** | Cabou, Jean-Jacques (J) (PHX) |
| **To:** | George Levesque; Jeff Aaron; Dannenan, Alexis E. (PHX); Koerner, Matthew (PHX); Singer, David B.; Newton, Matt; Nyberg, Gina (PHX); Casselman, Margo (PHX) |
| **Cc:** | Henry Whitaker; Jeffrey DeSousa; david.costello@myfloridalegal.com; James.Percival@myfloridalegal.com; natalie.christmas@myfloridalegal.com; O"Neil, David A.; Alexandra P. Swain (apswain@debevoise.com) |
| **Subject:** | RE: Defendant"s Untimely and Deficient Document Production and Response to Rog 3 -- Meet and Confer Email |
| **Date:** | Sunday, October 16, 2022 6:50:16 PM |

George,

Thank you for your email.

We expect that Defendant will comply fully and timely with his obligations under the Rules of Civil Procedure.  Your document production was due last Monday.  You didn't ask for an extension from us.  We therefore expected to receive all responsive documents.  Instead, on Wednesday – two days after the deadline -- we received responses that you acknowledge were incomplete and deficient.  Still you didn't move for a protective order.  When we then reasonably asked you to follow the rules and complete your production, you unilaterally proposed your own rules, namely a rolling production beginning Thursday and ending Friday.  Even then, we got no documents Thursday and only a few things Friday.  These delays are prejudicing us and hindering the discovery process.

Earlier last week, after you made the promises that you have now failed to keep, we asked you to describe the forthcoming volume of documents, the custodians, and other metrics by which we could help judge the adequacy of your production efforts and prepare for this week's depositions.  You provided no such information.  Still today, your email below declines to identify the simple list of custodians from whom you collected and contains various conspicuous omissions.  Among other things:

- You assert that the Governor has no "personal communications regarding the suspension."  It is unclear what that means.  Is it your representation to us and to the court that the Governor did not send or receive, and was not copied on, any written communication on any platform relating to the suspension?

- You are silent on documents from the Chief of Staff.  You have not moved for a protective order; you seem to be ignoring the rules which certainly call for production of Mr. Uthmeier's documents.

- You say we will get Mr. Keefe's "personal" device messages tomorrow (one full week after they were due) but you are conspicuously silent as to Ms. Pushaw's "personal" device information.  Are you intending to produce Ms. Pushaw's personal device information tomorrow too?

- You assert that we have all of Mr. Keefe's and Ms. Pushaw's records "from their public accounts."  But, the Rules of Civil Procedure do not distinguish between "public" and "private" accounts.  Defendant's obligation is to produce responsive information wherever it may be.  Especially where, as here, we <u>know</u> that EOG staff have been using their personal emails for this matter, we do not accept any attempt to carve out various accounts or devices from your

obligation to produce their responsive contents.  Again, those were due last Monday.

In light of these events, we have no choice but to conclude that you do not intend to comply.  Should you come into compliance, or even make further incremental efforts toward compliance, we will of course acknowledge those promptly.

Sincerely,
J

---

**From:** George Levesque <George.Levesque@gray-robinson.com>
**Sent:** Sunday, October 16, 2022 2:05 PM
**To:** Cabou, Jean-Jacques (J) (PHX) <JCabou@perkinscoie.com>; Jeff Aaron <jeff.aaron@gray-robinson.com>; Danneman, Alexis E. (PHX) <ADanneman@perkinscoie.com>; Koerner, Matthew (PHX) <MKoerner@perkinscoie.com>; Singer, David B. <dsinger@shumaker.com>; Newton, Matt <mnewton@shumaker.com>; Nyberg, Gina (PHX) <GNyberg@perkinscoie.com>; Casselman, Margo (PHX) <MCasselman@perkinscoie.com>
**Cc:** Henry Whitaker <Henry.Whitaker@myfloridalegal.com>; Jeffrey DeSousa <Jeffrey.DeSousa@myfloridalegal.com>; david.costello@myfloridalegal.com; James.Percival@myfloridalegal.com; natalie.christmas@myfloridalegal.com; O'Neil, David A. <daoneil@debevoise.com>; Alexandra P. Swain (apswain@debevoise.com) <apswain@debevoise.com>
**Subject:** RE: Defendant's Untimely and Deficient Document Production and Response to Rog 3 -- Meet and Confer Email

J,
We are producing all responsive records as quickly as we can.  We disagree with the aspersions you cast as to gamesmanship and the like.  We provided our written objections and responses in a timely manner, and the fact is, your requests were incredibly broad, covered a wide swath of custodians, and the collection efforts have generated a substantial number of documents that we are working to review.  Moreover, many of the individuals have been pulling double duty responding to the Hurricane Ian as well as collecting records in response to your requests.  At this time, all known record sources have been searched, records have been collected, and they are currently being reviewed for production.

Having said that, Governor DeSantis has no personal communications discussing the Suspension, and you currently possess all of Ms. Pushaw's and Mr. Keefe's records from their public accounts, and the remainder of Mr. Keefe's records, including texts from his personal device, have been collected and will be produced by tomorrow.

We will be making an additional production shortly that includes privileged documents for which applicable privileges are being waived.  Specifically for the documents that will be produced today and other documents that will be produced tomorrow, Defendant waives its Attorney/Client privilege and the protections

afforded under the Work Product doctrine, but only with respect to those matters pertaining to the investigation, preparation, and issuance of Executive Order 22-176.  Subject to any other objections, Defendant will produce those documents pertaining to the investigation, preparation, and issuance of Executive Order 22-176 that are responsive to Plaintiff's Requests for Production but which would otherwise be privileged or protected under the Attorney/Client privilege and the Work Product doctrine.  Defendant expressly does not waive any and preserves its Attorney/Client and Attorney Work Product privileges related to records pertaining to any other executive order, records pertaining to the defense of Executive Order 22-176 in litigation in federal or state courts or its prosecution before the Florida Senate, and any records not unrelated to the investigation, preparation, and issuance of Executive Order 22-176.  Defendant would anticipate a similar waiver of privilege and work product protections pertaining to witness depositions.  We offer that for your benefit and edification, but whether the privilege will be asserted can only be evaluated on a case-by-case basis after the request or question has been posed.

As to Ms. Pushaw, we previously informed you on September 30 that Ms. Pushaw is no longer a state employee of Governor DeSantis, but that our firm would be representing her as a former employee.  At this time, Ms. Pushaw has not been served with a subpoena.  She is still prepared to testify on Tuesday, and I am able to accept service of the subpoena by email.  Her social media activities on her personal accounts have not been pre-approved by the Governor, are posts made in her personal capacity, and are not within the Governor's possession, custody, or control. As to communications on her personal social media accounts like Twitter, those posts are available publicly and can be viewed and gathered just as easily by you or anyone else.

Finally, as it pertains to Interrogatory #3, we do not believe limiting it to only those individuals identified in Interrogatory #1 is a meaningful limitation that addresses our objections.  In fact, to the extent Interrogatory #1 calls for identification of "everyone with whom You discussed the Suspension," then limiting a request to identifying all the different means of communications by which discussions were conducted is no limitation at all as it would require an examination of all those same individuals.  We intend to rest on our objections.

Kind regards,
George



**T** 850.577.9090
**D** 850.577.6969
**F** 850.577.3311

**George Levesque**
Shareholder

GrayRobinson, P.A. ▪ 301 South Bronough Street, Suite 600, Tallahassee, Florida 32301



This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

**From:** Cabou, Jean-Jacques (J) (PHX) <JCabou@perkinscoie.com>
**Sent:** Saturday, October 15, 2022 2:23 PM
**To:** George Levesque <George.Levesque@gray-robinson.com>; Jeff Aaron <jeff.aaron@gray-robinson.com>; Danneman, Alexis E. (PHX) <ADanneman@perkinscoie.com>; Koerner, Matthew (PHX) <MKoerner@perkinscoie.com>; Singer, David B. <dsinger@shumaker.com>; Newton, Matt <mnewton@shumaker.com>; Nyberg, Gina (PHX) <GNyberg@perkinscoie.com>; Casselman, Margo (PHX) <MCasselman@perkinscoie.com>
**Cc:** Henry Whitaker <Henry.Whitaker@myfloridalegal.com>; Jeffrey DeSousa <Jeffrey.DeSousa@myfloridalegal.com>; david.costello@myfloridalegal.com; James.Percival@myfloridalegal.com; natalie.christmas@myfloridalegal.com; O'Neil, David A. <daoneil@debevoise.com>; Alexandra P. Swain (apswain@debevoise.com) <apswain@debevoise.com>
**Subject:** Defendant's Untimely and Deficient Document Production and Response to Rog 3 -- Meet and Confer Email

**This message originated outside of GrayRobinson.**

Counsel,

Late Friday we finally received the first documents produced in response to our requests for production.  As you know, these documents were due to us on Monday the 10th.  In response to our inquiries, you proffered various excuses and said a "rolling production" would begin on Thursday and be complete on Friday.  That did not happen.  We received no documents Thursday.  And on Friday we received a production that can only be described as conspicuously incomplete.  This gamesmanship is unacceptable and flatly in contravention not only of your obligations under the Rules of Civil Procedure but also of Judge Hinkle's admonitions to the parties and counsel in this matter.

Given the press of time, our prior discourse about this issue, the weekend schedule, and the fast approaching depositions, **this email constitutes Plaintiff's effort to meet and confer with you about your deficient document productions and about your deficient responses to Plaintiff's First Set of Interrogatories.**  We intend to promptly move the court to compel your compliance as outlined below, unless you respond and commit to remedying these deficiencies, including by

producing all remaining documents by Sunday at 2pm Eastern Time.  To be clear,  we will not abide another unilateral decision on your part to substitute your compliance with a "rolling production." Only full and complete production of all responsive documents will avoid a motion to compel.

To begin, you have not produced a single communication, of any form, sent or received by Mr. DeSantis.   We are entitled to all such documents, or in the alternative, a privilege log for our review.

Also, your client's initial disclosures identified Larry Keefe as an individual with "[i]nformation concerning the background investigation and initial draft [of] Executive Order 22-176." The initial disclosure also identified Christina Pushaw as having "[i]nformation concerning the social media posts the night before Executive Order 22-176 was released." We are investing substantial time and resources to depose Ms. Pushaw and Mr. Keefe next week.

Last night's production is insufficient for *at least* the following reasons:
1. You have failed to produce any communications sent or received by Mr. DeSantis whatsoever;
2. You have failed to produce responsive text and email communications sent or received by Mr. Keefe;
3. You have failed to produce documents relating to the statewide investigation announced by Defendant on August 4, 2022;
4. You have failed to produce responsive social media communications sent or received by Ms. Pushaw.

Considering his imminent deposition, production relating to Mr. Keefe is alarmingly deficient. Plaintiff's own initial disclosure to Defendant contained a substantial volume of text messages and emails between Mr. Keefe and a number of state attorney offices concerning Plaintiff's suspension (*e.g.* Bate No. SAO20_AW_000043-SAO20_AW_000059; SAO19_AW_000415). One email we produced (SAO19_AW_000083) was transmitted from Wayne Evans to Larry Keefe on September 2, 2022 at 1:46 PM, with a copy to Matt Dunagan of the Florida Sheriffs Association – a person your client identified as having foreknowledge of Plaintiff's suspension (your client has notably failed to produce any email exchanges between Larry Keefe, Wayne Evans, and Matt Dunagan.)

Mr. Keefe plainly utilizes text messages as a primary means of communication, and your client has produced zero text messages, whatsoever, from Mr. Keefe (or any person for that matter.)  In limited discovery to date, your client has acknowledged that a number of State Attorneys, including Ginger Bowden Madden, Jack Campbell, and Melissa Nelson, had foreknowledge of Plaintiff's suspension. It is indefensible for us to have produced more of Mr. Keefe's messages to you than you have to us.  We are entitled to copies of all text and other messages between Mr. Keefe and these actors to prepare for trial next month and Mr. Keefe's deposition next week.

Furthermore, as Public Safety Czar, Mr. Keefe has obviously communicated with a number of county sheriffs concerning Plaintiff's suspension. Your client has acknowledged that a number of sheriffs, including Sheriffs Chad Chronister, Chris Nocco, and Grady Judd, had foreknowledge of Plaintiff's suspension. The first footnote of your client's response to our first set of interrogatories states that Mr. DeSantis or his representatives (we reasonably assume this includes the state's public safety czar) have communicated with "nearly all Sheriff[s] that attended the Florida Sheriff Association's

winter convention[.]" We assume this probably includes some, if not all, the sheriffs that signed onto the amicus filed in our case.

However, of all such law enforcement personnel that had foreknowledge of Plaintiff's suspension, your client only produced one single email exchange between Sheriff Chronister and Mr. Keefe (including an exchange from their personal accounts) – and zero text messages. This is unacceptable. We are entitled to copies of all emails and text messages between Mr. Keefe and other parties as we prepare for his deposition next week. Note that we expect all responsive emails from both **19keefe@gmail.com a**s well as **Larry.Keefe@eog.myflorida.com.**

In addition to missing communications, your client's initial disclosure indicated that Mr. Keefe has "[i]nformation concerning the background investigation and initial draft [of] Executive Order 22-176." Plaintiff's first set of production requests expressly asks for "[a]ll Documents relating to the investigation, review, or other process conducted after You 'asked [Your] office to look around the State of Florida' at state attorneys[.]" As for Mr. Keefe's involvement in a background investigation, your client provided only copies of news articles he emailed to himself. The only memorandum or report produced by your client was the so-called "Soros Plan" apparently prepared by Kyle Lamb – an individual your client failed to identify in his initial disclosures as likely to have discoverable information. We are entitled to all materials generated or received by Mr. Keefe relating to his background investigation of Plaintiff and the initial drafting of Executive Order 22-176.

Additionally, our request for production plainly defines "document" is plainly defined to include emails, correspondence, messages on any platform, and social media posts. It is common knowledge that Ms. Pushaw is a prolific user of social media. Your client has not produced any social media posts. Documents produced on Florida's Office of Open Government Archive demonstrate Ms. Pushaw commonly uses Twitter's direct message function to conduct state business. Your client has not produced any direct messages from Ms. Pushaw. Finally, your client has not produced a single text message sent or received by Ms. Pushaw. We are entitled to copies of all responsive text messages, social media posts, and direct messages sent and received by Ms. Pushaw as we prepare for trial next month, and Mr. Pushaw's deposition next week.

Emails, texts and other communications sent, reviewed, or received by next week's deponents, Ms. Pushaw and Mr. Keefe are of the utmost priority.  We were entitled to receive those last Monday. We must have these right away.  To be clear, we will not cancel the upcoming depositions because of your deficient production.  But we explicitly reserve the right to recess those and all other depositions and to continue them at a later date, after you have complied with your obligations to produce responsive documents.

Finally, you have previously refused to answer Interrogatory #3.  We assume you have not changed your mind on that, even though we proposed limiting your responses to the people you identified in your response to Interrogatory 1.  If you have changed your mind, and will answer by tomorrow at 2pm please let us know.

Thank you

J

**Jean-Jacques "J" Cabou** | **Perkins Coie LLP**

PARTNER

2901 North Central Avenue Suite 2000
Phoenix, AZ 85012-2788
D. +1.602.351.8003
F. +1.602.648.7003
E. JCabou@perkinscoie.com

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.