IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

                Plaintiff,                Case No. 4:22-cv-302-RH-MAF

v.

RON DESANTIS, individually and in
his official capacity as Governor of the
State of Florida,

                Defendant.

_____

**NOTICE OF FILING**

Pursuant to the Court's recent Order (Docket 83), attached are a complete set of the responses at issue in the motion.

Dated:  October 17, 2022

**PERKINS COIE LLP**

By:  */s/ Jean-Jacques Cabou*

Jean-Jacques Cabou (AZ #022835)*
Alexis E. Danneman (AZ #030478)*
Matthew R. Koerner (AZ #035018)*
Margo R. Casselman (AZ #034963)*
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
JCabou@perkinscoie.com
ADanneman@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com
602.351.8000

**AND**

David B. Singer (FBN 72823)
Matthew T. Newton (FBN 111679)
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
dsinger@shumaker.com
mnewton@shumaker.com

**DEBEVOISE & PLIMPTON LLP**

David O'Neil*
801 Pennsylvania Ave NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

Alexandra P. Swain**
650 California Street
San Francisco, CA 94108
apswain@debevoise.com

Samantha B. Singh (FBN 1036051)
919 Third Avenue
New York, NY 10022
sbsingh@debevoise.com

* *Pro Hac Vice*
** *Pro Hac Vice* pending

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF System for filing.

/s/   Indy Fitzgerald

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

                 Plaintiff,             Case No. 4:22-cv-302-RH-MAF

v.

RON DESANTIS, individually and in
his official capacity as Governor of the
State of Florida,

                 Defendant.

_____

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Definitions and Instructions below, Plaintiff Andrew Warren requests that Defendant Ron DeSantis, within 14 days of service,[1] answer the following Interrogatories in writing and under oath.

## DEFINITIONS

1.     "And" and "or" shall be construed either conjunctively or disjunctively, whichever provides the broadest meaning possible.

2.     "Any," "each," and "every" should be understood to include and encompass "all."

3.     "Communication" means any means of written or oral communication, including but not limited to via telephone, letter, notes, email, facsimile, memoranda, face-to-face meetings, text message, instant message, and social media or other apps.

4.     "Document" and "Documents" have the broadest meaning that can be ascribed pursuant to Federal Rule of Civil Procedure 34. These terms include emails, correspondence, messages on any messaging platform (e.g., Signal, WhatsApp, Teams), notes, memoranda, calendar entries, telexes, facsimile transmissions, telecopies, photographs, pictures, recordings, messages, or call logs. These terms also include any original or drafts, in any form or medium.

5.     "Executive Order" means Executive Order Number 22-176 issued by the Office of the Governor of the State of Florida and signed by Defendant Ron DeSantis on August 4, 2022, a copy of which is attached to the Complaint in this case as Exhibit 1.

6.     "Include" or "including" are to be read as followed by the phrase "without limitation" and have the broadest meaning possible.

---

[1] If the Court sets a different deadline for discovery requests, that deadline shall apply to Defendant's answers to these Interrogatories.

7.     "Relating to" means respecting, referring to, stating, describing, containing, mentioning, discussing, associated with, pertaining to, or relevant to, the item or subject matter set forth in the Interrogatory.

8.     "Suspension" means the suspension of Plaintiff Andrew Warren from his position as State Attorney for the 13th Judicial Circuit of the State of Florida on August 4, 2022, including the process that led to the decision to suspend Plaintiff, the drafting and preparation of the Executive Order effecting the suspension, the selection of an appointee to act as State Attorney for the 13th Judicial Circuit of the State of Florida during Plaintiff's suspension, and the August 4, 2022 press conference during which You publicly announced the suspension of Plaintiff.

9.     "You" or "Defendant" means Defendant Ron DeSantis, in his individual and official capacities, and every person acting on his behalf, including but not limited to in his campaign for Governor, including employees, staff, agents, representatives, consultants, contractors, and attorneys.

**INSTRUCTIONS**

1.     Unless otherwise specified, the time period applicable to these Interrogatories is March 1, 2022, to the date You respond.

2.     In answering these Interrogatories, You must furnish all information known or available to You, regardless of whether this information is possessed directly by You or Your agents, employees, representatives, investigators, or other persons acting on Your behalf.

3.     In each answer, You must be as complete and straightforward as the information reasonably available to You permits. If an Interrogatory cannot be answered completely, answer it to the extent possible.

4.     If You do not have enough personal knowledge to fully answer an Interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is

equally available to Plaintiff.

5.      If any information called for by these Interrogatories is withheld based upon a claim of privilege, You shall disclose all portions of the information to which You do not claim privilege. For all information for which You claim privilege, You shall submit, on the date of the response, a written statement for all information withheld that sets forth a level of information that is consistent with Federal Rule of Civil Procedure 26(b)(5). For all information withheld under a claim of attorney work product, You shall also indicate whether the information relates to preparation for litigation or for trial, and, if so, identify the anticipated litigation or trial upon which the assertion is based.

6.      Each Interrogatory seeks all responsive information to the fullest extent provided for in the Federal Rules of Civil Procedure and shall be interpreted so as to make each Interrogatory inclusive rather than exclusive.

7.      Whenever any Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

8.      These Interrogatories shall be deemed continuing, pursuant to Federal Rule of Civil Procedure 26(e), so as to require further and supplemental responses if You obtain or discover additional information responsive to these Interrogatories between the time You initially responded and the time of trial.

## INTERROGATORIES

**Interrogatory No. 1**:      Identify everyone with whom You discussed the Suspension, excluding those persons who learned of the Suspension only through a public announcement made by You.

**Answer**:

**Interrogatory No. 2**:     Identify each and every fact contained in or supporting the Executive Order that You claim constitutes "neglect of duty," "incompetence," or both, as those terms are used in the Executive Order.

**Answer**:



**Interrogatory No. 3**:     Identify all means of Communication and all communications devices You have used, including specific applications like Signal, WhatsApp, etc., from January 1, 2022 through the present, to send or receive Communications relating to the Suspension. For mobile phones, tablets, and similar devices, identify the last four digits of the phone number associated with such devices.

**Answer**:



**Interrogatory No. 4**:     Identify every officer or official You have suspended from office, including the date of the suspension, the official's office and title, and the official's political party affiliation.

**Answer**:

Dated:  September 26, 2022

**PERKINS COIE LLP**

By:  */s/ Jean-Jacques Cabou*

    Jean-Jacques Cabou (AZ #022835)*
    Alexis E. Danneman (AZ #030478)*
    Matthew R. Koerner (AZ #035018)*
    Margo R. Casselman (AZ #034963)*
    2901 N. Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788
    JCabou@perkinscoie.com
    ADanneman@perkinscoie.com
    MKoerner@perkinscoie.com
    MCasselman@perkinscoie.com
    602.351.8000

    *Pro Hac Vice*

**AND**

    David B. Singer
    Florida Bar No. 72823
    Matthew T. Newton
    Florida Bar No. 111679
    101 E. Kennedy Blvd., Suite 2800
    Tampa, FL 33602
    dsinger@shumaker.com
    mnewton@shumaker.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via email, as follows:

Jeff Aaron
George T. Levesque
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32302
George.levesque@gray-robinson.com
Jeff.Aaron@gray-robinson.com
850.577.9090

Henry C. Whitaker
Jeffrey Paul DeSousa
David Costello
James Percival
Natalie Christmas
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
850.414.3300
Henry.whitaker@myfloridalegal.com
Jeffrey.DeSousa@myfloridalegal.com

*/s/  Margo Casselman*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

                    Plaintiff,                    Case No. 4:22-cv-302-RH-MAF

v.

RON DESANTIS, individually and in
his official capacity as Governor of the
State of Florida,

                    Defendant.

_____

**PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Definitions and Instructions below, Plaintiff Andrew Warren requests that Defendant Ron DeSantis, within 14 days of service,[1] respond in writing to the Requests for Production of Documents below ("Requests") and produce all responsive Documents. The production shall be sent electronically to undersigned counsel's email address.

## DEFINITIONS

1. "And" and "or" shall be construed either conjunctively or disjunctively, whichever provides the broadest meaning possible.

2. "Any," "each," and "every" should be understood to include and encompass "all."

3. "Communication" means any means of written or oral communication, including but not limited to via telephone, letter, notes, email, facsimile, memoranda, face-to-face meetings, text message, instant message, and social media or other apps.

4. "Document" and "Documents" have the broadest meaning that can be ascribed pursuant to Federal Rule of Civil Procedure 34. These terms include emails, correspondence, messages on any messaging platform (e.g., Signal, WhatsApp, Teams), social media posts and content, notes, memoranda, reports, calendar entries, telexes, facsimile transmissions, presentation materials, minutes of meetings, telecopies, photographs, pictures, recordings, messages, or call logs. These terms also include any original or drafts, in any form or medium.

5. "Executive Order" means Executive Order Number 22-176 issued by the Office of the Governor of the State of Florida and signed by Defendant Ron DeSantis on August 4, 2022, a copy of which is attached to the Complaint in this

---

[1] If the Court sets a different deadline for discovery requests, that deadline shall apply to Defendant's responses to these Requests for Production of Documents.

case as Exhibit 1.

6.     "Include" or "including" are to be read as followed by the phrase "without limitation" and have the broadest meaning possible.

7.     "Relating to" means respecting, referring to, stating, describing, containing, mentioning, discussing, associated with, pertaining to, or relevant to, the item or subject matter set forth in the Request.

8.     "Suspension" means the suspension of Plaintiff Andrew Warren from his position as State Attorney for the 13th Judicial Circuit of the State of Florida on August 4, 2022, including the process that led to the decision to suspend Plaintiff, the drafting and preparation of the Executive Order effecting the suspension, the selection of an appointee to act as State Attorney for the 13th Judicial Circuit of the State of Florida during Plaintiff's suspension, and the August 4, 2022 press conference during which You publicly announced the suspension of Plaintiff.

9.     "You" or "Defendant" means Defendant Ron DeSantis, in his individual and official capacities, and every person acting on his behalf, including but not limited to in his campaign for Governor, including employees, staff, agents, representatives, consultants, contractors, and attorneys.

## INSTRUCTIONS

1.     These Requests call for the production of all responsive Documents in Your possession, custody, or control.

2.     Unless otherwise specified, the time period applicable to these Requests is March 1, 2022, to the date You respond to these Requests.

3.     With respect to each responsive Document that was at one time in existence but is no longer in existence, please state and specify for each Document (a) the type of Document (such as whether it is a letter, memorandum, email, etc.); (b) the types of information contained therein; (c) the date upon which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all

persons having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof.

4.     If any otherwise responsive Document was, but is no longer in existence or in Your possession, custody, or control, identify its current or last known custodian, the location/address of such Document, and describe in full the circumstances surrounding its disposition from Your possession or control. Without limiting the generality of the foregoing, (a) in the event a message (SMS or MMS) or iMessage that would be responsive to this request is no longer available, please identify the telephone number to or from which it was sent, and the name of the carrier for that telephone number at the time the text was sent or received, (b) in the event an app- and/or web-based direct- and/or instant-message that would be responsive to this request is no longer available, please identify the username, employee identification, IP address, and/or telephone number to or from which it was sent, and the name of the web- and/or app-based host and/or telephone carrier at the time the app- and/or web-based direct- and/or instant-message was sent or received.

5.     If You seek to withhold any responsive Document based on some limitation of discovery (including any claim of privilege or confidentiality), You must supply a list of the Documents withheld and state separately for every such Document: (i) the identity of every author, writer, or sender and the organization with which that person was then affiliated; (ii) the identity of every recipient or addressee and the organization with which that person was then affiliated; (iii) the date of creation or transmittal indicated on the Document, or an estimate of that date, indicated as such, if no date appears on the Document; (iv) a description of the general subject matter of the Document; and (v) the claimed grounds for limitation of discovery (e.g., attorney-client privilege). With respect to any Document that is

withheld on the grounds of attorney-client privilege or work product protection, You should include the abbreviation "Esq." after the name of any person listed as an author, sender, or recipient of the Document who was a practicing attorney and was acting in that capacity at the time he or she authored, sent, or received the Document.

6.    If You contend that a portion of a responsive Document contains information that is immune from discovery, You shall produce the Document with the immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the instructions in Instruction 5 above.

7.    These Requests shall be deemed continuing in nature. To the extent that You come into possession of responsive Documents or information after responding to the Requests, such Documents or information shall promptly be made available to Plaintiff in a supplemental response.

8.    Electronically Stored Information ("ESI") shall be produced in a form ready to load to an electronic discovery platform: either in single-page Tagged Image File Format (.TIFF) or document-level PDF files, along with a) image load files (.OPT), b) document-level text (.TXT) files, and c) a metadata load file (.DAT). Single-page TIFF images should be named according to a unique and sequential Bates number. The image load files should indicate page breaks, and each TIFF in a production must be referenced in the corresponding image load file. During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values should be extracted and produced in the .DAT file. To the extent they are available, the metadata values that are to be extracted and produced in the .DAT file are: (a) for emails: email subject, author, recipient, CC, BCC, received date, received time, sent date, sent time; (b) for electronic files: file name, author created date, created time, modified time, and extension; (c) for all ESI: custodian or source, original path, and

MD5 Hash; and (d) for documents that contained an attachment: production number begin, production number end, production attachment range number begin, production attachment range number end, attachment name, and production doc page count. Files that are not easily converted to image format, such as spreadsheet, presentation, audio and video, database, and drawing files, should be produced in native format. If a document is produced in native format, a single-page Bates-stamped TIFF image slip-sheet containing text stating the document has been produced in native format should also be provided. Each such native file should be named for its Bates number with its original file extension, and should be linked directly to its corresponding record in the load file using the NativeFileLink field.

## REQUESTS FOR PRODUCTION

**Request No. 1**:    All Documents relating to the Suspension, including all Communications—within Your office or with media representatives or other third parties—relating to the Suspension.

**Response**:


**Request No. 2**:    All Documents relating to the investigation, review, or other process conducted after You "asked [Your] staff in [Your] office to look around the State of Florida" at state attorneys, as You stated on August 4, 2022, when You announced the Suspension.

**Response**:

**Request No. 3**:      All Documents You reviewed or relied upon to conclude that Plaintiff Andrew Warren committed "neglect of duty" or demonstrated "incompetence" as stated in the Executive Order.

**Response**:


**Request No. 4**:      All Documents relating to Plaintiff Andrew Warren's performance as State Attorney for the 13th Judicial Circuit of the State of Florida.

**Response**:

Dated:  September 26, 2022

**PERKINS COIE LLP**

By:  */s/ Jean-Jacques Cabou*

Jean-Jacques Cabou (AZ #022835)*
Alexis E. Danneman (AZ #030478)*
Matthew R. Koerner (AZ #035018)*
Margo R. Casselman (AZ #034963)*
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
JCabou@perkinscoie.com
ADanneman@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com
602.351.8000

*Pro Hac Vice*

**AND**

David B. Singer
Florida Bar No. 72823
Matthew T. Newton
Florida Bar No. 111679
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
dsinger@shumaker.com
mnewton@shumaker.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, a true and correct copy of the

foregoing document was served upon all counsel of record via email, as follows:

Jeff Aaron
George T. Levesque
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32302
George.levesque@gray-robinson.com
Jeff.Aaron@gray-robinson.com
850.577.9090

Henry C. Whitaker
Jeffrey Paul DeSousa
David Costello
James Percival
Natalie Christmas
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
850.414.3300
Henry.whitaker@myfloridalegal.com
Jeffrey.DeSousa@myfloridalegal.com

/s/  Margo Casselman

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

                     Plaintiff,                         Case No. 4:22-cv-302-RH-MAF

v.

RON DESANTIS, individually and in
his official capacity as Governor of the
State of Florida,

                     Defendant.

_____

**RESPONSE TO PLAINTIFF'S FIRST SET OF**
**<u>REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT</u>**

Defendant, Ron DeSantis, individually and in his official capacity as Governor of the State of Florida, responds to the First Set of Requests for Production of Documents to Defendant served by Plaintiff, Andrew H. Warren, as follows:

## <u>OBJECTIONS TO DEFINITIONS</u>

Defendant objects to Plaintiff's definition of the term "You" as overbroad and unduly burdensome for including Defendant "in his individual and official capacities, and every person acting on his behalf, including but not limited to in his campaign for Governor, including employees, staff, agents, representatives, consultants, contractors, and attorneys." The Complaint does not include allegations against Defendant for acts taken in his individual capacity. Defendant's campaign is not a party to this action and the Governor has hundreds of employees and representatives that have no connection or relation to the subject matter of the allegations or the time period identified in the Requests. In a good faith attempt to respond to these Requests, Defendant has construed the term "You" to mean Defendant Ron DeSantis, in his capacity as Governor of the State of Florida, and his employees within the Executive Office of the Governor.

## REQUESTS FOR PRODUCTION

**Request No. 1**: All Documents relating to the Suspension, including all Communications—within Your office or with media representatives or other third parties—relating to the Suspension.

**RESPONSE**:   Defendant incorporates the above Objections to Definitions. Defendant objects that a request seeking "[a]ll Documents relating to the Suspension" is patently vague, overbroad, and does not describe with reasonable particularity each document or category of documents being requested as required under Rule 33(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant further objects based on the Attorney/Client Privilege and the Work Product Doctrine.

**Request No. 2**: All Documents relating to the investigation, review, or other process conducted after You "asked [Your] staff in [Your] office to look around the State of Florida" at state attorneys, as You stated on August 4, 2022, when You announced the Suspension.

**RESPONSE**:   Defendant incorporates the above Objections to Definitions. Defendant objects that a request seeking "[a]ll Documents" relating to the

investigation, review, or other process" is patently vague, overbroad, and does not describe with reasonable particularity each document or category of documents being requested as required under Rule 33(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant further objects based on the Attorney/Client Privilege and the Work Product Doctrine.  Notwithstanding the forgoing objections, Defendant will produce responsive and non-privileged documents that were gathered by the Governor's staff as its response to this Request.

**Request No. 3**:      All Documents You reviewed or relied upon to conclude that Plaintiff Andrew Warren committed "neglect of duty" or demonstrated "incompetence" as stated in the Executive Order.

**RESPONSE**:    Defendant incorporates the above Objections to Definitions. Defendant objects that a request seeking "[a]ll Documents" that Defendant reviewed or relied upon to conclude that Plaintiff Andrew Warren committed "neglect of duty" or demonstrated "incompetence" is vague and ambiguous and does not describe with reasonable particularity each document or category of documents being requested as required under Rule 33(b)(1)(A) of the Federal Rules of Civil Procedure.  For example, because of the Definition "You" and "or" which is given "its broadest

possible meaning," the request would require Defendant to produce every document of every employee that was ever reviewed, even if the document reviewed was not relied upon to support the facts set forth stated in the Executive Order.  Defendant further objects based on the Attorney/Client Privilege and the Work Product Doctrine. Notwithstanding the forgoing objections, Defendant will produce responsive and non-privileged documents that were relied on by the Governor to conclude Plaintiff Andrew Warren committed "neglect of duty" or demonstrated "incompetence" for its response to this Request.

**Request No. 4**:    All   Documents   relating   to   Plaintiff   Andrew   Warren's performance as State Attorney for the 13th Judicial Circuit of the State of Florida.

**RESPONSE**:    Defendant   incorporates   the   above   Objections   to   Definitions. Defendant further objects based on the Attorney/Client Privilege and the Work Product Doctrine.  Notwithstanding the forgoing objections, Defendant will produce responsive and non-privileged documents related to Plaintiff Andrew Warren's performance for its response to this Request.

Respectfully submitted this 10th day of October 2022.

*/s/ Jeff Aaron*

JEFF AARON (FBN 123473)
Email: jeff.aaron@gray-robinson.com
Secondary Email:
cindi.garner@gray-robinson.com
GEORGE T. LEVESQUE (FBN 555541)
Email: George.levesque@gray-robinson.com
Secondary Email:
maelene.tyson@gray-robinson.com
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32302
Telephone: 850-577-9090
Facsimile: 850-577-3311

ASHLEY MOODY
  *Attorney General*

HENRY C. WHITAKER (FBN 1031175)
  *Solicitor General*
JEFFREY PAUL DESOUSA (FBN 110951)
  *Chief Deputy Solicitor General*
JAMES H. PERCIVAL (FBN 1016188)
  *Deputy Attorney General of Legal Policy*
NATALIE CHRISTMAS (FBN 1019180)
  *Assistant Attorney General of Legal Policy*
DAVID M. COSTELLO (FBN 1004952)
  *Deputy Solicitor General*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
henry.whitaker@myfloridalegal.com

*Counsel for Governor DeSantis*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via email, as follows:

Jean-Jacques Cabou*
Alexis E. Danneman*
Matthew R. Koerner*
Margo R. Casselman*
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
JCabou@perkinscoie.com
ADanneman@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com
*Pro Hac Vice


**AND**
David B. Singer
Florida Bar No. 72823
Matthew T. Newton
Florida Bar No. 111679
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
dsinger@shumaker.com
mnewton@shumaker.com
*Attorneys for Plaintiff*

/s/ Jeff Aaron
Jeff Aaron (FBN 123473)
GRAYROBINSON, P.A.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

                    Plaintiff,                    Case No. 4:22-cv-302-RH-MAF

v.

RON DESANTIS, individually and in
his official capacity as Governor of the
State of Florida,

                    Defendant.

_____

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANT**

Defendant, Ron DeSantis, individually and in his official capacity as Governor of the State of Florida, responds to the First Set of Interrogatories to Defendant served by Plaintiff, Andrew H. Warren, as follows:

## OBJECTIONS TO DEFINITIONS

Defendant objects to Plaintiff's definition of the term "You" as overbroad and unduly burdensome for including Defendant "in his individual and official capacities, and every person acting on his behalf, including but not limited to in his campaign for Governor, including employees, staff, agents, representatives, consultants, contractors, and attorneys." The Complaint does not include allegations against Defendant for acts taken in his individual capacity. Defendant's campaign is not a party to this action and the Governor has hundreds of employees and representatives that have no connection or relation to the subject matter of the allegations or the time period identified in the Interrogatories. In a good faith attempt to respond to these Interrogatories, Defendant has construed the term "You" to mean Defendant Ron DeSantis, in his capacity as Governor of the State of Florida, and his employees within the Executive Office of the Governor.

## INTERROGATORIES

**Interrogatory No. 1**:   Identify everyone with whom You discussed the Suspension, excluding those persons who learned of the Suspension only through a public announcement made by You.

**ANSWER:** Defendant incorporates the above Objections to Definitions. Notwithstanding these objections, the following individuals discussed the Suspension with Defendant Ron DeSantis, in his capacity as Governor of the State of Florida, or with his employees within the Executive Office of the Governor[1]:

   a)   Governor Ron DeSantis
        Executive Office of the Governor
        c/o Gray Robinson, P.A.
        301 South Bronough Street, Suite 600
        Tallahassee, Florida 32301

   b)   Larry Keefe, Public Safety Czar
        Executive Office of the Governor
        c/o Gray Robinson, P.A.
        301 South Bronough Street, Suite 600
        Tallahassee, Florida 32301

   c)   Ryan Newman, General Counsel
        Executive Office of the Governor
        c/o Gray Robinson, P.A.
        301 South Bronough Street, Suite 600
        Tallahassee, Florida 32301

---

[1] In addition to the names contained herein, Defendant or his representatives also communicated with nearly all Sherriff's that attended the Florida Sherriff Association's winter convention in Jacksonville, Florida, as well as well as a significant number of representatives from each of the entities identified herein.

d)   Raymond Treadwell, Chief Deputy General Counsel
     Executive Office of the Governor
     c/o Gray Robinson, P.A.
     301 South Bronough Street, Suite 600
     Tallahassee, Florida 32301

e)   Taryn Fenske, Director of Communications
     Executive Office of the Governor
     c/o Gray Robinson, P.A.
     301 South Bronough Street, Suite 600
     Tallahassee, Florida 32301

f)   James Uthmeier, Chief of Staff
     Executive Office of the Governor
     c/o Gray Robinson, P.A.
     301 South Bronough Street, Suite 600
     Tallahassee, Florida 32301

g)   Joshua Pratt, former Deputy General Counsel
     Executive Office of the Governor
     c/o Gray Robinson, P.A.
     301 South Bronough Street, Suite 600
     Tallahassee, Florida 32301

h)   Andrew King, Deputy General Counsel
     Executive Office of the Governor
     c/o Gray Robinson, P.A.
     301 South Bronough Street, Suite 600
     Tallahassee, Florida 32301

i)   Jason Mahon, Deputy Communications Director
     Executive Office of the Governor
     c/o Gray Robinson, P.A.
     301 South Bronough Street, Suite 600
     Tallahassee, Florida 32301

j)     Jared Williams, Deputy Communications Director
Executive Office of the Governor
c/o Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301

k)     Bryan Griffin, Press Secretary
Executive Office of the Governor
c/o Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301

l)     Savannah Kelly, Director of External Affairs
Executive Office of the Governor
c/o Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301

m)     Mark Buckles, General Counsel to the Cabinet
Executive Office of the Governor
c/o Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301

n)     Christina Pushaw, former Press Secretary
Executive Office of the Governor
c/o Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301

o)     Steve Casey
Florida Sheriffs Association
2617 Mahan Drive
Tallahassee, FL 32308
(800) 877-2168

p)     Sheriff Chad Chronister
Hillsborough County Sheriff's Office
2008 E. 8th Ave.
Tampa, FL 33605
(813) 247-8200

q)     Brian Dugan
Former Chief of Police
Tampa Police Department
(813) 309-7070

r)     Sheriff Christopher Nocco
Pasco County Sheriff
8700 Citizens Dr.
New Port Richey, FL 34654
(727) 847-5878

s)     Sheriff Grady Judd
Polk County Sheriff
1891 Jim Keene Blvd
Winter Haven, FL 33880
(863) 298-6200

t)     Attorney General Ashley Moody
Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050
(850) 414-3990

u)     John Guard, Chief Deputy Attorney General
Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050
(850) 414-3990

v)     Representative Mike Beltran
3618 Erindale Drive
Valrico, FL 33596-6311
(813) 653-7097

w)    State Attorney Susan Lopez
Office of the State Attorney, 13th Judicial Circuit
419 N. Pierce Street
Tampa, Florida 33602
(813) 272-5400

x)     Matt Dunagan
Florida Sheriffs Association
2617 Mahan Drive
Tallahassee, FL 32308
(800) 877-2168

y)     State Attorney Ginger Bowden Madden
State Attorney's Office
190 W. Government St.
Pensacola, FL 32502

z)     David Folsom, Chief of Staff
State Attorney's Office
190 W. Government St.
Pensacola, FL 32502

aa)   Sheriff Chip Simmons, Escambia County
Sheriff's Office
P.O. Box 18770
Pensacola, FL 32523-8770

bb)   Sheriff Bob Johnson, Santa Rosa County
Sheriff's Office
5755 E. Milton Rd.
Milton, FL 32583

cc)   Sheriff Eric Aden, Okaloosa County
      Sheriff's Office
      50 2nd St.
      Shalimar, FL 32579

dd)   Sheriff Tommy Ford, Bay County
      Sheriff's Office
      3421 N. Hwy. 77
      Panama City, FL 32405-5009

ee)   State Attorney Larry Basford
      PO Box 1040
      Panama City, FL 32402-1040

ff)   State Attorney Jack Campbell
      State Attorney's Office, 2nd Judicial Circuit
      Leon County Courthouse
      301 S. Monroe St.
      Suite 475
      Tallahassee, FL 32399-2550

gg)   Mark Glass
      Florida Department of Law Enforcement
      PO Box 1489
      Tallahassee, FL 32302-1489

hh)   Shane Desguin
      Florida Department of Law Enforcement
      PO Box 1489
      Tallahassee, FL 32302-1489

ii)   State Attorney Melissa Nelson
      State Attorney's Office, 4th Judicial Circuit
      311 W. Monroe St.
      Jacksonville, FL 32202-4242

jj)   L.E. Hutton, Chief of Staff
      State Attorney's Office, 4th Judicial Circuit
      311 W. Monroe St.
      Jacksonville, FL 32202-4242

kk) Sheriff A.J. Smith, Franklin County
Sheriff's Office
270 State Road 65
Eastpoint, FL 32328-3616

ll) Sheriff John Mina, Orange County
Orange County Sheriff's Office
PO Box 1440
Orlando, FL 32802-1440

mm) Sheriff Bob Gualtieri, Pinellas County
Pinellas County Sheriff's Office
PO Drawer 2500
Largo, FL 33779-2500

nn) Sheriff Carmine Marceno, Lee County
Headquarters
14750 Six Mile Cypress
Fort Myers, FL 33912

oo) Sheriff Rick Ramsay, Monroe County
Sheriff's Office
5525 College Rd.
Key West, FL 33040

pp) Sheriff Wayne Ivey, Brevard County
Brevard County Sheriff's Office
700 Park Ave.
Titusville, FL 32780

qq) Sheriff Mike Williams (former), Duval County
Jacksonville Sheriff's Office
501 E. Bay St.
Jacksonville, FL 32202

rr) Sheriff Mark Hunter, Columbia County
Columbia County Sheriff's Office
4917 US Highway 90 East
Lake City, FL 32055

ss)  Sheriff Bobby McCallum, Levy County
     9150 NE 80th Ave.
     PO Drawer 1719
     Bronson, FL 32621

tt)  Sheriff Bobby Schultz, Gilchrist County
     Sheriff's Office
     9239 S. US Hwy 129
     Trenton, FL 32693-5463

uu)  Maria Chapa Lopez, former U.S. Attorney Middle District of
     Florida

vv)  Ken Sukhia, former U.S. Attorney Northern District of Florida
     Sukhia Law Firm
     241 E. 6th Ave
     Tallahassee, FL 32303

ww)  Gary Weisman, Chief of Staff
     State Attorney's Office, 13th Judicial Circuit
     419 N. Pierce St.
     Tampa, FL 33602

xx)  State Attorney Bill Gladson
     State Attorney's Office, 5th Judicial Circuit
     Marion County Judicial Center
     110 NW 1st Ave
     Suite 5000
     Ocala, FL 34475-6614

yy)  State Attorney Bruce Bartlett
     PO Box 17500
     Clearwater, FL 33762-0500

zz)  State Attorney R.J. Larizza
     State Attorney's Office, 7th Judicial Circuit
     Daytona Beach Office
     251 N. Ridgewood Ave.
     Daytona Beach, FL 32114

aaa)   State Attorney Brian Kramer
       State Attorney's Office, 8th Judicial Circuit
       120 W. University Ave.
       Gainesville, FL 32601-5381

bbb)   State Attorney Brian Haas
       State Attorney's Office, 10th Judicial Circuit
       255 N. Broadway Ave.
       Bartow, FL 33830

ccc)   State Attorney Ed Brodsky
       State Attorney's Office
       2071 Ringling Blvd
       Suite 400
       Sarasota, FL 34237-7040

ddd)   State Attorney Dennis Ward
       State Attorney's Office, 16th Judicial Circuit
       530 Whitehead St.
       Key West, FL 33040-7098

eee)   State Attorney Tom Bakkedahl
       State Attorney's Office, 19th Judicial Circuit
       411 S. 2nd St.
       Fort Pierce, FL 34950-1594

fff)   State Attorney Amira Fox
       State Attorney's Office
       2000 Main St.
       Fort Myers, FL 33901

ggg)   Pete Antonacci (deceased)

hhh)   State Attorney John Durrett
       Office of the State Attorney, Third Judicial Circuit
       173 NE Hernando Ave
       Suite 420
       Lake City, FL 32055-4000

iii)   State Attorney Phil Archer
       State Attorney's Office, 18th Judicial Circuit
       2725 Judge Fran Jamieson Way
       Bldg. D
       Viera, FL 32940-6605

jjj)   Anthony Pedicini
       1509 E 9th Avenue
       Tampa FL 33605
       (813) 384-2507

kkk)   Anthony Leonardi, Law Clerk
       Executive Office of the Governor
       c/o Gray Robinson, P.A.
       301 South Bronough Street, Suite 600
       Tallahassee, Florida 32301

lll)   Anthony Licata, Law Clerk
       Executive Office of the Governor
       c/o Gray Robinson, P.A.
       301 South Bronough Street, Suite 600
       Tallahassee, Florida 32301

**Interrogatory No. 2**:      Identify each and every fact contained in or supporting the

Executive Order that You claim constitutes "neglect of duty," "incompetence," or

both, as those terms are used in the Executive Order.

**ANSWER:**  Defendant incorporates the above Objections to Definitions.  Pursuant

to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the following

documents:

1.  Executive Order 22-176, DEF 000001 – 10, which sets forth in detail the facts that form the basis of Plaintiff's neglect of duty and incompetence, and incorporates by reference additional facts from additional documents;

2.  June 2021 Joint Statement, DEF 0000012– 19, which portions are incorporated by reference in Executive Order 22-176;

3.  June 24, 2022 Joint Statement, DEF 000021– 29, which portions are incorporated by reference in Executive Order 22-176;

4.  Policy Regarding Prosecution of Cases Based on Pedestrian and Bicycle Violations,  DEF 000047 – 48, referenced in Executive Order 22-176, and describing blanket policies for non-enforcement of certain crimes; and

5.  Presumption of Non-Prosecution Policy, March 3, 2021, DEF 000049 – 51, referenced in Executive Order 22-176, and describing blanket policies for non-enforcement of certain crimes.

6.  State Attorney's Office, Thirteenth Judicial Circuit, Prosecutorial Discretion and the Mission of Criminal Justice, December 14, 2021, DEF 000052 – 60, referenced in Executive Order 22-176, and describing blanket policies for non-enforcement of certain crimes.

Discovery is ongoing.  Defendant reserves the right to amend this response as additional information is discovered.

**Interrogatory No. 3**:    Identify   all   means   of   Communication   and   all communications devices You have used, including specific applications like Signal, WhatsApp, etc., from January 1, 2022 through the present, to send or receive Communications relating to the Suspension. For mobile phones, tablets, and similar devices, identify the last four digits of the phone number associated with such devices.

**ANSWER:** Defendant incorporates the above Objections to Definitions.  Defendant further objects to this Interrogatory as overbroad, harassing, and unduly burdensome because Defendant would need to interview and confer with potentially hundreds of individuals and collect the last four digits of each of their phone numbers. This Interrogatory is not proportionate to the needs of this First Amendment case.

**Interrogatory No. 4**:    Identify every officer or official You have suspended from office, including the date of the suspension, the official's office and title, and the official's political party affiliation.

**ANSWER**: Defendant incorporates the above Objections to Definitions. Notwithstanding this Objection, pursuant to Federal Rule of Civil Procedure 33(d), *see* collective executive orders suspending officials, DES000063-000398, which were produced concomitantly with this response.  To the extent the answer is not contained within referenced bates range and seeks information concerning an official's political party affiliation, Defendant lacks sufficient information to respond to this Interrogatory.

Respectfully submitted this 10th day of October 2022.

/s/ Jeff Aaron
JEFF AARON (FBN 123473)
Email: jeff.aaron@gray-robinson.com
Secondary Email:
cindi.garner@gray-robinson.com
GEORGE T. LEVESQUE (FBN 555541)
Email: George.levesque@gray-robinson.com
Secondary Email:
maelene.tyson@gray-robinson.com
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32302
Telephone: 850-577-9090
Facsimile: 850-577-3311

ASHLEY MOODY
  *Attorney General*

HENRY C. WHITAKER (FBN 1031175)
  *Solicitor General*
JEFFREY PAUL DESOUSA (FBN 110951)
  *Chief Deputy Solicitor General*
JAMES H. PERCIVAL (FBN 1016188)
  *Deputy Attorney General of Legal Policy*
NATALIE CHRISTMAS (FBN 1019180)
  *Assistant Attorney General of Legal Policy*
DAVID M. COSTELLO (FBN 1004952)
  *Deputy Solicitor General*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
henry.whitaker@myfloridalegal.com

*Counsel for Governor DeSantis*

16

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing answers are true and correct.

By: _Raymond Treadwell_

Raymond Treadwell
Chief Deputy General Counsel
October 10, 2022

I HEREBY CERTIFY that on this day personally appeared in physical presence Raymond Treadwell, who is well known to be the person described in and who executed the foregoing document.

WITNESS my hand and seal on this 10th day of October, 2022.

(SEAL)

SUSAN L. SMITH
MY COMMISSION # GG 922809
EXPIRES: January 18, 2024
Bonded Thru Notary Public Underwriters

_Susan L. Smith_
NOTARY PUBLIC

Susan L. Smith

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via email, as follows:

Jean-Jacques Cabou*
Alexis E. Danneman*
Matthew R. Koerner*
Margo R. Casselman*
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
JCabou@perkinscoie.com
ADanneman@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com
*Pro Hac Vice


**AND**
David B. Singer
Florida Bar No. 72823
Matthew T. Newton
Florida Bar No. 111679
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
dsinger@shumaker.com
mnewton@shumaker.com
*Attorneys for Plaintiff*


/s/ Jeff Aaron
Jeff Aaron (FBN 123473)
GRAYROBINSON, P.A.