**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ANDREW H. WARREN,

      Plaintiff,

v.                                 CASE NO. 4:22cv302-RH-MAF

RON DESANTIS,

      Defendant.

_____/

## ORDER COMPELLING DISCOVERY

This order confirms and adds to the ruling announced on the record of the hearing on the plaintiff's motion to compel discovery. The defendant announced that he waives any privilege of any kind and any work-product protection for documents created before this lawsuit was filed, but this waiver does not extend to communications with Gray Robinson PA. The waiver addresses only document production. No ruling has been made on whether the defendant or others may be deposed and, if so, on the permissible areas of inquiry.

The plaintiff noted that he may wish to leave currently scheduled depositions open for later inquiry based on belatedly produced documents. That may be done

by agreement or on a motion showing good cause. This order makes no ruling on any such motion.

Under Federal Rule of Civil Procedure 37(a)(5)(A) and (B), the court "must" order the party that loses a discovery motion or the party's attorney or both to pay the opposing party's reasonable expenses, including attorney's fees, with three exceptions. First, a moving party cannot recover expenses if the party filed the motion before attempting in good faith to obtain the discovery without court action. Second, an award is improper if the losing party's position was "substantially justified." And third, an award is improper if "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (cleaned up); *Devaney*, 989 F.2d at 1163.

Here neither side prevailed across the board. As a matter of substance, the plaintiff won more than he lost. But the defendant's position was substantially justified in part, and the defendant has now waived privilege claims and acted in good faith in major respects. His delay was caused in part by a discovery

contractor's technical issues. I conclude, as a matter of discretion, that an award of expenses would be unjust.

IT IS ORDERED:

1. The motion to compel, ECF No. 81, is granted in part.

2. The defendant must produce all documents described in production requests 1, 2, 3, and 4, modified as follows:

(a) Documents created on or after August 17, 2022—the date when this lawsuit was filed—need not be produced.

(b) Communications with Gray Robinson PA and the Solicitor General's office need not be produced.

(c) "Your office," as used in request 1, means the defendant and the executive office of the Governor but not employees of the Governor's campaign. The term includes Christina Pushaw while employed in the executive office of the Governor, including while using social media or other means of communication, even if Ms. Pushaw believed she was acting individually, not as a state employee.

(d) "You," as used in request 2, means the defendant.

(e) "You," as used in request 3, means the defendant and the executive office of the Governor, not employees of the Governor's campaign. The term includes Christina Pushaw while employed in the executive

office of the Governor, including while using social media or other means of communication, even if Ms. Pushaw believed she was acting individually, not as a state employee.

3. For the period when she was employed in the Governor's office, Ms. Pushaw must maintain all records of texts, emails, and communications of any kind, including on social media, related to the suspension of the plaintiff.

4. The deadlines to produce documents as required by this order are as follows:

(a) For documents previously cleared by the defendant for production but delayed because of a vendor's system failure, 6:00 p.m. on October 17.

(b) For other documents to, from, or relating to Christina Pushaw, October 18 at 9:00 a.m.

(c) For other documents to, from, or relating to Lawrence Keefe, October 18 at 8:00 p.m.

(d) For other documents, including documents received by the defendant's attorneys today and not yet screened, October 21 at 5:00 p.m.

5. The attorneys must continue to confer in good faith on interrogatory 3, which is modified as follows:

(a) The time period is limited to January 1, 2022 through September 17, 2022.

(b) "You," as used in the interrogatory, means the defendant and the executive office of the Governor but not employees of the Governor's campaign.

6. Information obtained based on interrogatory 3 must be used only for purposes of this litigation and must not be disclosed to anyone other than attorneys of record and, based on need to know and after notice of this paragraph, employees or contractors assisting with this litigation. A person who receives the information must not disclose it except as authorized by this paragraph.

SO ORDERED on October 17, 2022.

s/Robert L. Hinkle_____
United States District Judge