# Exhibit 4

| | |
|---|---|
| **From:** | Cabou, Jean-Jacques (J) (PHX) |
| **To:** | George Levesque |
| **Cc:** | Koerner, Matthew (PHX); Jeff Aaron; Danneman, Alexis E. (PHX); Henry Whitaker; Jeffrey DeSousa; Singer, David B.; Casselman, Margo (PHX); Newton, Matt |
| **Subject:** | Re: Thanks For Your Time -- Meet and Confer re Defendant and CoS Depositions and Testimony |
| **Date:** | Monday, October 3, 2022 8:09:05 PM |

Thanks George.

Given the late hour and the substantial disagreement between us on the issue below, we would prefer to proceed with the hearing as scheduled. Even if it's brief we think it will be helpful to alert the court of the situation and to seek its guidance, including as to how to resolve the issue while still maintaining our current trial schedule.

Again we thank you for your time and we look forward to speaking with you in the morning during the scheduling conference

Thanks again

J

> On Oct 3, 2022, at 7:34 PM, George Levesque <George.Levesque@gray-robinson.com> wrote:
>
> J,
> While I might quibble with some of the characterizations, I can confirm that we do not intend to have the Governor or Mr. Uthmeier sit for deposition unless a court orders them to do so.
>
> Of course, none of the matters below relate to schedule, though they may impact the schedule. My question that I forgot to ask was – do we both think we still need the scheduling conference tomorrow? Speaking for our side, we don't see the need because it appears the Court has already set the schedule and a framework through which we can work through these issues. And we have plenty to do, so I'm not sure I see the need to take up the Court's time. If we don't think it's necessary, I would suggest we reach out to the clerk early tomorrow to let the Court know. Obviously, if you feel differently, we'll gladly talk to the Court at 10:00 EST tomorrow.
>
> George
>
> **T** 850.577.9090
> **D** 850.577.6969

**George Levesque**
Shareholder

F 850.577.3311



GrayRobinson, P.A. ▪ 301 South Bronough Street, Suite 600, Tallahassee, Florida 32301



This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

**From:** Cabou, Jean-Jacques (J) (PHX) <JCabou@perkinscoie.com>
**Sent:** Monday, October 3, 2022 7:53 PM
**To:** George Levesque <George.Levesque@gray-robinson.com>; Koerner, Matthew (PHX) <MKoerner@perkinscoie.com>; Jeff Aaron <jeff.aaron@gray-robinson.com>; Danneman, Alexis E. (PHX) <ADanneman@perkinscoie.com>; Henry Whitaker <Henry.Whitaker@myfloridalegal.com>
**Cc:** Jeffrey DeSousa <Jeffrey.DeSousa@myfloridalegal.com>; Singer, David B. <dsinger@shumaker.com>; Casselman, Margo (PHX) <MCasselman@perkinscoie.com>; Newton, Matt <mnewton@shumaker.com>
**Subject:** Thanks For Your Time -- Meet and Confer re Defendant and CoS Depositions and Testimony

**This message originated outside of GrayRobinson.**

Counsel,

Thanks again very much for your time on our call at 7pm EST today on which we discussed the deposition and trial testimony of the Governor and his Chief of Staff, Mr. Uthmeier.  Based on our discussion we understand that you object as a blanket matter to any trial or deposition testimony from these two individuals.  We appreciate you confirming that the bases for your objections are, as to both people and as to both types of testimony, the Apex Doctrine and the Deliberative Process Privilege.

We discussed each of these doctrines a bit.  As to the Apex Doctrine, you noted that we have not jumped through various other hoops as required.  I asked whether it was your position that neither the Governor nor Mr. Uthmeier have unique knowledge about the

Suspension, and you responded that you would venture to say probably yes, that is your position.  If your thinking changes on that, please let us know.  Otherwise we will assume that remains your position as to both individuals.

When I asked whether you would identify in your initial disclosures the people you believe have the identical knowledge to the Governor and to Mr. Uthmeier, I understood you to say that you would identify in the disclosures a corporate representative of the office of the governor, in addition to Mr. Keefe.  If I misunderstood that, of course please let me know.

In an effort to understand better your blanket position that neither the Governor nor his chief of staff can be deposed or called at trial to testify, I noted that I struggle to understand how anyone but the Governor could have the same and superior knowledge to the Governor about the Suspension.  This, to me, seems like a situation, unlike many others, in which the Governor is uniquely, personally involved and knowledgeable.  You explained, and I agreed, that the Governor is the only person with the power to suspend Mr. Warren.  But you disagreed this was unique and went on to say that this was just like other instances in which other people do the investigations and give information to the Governor, on which he acts.

In an effort to make sure we are on the same page about the deliberative process privilege, I then shared my belief that this applies only to documents, and asked if you had a contrary understanding.  We found some common ground here in that the cases often talk inartfully about deliberative process and its relationship to/distinction from executive privilege.  And I think we left that as a topic for future briefing, in the likely event such briefing happens.

I then asked whether your position that the Governor and Mr. Uthmeier are excused from personal participation in discovery extends to the verification of discovery responses.  You candidly shared that you anticipated a corporate representative would verify, but that you had not studied this issue yet in detail and cannot say who that person would be.

Toward the end of our call, I asked if you would be willing to provide dates on which the Governor and Mr. Uthmeier would be deposed should the court so order.  You declined to do so, and candidly shared that should the Court issue any order requiring the deposition of either person, you would seek appellate review of that order.  Again, as I said during our call, we appreciate your candor in telling us that up front.  When I asked if your intent to oppose testimony, including through appellate review of any order requiring it, applied equally to trial testimony, you confirmed that it would.

Again, thank you for your time and candor.  And, again, if I have misunderstood any part of our discussion, please let me know.

We will speak to you tomorrow on our call with the Court.

J

**Jean-Jacques "J" Cabou** | **Perkins Coie LLP**
**PARTNER**
2901 North Central Avenue Suite 2000
Phoenix, AZ 85012-2788
D. +1.602.351.8003
F. +1.602.648.7003
E. JCabou@perkinscoie.com

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.