# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF FLORIDA
# TALAHASSEE DIVISION

_____

| | |
|---|---|
| ANDREW H. WARREN, | )   Case No.. 4:22-cv-302-RH-MAF |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| RON DESANTIS, individually and | ) |
| in his official capacity as | ) |
| Governor of the State of Florida, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

_____

## PLAINTIFF'S MOTION FOR A LIMITED PROTECTIVE ORDER

For the reasons set forth in this Motion, Plaintiff, Andrew H. Warren moves the Court pursuant to Federal Rule of Civil Procedure 26(c)(1) for a limited protective order precluding the Defendant, Ron DeSantis, from questioning Plaintiff at his deposition on November 2, 2022, on topics that are not encompassed within the Executive Order of August 4, 2022.

## PRELIMINARY STATEMENT

This case turns on Defendant's subjective motivation for suspending Mr. Warren.  Defendant has consistently represented—and reiterated as recently as his motion for a protective order—that "the Governor's motives are fully expressed within the four corners of the suspension order itself."  Dkt. 91, Defendant's Motion for Protective Order at 14.  When asked to "[i]dentify each and every fact contained in or supporting the Executive Order that [he] claims constitutes neglect of duty, or incompetence, or both," Defendant stated that "Executive Order 22-176 . . . sets forth in detail the facts that form the basis of Plaintiff's neglect of duty and incompetence."  Dkt. 84, Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant at 39-40.  On the basis of that representation, Defendant has resisted discovery beyond the reasons stated and documents described in the Executive Order.  Dkt. 91, Defendant's Motion for Protective Order at 14 (stating that "additional documentary evidence" about Defendants' subjective motivation beyond the Executive Order "is unnecessary").

Yet now that Defendant is the one asking questions, he suddenly takes the opposite position, insisting that he be allowed to question Mr. Warren about events unrelated to and in some case *after* the suspension – events about which Defendant could not have known at the moment he decided to suspend Mr. Warren. Mr. Warren is not on trial here; Defendant is.  Any such questioning would be improper and the information it elicits irrelevant.  The only purpose it could serve is to fish for additional information about Mr. Warren that Defendant could use either as a *post hoc* rationalization for his suspension or as a justification to suspend Mr. Warren once again if this court rules that Defendant acted unlawfully. As the Supreme Court has recognized, it would be an "abuse" of the discovery process for defendants in cases of unlawful retaliation to "undertake extensive discovery [about] performance on the job to resist [retaliation] claims" like Mr. Warren's.[1]  *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 363 (1995). Courts therefore routinely prohibit discovery initiated to unearth such evidence in this context.  A protective order is warranted.

---

[1] Of course, as the Court has already ruled, Mr. Warren is not Defendant's "employee." Dkt. 68, Order Dismissing the State-Law Claim, Denying the Motion to Dismiss the Federal Claim, and Denying a Preliminary Injunction at 2.  But as the Court has also recognized, employment cases, which use a similar burden-shifting framework to the one at issue here, provide a useful and instructive framework. *See e.g.*, *id.* at 9.

# ARGUMENT

I.   **Defendant's Questioning of Plaintiff Should be Limited to the Information Encompassed within the Executive Order**

    A.   **According to Defendant, Information Outside of or Acquired after the Suspension Order is not Relevant to the Factual Issue at Trial**

The sole factual issue in this case concerns the subjective reasons that Defendant suspended Mr. Warren. *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008) (recognizing that a retaliation claim turns on the question of whether "the defendants were subjectively motivated to discipline" because of protected speech); *Walker v. Schwalbe*, 112 F.3d 1127, 1133 (11th Cir. 1997) ("The government official's state of mind is a critical element in First Amendment [retaliation]" claims). That is true not only as to the "motivating-factor" element that Mr. Warren must establish but also as to Defendant's asserted "same-decision" defense on which he carries the burden. *See* Dkt. 73, Defendant's Answer at 13. *Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1196 (11th Cir. 2011); *McKennon*, 513 U.S. at 360 (noting that a defendant's proffered "legitimate reason for discharge . . . will not suffice 'if that reason did not motivate it at the time of the decision'") (quoting *Price Waterhouse* v. *Hopkins,* 490 U. S. 228, 252 (1989) (plurality opinion).

Defendant has represented that his subjective motivation is completely reflected in the Executive Order.   Dkt. 91, Defendant's Motion for Protective

Order at 14 ("[T]he Governor's motives are fully expressed within the four corners of the suspension order itself."); Dkt. 84, Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant at 39-40  ("Executive Order 22-176 . . . sets forth in detail the facts that form the basis of Plaintiff's neglect of duty and incompetence.").  Thus, according to Defendant, any information outside of that document has no bearing either on the causal connection between Plaintiff's protected speech and Defendant's decision to suspend him or on whether Defendant would have suspended Plaintiff without regard for protected speech.

Even apart from Defendants' own representations, moreover, information about Plaintiff post-dating the August 4, 2022, suspension is irrelevant to Defendant's subjective motivation.  "[Defendant] could not have been motivated by knowledge [he] did not have and [he] cannot now claim that [Mr. Warren] was fired for [any such reason]." *McKennon*, 513 U.S. at 360.

### B.    Defendant Cannot Seek "After-Acquired" through Discovery

The Supreme Court's decision in *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995) supports the protective order Plaintiff seeks.  In *McKennon*, the Court addressed the question of whether a Plaintiff may prevail in an action under the Age Discrimination in Employment Act (ADEA) even if the Defendant becomes aware of evidence that was unknown to it at the time of the retaliatory action but that would have provided a lawful basis for the challenged action.

*McKennon*, 513 U.S. at 354–56.  The Court ruled that while such "after-acquired" evidence neither bars all relief nor warrants application of the traditional "unclean hands" doctrine, such evidence may bear on "the specific remedy to be ordered" for an ADEA violation.  *Id.* at 360 (citing *Perma Life Mufflers, Inc.* v. *International Parts Corp.*, 392 U.S. 134 (1968) (unclean hands defense not applicable "where a private suit serves important public purposes")).

Critically for purposes of this motion, *McKennon* resolved only what the implications are of after-acquired evidence having come to light.  *See McKennon*, 513 U.S. at 362.  The Court did not endorse the fundamentally different proposition that Defendant advances here: that discovery can be propagated specifically *for the purpose* of eliciting such information.  *See id*.  On that point, the Court recognized the serious policy harms that would flow from permitting defendants affirmatively to seek out evidence about the plaintiff post-dating their conduct as a means of deflecting liability.  *Id.* at 363.  The appropriate safeguard against that tactic, the Court explained, was management of the discovery process by district courts.  "The concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under the Act is not an insubstantial one," the Court reasoned.  *Id*.  But the appropriate answer for such "abuses," the Court concluded,

is "the authority of the courts to . . . invoke the appropriate provisions of the
Federal Rules of Civil Procedure."  *Id.*

Courts have correctly read *McKennon* to mean that although after-acquired
evidence may limit remedies, it is not an independent basis on which to seek
discovery.  *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-CV-1056-J-
32MCR, 2006 WL 1627020, at *5 (M.D. Fla. June 6, 2006) (noting that *McKennon*
"cautioned that employers should not, as a routine matter, undertake extensive
discovery into an employee's background or performance to resist claims");
*Premer v. Corestaff Services, L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005)
("Though the after-acquired evidence doctrine provides employers a mechanism to
limit an employee's remedies based on evidence found during discovery, it should
not be used as an independent basis to initiate discovery.").  Thus, courts do not
"allow Defendant[s] to use after-acquired evidence to create affirmative defenses
or to initiate discovery."  *Gonzalez v. Springs of Lady Lake ALF, L.L.C.*, No. 8:10-
cv-1693-T-17AEP, 2011 WL 13302410, at *2 (M.D. Fla. Mar. 10, 2011).  "Rather,
Defendant must have some preexisting basis to believe that after-acquired evidence
exists before it can take on additional discovery."  *Maxwell*, 2006 WL 1627020, at
*5.

Courts also routinely issue protective orders prohibiting discovery seeking
after-acquired evidence where Defendant lacks a basis to believe it exists.  *See, e.g.,*

6

*Premer*, 232 F.R.D. at 693 (granting protective order quashing subpoena for employment records served on plaintiff's former employer); *Maxwell*, 2006 WL 1627020, at *5 (same); *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir. 2003) (affirming the district court's grant of a protective order because "*McKennon* authorizes district courts to invoke the Federal Rules of Civil Procedure when necessary to prevent employers from using the discovery process to engage in wholesale searches for evidence that might serve to limit its damages for its wrongful conduct"); *Liles v. Stuart Weitzman, LLC*, No. 09–61448–CIV., 2010 WL 1839229, at *5 (S.D. Fla. May 6, 2010) (granting the protective order because the employer failed to provide "any basis for believing wrongful conduct . . . may be revealed by the records sought").

Because Defendant has proffered no evidence to suggest he learned of the existence of any information outside the Executive Order justifying Mr. Warren's suspension, Defendant should not be permitted to fish for such information through Mr. Warren's deposition.  Such questioning would constitute exactly the type of "abuse" of the discovery process that the Supreme Court instructed courts to prohibit through application of the Federal Rules of Civil Procedure.

The implications of that abuse are particularly profound in this case, where Defendant is not Mr. Warren's employer and where voters, not the Governor, made the decision to put Mr. Warren in office. *See* Fla. Const. art. V, § 17 ("In each

judicial circuit a state attorney shall be elected . . . .").  Furthermore, Defendant, unlike an employer sued under anti-discrimination statutes, was authorized to suspend Mr. Warren only for "extraordinary circumstances" set forth in the Florida constitution. *Abusaid v. Hillsborough Cnty. Bd.*, 405 F.3d 1298, 1306 (11th Cir. 2005). The public has a strong interest in the vindication of Mr. Warren's First Amendment rights, and Defendant should not be allowed to obscure the true reasons for his conduct by searching for some *post hoc* rationalization.

In the unique context of this case, Florida law permitted Defendant to suspend Mr. Warren only for very narrow and well-defined reasons.  *See* Dkt. 3, Plaintiff's Motion for Preliminary Injunction at 9.  As the Court explained in *McKennon*, if a defendant "seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge."  513 U.S. at 362–3.  Thus, at an absolute minimum, Defendant cannot question Mr. Warren about matters that, even if established, would not justify invocation of the suspension authority under the provisions of Article IV, Section 7(a) of the Florida Constitution.

## CONCLUSION

For the foregoing reasons, this court should issue a Protective Order limiting questioning at Mr. Warren's deposition to matters encompassed by the Executive Order.

Respectfully Submitted,

**DEBEVOISE & PLIMPTON LLP**

*/s/ David A. O'Neil*
David A. O'Neil*
801 Pennsylvania Ave. NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

Alexandra P. Swain*
650 California Street
San Francisco, CA 94108
apswain@debevoise.com

Samantha B. Singh (FBN 1030651)
919 Third Ave.
New York, NY 10022
sbsingh@debevoise.com

**PERKINS COIE LLP**

Jean-Jacques Cabou (AZ #022835)*
Alexis E. Danneman (AZ #030478)*
Matthew R. Koerner (AZ #035018)*
Margo R. Casselman (AZ #034963)*
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
(602) 351-8000
JCabou@perkinscoie.com

ADanneman@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com

**AND**

David B. Singer (FBN 72823)
Matthew T. Newton (FBN 111679)
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
dsinger@shumaker.com
mnewton@shumaker.com

*Pro Hac Vice*

**Attorneys for Plaintiff Andrew H. Warren**

## <u>CERTIFICATE OF CONFERAL</u>

Consistent with Local Rule 7.1(B) and Fed. R. Civ.  P. 26(c)(1), Plaintiff raised the issue identified in this motion with Defendant and Defendant opposed the requested relief.

DEBEVOISE & PLIMPTON LLP

*/s/ David A. O'Neil*
David A. O'Neil*
801 Pennsylvania Ave. NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the requirements of Local Rule 7.1(F) because it contains 1,804 words.


DEBEVOISE & PLIMPTON LLP

*/s/ David A. O'Neil*
David A. O'Neil*
801 Pennsylvania Ave. NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29 , 2022, a copy of the foregoing *Motion*

*for a Protective Order* was filed electronically.  Notice of this filing will be sent by

operation of the Court's electronic filing system to counsel of record for all parties

as indicated on the electronic filing receipt.  Parties and their counsel may access

this filing through the Court's system.


DEBEVOISE & PLIMPTON LLP

*/s/ David A. O'Neil*
David A. O'Neil*
801 Pennsylvania Ave. NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

Alexandra P. Swain*
650 California Street
San Francisco, CA 94108
apswain@debevoise.com

Samantha B. Singh (FBN 1030651)
919 Third Ave.
New York, NY 10022
sbsingh@debevoise.com


PERKINS COIE LLP

Jean-Jacques Cabou (AZ #022835)*
Alexis E. Danneman (AZ #030478)*
Matthew R. Koerner (AZ #035018)*

Margo R. Casselman (AZ #034963)*
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
(602) 351-8000
JCabou@perkinscoie.com
ADanneman@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com

AND

David B. Singer (FBN 72823)
Matthew T. Newton (FBN 111679)
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
dsinger@shumaker.com
mnewton@shumaker.com

*Pro Hac Vice*

**Attorneys for Plaintiff Andrew H. Warren**