# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ANDREW H. WARREN,

    Plaintiff,

v.                                  CASE NO. 4:22cv302-RH-MAF

RON DESANTIS,

    Defendant.

_____/

## ORDER ON DEPOSITIONS OF THE
## GOVERNOR AND CHIEF OF STAFF

This case arises from the Florida Governor's suspension of an elected State Attorney, Andrew H. Warren, ostensibly for announcing he would not prosecute cases of certain kinds. The Governor has not identified a single case Mr. Warren failed to prosecute. Mr. Warren asserts the suspension violated the First Amendment. The issues include the Governor's actual motivation for the suspension and, if improperly motivated in substantial part, whether the Governor would have made the same decision anyway, without the improper motivation.

Citing the "apex doctrine," the Governor has moved for a protective order barring depositions of the Governor and his chief of staff, James Uthmeier. Mr.

Warren asserts the apex doctrine does not apply, but he does not oppose entry of a protective order subject to two conditions: first, that the Governor will be barred from calling himself or Mr. Uthmeier as a witness at the trial; and second, that this will not foreclose *Mr. Warren* from calling the Governor or Mr. Uthmeier as a witness at the trial.

These are reasonable limitations. In the circumstances of this case, the apex doctrine does not preclude a deposition of the Governor if he will call himself as a witness at the trial. Similarly, the doctrine does not preclude a deposition of Mr. Uthmeier if the Governor will call him as a witness at the trial. And the Governor's motion does not present the separate question whether *Mr. Warren* may call the Governor or Mr. Uthmeier as a witness at trial—that issue need not be resolved at this time.

Mr. Warren's conditional consent to a protective order makes it unnecessary to resolve the question whether the apex doctrine would preclude the depositions if the Governor did not expect to call these witnesses.

For these reasons,

IT IS ORDERED:

1. The Governor's motion, ECF No. 91, for a protective order barring depositions of the Governor and Mr. Uthmeier is granted in part by consent.

2. By November 3, 2022, the Governor must file a notice stating whether he waives the right to call himself as a witness at the trial and stating whether he waives the right to call Mr. Uthmeier as a witness at the trial.

3. If the notice states that the Governor waives the right to call himself as a witness at the trial, then (a) the Governor will not be allowed to call himself as a witness at the trial, and (b) Mr. Warren will not be allowed to depose the Governor. The same for Mr. Uthmeier.

4. If the notice does not state that the Governor waives the right to call either himself or Mr. Uthmeier as a witness at the trial, the Governor may file a reply memorandum by November 3 in support of his motion for a protective order.

5. This order does not bar Mr. Warren from conducting a Federal Rule of Civil Procedure 30(b)(6) deposition and does not bar *Mr. Warren* from calling the Governor or Mr. Uthmeier as a witness at the trial.

SO ORDERED on October 30, 2022.

s/Robert L. Hinkle<br>United States District Judge