# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

ANDREW H. WARREN,

    Plaintiff,

v.                                      CASE NO. 4:22cv302-RH-MAF

RON DESANTIS,

    Defendant.

_____/

## ORDER ON THE PLAINTIFF'S DEPOSITION

This case arises from the Florida Governor's suspension of an elected State Attorney, Andrew H. Warren, ostensibly for announcing he would not prosecute cases of certain kinds. The Governor has not identified a single case Mr. Warren failed to prosecute. Mr. Warren asserts the suspension violated the First Amendment. The issues include the Governor's actual motivation for the suspension and, if improperly motivated in substantial part, whether the Governor would have made the same decision anyway, without the improper motivation.

Mr. Warren has moved for a protective order limiting the subjects on which the Governor may inquire at Mr. Warren's forthcoming deposition. This order

Case No. 4:22cv302-RH-MAF

denies the motion in part and allows either side to request a hearing on any remaining issue.

The Governor issued an executive order suspending Mr. Warren. *See* Executive Order No. 22-176, ECF No. 1-1. The executive order listed four writings as a basis for the suspension. The order concluded the writings constituted a "blanket refusal" to enforce certain laws. *Id.* at 3. The order acknowledged a state attorney's "complete discretion" in deciding whether to prosecute any given case, but the order said a blanket refusal to prosecute cases of a given kind is not a permissible exercise of that discretion. *Id.* The order concluded, instead, that such a blanket refusal demonstrates both neglect of duty and incompetence—grounds on which a Florida governor may suspend a state attorney.

In his motion for a protective order, Mr. Warren asserts questioning at his deposition should be limited to matters "encompassed within" the executive order. ECF No. 97 at 2. That is too narrow. The permissible scope of a deposition is not determined by assuming the validity of just one side's position on the merits—not the examining party's, and not the deponent's. Instead, inquiry is ordinarily permissible on subjects that may be relevant on either side's view of the merits.

A disputed issue is the extent to which the writings were protected by the First Amendment, on the one hand, or dealt with unprotected conduct, on the other hand. If there was no case Mr. Warren should have prosecuted but did not, it is less

likely the suspension was based on unprotected conduct. So whether there was any such case is relevant. *See* Fed. R. Evid. 401 (stating that evidence is relevant if it has any tendency to make a fact of consequence more or less likely than it would be without the evidence). The Governor may inquire at Mr. Warren's deposition about the application of the four writings—about how those writings affected actual or foreseeable prosecutions.

An example is this. The Governor says one of the cited writings constituted a blanket refusal to prosecute cases that started with a bicycle or pedestrian encounter. Mr. Warren says such cases could be prosecuted or not as a matter of discretion. A permissible subject of inquiry is whether any such cases were prosecuted after issuance of the policy. If no such cases were prosecuted, it is more likely, within the meaning of Rule 401, that there was a blanket refusal, and it is thus more likely this was unprotected conduct. But if any such cases *were* prosecuted, it is more likely the policy was *not* a blanket refusal and that the real explanation for the suspension was something else. The same analysis applies to the other kinds of cases addressed in the executive order.

Whether the Governor's view of Mr. Warren's policies was correct may not be dispositive. Even a mistaken suspension can be nonretaliatory. But whether the view was correct is relevant and is a permissible area of inquiry.

In addition, Mr. Warren has cited in this litigation a separate policy telling assistant state attorneys to exercise discretion in every case. *See* ECF No. 1-2. That policy is a permissible area of inquiry.

For these reasons, the deposition need not be as limited as Mr. Warren asserts. He is correct, though, that the deposition should not be a search for other grounds that could have, but did not, motivate the suspension. The deposition should not be an after-the-fact management or performance audit of the state attorney's office. The object is to prepare the case for trial—nothing more and nothing less.

IT IS ORDERED:

1. Mr. Warren's motion for a protective order, ECF No. 97, is denied in part and remains pending in part.

2. A hearing by telephone on any remaining issue will be set at either side's request. A request may be made orally to the courtroom deputy clerk.

SO ORDERED on October 30, 2022.

                                       s/Robert L. Hinkle
                                       United States District Judge