| | |
|---|---|
| **From**: | Madry, Andrew [Andrew.Madry@eog.myflorida.com] |
| **Sent**: | 7/25/2022 2:37:07 PM |
| **To**: | Treadwell, Ray [Ray.Treadwell@eog.myflorida.com] |
| **Subject**: | 13th Circuit SAO |
| **Attachments**: | Suspension and Removal of Andrew Warren.docx; State ex rel Hardie v Coleman.pdf; State ex rel Hardee v Allen.pdf |

Please see attached.

Best Regards,

Andrew Madry




DEF 001052
**PEX 9.001**

## Suspension and Removal of Andrew Warren

**Table of Contents**

I.  Overview
II. Andrew Warren: Introduction
III. Legal Analysis
    a. Suspension Proceedings
    b. Neglect of Duty
    c. Removal Proceedings
    d. Reassignment of Criminal Prosecution
IV. Potential Courses of Action
V.  Conclusion

---

### I.  Overview

Since his election in 2016, Andrew Warren has been pursuing "social justice" initiatives as the 13th Judicial Circuit State Attorney. Following the U.S. Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, 597 U.S. ___ (2022), Warren indicated he will refuse to enforce Florida's criminal abortion laws. This report gives a brief overview of Mr. Warren, explains the legal standard for removal by executive order, and lists potential courses of action.

### II.  Andrew Warren: Introduction

Florida Politics, a left leaning "news" outlet, has this to say: "if one were to describe what an effective social justice warrior might look like, you're likely to get something close, if not exactly, like Hillsborough County State Attorney Andrew Warren."

Black's Law Dictionary defines "social justice" as "one or more equitable resolutions sought on behalf of individuals and communities who are disenfranchised, underrepresented, or otherwise excluded from meaningful participation in legal, economic, cultural, and social structures, with the ultimate goal of removing barriers to participation and effecting social change." Black's Law Dictionary (11th ed. 2019). This erroneous approach to law enforcement has negatively impacted the Tampa Bay area.

Following the death of George Floyd in 2020, Warren publicly proclaimed he would not enforce the state's new anti-riot bills, and "he refused to prosecute 67 protesters arrested in early

DEF 001053
PEX 9.002

June after Tampa protests turned violent." The liberal site also cites one commentator who noted that "Warren has emerged as an important voice on issues of justice reform."

Warren signed onto a joint statement from elected prosecutors on June 24, 2022, following the U.S. Supreme Court decision in *Dobbs*, No. 19-1392, 597 U.S. ___. The statement states in part:

> "Enforcing abortion bans runs counter to the obligations and interests we are sworn to uphold. It will erode trust in the legal system, hinder our ability to hold perpetrators accountable, take resources away from the enforcement of serious crime, and inevitably lead to the retraumatization and criminalization of victims of sexual violence."
>
> "Our legislatures may decide to criminalize personal healthcare decisions, but *we* remain obligated to prosecute only those cases that serve the interests of justice and the people."

### III.   Legal Analysis

#### A.   Suspension Proceedings

The Florida State Constitution states that "the governor may suspend from office any state officer not subject to impeachment, any officer of the militia not in the active service of the United States, or any county officer, for *malfeasance, misfeasance, neglect of duty*, drunkenness, *incompetence*, permanent inability to perform official duties, or commission of a felony." Fla. Const. art. IV, § 7 (emphasis added).

The Supreme Court explained the reasons for removal in *State ex rel. Hardie v. Coleman*, 155 So. 129 (Fla. 1934). In *Hardie*, Dade County Sheriff Dan Hardie was suspended from office by the governor after a woman claimed he refused to listen to her protests against inhuman and cruel treatment of Gilbert Jones. *Id.* at 122. The woman also claimed that Hardie was abusive and insulting to her, that he permitted one of his deputies to insult her, and that he instructed his deputy to send Gilbert Jones to a chain gang in her presence. *Id.* The governor issues several executive orders, suspending Hardie from his elected position for malfeasance, misfeasance, neglect of duty, and incompetency. *Id.* The Florida Supreme Court explained the following:

> "*Malfeasance* has reference to evil conduct or an illegal deed, the doing of that which one ought not to do, the performance of an act by an officer in his official capacity that is wholly illegal and wrongful, which he has no right to perform or which he has contracted not to do."
>
> "*Misfeasance* is sometimes loosely applied in the sense of malfeasance. Appropriately used, misfeasance has reference to the performance by an officer in his official capacity of a legal act in an improper or illegal manner, while malfeasance is the doing of an official act in an unlawful manner. Misfeasance is literally a misdeed or a trespass, while nonfeasance has reference to the neglect or refusal without sufficient excuse to do that which was an officer's legal duty to do."
>
> "*Neglect of duty* has reference to the neglect or failure on the part of a public officer to do and perform some duty or duties laid on him as such by virtue of his office or which is required of him by law. It is not material whether the neglect be willful, through malice, ignorance, or oversight. When such neglect is grave and the frequency of it is such as to endanger or threaten the public welfare it is gross."
>
> "*Incompetency* as a ground for suspension and removal has reference to any physical, moral, or intellectual quality, the lack of which incapacitates one to perform the duties of his office. Incompetency may arise from gross ignorance of official duties or gross carelessness in the discharge of them."

*Id.* at 125-126 (emphasis added). The Florida Supreme Court also set a standard for sufficiency of the executive order in cases of a suspension:

> "We are of the view that if the order names one or more of the grounds embraced in the Constitution and clothes or supports it with alleged facts sufficient to constitute the grounds or cause of suspension, it is sufficient. *A mere arbitrary or blank order of suspension without supporting allegations of fact, even though it named one or more of the constitutional grounds of suspension, would not meet the requirements of the Constitution.*"

*Id.* at 128 (emphasis added). The Court eventually found that while it has the authority to review the sufficiency of the jurisdictional facts the order is predicated on, the Court has "no authority to determine the sufficiency of the evidence to support the grounds of such suspension, that being solely a function of the Senate." *Id.* At 134. This case was reviewed by the Florida Supreme Court in *In re Advisory Opinion to the Governor*, 213 So. 2d 716 (Fla. 1968), but it only addressed the Governor's power to remove judges. *State ex rel. Hardie* was reaffirmed by the Florida Supreme Court in *Israel v. Desantis*, 269 So. 3d 491 (Fla. 2019).

DEF 001055
PEX 9.004

In sum, there is a minimal requirement to suspend an officer under the Florida Constitution. The process is similar to an impeachment; it is more political in nature.

### B. Neglect of Duty

In *State ex rel. Hardee v. Allen*, 126 Fla. 878 (1937) the Supreme Court reaffirmed *State ex rel. Hardie v. Coleman* and ruled "that if the order of suspension names one or more of the grounds embraced in the Constitution and supports it with alleged facts sufficient to constitute the ground named it is sufficient. It is not necessary that the allegation of fact be as specific as the allegations of an indictment or information in a criminal prosecution. Being reviewable by the Senate, if it contains allegations that bear some reasonable relation to the charge made against the officer suspended, it will be held sufficient." *Id.* At 882.

In *State ex rel. Hardee*, a State Attorney (at the time "Solicitor of the Criminal Court of Record of Hillsborough County") would not prosecute gambling offenses. *Id.* at 880-881. Illegal gambling reached an all-time high in the county, still, the solicitor failed to act. *Id.* at 881. There were seven charges filed charging gambling in 1934 and no charges were filed in 1935. *Id.* Raids on gambling establishment resulted in charges, but no trial was held. The Court stated: "*we express no opinion as to the weight or sufficiency of anything of an evidentiary nature in the order of suspension.* This and the range the evidence may take under the charge are matters for the Senate with which we are without power to interfere." *Id.* at 883 (emphasis added).

### C. Removal Proceedings

The Florida Constitution states that the "senate may, in proceedings prescribed by law, remove from office or reinstate the suspended official and for such purpose the senate may be convened in special session by its president or by a majority of its membership." Fla. Const. art. IV, § 7.

The Florida Supreme Court held that "the power of review exists in the Senate only upon recommendation by the Governor that the officer be removed. The fact that the Governor has suspended the officer, without making such recommendation, leaves nothing for determination by the Senate, even though the suspension continues throughout the entire session." *State ex rel. Kelly v. Sullivan*, 52 So. 2d 422, 425 (Fla. 1951). Additionally, the "Governor may not suspend an officer while the Senate is in session, but may recommend his removal to the Senate, and if

DEF 001056
PEX 9.005

the Senate concurs, the removal is effected. It is the duty of the Governor to communicate the fact and cause of the suspension to the Senate, but this may be done at any time while the Senate is in session. If the Governor communicates the fact and cause of the suspension to the Senate, together with a recommendation for removal, and the Senate fails to take action before its adjournment, the officer is entitled to resume the duties of his office immediately. It is the function of the Senate, and never that of the Courts, to review the evidence upon which the Governor suspends an officer in the event the Governor recommends his removal from office." *Id.*

### D. Reassignment of Criminal Prosecution

The governor may also reassign criminal prosecution of abortion cases to another State Attorney. In *Ayala v. Scott*, 224 So. 3d 755 (Fla. 2017), the 9th Circuit State Attorney publicly announced that she will refuse to seek the death penalty. Id. At 756. In response, Gov. Scott reassigned death-penalty eligible cases to another State Attorney. Id. At 757. Ayala filed a petition for a writ of quo warranto with the Florida Supreme Court. Id.

The Florida Supreme Court found that "the Governor is vested with the "supreme executive power" and is charged with the duty to "take care that the laws be faithfully executed." *Ayala*, 224 So. 3d at 757 (citing Art. IV, § 1(a), Fla. Const.). The court upheld Gov. Scott's decision to reassign death-penalty eligible cases by relying on Fla. Stat § 27.14(1): if, for any other good and sufficient reason, the Governor determines that the ends of justice would be best served, the Governor may, by executive order filed with the Department of State, either order an exchange of circuits or of courts between such state attorney and any other state attorney or order an assignment of any state attorney to discharge the duties of the state attorney with respect to one or more specified investigations, cases, or matters, specified in general in the executive order of the Governor."

The court found that "Ayala's blanket refusal to seek the death penalty in any eligible case, including a case that "absolutely deserve[s] [the] death penalty" does not reflect an exercise of prosecutorial discretion; it embodies, at best, a misunderstanding of Florida law." *Ayala*, 224 So. 3d at 759.

### IV. Potential Courses of Action

| Course of Action | Summary | Severity | Benefits | Drawbacks |
|---|---|---|---|---|
| **Suspend Warren from office and proceed to removal** | The Governor issues an executive order suspending Andrew Warren from office under Fla. Const. art. IV, § 7. | High | <ul><li>Governor reaffirms the commitment to the law in the State of Florida</li><li>Unlawful abortions in the 13th Circuit stop</li><li>A leftist prosecutor is removed from a position of power</li></ul> | <ul><li>Political battle is likely to increase Warren's profile</li><li>Senate may not be willing to remove Warren from office</li><li>Democrats will use the media to slander the Governor</li></ul> |
| **Suspend Warren pending Florida Supreme Court ruling on abortion or until Warren agrees to enforce the law** | The Governor issues an executive order suspending Andrew Warren from office until the Florida Supreme Court issues its ruling on the 15-week ban. | High | <ul><li>Governor reaffirms the commitment to the law in the State of Florida</li><li>Unlawful abortions in the 13th Circuit stop</li><li>A leftist prosecutor is removed from a position of power</li><li>No immediate need for a removal proceeding by the Senate</li></ul> | <ul><li>Democrats will use the media to slander the governor as an authoritarian</li><li>Likely challenge in court by Warren</li><li>Possible clash with the senate which might want to hear Warren's case for removal or reinstatement</li></ul> |
| **Issue statement on state's dedication to enforce abortion laws** | The Governor issues a statement that abortion providers anywhere in the State of Florida are still subject to criminal prosecution if they violate state law, regardless of local SAO policy preference. | Mild | <ul><li>Abortion law in the State of Florida will continue to be enforced</li><li>Progressive prosecutors will lose power to campaign on refusal to prosecute certain laws</li><li>Warren will lose political capital associated with his declaration</li></ul> | <ul><li>Other state attorney offices will suffer due to an increased workload</li><li>Negative media coverage</li><li>Progressive prosecutors might be encouraged to "call a bluff"</li></ul> |
| **Delay any action until Florida Supreme Court's ruling on abortion** | The Governor takes no action until the Florida Supreme Court issues a ruling on the 15-week ban. | Mild | <ul><li>The Governor temporarily avoids political liability</li><li>Abortion law in the 13th circuit will remain unenforced for the foreseeable future</li></ul> | <ul><li>Warren is able to publicly defy the Florida legislature and possibly gain support</li><li>Other State Attorneys might also choose to not enforce the law</li></ul> |
| **No Action** | The Governor takes no action on this matter. | Low | <ul><li>The Governor avoids political liability.</li><li>No additional media coverage for Warren.</li></ul> | <ul><li>Warren remains unchallenged while openly defying Florida law.</li><li>Warren is able to use his defiance of abortion laws in any future campaigns.</li><li>Other State Attorneys might also choose to not enforce the law</li></ul> |

V.   **Conclusion**

There is both precedent and cause to suspend Andrew Warren from his office. Based on Florida Supreme Court precedent, the courts will not involve themselves in the resolving the validity of the suspension order. As long as the executive order states at least one of the causes found in the Florida Constitution and some allegations as basis for the suspension, the courts will not block Governor's action.

Like every State Attorney, upon entering office, Andrew Warren swore an oath to the constitution which obligates him to "support, protect, and defend the Constitution and Government of the United States and of the State of Florida." However, by signing the June 24 letter on abortion, Warren has signaled that he will act against the Constitution, in particular by refusing to enforce laws passed by the legislature and signed by the Governor. In so doing, he is undermining the constitutional process in Florida and violating his oath of office. The Constitution sets a process for enacting new legislation in the State of Florida, but progressive state attorneys have taken it upon themselves to nullify some laws that they deem contrary to "social justice."

By affirmatively stating his intent to not enforce part of the law in the 13th Circuit, Warren has effectively green-lit abortionists to perform abortions in violation of Florida Statutes. Although we cannot know how many unlawful abortions took place in the last month, his affirmative statement that some laws will go unenforced encourages potential criminals to violate the law.

The Florida Supreme Court has clearly stated that it will not comment on whether allegations in a suspension order are sufficient to suspend an officer, that is the question for the Senate. Likewise, what constitutes a "neglect of duty", or "incompetence" will be a political question for the Senate to answer. Because the threshold for suspending an officer is based on reasonability, the Governor is fully within his right to suspend Andrew Warren for his declaration intending to leave part of the Florida Statutes unenforced in the 13th Circuit.

DEF 001059
PEX 9.008