## INTRODUCTION AND PURPOSE

Welcome to the Office of the State Attorney. The following office manual has been developed to provide general information on the policies and procedures of this office and it contains important information regarding employee benefits.

No manual can contain all the information relating to an office. Our manual contains general information and procedures relating to office organization, personnel, responsibilities, employee conduct, and general benefits. From time to time this manual may be changed by the State Attorney's Office. If any changes are made, employees will receive written notification. In cases of interpretation of this manual, the decisions of management will be controlling. In conjunction with this manual, the employees of the State Attorney's Office are also covered under the Florida Prosecuting Attorneys Association Classification and Pay Plan in accordance with F.S 27.25(1).

Nothing contained within this office manual shall be construed as a contract for employment or as a guarantee of continued employment. Employment at the State Attorney's Office is at-will. At-will employment means that the employment relationship may be terminated at any time, with or without cause, with or without notice, at the choice of the employee or the State Attorney.

If you have questions regarding policies or procedures not covered in this manual, you should contact your immediate supervisor. If your immediate supervisor cannot answer your questions, your supervisor will direct you to the proper department or person to answer your questions.

## OUR MISSION

To promote public safety by enforcing the criminal laws of the State of Florida; to uphold, protect and defend the Constitution and the Bill of Rights; to hold those who violate our laws accountable; to ensure that victims of crime have a voice in the criminal justice system; and to be good stewards of taxpayer resources.

1

4:22-cv-302-RH-MAF
PLAINTIFF'S EX
13

SAO5_AW_000185
PEX 13.001

# SECTION I: GENERAL PRINCIPLES

## A. PROSECUTORIAL POLICY

The sole objective of a prosecutor is to seek justice. Few functions of government carry consequences as far-reaching as the decision to initiate and prosecute a criminal charge. The decision to charge should be made only after thorough investigation of all the available evidence, and after a decision has been reached that the available and legally admissible evidence provides for a substantial likelihood of conviction at trial. Charges should not be filed which are greater in number or degree than can reasonably be supported by the evidence at trial and prosecutors shall not engage in charge bargaining. Personal or political considerations must play absolutely no part in the decision-making process preceding the filing of a criminal case. If evidence becomes available after charges have been filed indicating that a defendant is innocent, the prosecutor should immediately investigate, and if the evidence warrants it, he or she should immediately take steps to drop the charges. The ultimate goal of the prosecutor is to seek the truth, not a conviction.

## B. INTEGRITY

The State Attorney requires absolute honesty and integrity on the part of all employees of the office. It is crucial that any real or potential conflict of interest in any given case or situation immediately be brought to the attention of the Chief Assistant State Attorney and Division Supervisor, so that it can be determined if the conflict requires the assignment of a different Assistant State Attorney or the assignment of a different State Attorney's Office to handle the case.

In addition to real or potential conflicts of interest, employees must be aware of the possibility of the appearance of such a conflict and must recognize and report to the Chief Assistant State Attorney and Division Supervisor any situation in which even the appearance of conflict may be found to exist.

Every Assistant State Attorney must be fully familiar with the Canons of Ethics contained within the Florida Rules of Professional Conduct. Every Assistant State

SAO5_AW_000186
PEX 13.002

Attorney must be fully familiar with and fully adhere to the highest standards of ethical conduct. All newly hired Assistant State Attorneys will be expected to review the Canons of Ethics within the first week of employment.

## C. FILING CONSIDERATIONS

At a minimum, the following factors should be considered when making filing decisions.

1. A substantial likelihood of conviction at trial. Among the factors to consider in this regard are:
   - a.) The seriousness of the crime.
   - b.) Whether or not there are witnesses to the crime.
   - c.) The credibility and independence, or lack thereof, of the witnesses to the crime.
   - d.) Whether or not there is corroborating physical, video, or recorded evidence.
   - e.) Statements of the defendant and witnesses to the crime.
   - f.) Strength of admissible evidence.
2. The criminal history of the defendant.
3. Whether or not the interests of justice warrant prosecution of the case.
4. Whether the conviction will be affirmed on appeal.

## D. ENHANCED SENTENCING POLICY

Within the parameters of our prosecutorial policy, it is the intention of the State Attorney to aggressively seek the imposition of enhanced penalties for felony offenders who meet the statutory and FPAA criteria, who commit crimes that warrant enhanced punishment. It is the responsibility of each Assistant State Attorney to evaluate every case to determine if an offender meets the legal requirements to be designated for enhanced sentencing. Such consideration should be made prior to the filing of the case and an offender designated at the outset of prosecution when appropriate. If a defendant meets the statutory criteria for enhanced sentencing as an habitual felony offender (HFO), but not the FPAA criteria, ASA's are encouraged to seek a waiver from the State Attorney, or Chief Assistant State Attorney, to seek an enhanced sentence should the facts warrant such a sentence.

SAO5_AW_000187
PEX 13.003

No case for which a defendant is eligible for sentencing under applicable statutory and/or FPAA criteria as an habitual felony offender, habitual violent felony offender, three time violent felony offender, violent career criminal, prison releasee reoffender, dangerous sexual felony offender, or under the provisions of the 10-20-Life law may be disposed of by a non-enhanced sentence without the approval of the State Attorney, Chief Assistant State Attorney or Division Supervisor and/or his or her designee.

### E.  COMMUNICATION WITH VICTIMS OF CRIME AND LAW ENFORCEMENT

While a prosecutor must retain his/her independence and make decisions based first upon the law and the facts, the wishes of those affected by the decision to file or not must be considered.

Every Assistant State Attorney must be fully familiar and comply with the requirements of "Marsy's Law", Article 1, Section 16(b) of the Florida Constitution. It is imperative that victims of crime be notified of scheduled hearings and the dispositions on cases by which they are affected. This does not mean that victims of crime will always agree with the decisions made by the prosecutor; however, they have a right to be consulted and informed when possible, and it is necessary that a prosecutor attempt to seek their input in order to make a thorough filing decision in a case.

Law enforcement should also be consulted regarding those cases in which they are involved. This is done to make sure that all of the relevant facts of the case are known to the prosecutor, to build relationships with law enforcement officers, to advise them of legal or police procedure concerns on a case when appropriate, and to notify them when a case will not be filed by this office. The State Attorney's Office expects its employees to develop strong and positive working relationships with our law enforcement partners. To that end, the office expects that any communication between our agencies be done in a professional and courteous manner.

While the desires and input of victims and law enforcement should be considered in all cases, the ultimate decision rests with the Assistant State Attorney and should be based upon a through consideration of all available evidence in a given case, legal

SAO5_AW_000188
PEX 13.004

authority, and factors articulated within this policy. A case that cannot be proven, or that does not constitute a violation of the law, should not be filed simply to please affected individuals.

SAO5_AW_000189
PEX 13.005