*Draft*

[Letterhead]

    As Florida's chief executive officer, it is my constitutional duty to "take care that the laws [are] faithfully executed"—including the criminal laws of this state. Art. IV, § 1(a), Fla. Const. The Florida Constitution facilitates my discharge of this duty by, among other things, authorizing me to "require information in writing from all executive or administrative state, county or municipal officers upon any subject relating to the duties of their respective offices." *Id.*

    The office of state attorney is one of enormous responsibility. Each of you serves as "the prosecuting officer of all trial courts in [your] circuit." Art. V, § 17, Fla. Const. As such, it is incumbent on you to faithfully enforce the criminal laws of this state and protect the public safety.

    Florida law admittedly allows you a degree of prosecutorial discretion in the performance of your duties. *See, e.g.*, § 27.02(1), Fla. Stat. And most if not all of you exercise your prosecutorial discretion appropriately by making, or directing your subordinates to make, case-specific determinations as to whether the facts of each case in your circuit justify prosecution. But I am increasingly concerned that outside interest groups may be lobbying you to adopt blanket policies that disregard Florida's criminal laws wholesale.[1] History unfortunately teaches that some have previously invoked prosecutorial discretion as a license to ignore Florida law. *See Ayala v. Scott*, 224 So. 3d 755 (Fla. 2017). You should resist any and all invitations to act similarly.

    The separation of powers prevents you from exercising your prosecutorial discretion to disregard the criminal laws of this state. In our state, it is the constitutional role of the legislative branch to enact criminal laws and the concomitant duty of the executive branch to enforce those laws. *See* art. II, § 3, Fla. Const; art. III, § 1, Fla. Const.; art. V, § 17, Fla. Const. The "power to prosecute" is a "purely executive function." *Ayala*, 224 So. 3d at 759 n.2. There is simply no reason not to faithfully execute each and every criminal law enacted by the Legislature. Florida law does not authorize any state attorney to suspend or nullify law.

    Blanket policies of non-prosecution and the like are a particularly pernicious abuse of prosecutorial discretion. While a policy not to prosecute a particular type of offense may seem innocuous, it usurps the role of the Legislature in our system of government. It encourages lawlessness by violent and non-violent offenders alike. And it places the safety of all Floridians at risk. The public generally—and victims specifically—deserve to know that their Governor and their state attorneys will not turn a blind eye towards lawbreaking.

    Therefore, under the authority of article IV, section 1(a) of the Florida Constitution, I hereby respectfully require from you information in writing on any blanket policy, whether formal or informal or in writing or verbal, to: (1) not prosecute any type of offense, including a capital offense; (2) downgrade charges for any type of offense; or (3) not seek an otherwise authorized sentence for any type of offense, including, but not limited to, prison or the death penalty. Please include the following:

---

[1] *See, e.g.*, Parker Thayer, *Living Room Pundits Guide to Soros District Attorneys*, Capital Research Center, https://capitalresearch.org/article/living-room-pundits-guide-to-soros-district-attorneys/ (last visited Feb. 11, 2022).

1

4:22-cv-302-RH-MAF
PLAINTIFF'S EX
20

DEF 001788

PEX 20.001

*Draft*

- the full text if formal or in writing, or a full explanation if verbal or informal, of any such blanket policy along with any amendments;
- the justification for any such policy;
- the number of cases resolved pursuant to any such policy; and
- a statement as to whether you intend to terminate any such policy.

  Attached is a template for your response. Your response is requested by \_\_\_, \_\_\_, 2022 to Attn: Chris Spencer, Director, Office of Policy and Budget, Executive Office of the Governor, the Capitol, Tallahassee, FL 32399 or via email at \_\_\_\_\_laspbs.state.fl.us.

  In addition, pursuant to chapter 119 of the Florida Statutes, I hereby ask you to provide all public records relating to any policy described above within a reasonable period, but no later than \_\_\_, \_\_\_, 2022. Such records may be submitted as previously indicated.

        Sincerely,


        Ron DeSantis
        Governor of Florida

DEF 001789

**PEX 20.002**