## AMENDED INTER-AGENCY AGREEMENT ESTABLISHING THE
## ADULT PRE-ARREST DIVERSION PROGRAM ("APAD")
## (Updated Pursuant to Chapter Law 2018-127)

This Inter-Agency Agreement is entered into between the Hillsborough County Sheriff's Office ("HCSO"), the Tampa Police Department, the Plant City Police Department, the Temple Terrace Police Department, the University of South Florida Police Department, the Tampa International Airport Police Department, the Clerk of the Circuit Court, the Administrative Office of the Courts, the Public Defender's Office, and the State Attorney's Office (the "Parties").

**WHEREAS**, the parties desire to achieve the maximum degree of long range cooperation in order to ensure the efficient, effective and consistent use of an adult pre-arrest diversion program, while promoting the best long-term outcomes for participants and community safety; and

**WHEREAS**, the parties recognize that the acts committed within the scope of this Agreement are crimes under state or local law and that nothing herein does or is intended to prevent a law enforcement officer/deputy or the State Attorney from exercising his or her discretion in carrying out his or her duties as prescribed by law; and

**WHEREAS**, the parties to this Agreement shall set forth the duties and responsibilities of each participating agency which are required to be performed in order to ensure the effective utilization of pre-arrest diversion program for adults; and

**NOW THEREFORE**, in consideration of the following agreements, the parties do hereby covenant and agree to create the Adult Pre-Arrest Diversion ("APAD") program, as follows:

APAD is intended to be a pre-arrest diversion program for first-time misdemeanor adult participants. Successful participation in APAD will allow a participant to accept responsibility for his or her actions, while avoiding an arrest and judicial record of the offense.

## I.   DEFINITIONS

(A) Eligible Offense – All misdemeanor offenses and criminal violation of county and city ordinances are eligible for participation in APAD except:

1. Assault on Specified Official (Fla. Stat. §784.07, §784.074, §784.08 - §784.083);
2. Battery - Domestic (Fla. Stat. §784.03, §741.28, §741.29);
3. Carrying a Concealed Weapon (Fla. Stat. §790.01);
4. Driving Under the Influence (Fla. Stat. §316.193);
5. Exposure of Sexual Organ (Fla. Stat. §800.03);
6. Improper Exhibit of Dangerous Weapon or Firearm (Fla. Stat. §790.10);
7. Lewd and Lascivious Act (Fla. Stat. §800.02);
8. Stalking or Cyberstalking (Fla. Stat. §784.048);
9. Sexual Cyberharassment (Fla. Stat. §784.049);



4:22-cv-302-RH-MAF
**PLAINTIFF'S EX**
**43**

10. Repeat, sexual, or dating violence and pretrial release violations (Fla. Stat. §784.046);
11. All traffic offenses (chargeable under Fla. Stat. §316, §320, §322);
12. Violation of an Injunction (Fla. Stat. §741.30, §741.31, §784.047, §784.0485; §784.0487);
13. Voyeurism, Video Voyeurism (Fla. Stats. §810.14, §810.145);
14. Failure to Ensure School Attendance (Fla. Stat §1003.27);
15. Disorderly Intoxication (Fla. Stat. §856.011) **(DISCRETIONARY);**
16. False Information to Law Enforcement (Fla. Stat. §837.05, §837.055) **(DISCRETIONARY);**
17. Loitering or Prowling (Fla. Stat. §856.021) **(DISCRETIONARY);**
18. Misuse of 911 (Fla. Stat. §356.172) **(DISCRETIONARY);**
19. Resisting an Officer without Violence (Fla. Stat. §843.02) **(DISCRETIONARY);**

Multiple eligible offenses arising out of a single incident may be referred to APAD.

(B) Eligibility Criteria – includes the following:

1. The participant must admit to the offense and consent to participate in APAD;
2. The participant must agree to make restitution to the victim, if any;
3. The participant must not present a risk to the safety of others or himself or herself, if not arrested;
4. The participant must have sufficient ties to the community to ensure that he or she will report as directed to APAD intake and that he or she will remain or return to the community to successfully complete the APAD;
5. The participant must not have any prior felony or misdemeanor convictions, including any prior Driving under the Influence convictions. A withhold of adjudication is considered a conviction for purposes of APAD. The participant must not have any felony arrests. The participant must not have a misdemeanor arrest within two years preceding the current offense. Prior traffic convictions (excluding D.U.I.) or prior adjudications of delinquency will not disqualify a participant from participating in APAD; and
6. The participant must not have participated in APAD within two years preceding the current offense or more than two previous times in his or her lifetime.

## II.  AGENCY RESPONSIBILITIES

(A)  Adult participants may be referred to APAD if the offense being investigated is an Eligible Offense, the participant meets Eligibility Criteria under this Agreement, and the participant consents to participate in APAD.

(B) The Parties to this Agreement shall promulgate appropriate internal policies or standard operating procedures setting forth guidelines for issuing and/or processing adults referred to APAD as an alternative to placing an adult under arrest for Eligible Offenses.

AW_Public000052
PEX 43.002

(C) The Parties to this Agreement agree to participate in the APAD Inter-Agency Agreement under the terms set forth herein to ensure consistency and fairness.

(D) The list of Eligible Offenses may be modified or amended in the future, by Agreement of the parties as articulated in an amendment or addendum to this Agreement.

## 1. LAW ENFORCEMENT AGENCIES

(A) When a law enforcement officer/deputy comes into contact with a person and there exists probable cause that the person has committed an Eligible Offense, as defined herein, the officer/deputy shall utilize his or her discretion to determine if APAD is appropriate.

(B) If the officer/deputy believes participation in APAD may be appropriate, the officer/ deputy shall determine if the participant meets the Eligibility Criteria. To determine whether a participant meets the Eligibility Criteria, the officer/deputy will check the participant's criminal history to determine prior convictions and will also determine if the person has previously participated in APAD. If eligible, the officer/deputy will then explain APAD and its requirements to the participant to ascertain the participant's willingness to participate.

(C) If the participant elects to participate, the officer/deputy shall not make an arrest, issue a Notice to Appear, or refer the case to the State Attorney's Office. Instead, the officer/deputy shall prepare a Criminal Report Affidavit ("CRA") in accordance with the agency policies and standard operating procedures and will indicate the participant has elected to participate in APAD. The participant will sign the CRA indicating his or her willingness to participate in APAD. The officer/deputy will forward a copy of the CRA to the HCSO Misdemeanor Probation Unit (MPU), within twenty-four (24) hours. The CRA and a copy of the offense report will be forwarded to the MPU within seventy-two (72) hours. The officer/deputy shall complete his or her investigation and report pursuant to the agency's Standard Operating Procedures.

(D) After signing the CRA, the participant must appear in person at the MPU within three (3) business days of the offense. If the participant fails to contact the MPU within that time period, a direct file packet will be prepared and forwarded to the State Attorney's Office.

(E) The MPU shall administer the program.

(F) The MPU will maintain the original CRA until successful completion of APAD or termination from the program.

(G) The MPU shall assigned a case manager to each participant who contacts MPU and will request the Clerk of the Circuit Court ("Clerk") to create a non-reportable case for each participant enrolled in APAD. The case manager will conduct an intake appointment and review the terms and conditions of APAD. The terms and conditions of

AW_Public000053
PEX 43.003

the program will be provided to the participant in writing and will include community service hours and fees, and, if appropriate, educational programs, counseling or treatment, restitution, or other special conditions. If the participant agrees to the terms and conditions, the case manager will prepare a Participant Agreement setting forth the obligations of the participant and the timeframe for completion of those obligations. If the participant fails to appear for his or her intake appointment or does not agree to the terms and conditions of the Participant Agreement, the participant will be terminated from APAD. A direct file packet will be prepared and forwarded to the State Attorney's Office within seven (7) business days of the termination from APAD.

(H) If the MPU determines the person does not meet the Eligibility Criteria for an Eligible Offense, the participant will be terminated from APAD. A direct file packet will be prepared and forwarded by the MPU to the State Attorney's Office within seven (7) business days of the termination from APAD.

(I)  Community service hours will be performed at locations that have received prior approval by the MPU. All participants shall complete sixteen (16) hours of community service. At the discretion of the case worker, the MPU may extend the time frame for completion of the community service hours, upon an adequate showing of need.

(J)  Other programs, counseling, or sanctions that the MPU may determine to be appropriate include, but are not limited to; letter of apology to victim(s), no contact with victim(s), shoplifter awareness, substance abuse awareness, and anger management or conflict resolution.

(K)  If applicable, the participant will be required to pay restitution. The participant will provide payment to the MPU, who will provide the Clerk's Office with a remittance form. The Clerk's Office will then provide restitution to the victim.

(L)  The participant will agree to commit no new law violations while participating in APAD.

(M))  Any participant who fails to satisfactorily complete all terms and conditions of the Participant Agreement within one hundred and twenty (120) days of enrollment will be unsuccessfully terminated from the program. A direct file packet will be prepared and forwarded by the MPU to the State Attorney's Office within seven (7) business days of the termination from APAD.

(N)  If the participant successfully completes the terms and conditions of APAD, the MPU will issue a letter of satisfactory completion to the participant. The case will be closed without any further action or referral for prosecution.

(O)  When a participant completes APAD, successfully or unsuccessfully, the MPU will notify the Clerk to close the non-reportable case in their case management system.

4

AW_Public000054
PEX 43.004

(P)   In order to track the overall performance of APAD, HCSO will prepare monthly reports containing statistical information relating to cases referred to APAD, including:

1. The number of referrals by month;
2. The status of cases referred:
3. The offenses referred;
4. Demographics relating to offenders referred;
5. The number of successful completions;
6. The number of terminations; and
7. Sanctions completed.

These reports will be provided to the parties to this Agreement. On a monthly basis, HCSO will also provide the State Attorney's Office with a list of participants referred for prosecution and their agency report numbers.

## 2.   CLERK OF THE CIRCUIT COURT

(A)   Upon receiving notice from the MPU that a participant has been accepted in APAD, the Clerk agrees to create a non-reportable shell case in the Clerk's case maintenance system. The case type will be non-reportable while the person is participating in APAD for the purpose of tracking the funds associated with APAD case.

(B)   The Clerk will close the case in the Clerk's case maintenance system upon receiving notice from the MPU that the participant has either successfully or unsuccessfully completed the program.

(C)   The Clerk will assess, collect and disburse funds associated to the program and will retain fifteen dollars ($15.00) per case for services.

## 3.   PUBLIC DEFENDER'S OFFICE AND ADMINISTRATIVE OFFICE OF THE COURTS

The Public Defender's Office ("PDO") and the Administrative Office of the Courts agree to participate in meetings regarding the structure, effectiveness, and ongoing viability of APAD.

## 4.   STATE ATTORNEY'S OFFICE

The State Attorney's Office ("SAO") agrees to accept direct file cases on participants who have been rejected or terminated from APAD. The SAO shall review those direct files to determine the appropriate disposition of the criminal charges, which may include filing an Information charging the participant with a criminal offense or declining to prosecute.   Termination from APAD or prior successful completion of APAD on an unrelated charge will not automatically disqualify a participant from participating in another diversion program.

5

AW_Public000055
PEX 43.005

## 5.  EFFECTIVE DATE, DURATION AND TERMINATION

(A) This Agreement shall become effective on February 1, 2018 and may not be modified except in writing upon the concurrence of all Parties hereto.  This Agreement shall continue in force indefinitely for so long as it continues to advance the Parties' mission and purposes, contingent upon approval by participating agencies and adequate funding.

(B)  This Agreement does not create any substantive rights or third party beneficiaries.

(C) Each Party to this Agreement agrees to bear all costs and liability for its own personnel, agents, and employees for acts undertaken pursuant to this Agreement. Nothing contained herein shall be construed to waive or modify any of the provisions of Florida Statute § 768.28, and none of the Parties waives or modifies any immunities or limitations of liability provided in Florida Statutes, including §768.28.

**IN WITNESS WHEREOF**, the parties to this agreement have caused the same to be signed by their duly authorized representatives.

(Intentionally Left Blank)

6

AW_Public000056
**PEX 43.006**

In acknowledgment and execution of the *Inter-Agency Agreement Establishing the Adult Pre-Arrest Diversion Program*, I hereby set my hand and seal this  29  day of  June  , 2018.

**HILLSBOROUGH COUNTY**
**SHERIFF'S OFFICE**

Chad Chronister, Sheriff

APPROVED AS TO FORM:

THEA G. CLARK
Chief Legal Counsel

AW_Public000057
PEX 43.007

In acknowledgment and execution of the *Inter-Agency Agreement Establishing the Adult Pre-Arrest Diversion Program*, I hereby set my hand and seal this 18TH day of __June__, 2018.

**TAMPA POLICE DEPARTMENT**

BRIAN DUGAN, Chief of Police

8

AW_Public000058
**PEX 43.008**

In acknowledgment and execution of the *Inter-Agency Agreement Establishing the Adult Pre-Arrest Diversion Program*, I hereby set my hand and seal this ___ day of June ___, 2018.

**PLANT CITY POLICE DEPARTMENT**

ED DUNCAN, Chief of Police

9

AW_Public000059
**PEX 43.009**

In acknowledgment and execution of the *Inter-Agency Agreement Establishing the Adult Pre-Arrest Diversion Program*, I hereby set my hand and seal this __15__ day of __June__ , 2018.

**TEMPLE TERRACE POLICE DEPARTMENT**

KENNETH ALBANO, Chief of Police

10

AW_Public000060
**PEX 43.010**

In acknowledgment and execution of the *Inter-Agency Agreement Establishing the Adult Pre-Arrest Diversion Program*, I hereby set my hand and seal this ___15th___ day of ___June___, 2018.

**UNIVERSITY OF SOUTH FLORIDA POLICE DEPARTMENT**

CHRISTOPHER DANIEL, Chief of Police

11

AW_Public000061
**PEX 43.011**

In acknowledgment and execution of the *Inter-Agency Agreement Establishing the Adult Pre-Arrest Diversion Program*, I hereby set my hand and seal this 22 day of JUNE , 2018.

**TAMPA INTERNATIONAL AIRPORT**

CHARLIE VAZQUEZ, Director of Public Safety and Security/Police Chief

12

AW_Public000062
**PEX 43.012**

In acknowledgment and execution of the *Inter-Agency Agreement Establishing the Adult Pre-Arrest Diversion Program*, I hereby set my hand and seal this  29th  day of     June     , 2018.

**CLERK OF THE CIRCUIT COURT**

PAT FRANK, Clerk of the Circuit Court

13

Revision 4

AW_Public000063
**PEX 43.013**

In acknowledgment and execution of the *Inter-Agency Agreement Establishing the Adult Pre-Arrest Diversion Program*, I hereby set my hand and seal this 19ᵗʰ day of JUNE , 2018.


**ADMINISTRATIVE OFFICE OF THE COURTS**


GINA JUSTICE, Court Administrator

14

AW_Public000064
**PEX 43.014**

In acknowledgment and execution of the *Inter-Agency Agreement Establishing the Adult Pre-Arrest Diversion Program*, I hereby set my hand and seal this 18th day of June, 2018.

**FOR THE PUBLIC DEFENDER'S OFFICE**

/s/ Julianne M. Holt

JULIANNE HOLT, Public Defender

AW_Public000065
PEX 43.015

In acknowledgment and execution of the *Inter-Agency Agreement Establishing the Adult Pre-Arrest Diversion Program*, I hereby set my hand and seal this ⟨18ᵗʰ⟩ day of ⟨June⟩, 2018.

**STATE ATTORNEY'S OFFICE**

ANDREW WARREN, State Attorney

16

AW_Public000066
**PEX 43.016**