# STATE OF FLORIDA

## OFFICE OF THE GOVERNOR
## EXECUTIVE ORDER NUMBER 22-176
(Executive Order of Suspension)

**WHEREAS**, Article IV of the Florida Constitution vests the State's supreme executive power in the Governor and requires the Governor to take care that the laws of Florida are faithfully executed. *See* Art. IV, § 1(a), Fla. Const.; and

**WHEREAS**, in furtherance of the Governor's executive responsibility, the Governor may suspend from office any state officer not subject to impeachment for that officer's malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform official duties, or commission of a felony. *See* Art. IV, § 7(a), Fla. Const.; and

**WHEREAS**, "neglect of duty" refers to "the neglect or failure on the part of a public officer to do and perform some duty or duties laid on him as such by virtue of his office or which is required of him by law." *Israel v. DeSantis*, 269 So. 3d 491, 496 (Fla. 2019) (quoting *State ex rel. Hardie v. Coleman*, 155 So. 129, 132 (Fla. 1934)). "It is not material whether the neglect be willful, through malice, ignorance, or oversight." *Id.*; and

**WHEREAS**, "incompetence" may arise from "gross ignorance of official duties or gross carelessness in the discharge of them," or from "lack of judgment and discretion." *Id.* (quoting *Coleman*, 155 So. at 133); and

**WHEREAS**, state attorneys are state officers constitutionally elected to serve as the prosecuting officers of all trial courts within each judicial circuit. *See* Art. V, § 17, Fla. Const.; and

1

4:22-cv-302-RH-MAF
**JOINT EX**

**3**

DEF 000001

**JEX 3.001**

WHEREAS, with respect to the prosecution of crimes in general, "the State acts exclusively through the offices of the state attorneys." *Cook v. State*, 921 So. 2d 631, 644 (Fla. 2d DCA 2005); and

WHEREAS, state attorneys are not subject to impeachment, *see* Art. III, § 17, Fla. Const., and thus are eligible for suspension by the Governor and removal by the Senate, *see* Art. IV, § 7(a), (b), Fla. Const.; and

WHEREAS, even though state attorneys have complete discretion in making the decision to prosecute a particular defendant, *Cleveland v. State*, 417 So. 2d 653, 654 (Fla. 1982), prosecutorial discretion requires a state attorney to make "case-specific" and "individualized" determinations as to whether the facts warrant prosecution. *Ayala v. Scott*, 224 So. 3d 755, 758-59 (Fla. 2017); and

WHEREAS, a state attorney's "blanket refusal" to enforce a criminal law is not an exercise of prosecutorial discretion but is "tantamount to a 'functional veto' of state law." *Id.* at 758 (discussing *Johnson v. Pataki*, 691 N.E.2d 1002, 1007 (N.Y. 1997)) (alteration omitted); and

WHEREAS, a state attorney's policy to "knowingly permit" criminal activity and "prefer no charges" constitutes "neglect of duty" under the Florida Constitution. *See State ex rel. Hardee v. Allen*, 172 So. 222, 223-24 (Fla. 1937) (concluding that the Governor's suspension of a Tampa prosecutor for "neglect of duty" was sufficiently based on the prosecutor's alleged unwillingness to prosecute gambling offenses); and

WHEREAS, a state attorney who contends that prosecutorial discretion may be used to disregard entire criminal laws demonstrates incompetence and gross ignorance of a state attorney's official duty to exercise discretion only on a "case-by-case" and "individualized" basis. *See Ayala*,

2

DEF 000002

JEX 3.002

224 So. 3d at 759 (a state attorney's erroneous application of prosecutorial discretion "embodies, at best, a misunderstanding of Florida law"); and

WHEREAS, Andrew Warren is the State Attorney for the 13th Judicial Circuit of the State of Florida (hereafter, "Warren"); and

WHEREAS, Warren demonstrated his incompetence and willful defiance of his duties as a state attorney as early as June 2021, when he signed a "Joint Statement" with other elected prosecutors in support of gender-transition treatments for children and bathroom usage based on gender identity (attached hereto as Exhibit "A").  The statement read:

"[W]e pledge to use our discretion and not promote the criminalization of gender-affirming healthcare or transgender people."

and

"Bills that criminalize safe and crucial medical treatments or the mere public existence of trans people do not promote public safety, community trust, or fiscal responsibility. They serve no legitimate purpose. As such, we pledge to use our settled discretion and limited resources on enforcement of laws that will not erode the safety and well-being of our community. And we do not support the use of scarce criminal justice and law enforcement resources on criminalization of doctors who offer medically necessary, safe, gender-affirming care to trans youth, parents who safeguard their child's health and wellbeing by seeking out such treatments, or any individuals who use facilities aligned with their gender identity."

and

"We are committed to ending this deeply disturbing and destructive criminalization of gender-affirming healthcare and transgender people."

WHEREAS, although the Florida Legislature has not enacted such criminal laws, these statements prove that Warren thinks he has authority to defy the Florida Legislature and nullify in his jurisdiction criminal laws with which he disagrees; and

WHEREAS, based on this fundamentally flawed and lawless understanding of his duties as a state attorney, Warren has acted as a law unto himself by instituting a policy during his current

3

DEF 000003

JEX 3.003

term of presumptive non-enforcement for certain criminal violations, including trespassing at a business location, disorderly conduct, disorderly intoxication, and prostitution; and

**WHEREAS**, Warren has also instituted a policy during his current term against prosecuting crimes where the initial encounter between law enforcement and the defendant results from a non-criminal violation in connection with riding a bicycle or a pedestrian violation. This presumption of non-prosecution applies even to crimes of misdemeanor resisting arrest without violence—for example, fleeing from a law enforcement officer. The only exception to the policy is where there is a direct threat to public safety, such as where an individual has suffered physical harm or where a firearm is involved; and

**WHEREAS**, Warren's policies of presumptive non-enforcement are not a proper exercise of prosecutorial discretion because they do not require "case-specific" and "individualized" determinations as to whether the facts warrant prosecution but instead are based on categorical exclusions of otherwise criminal conduct that is tantamount to rewriting Florida criminal law; and

**WHEREAS**, such policies have the effect of usurping the province of the Florida Legislature to define criminal conduct as well as the duties of other law enforcement officials in Hillsborough County to faithfully enforce violations of Florida criminal law; and

**WHEREAS**, Warren's erroneous understanding of his duties recently culminated in his public declaration that he would not enforce criminal laws enacted by the Florida Legislature that prohibit providers from performing certain abortions to protect the lives of unborn children; and

**WHEREAS**, the majority of abortion procedures performed after 15 weeks' gestation are dilation and evacuation procedures that involve the use of surgical instruments to crush and tear apart the unborn child, who is capable of feeling pain at this stage, before removing the remains of the dead child from the womb; and

4

DEF 000004

**JEX 3.004**

**WHEREAS**, Florida's criminal law prohibits partial-birth abortions, which are classified as second degree felonies and punishable by imprisonment of up to 15 years and monetary penalties. *See* §§ 782.34, 775.082(3)(d), and 775.083(1)(b), Fla. Stat. Partial-birth abortion is a late-term procedure where the unborn child is partially delivered, but the physician ends the child's life by piercing the child's head with scissors while the head is still in the mother's womb; and

**WHEREAS**, Florida criminal law has also generally prohibited physicians from performing an abortion during the third trimester or after a fetus achieves viability. *See* §§ 390.0111, 390.01112, Fla. Stat. (2021); and

**WHEREAS**, on March 3, 2022, the Florida Legislature passed House Bill 5 ("HB 5"), entitled "Reducing Fetal and Infant Mortality," which prohibits a physician from performing an abortion after a fetus reaches the gestational age of 15 weeks, with certain exceptions; and

**WHEREAS**, I signed HB 5 on April 14, 2022, it took effect on July 1, 2022, and it remains in full force and effect, *see State v. Planned Parenthood of Sw. & Cent. Fla.*, No. 1D22-2034, 2022 WL 2865900 (Fla. 1st DCA July 21, 2022) (declining to vacate automatic stay of preliminary injunction against HB 5); and

**WHEREAS**, a violation of Florida's criminal law against certain abortions is, at a minimum, a felony of the third degree, punishable by imprisonment of up to five years and monetary penalties. *See* §§ 390.0111(10)(a), 775.082(3)(e), and 775.083(1)(c), Fla. Stat.; and

**WHEREAS**, the purpose and effect of Florida's abortion laws are to protect women and their unborn children by punishing and deterring providers who perform unlawful abortions, rather than the women who may receive them; and

**WHEREAS**, on June 24, 2022, the Supreme Court of the United States overturned *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833

DEF 000005

JEX 3.005

(1992), reaffirming that states may prohibit abortion through criminal laws passed by their elected representatives. *See Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022); and

**WHEREAS**, in the wake of the Supreme Court's decision in *Dobbs*, Warren publicly proclaimed in writing that he will not prosecute individuals who provide abortions in violation of Florida's criminal laws to protect the life of the unborn child. Specifically, Warren signed a "Joint Statement" dated June 24, 2022, and updated on July 25, 2022, with other elected prosecutors (attached hereto as Exhibit "B"), which stated:

> "Criminalizing and prosecuting individuals who … provide abortion care makes a mockery of justice; prosecutors should not be part of that."
>
> and
>
> "Enforcing abortion bans runs counter to the obligations and interests we are sworn to uphold."
>
> and
>
> "As such, we [the undersigned prosecutors] decline to use our offices' resources to criminalize reproductive health decisions and commit to exercise our well-settled discretion and refrain from prosecuting those who … provide, or support abortions."
>
> and
>
> "Our legislatures may decide to criminalize personal healthcare decisions, but *we* remain obligated to prosecute only those cases that serve the interests of justice and the people."

**WHEREAS**, Warren is the only state attorney in Florida who signed this statement, and he signed the statement in his official capacity as the "State Attorney, 13th Judicial Circuit (Tampa), Florida"; and

**WHEREAS**, Warren has thus clearly, unequivocally, and publicly declared that his office will not prosecute violations of Florida criminal laws that prohibit providers from performing certain abortions to protect the life of the unborn child; and

6

DEF 000006

**JEX 3.006**

WHEREAS, the "Joint Statement" defines abortion as "a personal choice made by a pregnant person to terminate a pregnancy" and thus applies to any abortions, including late-term and partial-birth abortions; and

WHEREAS, Warren's declared intent in the "Joint Statement" not to prosecute abortion crimes to achieve their purpose of protecting the lives of unborn children encourages not only the abortions recently prohibited by HB 5, but also late-term and partial-birth abortions that have long been banned under Florida's criminal law; and

WHEREAS, Warren has effectively nullified these Florida criminal laws in the 13th Judicial Circuit, thereby eroding the rule of law, encouraging lawlessness, and usurping the exclusive role of the Florida Legislature to define criminal conduct. *See* Ex. B ("Our legislatures may decide to criminalize personal healthcare decisions, but *we* remain obligated to prosecute only those cases that serve the interests of justice and the people.  Criminalizing and prosecuting individuals who seek or provide abortion care makes a mockery of justice; prosecutors should not be part of that."); and

WHEREAS, in light of the strident representations of non-enforcement and open defiance of the Florida Legislature evident in the "Joint Statement," there is no reason to believe that Warren will faithfully enforce the abortion laws of this State and properly exercise his prosecutorial discretion on a "case-specific" and "individualized" basis; and

WHEREAS, Warren's declared refusal to prosecute abortion cases is alone sufficient to justify his suspension and removal for neglect of duty and incompetence; and

WHEREAS, Warren's avowed refusal to enforce certain criminal laws on a non-individualized, category-wide basis of his choosing is a neglect of duty in violation of his oath of office to faithfully perform his duties as State Attorney for the 13th Judicial Circuit; and

7

DEF 000007

JEX 3.007

**WHEREAS**, Warren's neglect of duty is willful and intended to be a "functional veto" on the policies of the Florida Legislature; and

**WHEREAS**, Warren's neglect of duty is not excused by prosecutorial discretion, because his blanket policies ensure that he will exercise no discretion at all in entire categories of criminal cases; and

**WHEREAS**, Warren's public proclamations of non-enforcement further demonstrate his incompetence and lack of judgment arising from his gross ignorance of his official duties to faithfully enforce the criminal law and to exercise discretion only on a case-by-case basis; and

**WHEREAS**, it is my duty as Governor to take care that the laws are faithfully executed by ensuring that all criminal violations remain eligible for prosecution throughout the State of Florida; and

**WHEREAS**, as a result of his open and notorious repudiation and nullification of Florida law, as well as his blatant defiance of the Florida Legislature, Warren can no longer be trusted to fulfill his oath of office and his duty to see that Florida law is faithfully executed; and

**WHEREAS**, it is in the best interests of the residents of the 13th Judicial Circuit that they immediately have a new state attorney who will faithfully execute Florida's criminal laws and exercise prosecutorial discretion to do justice on a case-by-case, fact-specific basis in accordance with Florida law; and

**NOW, THEREFORE, I, RON DESANTIS**, Governor of Florida, pursuant to the Constitution and the laws of the State of Florida, do hereby find, and for the purposes of Article IV, section 7 of the Florida Constitution, determine as follows:

A.)   Andrew Warren is, and at all material times was, the State Attorney for the 13th Judicial Circuit of Florida.

DEF 000008

JEX 3.008

B.)     The office of state attorney is within the purview of the suspension powers of the Governor, pursuant to Article IV, section 7 of the Florida Constitution.

C.)     The actions and omissions of Andrew Warren as referenced above constitute "neglect of duty" and "incompetence" for the purposes of Article IV, section 7 of the Florida Constitution.

D.)     If, after execution of this suspension, additional facts are discovered that illustrate further neglect of duty, incompetence, or other constitutional grounds for suspension of Andrew Warren, this Executive Order may be amended to allege those additional facts.

**BEING FULLY ADVISED** in the premises, and in accordance with the Constitution and the laws of the State of Florida, this Executive Order is issued, effective immediately:

Section 1.   Andrew Warren is hereby suspended from the public office that he now holds, to wit: State Attorney for the 13th Judicial Circuit of Florida.

Section 2.   Andrew Warren is hereby prohibited from performing any official act, duty, or function of public office; from receiving any pay or allowance; from being entitled to any of the emoluments or privileges of public office during the period of this suspension, which period shall be from the effective date hereof, until a further executive order is issued, or as otherwise provided by law.

Section 3.   As of the signing of this Executive Order, the Hillsborough County Sheriff's Office, assisted by other law enforcement agencies as necessary, is requested to: (i) assist in the immediate transition of Andrew Warren from the Office of the State Attorney for the 13th Judicial Circuit of Florida, with access only to retrieve his personal belongings; and (ii) ensure that no files, papers,

9

DEF 000009

**JEX 3.009**

documents, notes, records, computers, or removable storage media are removed from the Office

of the State Attorney for the 13th Judicial Circuit of Florida by Andrew Warren or any of his staff.

Section 4.  The Honorable Susan Lopez, County Court Judge of the 13th Judicial Circuit in

and for Hillsborough County, is hereby appointed forthwith, effective August 4, 2022, to fill the

position of State Attorney for the 13th Judicial Circuit of Florida in accordance with Article IV,

section 7, subsection (a) of the Florida Constitution for the duration of the suspension.



IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed at Tallahassee, this 4th day of August, 2022.

_____

RON DESANTIS, GOVERNOR

ATTEST:

_____

SECRETARY OF STATE

FILED
2022 AUG -4 AM 9: 19
DEPARTMENT OF STATE
TALLAHASSEE, FL

10

DEF 000010

JEX 3.010

# EXHIBIT A



FAIR AND JUST PROSECUTION

## JOINT STATEMENT FROM ELECTED PROSECUTORS AND LAW ENFORCEMENT LEADERS CONDEMNING THE CRIMINALIZATION OF TRANSGENDER PEOPLE AND GENDER-AFFIRMING HEALTHCARE
### June 2021

As elected prosecutors and law enforcement leaders, we condemn the ongoing efforts to criminalize transgender people and gender-affirming healthcare across the country. These blatantly unconstitutional attacks on some of the most vulnerable Americans will deeply harm public safety. We call on policymakers to cease this extraordinary overreach and leave healthcare decisions to patients, families, and medical providers, and we pledge to use our discretion and not promote the criminalization of gender-affirming healthcare or transgender people.

As criminal justice leaders, we are responsible for pursuing justice for *all* members of our communities. Unfortunately, the full and equal protection of the law has consistently been denied to transgender people living in this country. Transgender individuals endure unconscionably high rates of violent victimization.[1] However, rather than fighting for their protection the criminal legal system has painted their very existence as a threat, often criminalizing trans survivors of violence rather than protecting them. As a result, transgender people, while disproportionately likely to be victims of or witnesses to serious crime, too often receive inadequate assistance from police and prosecutors or face further victimization at their hands.[2] These failings are both a moral travesty and an obstacle in our collective efforts to prevent crime, build public trust, and promote community well-being.

Rather than working to remedy these harms, many state legislatures have instead intensified their efforts to isolate, discriminate against, and criminalize transgender people. In fact, in just the first half of this year, state legislators have introduced a record-breaking number of bills targeting the transgender community.[3] Since the beginning of 2021, at least 105 bills that discriminate against transgender people have been proposed in 34 states, and 10 have been signed into law[4] — a significant increase from the 2020 legislative session, during which 52 such proposals were introduced in legislatures around the country.[5]

---

[1] Andrew R. Flores et. al., Gender Identity Disparities in Criminal Victimization, UCLA School of Law Williams Institute, March 2021 *available at* https://williamsinstitute.law.ucla.edu/publications/ncvs-trans-victimization/.
[2] National Center for Transgender Equality, Failing to Protect and Serve: Police Department Policies Towards Transgender People, May 7, 2019, *available at* https://transequality.org/issues/resources/failing-to-protect-and-serve-police-department-policies-towards-transgender-people.
[3] Wyatt Ronan, Breaking: 2021 Becomes Record Year For Anti-Transgender Legislation, Human Rights Campaign, March 13, 2021, *available at* https://www.hrc.org/press-releases/breaking-2021-becomes-record-year-for-anti-transgender-legislation.
[4] American Civil Liberties Union, Legislation Affecting LGBT Rights Across the Country, 2021 *available at* https://www.aclu.org/legislation-affecting-lgbt-rights-across-country.
[5] American Civil Liberties Union, Past Legislation Affecting LGBT Rights Across the Country, 2020 *available at* https://www.aclu.org/past-legislation-affecting-lgbt-rights-across-country-2020.

DEF 000012

JEX 3.012

Among these concerning restrictions are bills that aim to block trans youth from receiving life-saving gender-affirming healthcare. So far this year, 20 state legislatures have considered a total of 29 proposals that would prevent many trans youth from receiving this essential medical care. The ongoing discrimination and hostility that trans youth face has already had a grim impact: in 2020, a national survey found that *over half* of trans and non-binary youth seriously considered suicide.[6] Research has firmly established that access to gender-affirming healthcare not only reduces the risk of suicide in youth[7], it significantly reduces their lifetime risk of suicidal ideation.[8] Accordingly, a slate of medical organizations — including the American Medical Association, American Academy of Pediatrics, and Endocrine Society — all agree that access to gender-affirming care is crucial in maintaining the health of trans youth.[9] And yet, these dangerous bills will not only restrict the ability of healthcare providers to administer life-saving gender-affirming care, some will criminalize parents who allow their trans children to receive medically recommended treatments.

Additionally for several years, anti-trans legislators have worked to pass laws that prohibit trans people from using single-sex facilities — mainly restrooms — that align with their gender identity. Six such bills have been introduced in two states during the 2021 legislative session. Their goal is clear: to reinforce stigmatizing falsehoods that trans people pose a public safety threat and to prevent trans people from freely living, working, and traveling in these communities. These bills have no legitimate public safety justification and will only increase harassment and violence against trans people forced to use facilities that do not align with their gender identity.[10]

Prosecutors are trusted with immense discretion to decide how best to promote the interests of justice. We have been elected to run offices funded by taxpayers and to represent the people in court. And both chief prosecutors and law enforcement leaders have an obligation to ensure we

---

[6] The Trevor Project, National Survey on LGBTQ Youth Mental Health 2020, *available at* https://www.thetrevorproject.org/survey-2020/?section=Introduction.
[7] The Trevor Project, Research Brief: Gender-Affirming Care for Youth, Jan. 2020, *available at* https://www.thetrevorproject.org/2020/01/29/research-brief-gender-affirming-care-for-youth/.
[8] Tim Fitzsimmons, Puberty blockers linked to lower suicide risk for transgender people, NBC News, Jan. 2020, *available at* https://www.nbcnews.com/feature/nbc-out/puberty-blockers-linked-lower-suicide-risk-transgender-people-n112210.
[9] American Medical Association, AMA to states: Stop interfering in health care of transgender children, April 26, 2021, *available at* https://www.ama-assn.org/press-center/press-releases/ama-states-stop-interfering-health-care-transgender-children; American Academy of Pediatrics, Pediatricians say state bills would harm transgender youths, March 9, 2021, *available at* https://www.aappublications.org/news/2021/03/09/transgender-legislation-030921; Endocrine Society, Endocrine Society opposes legislative efforts to prevent access to medical care for transgender youth, April 15, 2021, *available at* https://www.endocrine.org/news-and-advocacy/news-room/2021/endocrine-society-condemns-efforts-to-block-access-to-medical-care-for-transgender-youth#:~:text=The%20Endocrine%20Society%20opposes%20legislative,accessing%20gender%2Daffirming%20medical%20care.&text=The%20proposals%20reflect%20widespread%20misinformation,of%20gender%2Daffirming%20medical%20care; Alexander Chen, Gender-Affirming Care Doesn't Just Help Trans Youth Survive. It Allows Them to Flourish., Slate, April 7, 2021, *available at* https://slate.com/human-interest/2021/04/anti-trans-bills-youth-gender-affirming-care-survive-flourish.html.
[10] Stevie Borrello, Sexual Assault and Domestic Violence Organizations Debunk 'Bathroom Predator Myth,' ABC News, April 22, 2016, *available at* https://abcnews.go.com/US/sexual-assault-domestic-violence-organizations-debunk-bathroom-predator/story?id=38604019.

2

DEF 000013

JEX 3.013

are directing our offices' and departments' limited resources to pursuits that advance fairness and justice for *all* members of our communities. Bills that criminalize safe and crucial medical treatments or the mere public existence of trans people do not promote public safety, community trust, or fiscal responsibility. They serve no legitimate purpose. As such, we pledge to use our settled discretion and limited resources on enforcement of laws that will not erode the safety and well-being of our community. And we do not support the use of scarce criminal justice and law enforcement resources on criminalization of doctors who offer medically necessary, safe gender-affirming care to trans youth, parents who safeguard their child's health and wellbeing by seeking out such treatments, or any individuals who use facilities aligned with their gender identity.

We are committed to ending this deeply disturbing and destructive criminalization of gender-affirming healthcare and transgender people. And we urge other policymakers to join us in standing up and standing together on this important issue.


Respectfully,

**Diana Becton**
District Attorney, Contra Costa County, California

**Wesley Bell**
Prosecuting Attorney, St. Louis County, Missouri

**Buta Biberaj**
Commonwealth's Attorney, Loudoun County, Virginia

**Richard Biehl**
Chief, Dayton Police Department, Ohio

**Sherry Boston**
District Attorney, DeKalb County, Georgia

**Chesa Boudin**
District Attorney, City and County of San Francisco, California

**RaShall M. Brackney, Ph.D.**
Chief, Charlottesville Police Department, Virginia

**Aisha Braveboy**
State's Attorney, Prince George's County, Maryland

**John Choi**
County Attorney, Ramsey County, Minnesota

3

**Jerry L. Clayton**
Sheriff, Washtenaw County (Ann Arbor), Michigan

**Shameca Collins**
District Attorney, 6th Judicial District, Mississippi

**Scott Colom**
District Attorney, 16th Judicial District, Mississippi

**John Creuzot**
District Attorney, Dallas County, Texas

**Satana Deberry**
District Attorney, Durham County, North Carolina

**Parisa Dehghani-Tafti**
Commonwealth's Attorney, Arlington County and the City of Falls Church, Virginia

**Steve Descano**
Commonwealth's Attorney, Fairfax County, Virginia

**Thomas J. Donovan, Jr.**
Attorney General, Vermont

**Michael Dougherty**
District Attorney, 20th Judicial District (Boulder), Colorado

**Mark Dupree**
District Attorney, Wyandotte County (Kansas City), Kansas

**Matt Ellis**
District Attorney, Wasco County, Oregon

**Keith Ellison**
Attorney General, Minnesota

**Kim Foxx**
State's Attorney, Cook County (Chicago), Illinois

**Kimberly Gardner**
Circuit Attorney, City of St. Louis, Missouri

**José Garza**
District Attorney, Travis County (Austin), Texas

4

**George Gascón**
District Attorney, Los Angeles County, California
Former District Attorney, City and County of San Francisco, California
Former Chief, San Francisco Police Department, California
Former Chief, Mesa Police Department, Arizona

**Sarah F. George**
State's Attorney, Chittenden County, Vermont

**Sim Gill**
District Attorney, Salt Lake City, Utah

**Joe Gonzales**
District Attorney, Bexar County (San Antonio), Texas

**Deborah Gonzalez**
District Attorney, Western Judicial Circuit (Athens), Georgia

**Eric Gonzalez**
District Attorney, Kings County (Brooklyn), New York

**Mark Gonzalez**
District Attorney, Nueces County (Corpus Christi), Texas

**Andrea Harrington**
District Attorney, Berkshire County, Massachusetts

**Mark Herring**
Attorney General, Commonwealth of Virginia

**Jim Hingeley**
Commonwealth's Attorney, Albemarle County, Virginia

**John Hummel**
District Attorney, Deschutes County, Oregon

**Natasha Irving**
District Attorney, 6th Prosecutorial District, Maine

**Letitia James**
Attorney General, New York

**Kathy Jennings**
Attorney General, Delaware

5

**Zach Klein**
City Attorney, Columbus, Ohio

**Justin F. Kollar**
Prosecuting Attorney, County of Kaua'i, Hawaii

**Lawrence S. Krasner**
District Attorney, Philadelphia, Pennsylvania

**Brian S. Mason**
District Attorney, 17th Judicial District, Colorado

**Beth McCann**
District Attorney, 2nd Judicial District (Denver), Colorado

**Ryan Mears**
Prosecuting Attorney, Marion County (Indianapolis), Indiana

**Spencer Merriweather**
District Attorney, Mecklenburg County (Charlotte), North Carolina

**Marilyn Mosby**
State's Attorney, Baltimore City, Maryland

**Jody Owens**
District Attorney, Hinds County (Raymond and Jackson), Mississippi

**Alonzo Payne**
District Attorney, 12th Judicial District (San Luis), Colorado

**Joseph Platania**
Commonwealth's Attorney, City of Charlottesville, Virginia

**Bryan Porter**
Commonwealth's Attorney, City of Alexandria, Virginia

**Abdul Pridgen**
Chief, Seaside Police Department, California

**Karl A. Racine**
Attorney General, District of Columbia

**Kwame Raoul**
Attorney General, State of Illinois

DEF 000017

JEX 3.017

**Rachael Rollins**
District Attorney, Suffolk County (Boston), Massachusetts

**Jeff Rosen**
District Attorney, Santa Clara County, California

**Ellen Rosenblum**
Attorney General, Oregon

**Marian Ryan**
District Attorney, Middlesex County, Massachusetts

**Tori Verber Salazar**
District Attorney, San Joaquin County (Stockton), California

**Dan Satterberg**
Prosecuting Attorney, King County (Seattle), Washington

**Eli Savit**
Prosecuting Attorney, Washtenaw County (Ann Arbor), Michigan

**Mike Schmidt**
District Attorney, Multnomah County (Portland), Oregon

**Daniella Shorter**
District Attorney, 22nd Judicial District, Mississippi

**Carol Siemon**
Prosecuting Attorney, Ingham County (Lansing), Michigan

**David Soares**
District Attorney, Albany County, New York

**David Sullivan**
District Attorney, Northwestern District, Massachusetts

**Shannon Taylor**
Commonwealth's Attorney, Henrico County, Virginia

**Raúl Torrez**
District Attorney, Bernalillo County (Albuquerque), New Mexico

**Gregory Underwood**
Commonwealth's Attorney, City of Norfolk, Virginia

7

**Suzanne Valdez**
District Attorney, Douglas County, Kansas

**Matthew Van Houten**
District Attorney, Tompkins County (Ithaca), New York

**Cyrus R. Vance**
District Attorney, New York County (Manhattan), New York

**Andrew Warren**
State Attorney, 13th Judicial Circuit (Tampa), Florida

**Todd Williams**
District Attorney, Buncombe County (Asheville), North Carolina

**Monique H. Worrell**
State Attorney, 9th Judicial Circuit, Florida

**<u>Organizations</u>**

**Law Enforcement Action Partnership**

**National Organization of Black Law Enforcement Executives**

8

DEF 000019

**JEX 3.019**

# EXHIBIT B

DEF 000020

**JEX 3.020**

*UPDATED 7/25/22*



## JOINT STATEMENT FROM ELECTED PROSECUTORS
### June 24, 2022

We are a group of elected prosecutors representing communities across every region of the country. Over the past few years, we have watched with increasing concern as the constitutional right to abortion has been threatened and eroded. Now, the Supreme Court's decision to end the federally protected constitutional right to abortion first established five decades ago in *Roe v. Wade* — a right that three generations of Americans have come of age relying upon — means that abortions will immediately or soon be banned, and potentially criminalized, in at least half of our nation's states.[1] As elected prosecutors, ministers of justice, and leaders in our communities, we cannot stand by and allow members of our community to live in fear of the ramifications of this deeply troubling decision.

Not all of us agree on a personal or moral level on the issue of abortion. But we stand together in our firm belief that prosecutors have a responsibility to refrain from using limited criminal legal system resources to criminalize personal medical decisions. As such, we decline to use our offices' resources to criminalize reproductive health decisions and commit to exercise our well-settled discretion and refrain from prosecuting those who seek, provide, or support abortions.[2]

Prosecutors are entrusted with immense discretion. With this discretion comes the obligation to seek justice. And at the heart of the pursuit of justice is the furtherance of policies and practices that protect the well-being and safety of *all* members of our community.

Prosecutors make decisions every day about how to allocate limited resources and which cases to prosecute. Indeed, our communities have entrusted us to use our best judgment in deciding how and if to leverage the criminal legal system to further the safety and well-being of all, and we are ethically bound to pursue those interests in every case.

Enforcing abortion bans runs counter to the obligations and interests we are sworn to uphold. It will erode trust in the legal system, hinder our ability to hold perpetrators accountable, take resources away from the enforcement of serious crime, and inevitably lead to the retraumatization and criminalization of victims of sexual violence.

Criminalizing abortion will not end abortion; it will simply end *safe* abortions, forcing the most vulnerable among us — as well as medical providers — to make impossible decisions. Abortion

---

[1] Guttmacher Institute, "26 States Are Certain or Likely to Ban Abortion Without Roe: Here's Which Ones and Why," October 28, 2021 guttmacher.org/article/2021/10/26-states-are-certain-or-likely-ban-abortion-without-roe-heres-which-ones-and-why.

[2] We use abortion to refer to a personal choice made by a pregnant person to terminate a pregnancy. We will continue to consider the prosecution of individuals who violate the autonomy of a pregnant person by carrying out a forced abortion, or who perform an abortion negligently or with the intent to cause harm to the pregnant person.

bans will isolate people from the law enforcement, medical, and social resources they need. When individuals know that they or someone they love could be investigated and prosecuted for having an abortion, they are far less likely to call for help in the event of an emergency. Prosecutors, police, and our medical partners cannot do our jobs when many victims and witnesses of crime or other emergencies are unwilling to work with us for fear that their private medical decisions will be criminalized.

Our criminal legal system is already overburdened. As elected prosecutors, we have a responsibility to ensure that these limited resources are focused on efforts to prevent and address serious crimes, rather than enforcing abortion bans that divide our community, create untenable choices for patients and healthcare providers, and erode trust in the justice system. Enforcing abortion bans would mean taking time, effort, and resources away from the prosecution of the most serious crimes — conduct that truly impacts public safety.

Abortion bans will also disproportionately harm victims of sexual abuse, rape, incest, human trafficking, and domestic violence.[3] Over the past several decades, law enforcement has rightly worked to adopt evidence-based, trauma-informed approaches that recognize that not all victims of such crimes are able or willing to immediately report, and that delays in reporting or a reticence to report are consistent with the experience of trauma.[4] As prosecutors, we also know that the process of reporting can be retraumatizing for many survivors.[5]

We are horrified that some states have failed to carve out exceptions for victims of sexual violence and incest in their abortion restrictions; this is unconscionable. And, even where such exceptions do exist, abortion bans still threaten the autonomy, dignity, and safety of survivors, forcing them to choose between reporting their abuse or being connected to their abuser for life. Laws that revictimize and retraumatize victims go against our obligation as prosecutors to protect and seek justice on behalf of all members of our community, including those who are often the most vulnerable and least empowered. Our obligation to exercise our discretion wisely requires us to focus prosecutorial resources on the child molester or rapist, not on prosecuting the victim or the healthcare professionals who provide that victim with needed care and treatment.

Keeping communities safe inherently requires promoting trust and faith in the integrity of the rule of law.[6] To best promote public safety, prosecutors must be perceived by their communities as trustworthy, legitimate, and fair — values that would be undermined by the enforcement of laws that criminalize deeply personal decisions, harm those most in need of our help, and force unnecessarily difficult and traumatizing decisions on many in our community.

---

[3] Starre Vartan, "The Lifelong Consequences of Rape," Pacific Standard, Jun. 14, 2017, *available at* https://psmag.com/social-justice/lifelong-consequences-rape-96056.
[4] Robert Muller, "Rape Victims' Reactions Misunderstood by Law Enforcement," Psychology Today, Jan. 11, 2019, *available at* https://www.psychologytoday.com/us/blog/talking-about-trauma/201801/rape-victims-reactions-misunderstood-law-enforcement.
[5] Office on Violence Against Women, "The Importance of Understanding Trauma-Informed Care and Self-Care for Victim Service Providers," U.S. Department of Justice, July 30, 2014, *available at* https://www.justice.gov/archives/ovw/blog/importance-understanding-trauma-informed-care-and-self-care-victim-service-providers.
[6] Yucel Ors, "6 Essential Tenets for Effective Community Policing," National League of Cities, March 21, 2016, *available at* https://nlcors.wordpress.com/2016/10/06/6-essential-tenets-for-effective-community-policing/.

*UPDATED 7/25/22*

As elected prosecutors, when we stand in court, we have the privilege and obligation to represent "the people." All members of our communities are our clients – they elected us to represent them and we are bound to fight for them as we carry out our obligation to pursue justice. Our legislatures may decide to criminalize personal healthcare decisions, but *we* remain obligated to prosecute only those cases that serve the interests of justice and the people.

Criminalizing and prosecuting individuals who seek or provide abortion care makes a mockery of justice; prosecutors should not be part of that.

Respectfully,

**Michael Atwell**
District Attorney, Alpine County, California

**Patsy Austin-Gatson**
District Attorney, Gwinnett Judicial Circuit, Georgia

**Diana Becton**
District Attorney, Contra Costa County, California

**Wesley Bell**
Prosecuting Attorney, St. Louis County, Missouri

**Buta Biberaj**
Commonwealth's Attorney, Loudoun County, Virginia

**Sherry Boston**
District Attorney, DeKalb County, Georgia

**Chesa Boudin**
District Attorney, City and County of San Francisco, California

**Alvin Bragg**
District Attorney, New York County (Manhattan), New York

**Aisha Braveboy**
State's Attorney, Prince George's County, Maryland

**Mary Carmack-Altwies**
District Attorney, 1st Judicial District, New Mexico

**Danny Carr**
District Attorney, Jefferson County, Alabama

**Christian Champagne**
District Attorney, 6th Judicial District, Colorado

*UPDATED 7/25/22*

**John T. Chisholm**
District Attorney, Milwaukee County, Wisconsin

**John Choi**
County Attorney, Ramsey County, Minnesota

**Dave Clegg**
District Attorney, Ulster County, New York

**Shameca Collins**
District Attorney, 6th Judicial District, Mississippi

**Shalena Cook Jones**
District Attorney, Chatham County (Savannah), Georgia

**David Cooke**
District Attorney, Macon Judicial Circuit, Georgia

**John Creuzot**
District Attorney, Dallas County, Texas

**Ann Davison**
City Attorney, Seattle, Washington

**Satana Deberry**
District Attorney, Durham County, North Carolina

**Parisa Dehghani-Tafti**
Commonwealth's Attorney, Arlington County and the City of Falls Church, Virginia

**Steve Descano**
Commonwealth's Attorney, Fairfax County, Virginia

**Joshua R. Diamond**
Acting Attorney General, Vermont

**Michael Dougherty**
District Attorney, 20th Judicial District (Boulder), Colorado

**Matt Ellis**
District Attorney, Wasco County, Oregon

**Keith Ellison**
Attorney General, Minnesota

*UPDATED 7/25/22*

**Ramin Fatehi**
Commonwealth's Attorney, City of Norfolk, Virginia

**Kimberly M. Foxx**
State's Attorney, Cook County (Chicago), Illinois

**Glenn Funk**
District Attorney, Nashville, Tennessee

**José Garza**
District Attorney, Travis County (Austin), Texas

**George Gascón**
District Attorney, Los Angeles County, California

**Sarah F. George**
State's Attorney, Chittenden County (Burlington), Vermont

**Joe Gonzales**
District Attorney, Bexar County (San Antonio), Texas

**Deborah Gonzalez**
District Attorney, Western Judicial Circuit (Athens), Georgia

**Eric Gonzalez**
District Attorney, Kings County (Brooklyn), New York

**Mark Gonzalez**
District Attorney, Nueces County (Corpus Christi), Texas

**Andrea Harrington**
District Attorney, Berkshire County, Massachusetts

**Maura Healey**
Attorney General, Massachusetts

**John Hummel**
District Attorney, Deschutes County, Oregon

**Natasha Irving**
District Attorney, 6th Prosecutorial District, Maine

**Kathleen Jennings**
Attorney General, Delaware

*UPDATED 7/25/22*

**Melinda Katz**
District Attorney, Queens County, New York

**Alexis King**
District Attorney, 1st Judicial District, Colorado

**Zach Klein**
City Attorney, Columbus, Ohio

**Lawrence S. Krasner**
District Attorney, Philadelphia, Pennsylvania

**David Leyton**
Prosecuting Attorney, Genesee County, Michigan

**Rebecca Like**
Prosecuting Attorney, County of Kaua'i, Hawaii

**Edward E. Manibusan**
Attorney General, Northern Mariana Islands

**Brian Mason**
District Attorney, 17th Judicial District, Colorado

**Beth McCann**
District Attorney, 2nd Judicial District (Denver), Colorado

**Karen McDonald**
Prosecuting Attorney, Oakland County, Michigan

**Colette McEachin**
Commonwealth's Attorney, Richmond, Virginia

**Gordon McLaughlin**
District Attorney, 8th Judicial District, Colorado

**Ryan Mears**
Prosecuting Attorney, Marion County (Indianapolis), Indiana

**Brian Middleton**
District Attorney, Fort Bend County, Texas

**Stephanie Morales**
Commonwealth's Attorney, Portsmouth, Virginia

*UPDATED 7/25/22*

**Michael W. Morrissey**
District Attorney, Norfolk County, Massachusetts

**Marilyn J. Mosby**
State's Attorney, Baltimore City, Maryland

**Jamie Mosser**
State's Attorney, Kane County, Illinois

**Dana Nessel**
Attorney General, Michigan

**Michael O'Malley**
County Prosecutor, Cuyahoga County (Cleveland), Ohio

**Nancy O'Malley**
District Attorney, Alameda County, California

**Jody Owens**
District Attorney, Hinds County, Mississippi

**Alonzo Payne**
District Attorney, 12th Judicial District (San Luis), Colorado

**Joseph Platania**
Commonwealth's Attorney, City of Charlottesville, Virginia

**Bryan Porter**
Commonwealth's Attorney, City of Alexandria, Virginia

**Dalia Racine**
District Attorney, Douglas County, Georgia

**Karl Racine**
Attorney General, District of Columbia

**Carrie Rasmussen**
District Attorney, Hood River County, Oregon

**Jill R. Ravitch**
District Attorney, Sonoma County, California

**Eric Rinehart**
State's Attorney, Lake County (Waukegan), Illinois

*UPDATED 7/25/22*

**Mimi Rocah**
District Attorney, Westchester County, New York

**Jeff Rosen**
District Attorney, Santa Clara County, California

**Marian Ryan**
District Attorney, Middlesex County, Massachusetts

**Dan Satterberg**
Prosecuting Attorney, King County (Seattle), Washington

**Eli Savit**
Prosecuting Attorney, Washtenaw County (Ann Arbor), Michigan

**Mike Schmidt**
District Attorney, Multnomah County (Portland), Oregon

**Carol Siemon**
Prosecuting Attorney, Ingham County (Lansing), Michigan

**Jack Stollsteimer**
District Attorney, Delaware County, Pennsylvania

**David Sullivan**
District Attorney, Northwestern District, Massachusetts

**Shannon Taylor**
Commonwealth's Attorney, Henrico County, Virginia

**Raúl Torrez**
District Attorney, Bernalillo County (Albuquerque), New Mexico

**Suzanne Valdez**
District Attorney, Douglas County (Lawrence), Kansas

**Matthew Van Houten**
District Attorney, Tompkins County (Ithaca), New York

**Dora A. Villarreal**
State's Attorney, Rock Island County, Illinois

**Andrew Warren**
State Attorney, 13th Judicial Circuit (Tampa), Florida

DEF 000028

JEX 3.028

*UPDATED 7/25/22*

**Phil Weiser**
Attorney General, Colorado

**Matthew J. Wiese**
Prosecuting Attorney, Marquette County, Michigan

**Jared Williams**
District Attorney, Augusta Judicial Circuit, Georgia

**Jason Williams**
District Attorney, Orleans Parish, Louisiana

**Todd Williams**
District Attorney, Buncombe County (Asheville), North Carolina

*\*\*Additional elected prosecutors interested in joining the statement should contact FJP Executive Director Miriam Krinsky at [mkrinsky@fairandjustprosecution.org](mailto:mkrinsky@fairandjustprosecution.org) to be added.*

*UPDATED 7/25/22*



## JOINT STATEMENT FROM ELECTED PROSECUTORS
### June 24, 2022

We are a group of elected prosecutors representing communities across every region of the country. Over the past few years, we have watched with increasing concern as the constitutional right to abortion has been threatened and eroded. Now, the Supreme Court's decision to end the federally protected constitutional right to abortion first established five decades ago in *Roe v. Wade* — a right that three generations of Americans have come of age relying upon — means that abortions will immediately or soon be banned, and potentially criminalized, in at least half of our nation's states.[1] As elected prosecutors, ministers of justice, and leaders in our communities, we cannot stand by and allow members of our community to live in fear of the ramifications of this deeply troubling decision.

Not all of us agree on a personal or moral level on the issue of abortion. But we stand together in our firm belief that prosecutors have a responsibility to refrain from using limited criminal legal system resources to criminalize personal medical decisions. As such, we decline to use our offices' resources to criminalize reproductive health decisions and commit to exercise our well-settled discretion and refrain from prosecuting those who seek, provide, or support abortions.[2]

Prosecutors are entrusted with immense discretion. With this discretion comes the obligation to seek justice. And at the heart of the pursuit of justice is the furtherance of policies and practices that protect the well-being and safety of *all* members of our community.

Prosecutors make decisions every day about how to allocate limited resources and which cases to prosecute. Indeed, our communities have entrusted us to use our best judgment in deciding how and if to leverage the criminal legal system to further the safety and well-being of all, and we are ethically bound to pursue those interests in every case.

Enforcing abortion bans runs counter to the obligations and interests we are sworn to uphold. It will erode trust in the legal system, hinder our ability to hold perpetrators accountable, take resources away from the enforcement of serious crime, and inevitably lead to the retraumatization and criminalization of victims of sexual violence.

Criminalizing abortion will not end abortion; it will simply end *safe* abortions, forcing the most vulnerable among us — as well as medical providers — to make impossible decisions. Abortion

---

[1] Guttmacher Institute, "26 States Are Certain or Likely to Ban Abortion Without Roe: Here's Which Ones and Why," October 28, 2021 guttmacher.org/article/2021/10/26-states-are-certain-or-likely-ban-abortion-without-roe-heres-which-ones-and-why.

[2] We use abortion to refer to a personal choice made by a pregnant person to terminate a pregnancy. We will continue to consider the prosecution of individuals who violate the autonomy of a pregnant person by carrying out a forced abortion, or who perform an abortion negligently or with the intent to cause harm to the pregnant person.

DEF 000030

JEX 3.030

bans will isolate people from the law enforcement, medical, and social resources they need. When individuals know that they or someone they love could be investigated and prosecuted for having an abortion, they are far less likely to call for help in the event of an emergency. Prosecutors, police, and our medical partners cannot do our jobs when many victims and witnesses of crime or other emergencies are unwilling to work with us for fear that their private medical decisions will be criminalized.

Our criminal legal system is already overburdened. As elected prosecutors, we have a responsibility to ensure that these limited resources are focused on efforts to prevent and address serious crimes, rather than enforcing abortion bans that divide our community, create untenable choices for patients and healthcare providers, and erode trust in the justice system. Enforcing abortion bans would mean taking time, effort, and resources away from the prosecution of the most serious crimes — conduct that truly impacts public safety.

Abortion bans will also disproportionately harm victims of sexual abuse, rape, incest, human trafficking, and domestic violence.[3] Over the past several decades, law enforcement has rightly worked to adopt evidence-based, trauma-informed approaches that recognize that not all victims of such crimes are able or willing to immediately report, and that delays in reporting or a reticence to report are consistent with the experience of trauma.[4] As prosecutors, we also know that the process of reporting can be retraumatizing for many survivors.[5]

We are horrified that some states have failed to carve out exceptions for victims of sexual violence and incest in their abortion restrictions; this is unconscionable. And, even where such exceptions do exist, abortion bans still threaten the autonomy, dignity, and safety of survivors, forcing them to choose between reporting their abuse or being connected to their abuser for life. Laws that revictimize and retraumatize victims go against our obligation as prosecutors to protect and seek justice on behalf of all members of our community, including those who are often the most vulnerable and least empowered. Our obligation to exercise our discretion wisely requires us to focus prosecutorial resources on the child molester or rapist, not on prosecuting the victim or the healthcare professionals who provide that victim with needed care and treatment.

Keeping communities safe inherently requires promoting trust and faith in the integrity of the rule of law.[6] To best promote public safety, prosecutors must be perceived by their communities as trustworthy, legitimate, and fair — values that would be undermined by the enforcement of laws that criminalize deeply personal decisions, harm those most in need of our help, and force unnecessarily difficult and traumatizing decisions on many in our community.

---

[3] Starre Vartan, "The Lifelong Consequences of Rape," Pacific Standard, Jun. 14, 2017, *available at* https://psmag.com/social-justice/lifelong-consequences-rape-96056.
[4] Robert Muller, "Rape Victims' Reactions Misunderstood by Law Enforcement," Psychology Today, Jan. 11, 2019, *available at* https://www.psychologytoday.com/us/blog/talking-about-trauma/201801/rape-victims-reactions-misunderstood-law-enforcement.
[5] Office on Violence Against Women, "The Importance of Understanding Trauma-Informed Care and Self-Care for Victim Service Providers," U.S. Department of Justice, July 30, 2014, *available at* https://www.justice.gov/archives/ovw/blog/importance-understanding-trauma-informed-care-and-self-care-victim-service-providers.
[6] Yucel Ors, "6 Essential Tenets for Effective Community Policing," National League of Cities, March 21, 2016, *available at* https://nlcors.wordpress.com/2016/10/06/6-essential-tenets-for-effective-community-policing/.

*UPDATED 7/25/22*

As elected prosecutors, when we stand in court, we have the privilege and obligation to represent "the people." All members of our communities are our clients – they elected us to represent them and we are bound to fight for them as we carry out our obligation to pursue justice. Our legislatures may decide to criminalize personal healthcare decisions, but *we* remain obligated to prosecute only those cases that serve the interests of justice and the people.

Criminalizing and prosecuting individuals who seek or provide abortion care makes a mockery of justice; prosecutors should not be part of that.

Respectfully,

**Michael Atwell**
District Attorney, Alpine County, California

**Patsy Austin-Gatson**
District Attorney, Gwinnett Judicial Circuit, Georgia

**Diana Becton**
District Attorney, Contra Costa County, California

**Wesley Bell**
Prosecuting Attorney, St. Louis County, Missouri

**Buta Biberaj**
Commonwealth's Attorney, Loudoun County, Virginia

**Sherry Boston**
District Attorney, DeKalb County, Georgia

**Chesa Boudin**
District Attorney, City and County of San Francisco, California

**Alvin Bragg**
District Attorney, New York County (Manhattan), New York

**Aisha Braveboy**
State's Attorney, Prince George's County, Maryland

**Mary Carmack-Altwies**
District Attorney, 1st Judicial District, New Mexico

**Danny Carr**
District Attorney, Jefferson County, Alabama

**Christian Champagne**
District Attorney, 6th Judicial District, Colorado

*UPDATED 7/25/22*

**John T. Chisholm**
District Attorney, Milwaukee County, Wisconsin

**John Choi**
County Attorney, Ramsey County, Minnesota

**Dave Clegg**
District Attorney, Ulster County, New York

**Shameca Collins**
District Attorney, 6th Judicial District, Mississippi

**Shalena Cook Jones**
District Attorney, Chatham County (Savannah), Georgia

**David Cooke**
District Attorney, Macon Judicial Circuit, Georgia

**John Creuzot**
District Attorney, Dallas County, Texas

**Ann Davison**
City Attorney, Seattle, Washington

**Satana Deberry**
District Attorney, Durham County, North Carolina

**Parisa Dehghani-Tafti**
Commonwealth's Attorney, Arlington County and the City of Falls Church, Virginia

**Steve Descano**
Commonwealth's Attorney, Fairfax County, Virginia

**Joshua R. Diamond**
Acting Attorney General, Vermont

**Michael Dougherty**
District Attorney, 20th Judicial District (Boulder), Colorado

**Matt Ellis**
District Attorney, Wasco County, Oregon

**Keith Ellison**
Attorney General, Minnesota

DEF 000033

**JEX 3.033**

*UPDATED 7/25/22*

**Ramin Fatehi**
Commonwealth's Attorney, City of Norfolk, Virginia

**Kimberly M. Foxx**
State's Attorney, Cook County (Chicago), Illinois

**Glenn Funk**
District Attorney, Nashville, Tennessee

**José Garza**
District Attorney, Travis County (Austin), Texas

**George Gascón**
District Attorney, Los Angeles County, California

**Sarah F. George**
State's Attorney, Chittenden County (Burlington), Vermont

**Joe Gonzales**
District Attorney, Bexar County (San Antonio), Texas

**Deborah Gonzalez**
District Attorney, Western Judicial Circuit (Athens), Georgia

**Eric Gonzalez**
District Attorney, Kings County (Brooklyn), New York

**Mark Gonzalez**
District Attorney, Nueces County (Corpus Christi), Texas

**Andrea Harrington**
District Attorney, Berkshire County, Massachusetts

**Maura Healey**
Attorney General, Massachusetts

**John Hummel**
District Attorney, Deschutes County, Oregon

**Natasha Irving**
District Attorney, 6th Prosecutorial District, Maine

**Kathleen Jennings**
Attorney General, Delaware

*UPDATED 7/25/22*

**Melinda Katz**
District Attorney, Queens County, New York

**Alexis King**
District Attorney, 1st Judicial District, Colorado

**Zach Klein**
City Attorney, Columbus, Ohio

**Lawrence S. Krasner**
District Attorney, Philadelphia, Pennsylvania

**David Leyton**
Prosecuting Attorney, Genesee County, Michigan

**Rebecca Like**
Prosecuting Attorney, County of Kaua'i, Hawaii

**Edward E. Manibusan**
Attorney General, Northern Mariana Islands

**Brian Mason**
District Attorney, 17th Judicial District, Colorado

**Beth McCann**
District Attorney, 2nd Judicial District (Denver), Colorado

**Karen McDonald**
Prosecuting Attorney, Oakland County, Michigan

**Colette McEachin**
Commonwealth's Attorney, Richmond, Virginia

**Gordon McLaughlin**
District Attorney, 8th Judicial District, Colorado

**Ryan Mears**
Prosecuting Attorney, Marion County (Indianapolis), Indiana

**Brian Middleton**
District Attorney, Fort Bend County, Texas

**Stephanie Morales**
Commonwealth's Attorney, Portsmouth, Virginia

*UPDATED 7/25/22*

**Michael W. Morrissey**
District Attorney, Norfolk County, Massachusetts

**Marilyn J. Mosby**
State's Attorney, Baltimore City, Maryland

**Jamie Mosser**
State's Attorney, Kane County, Illinois

**Dana Nessel**
Attorney General, Michigan

**Michael O'Malley**
County Prosecutor, Cuyahoga County (Cleveland), Ohio

**Nancy O'Malley**
District Attorney, Alameda County, California

**Jody Owens**
District Attorney, Hinds County, Mississippi

**Alonzo Payne**
District Attorney, 12th Judicial District (San Luis), Colorado

**Joseph Platania**
Commonwealth's Attorney, City of Charlottesville, Virginia

**Bryan Porter**
Commonwealth's Attorney, City of Alexandria, Virginia

**Dalia Racine**
District Attorney, Douglas County, Georgia

**Karl Racine**
Attorney General, District of Columbia

**Carrie Rasmussen**
District Attorney, Hood River County, Oregon

**Jill R. Ravitch**
District Attorney, Sonoma County, California

**Eric Rinehart**
State's Attorney, Lake County (Waukegan), Illinois

DEF 000036

**JEX 3.036**

*UPDATED 7/25/22*

**Mimi Rocah**
District Attorney, Westchester County, New York

**Jeff Rosen**
District Attorney, Santa Clara County, California

**Marian Ryan**
District Attorney, Middlesex County, Massachusetts

**Dan Satterberg**
Prosecuting Attorney, King County (Seattle), Washington

**Eli Savit**
Prosecuting Attorney, Washtenaw County (Ann Arbor), Michigan

**Mike Schmidt**
District Attorney, Multnomah County (Portland), Oregon

**Carol Siemon**
Prosecuting Attorney, Ingham County (Lansing), Michigan

**Jack Stollsteimer**
District Attorney, Delaware County, Pennsylvania

**David Sullivan**
District Attorney, Northwestern District, Massachusetts

**Shannon Taylor**
Commonwealth's Attorney, Henrico County, Virginia

**Raúl Torrez**
District Attorney, Bernalillo County (Albuquerque), New Mexico

**Suzanne Valdez**
District Attorney, Douglas County (Lawrence), Kansas

**Matthew Van Houten**
District Attorney, Tompkins County (Ithaca), New York

**Dora A. Villarreal**
State's Attorney, Rock Island County, Illinois

**Andrew Warren**
State Attorney, 13th Judicial Circuit (Tampa), Florida

*UPDATED 7/25/22*

**Phil Weiser**
Attorney General, Colorado

**Matthew J. Wiese**
Prosecuting Attorney, Marquette County, Michigan

**Jared Williams**
District Attorney, Augusta Judicial Circuit, Georgia

**Jason Williams**
District Attorney, Orleans Parish, Louisiana

**Todd Williams**
District Attorney, Buncombe County (Asheville), North Carolina

***Additional elected prosecutors interested in joining the statement should contact FJP Executive Director Miriam Krinsky at mkrinsky@fairandjustprosecution.org to be added.***

DEF 000038

**JEX 3.038**