
EXHIBIT
0021
Raymond Treadwell
10.31.2022

# STATE OF FLORIDA

### OFFICE OF THE GOVERNOR
### EXECUTIVE ORDER NUMBER 22-XX
(Executive Order of Suspension)

**WHEREAS**, Article IV of the Florida Constitution vests the State's supreme executive power in the Governor and requires the Governor to take care that the laws of Florida are faithfully executed. *See* Art. IV, section 1(a), Fla. Const.; and

**WHEREAS**, in furtherance of the Governor's executive responsibility, the Governor may suspend from office any state officer not subject to impeachment for that officer's malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform official duties, or commission of a felony. *See* Art. IV, section 7(a), Fla. Const.; and

**WHEREAS**, "neglect of duty" has reference to "the neglect or failure on the part of a public officer to do and perform some duty or duties laid on him as such by virtue of his office or which is required of him by law." *Israel v. Desantis*, 269 So. 3d 491, 496 (Fla. 2019) (quoting *State ex rel. Hardie v. Coleman*, 155 So. 129, 132 (Fla. 1934)). "It is not material whether the neglect be willful, through malice, ignorance, or oversight." *Id.*;

**WHEREAS**, "incompetence" may arise from gross ignorance of official duties or gross carelessness in the discharge of them, or from lack of judgment and discretion. *Id.*

**WHEREAS**, state attorneys are constitutionally elected to serve as the prosecuting officers of all trial courts within each judicial circuit. *See* Art. V, section 17, Fla. Const.; and

**WHEREAS**, with respect to the prosecution of crimes in general, the State acts exclusively through the offices of the state attorneys. *Cook v. State*, 921 So. 2d 631, 644 (Fla. 2d DCA 2005); and

4:22-cv-302-RH-MAF
**JOINT EX**
**27**

DEF 001333

**JEX 27.001**

**WHEREAS**, even though state attorneys have complete discretion in making the decision to prosecute a particular defendant, *Cleveland v. State*, 417 So. 2d 653, 654 (Fla. 1982), prosecutorial discretion requires a state attorney to make "case-specific" and "individualized" determinations as to whether the facts warrant prosecution. *Ayala v. Scott*, 224 So. 3d 755, 758-59 (Fla. 2017); and

**WHEREAS**, a state attorney's "blanket refusal" to enforce a criminal law is not an exercise of prosecutorial discretion; it is "tantamount to a 'functional veto' of state law." *Id.* (discussing *Johnson v. Pataki*, 691 N.E.2d 1002, 1007 (N.Y. 1997)); and

**WHEREAS**, a state attorney's policy to "knowingly permit" criminal activity and "prefer no charges" constitutes "neglect of duty" under the Florida Constitution. *State ex rel. Hardee v. Allen*, 172 So. 222, 223-24 (Fla. 1937) (concluding that the Governor's suspension of a Tampa prosecutor for "neglect of duty" was sufficiently based on the prosecutor's alleged unwillingness to prosecute gambling offenses). Relatedly, a state attorney who contends that prosecutorial discretion may be used to disregard entire criminal laws demonstrates incompetence and gross ignorance of a state attorney's official duties to exercise discretion only on a "case-by-case" and "individualized" basis. *See Ayala*, 224 So. 3d at 759 (a state attorney's erroneous application of prosecutorial discretion "embodies, at best, a misunderstanding of Florida law"); and

**WHEREAS**, Andrew Warren is the State Attorney for the 13th Judicial Circuit of the State of Florida (hereafter, "Warren").

**WHEREAS**, Warren demonstrated his incompetence and ignorance of prosecutorial discretion as early as June 2021, when he signed a "Joint Statement" with other elected prosecutors in support of gender-transition treatments for children and bathroom usage based on gender identity (attached hereto as Exhibit "A"). The statement read,

DEF 001334

**JEX 27.002**

"[W]e pledge to use our discretion and not promote the criminalization of gender-affirming healthcare or transgender people."

and

"Bills that criminalize safe and crucial medical treatments or the mere public existence of trans people do not promote public safety, community trust, or fiscal responsibility. They serve no legitimate purpose. As such, we pledge to use our settled discretion and limited resources on enforcement of laws that will not erode the safety and well-being of our community. And we do not support the use of scarce criminal justice and law enforcement resources on criminalization of doctors who offer medically necessary, safe, gender-affirming care to trans youth, parents who safeguard their child's health and wellbeing by seeking out such treatments, or any individuals who use facilities aligned with their gender identity."

and

"We are committed to ending this deeply disturbing and destructive criminalization of gender-affirming healthcare and transgender people."

**WHEREAS**, these statements prove that Warren thinks he has authority to renounce the Florida Legislature and nullify criminal laws with which he disagrees. He recently demonstrated the same incompetence with respect to Florida's criminal laws against certain types of abortions, and he even avowed not to enforce those criminal laws.

**WHEREAS**, until recently, the criminal law generally prohibited physicians from performing an abortion during the third trimester or after a fetus achieves viability. *See* ss. 390.0111, 390.0112, Fla. Stat. (2021); and

**WHEREAS**, on March 3, 2022, the Florida Legislature passed House Bill 5 ("HB 5"), titled "Reducing Fetal and Infant Mortality," which now prohibits a physician from performing an abortion after a fetus reaches the gestational age of 15 weeks, with certain exceptions; and

**WHEREAS**, I signed HB 5 on April 14, 2022, it took effect on July 1, 2022, and it remains in full force and effect;[1] and

---

[1] Footnote to describe trial court temporary injunction, appeal and stay of injunction?

3

DEF 001335

JEX 27.003

**WHEREAS**, a violation of Florida's criminal law against abortion continues to be a felony of the third degree, punishable by imprisonment of up to five years and monetary penalties. *See* ss. 390.0111(10)(a), 775.082(3)(e) and 775.083(1)(c), Fla. Stat.; and

**WHEREAS**, Florida's criminal law also prohibits partial-birth abortions, which are classified as second degree felonies and punishable by imprisonment of up to fifteen years and monetary penalties. *See* ss. 782.34, 775.082(3)(d) and 775.083(1)(b), Fla. Stat.; and

**WHEREAS**, on June 24, 2022, the Supreme Court of the United States overturned *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood of Southeaster Pa. v. Casey*, 505 U.S. 833 (1992), reaffirming that states may prohibit abortion through criminal laws passed by their elected representatives. *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022); and

**WHEREAS**, on June 29, 2022, Warren publicly proclaimed in writing that he will not prosecute individuals who provide abortions in violation of Florida's criminal laws.  Warren signed another "Joint Statement" with other elected prosecutors (attached hereto as Exhibit "B"), which stated,

"Criminalizing and prosecuting individuals who seek or provide abortion makes a mockery of justice; prosecutors should not be part of that.";

and

"Enforcing abortion bans runs counter to the obligations and interests we are sworn to uphold.";

and

"As such, we [the undersigned prosecutors] decline to use our offices' resources to criminalize reproductive health decisions and commit to exercise our well-settled discretion and refrain from prosecuting those who seek, provide or support abortions."

and

"Our legislatures may decide to criminalize personal healthcare decisions, but ***we*** remain obligated to prosecute only those cases that serve the interests of justice and the people."

DEF 001336

**JEX 27.004**

**WHEREAS**, Warren has thus clearly, unequivocally, and publicly declared that he has a "blanket policy" to not prosecute violations of abortion-related criminal laws; and

**WHEREAS**, Warren's declared intent not to prosecute any abortion crimes encourages not only the abortions recently prohibited by HB 5, but also late-term and partial-birth abortions that have long been banned under Florida's criminal law; and

**WHEREAS**, Warren has effectively nullified these Florida laws in the 13th Judicial Circuit, thereby destroying the uniformity of criminal law in Florida and usurping the exclusive role of the Legislature to define criminal conduct. *See* Ex. B ("Our legislatures may decide to criminalize personal healthcare decisions, but *we* remain obligated to prosecute only those cases that serve the interests of justice and the people."); and

**WHEREAS**, Warren has similarly instituted policies of non-enforcement for other criminal violations, including resisting arrest without violence, trespassing at a business location, disorderly conduct, disorderly intoxication, prostitution, and certain marijuana offenses; and

**WHEREAS**, Warren's avowed refusal to enforce certain criminal laws is a neglect of duty in violation of his oath of office to faithfully perform his duties as State Attorney for the 13th Judicial Circuit; and

**WHEREAS**, Warren's neglect of duty is willful and intended to be a "functional veto" on the policies of the Legislature; and

**WHEREAS**, Warren's neglect of duty is not excused by prosecutorial discretion, because his blanket policies ensure that he will exercise no discretion at all in these criminal cases; and

**WHEREAS**, Warren's public proclamations of non-enforcement further demonstrate his incompetence arising from his gross ignorance of his official duties to enforce criminal laws and

DEF 001337

**JEX 27.005**

to exercise discretion only on a case-by-case basis, and incompetence arising from his lack of judgment and discretion in entire categories of cases; and

**WHEREAS**, in each of the foregoing instances, Warren has ceded the authority of the Office of State Attorney for the 13th Judicial Circuit and has subordinated the people of the 13th Judicial Circuit to the "Fair and Just Prosecution" ("FJP") organization, which is affiliated with entities associated with activist George Soros, as described below; and

**WHEREAS**, Warren has publicly acknowledged that activist George Soros ("Soros")-affiliated entities have funded Warren's political activities; and

**WHEREAS**, Soros has supported Warren and other "progressive prosecutors" through a series of shell organizations, affiliates and pass-through entities, including the Democratic Party; and

**WHEREAS**, FJP is affiliated with Soros through an organization named "The Tides Center," which represents itself publicly as an "incubator" that helps stand up progressive groups; and

**WHEREAS**, The Tides Center receives funding from Soros' "Open Society" network of entities; and

> **Commented [TR1]:** I would prefer to remove these allegations, but they may be valuable for the larger political narrative

**WHEREAS**, it is my duty as Governor to ensure that all criminal violations remain eligible for prosecution throughout the State of Florida; and

**WHEREAS**, as a result of his open and notorious repudiation and nullification of Florida law, Warren can no longer be trusted to fulfill his oath of office and his duty to see that Florida law is faithfully executed; and

**WHEREAS**, it is in the best interests of the residents of the 13th Judicial Circuit that they immediately have a new State Attorney who will faithfully execute the criminal laws and exercise

DEF 001338

**JEX 27.006**

prosecutorial discretion to do justice on a case-by-case, fact-specific basis in accordance with Florida law; and

**NOW, THEREFORE, I, RON DESANTIS**, Governor of Florida, pursuant to the Constitution and the laws of the State of Florida, do hereby find, and for the purposes of Article IV, section 7, of the Florida Constitution, determine as follows:

A.) Andrew Warren is, and at all material times was, the State Attorney for the 13th Judicial Circuit of Florida.

B.) The office of state attorney is within the purview of the suspension powers of the Governor, pursuant to Article IV, section 7, of the Florida Constitution.

C.) The actions and omissions of Andrew Warren as referenced above constitute "neglect of duty" and "incompetence" for the purposes of Article IV, section 7, of the Florida Constitution.

D.) If, after execution of this suspension, additional facts are discovered that illustrate further neglect of duty, incompetence, or other constitutional grounds for suspension of Andrew Warren, this Executive Order may be amended to allege those additional facts.

**BEING FULLY ADVISED** in the premises, and in accordance with the Constitution and the laws of the State of Florida, this Executive Order is issued, effective immediately:

Section 1.    Andrew Warren is hereby suspended from the public office that he now holds, to wit: State Attorney for the 13th Judicial Circuit of Florida.

Section 2.    Andrew Warren is hereby prohibited from performing any official act, duty, or function of public office; from receiving any pay or allowance; from being entitled to any of the emoluments or privileges of public office during the period of this suspension, which period shall

DEF 001339

**JEX 27.007**

be from the effective date hereof, until a further executive order is issued, or as otherwise provided by law.

    Section 3.   ==(name of successor)== is hereby appointed forthwith to fill the position of State Attorney for the 13th Judicial Circuit of Florida in accordance with Article IV, section 7(a) of the Florida Constitution.

                      IN TESTIMONY WHEREOF, I have hereunto set my hand and have caused the Great Seal of the State of Florida to be affixed at the Capital, Tallahassee, Florida, this ==XX== day of ==July==, 2022.

                      _____
                      RON DESANTIS, GOVERNOR

ATTEST:

_____
SECRETARY OF STATE

DEF 001340

**JEX 27.008**