| | |
|---|---|
| From: | Warren, Andrew H. [Warren_A@SAO13th.com] |
| Sent: | 10/18/2021 5:34:53 PM |
| To: | Miriam Krinsky [mkrinsky@fairandjustprosecution.org] |
| Subject: | RE: TIME SENSITIVE U.S. v. Texas Amicus Brief -- Please respond by TOMORROW/Tuesday at Noon ET |

I'm in.

**From:** Miriam Krinsky <mkrinsky@fairandjustprosecution.org>
**Sent:** Monday, October 18, 2021 2:12 PM
**To:** Miriam Krinsky <mkrinsky@fairandjustprosecution.org>
**Cc:** David Weiss <dweiss@fairandjustprosecution.org>; Estela Dimas <edimas@fairandjustprosecution.org>; Cameron DeChalus <cdechalus@fairandjustprosecution.org>; Liz Komar <lkomar@fairandjustprosecution.org>; Allahjah Smith <asmith@fairandjustprosecution.org>
**Subject:** TIME SENSITIVE U.S. v. Texas Amicus Brief -- Please respond by TOMORROW/Tuesday at Noon ET

All:

I am reaching out in the hope that you will consider joining the attached relatively short *amicus* brief in United States v. Texas. As you are likely aware, Texas recently passed a law (SB 8) allowing private citizens to pursue civil litigation against health care providers and anyone else who aids and abets an abortion after six weeks of pregnancy -- earlier than many women realize that they're pregnant. Despite the clear constitutional concerns at issue with a law that is directly at odds with controlling Supreme Court precedent, and the reality that Texas abortion providers have all but stopped providing a constitutionally protected medical procedure due to this enactment, the law is being implemented even while the litigation is ongoing.

Today the Department of Justice filed an application in the US Supreme Court seeking to vacate the Fifth Circuit's stay and reinstate the district court's order enjoining SB 8 during the pendency of the appeal. This *amicus* brief will be filed in support of that request (and must be filed tomorrow/Tuesday). If you are interested in joining the brief, please let us know by **tomorrow/Tuesday at NOON ET.** As noted, we need to move quickly for our voices to be heard.

Many of you were among the nearly 100 criminal justice leaders who joined the *amicus* brief in *Dobbs* case urging the Court to respect 50 years of precedent and protect the constitutional right to abortion. For those of you who participated in that brief, this case should be equally compelling. And for others who had hesitation about speaking out in *Dobbs*, it is our hope that the deeply troubling vigilante justice structure created by SB8 - and the law's brash disregard for Supreme Court precedent and the rule of law -- will provide an independent and compelling reason to add your voice to this brief.

**SB 8, Case Background and the Amicus Brief**
After failed attempts by others to challenge the Texas law, the Department of Justice filed suit in federal court and obtained a favorable lengthy district court decision supporting their request for preliminary injunction. Shortly thereafter, the Fifth Circuit Court of Appeals stayed the preliminary injunction. DOJ has now asked the Supreme Court to vacate the Fifth Circuit's stay of the preliminary injunction.

As noted above, we plan to file *tomorrow* the attached amicus brief in support of the DOJ's request to vacate the stay, noting the grave concerns with the vigilante system of justice encouraged by this law, and underscoring the importance of not allowing an enactment that disregards settled Supreme Court precedent to be implemented while the DOJ's challenges are litigated.

The brief will note that SB8 eviscerates a constitutional right to privacy recognized for nearly five decades, and encourages vigilantes to sue their neighbors for making private, deeply personal, and constitutionally protected

DEFENDANT EX 4

SAO13_0346568
DEX 4.001

healthcare decisions. The brief also argues that SB8 opens the door to further state encroachment on constitutional rights and undermines the rule of law, as well as trust in the integrity of the legal system. The brief will stress that *whatever one's views may be on abortion*, the legal mechanism used by Texas to effectively ban the practice is incredibly concerning and undermines the rule of law and trust in the system, thereby making communities less safe. For all these reasons, it should not be implemented while the courts consider the underlying legal challenges to the law.

The near-final draft amicus brief is attached; we hope you will consider joining on and helping advance these important arguments. FJP and *amici* will be represented on this brief by attorneys from the law firm of Weil, Gotshal & Manges LLP. And, as always, some minor nonsubstantive changes to the brief may be made in the final editing process. We ask that you keep the near-final brief, and this email, **confidential** and not share either of these with others until the brief is filed.

If you are interested in joining the brief, please let us know by **TOMORROW/Tuesday at noon ET.** We recognize that the turnaround is incredibly quick, but the brief is relatively short (slightly over 15 pp) and because of the procedural posture of the case, we have to move quickly in order to have our brief considered by the Court. Please email me and *also copy* David Weiss, Estela Dimas, Cam DeChalus, and Allahjah Smith with your response (they are all copied on this email).

Thank you so much for taking the time to consider lending your support to this crucial issue.

Best wishes,
Miriam and the FJP team

**Miriam Aroni Krinsky**
Founder and Executive Director
Fair and Just Prosecution
Email: krinskym@krinsky.la
Cell: (818) 416 5218



*Stay connected to FJP by visiting our website,* < span style="font-size:7.5pt;font-family:"Times New Roman",serif;color:#4472C4">*signing up for our latest news and updates, and following us on Facebook and Twitter.*

SAO13_0346569
DEX 4.002