| | |
|---|---|
| **From**: | Warren, Andrew H. [Warren_A@SAO13th.com] |
| **Sent**: | 6/13/2022 4:54:08 PM |
| **To**: | SnowWaxler, Melanie [SnowWaxler_M@SAO13th.com] |
| **CC**: | Weisman, Gary S. [Weisman_G@SAO13th.com]; Teuber, Jordan B. [Teuber_J@sao13th.com] |
| **Subject**: | Planned Parenthood lawsuit |
| **Attachments**: | Stipulation of Dismissal - with signature blocks.docx |

Melanie,
I'm signing and sending the stipulation of dismissal today. A hearing on the merits of the suit is set for June 27, and the judge indicated he will issue a ruling before the law goes into effect on July 1.

Please think about if & how we communicate this stipulation to the public so that we're prepared prior to June 27, as part of a broader communication strategy on this issue/lawsuit.

Let me know if you need further info.

ANDREW H. WARREN
State Attorney
Thirteenth Judicial Circuit
419 N. Pierce Street
Tampa, Florida 33602
(813) 274-1900
Warren_A@sao13th.com
www.sao13th.com
@SAO13th | Facebook | Twitter | YouTube

**DEFENDANT EX 10**

SAO13_0175304
DEX 10.001

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

| | |
|---|---|
| PLANNED PARENTHOOD OF SOUTHWEST AND CENTRAL FLORIDA, on behalf of itself, its staff, and its patients, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF FLORIDA, *et al.*,<br><br>Defendants. | Case No. 2022 CA 912<br><br>**STIPULATION AND ORDER OF DISMISSAL OF STATE ATTORNEY DEFENDANTS UPON CONDITIONS** |

Plaintiffs (Planned Parenthood of Southwest and Central Florida; Planned Parenthood of South, East and North Florida; Gainesville Woman Care, LLC d/b/a Bread and Roses Women's Health Center; A Woman's Choice of Jacksonville, Inc.; Indian Rocks Woman's Center, Inc., d/b/a Bread and Roses; St. Petersburg Woman's Health Center, Inc.; Tampa Woman's Health Center, Inc.; and Shelly Hsiao-Ying Tien, M.D., M.P.H.); the undersigned Defendant State Attorneys,[1] in

---

[1] Defendant State Attorneys are: Ginger Bowden Madden, in her official capacity as State Attorney for the First Judicial Circuit of Florida; Jack Campbell, in his official capacity as State Attorney for the Second Judicial Circuit of Florida; John Durrett, in his official capacity as State Attorney for the Third Judicial Circuit of Florida; Melissa W. Nelson, in her official capacity as State Attorney for the Fourth Judicial Circuit of Florida; William Gladson, in his official capacity as State Attorney for the Fifth Judicial Circuit of Florida; Bruce Bartlett, in his official capacity as State Attorney for the Sixth Judicial Circuit of Florida; R.J. Larizza, in his official capacity as State Attorney for the Seventh Judicial Circuit of Florida; Brian S. Kramer, in his official capacity as State Attorney for the Eighth Judicial Circuit of Florida; Monique H. Worrell, in her official capacity as State Attorney for the Ninth Judicial Circuit of Florida; Brian Haas, in his official capacity as State Attorney for the Tenth Judicial Circuit of Florida; Katherine Fernandez Rundle, in her official capacity as State Attorney for the Eleventh Judicial Circuit of Florida; Ed Brodsky, in his official capacity as State Attorney for the Twelfth Judicial Circuit of Florida; Andrew H. Warren, in his official capacity as State Attorney for the Thirteenth Judicial Circuit of Florida; Larry Basford, in his official capacity as State Attorney for the Fourteenth Judicial Circuit of Florida; David A. Aronberg, in his official capacity as State Attorney for the Fifteenth Judicial Circuit of Florida; Dennis W. Ward, in his official capacity as State Attorney for the Sixteenth Judicial Circuit of Florida; Harold F. Pryor, in his official capacity as State Attorney for the Seventeenth Judicial Circuit of Florida; Philip G. Archer, in his official capacity as State Attorney

their official capacities as the State Attorneys of the twenty judicial circuits of the State of Florida, and on behalf of themselves, their offices, their successors in office, and all personnel acting on behalf of their respective offices; and Defendant the State of Florida (hereafter, collectively, the "Stipulating Parties") enter into the following stipulations and agreements, which the Court hereby Orders:

1. By agreement of the Stipulating Parties as set forth below, and pursuant to Florida Rule of Civil Procedure 1.250(b) and 1.420(a)(1), Defendant State Attorneys are hereby dismissed without prejudice. Although the dismissal is without prejudice, Plaintiffs agree that, absent a violation of this agreement, they will not seek to rejoin any of the Defendant State Attorneys or their successors in office to this lawsuit (or any appeals).

2. The dismissal of Defendant State Attorneys without prejudice set forth in paragraph 1 is conditioned upon, and subject to the agreement of, each Plaintiff, each Defendant State Attorney, and the State of Florida as follows:

    a. Each Defendant State Attorney, in his or her official capacity, agrees (on behalf of themselves, their offices, their successors in office, and all personnel acting on behalf of their respective offices) to the following:

        i. to comply with and be bound by the terms of any injunction, temporary or permanent, that may be entered in this matter against the State of Florida or the other State Defendants currently represented by the Florida Attorney General's Office (as listed in

---

for the Eighteenth Judicial Circuit of Florida; Thomas Bakkedahl, in his official capacity as State Attorney for the Nineteenth Judicial Circuit of Florida; and Amira D. Fox, in his official capacity as State Attorney for the Twentieth Judicial Circuit of Florida.

[ PAGE \* MERGEFORMAT ]

SAO13_0175306
DEX 10.003

      the Notice of Appearance filed by the Florida Attorney General's Office on June 8, 2022);

  ii. not to enforce (or seek to enforce) an enjoined provision of House Bill 5 (2022) ("HB 5")[2] during the time such an injunction is in place, or against conduct that was protected by such an injunction at the time that conduct occurred, even if such injunction was later vacated;

  iii. that any judgment in this action declaring HB 5 unconstitutional will be binding on themselves, their respective offices, successors in office, and all personnel acting on behalf of their respective offices, as if such State Attorney (or his or her office or successor in office) were a party to such judgment; and

  iv. not to seek to rejoin this lawsuit (whether at the trial court or on appeal) as a party or intervenor, where doing so is over Plaintiffs' or Defendant the State of Florida's objection.

 b. Plaintiffs agree that, because the State Attorneys have agreed to be bound by judgments and orders in this proceeding, Plaintiffs will similarly be bound, absent a violation of this agreement, from proceeding against the State Attorneys, in the same way and to the same extent that Plaintiffs will be bound in this matter against the State of Florida and or the other State Defendants currently represented by the Florida Attorney General's Office.

---

[2] Ch. 2022-69, §§ 3–4, Laws of Fla. (amending §§ 390.011, 390.0111, Fla. Stat.)

[ PAGE \* MERGEFORMAT ]

      c.    Defendant the State of Florida agrees to the following:

           i.    not to seek to be dismissed from this lawsuit on defendant-specific grounds, such as by arguing that the State of Florida is not a proper defendant or has sovereign immunity, at any time during the pendency of this lawsuit and any appeals arising out of this lawsuit; and

           ii.    not to assert, during the pendency of this lawsuit (including any associated appeals) or at any other time, that any injunction or judgment in this case does not bind the State of Florida, including but not limited to each of the Defendant State Attorneys and their personnel, employees, and agents.

3.    This Court may enforce this agreement as necessary and appropriate in the adjudication of this matter and in the enforcement of its orders or judgment entered in this matter.

4.    Plaintiffs and Defendant State Attorneys agree not to seek costs against the other pursuant to Florida Rule of Civil Procedure 1.420(d).

5.    This Order does not dismiss any claims against any Defendants except as expressly provided herein.

IT IS SO ORDERED.

_____
JOHN C. COOPER
CIRCUIT JUDGE

[ PAGE   \\* MERGEFORMAT ]

SAO13_0175308
DEX 10.005

STIPULATED AND AGREED:

_____
Daniel Tilley (FL Bar #102882)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF FLORIDA
4343 West Flagler St., Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org

*Attorney for Plaintiffs*


_____
James Percival, Chief Deputy Solicitor General
Florida Attorney General's Office
PL-01 The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
james.percival@myfloridallegal.com

*Counsel for State of Florida*


_____
Ginger Bowden Madden, State Attorney
First Judicial Circuit
190 W. Government Street
Pensacola, Florida 32502-5773
gmadden@osa1.org


_____
Jack E. Campbell, State Attorney
Second Judicial Circuit
Leon County Courthouse
301 South Monroe Street, Suite #475
Tallahassee, Florida 32301
campbellj@leoncountyfl.gov


_____
John F. Durrett, State Attorney
Third Judicial Circuit
310 Pine Ave. SW
Live Oak, Florida 32064
john.durrett@sao3.org


_____

_____
Melissa W. Nelson, State Attorney
Fourth Judicial Circuit
Ed Austin Building
311 West Monroe Street
Jacksonville, Florida 32202-4242
mwnelson@coj.net


_____
William M. Gladson, State Attorney
Fifth Judicial Circuit
Marion County Judicial Center
110 NW 1st Avenue, Suite 5000
Ocala, Florida 34475-6614
wgladson@sao5.org


_____
Bruce L. Bartlett, State Attorney
Sixth Judicial Circuit
14250 49th Street North, Room 1000
Clearwater, Florida 33762
bbartlett@co.pinellas.fl.us


_____
R.J. Larizza, State Attorney
Seventh Judicial Circuit
The Justice Center
251 North Ridgewood Avenue
Daytona Beach, Florida 32114
larizzar@sao7.org


_____
Brian S. Kramer, State Attorney
Eighth Judicial Circuit
120 West University Avenue
Gainesville, Florida 32601-5381
kramerb@sao8.org




_____

[ PAGE \* MERGEFORMAT ]

SAO13_0175309
DEX 10.006

Monique H. Worrell, State Attorney
Ninth Judicial Circuit
415 North Orange Avenue
Orlando, Florida 32801-1523
mhworrell@sao9.org

_____
Brian W. Hass, State Attorney
Tenth Judicial Circuit
255 N. Broadway Avenue
Bartow, Florida 33830
bhaas@sao10.com

_____
Katherine Fernandez-Rundle, State Attorney
Eleventh Judicial Circuit
E. R. Graham Building
1350 N.W. 12th Avenue
Miami, Florida 33136-2102
katherinefernandezrundle@miamisao.com

_____
Ed A. Brodsky, State Attorney
Twelfth Judicial Circuit
Criminal Justice Building, Suite 400
2071 Ringling Boulevard
Sarasota, Florida 34237-7040
ebrodsky@scgov.net

_____
Andrew H. Warren, State Attorney
Thirteenth Judicial Circuit
419 N. Pierce Street
Tampa, Florida 33602-4022
warren_a@sao13th.com

_____
Larry R. Basford, State Attorney
Fourteenth Judicial Circuit
421 Magnolia Avenue
Panama City, Florida 32401
larry.basford@sa14.fl.gov

Dave A. Aronberg, State Attorney
Fifteenth Judicial Circuit
401 N. Dixie Highway, Suite 2800
West Palm Beach, Florida 33401-4209
dave@sa15.org

_____
Dennis W. Ward, State Attorney
Sixteenth Judicial Circuit
530 Whitehead Street, Suite 201
Key West, Florida 33040-6547
dward@keyssao.org

_____
Harold F. Pryor, State Attorney
Seventeenth Judicial Circuit
201 S.E. 6th Street, Suite 665
Fort Lauderdale, Florida 33301-3303
sao17@sao17.state.fl.us

_____
Philip G. Archer, State Attorney
Eighteenth Judicial Circuit
2725 Judge Fran Jamieson Way, Bldg. D
Viera, Florida 32940-6605
parcher@sa18.org

_____
Thomas R. Bakkedahl, State Attorney
Nineteenth Judicial Circuit
411 South Second Street
Fort Pierce, Florida 34950-1594
tbakkedahl@sao19.org

_____
Amira D. Fox, State Attorney
Twentieth Judicial Circuit
Lee County Justice Complex Center
2000 Main Street
Fort Myers, Florida 33901
afox@sao.cjis20.org

SAO13_0175310
DEX 10.007