IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

        Plaintiff,　　　　Case No. 4:22-cv-302-RH-MAF

v.

RON DESANTIS, individually and in
his official capacity as Governor of the
State of Florida,

        Defendant.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRST SET OF INTERROGATORIES**

DEFENDANT EX
**47**
DEX 47.001

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff responds to Defendant's First Set of Interrogatories to Plaintiff, dated October 3, 2022 (the "Requests"). This response reflects Plaintiff's current knowledge, understanding, and belief as to the facts and information available to him as of the date of this response. As to many of the Requests, the documents which Plaintiff would otherwise use to obtain answers are in the sole custody of the State Attorney's Office for the Thirteenth Judicial Circuit. Because of Defendant's unlawful suspension of Plaintiff from that Office, Plaintiff no longer has access to the Office's files and therefore cannot respond definitively to many of the Requests.

In responding to the Requests below, Plaintiff interprets the words "Plaintiff," "Warren," "You," and "Your" to mean Andrew Warren. Plaintiff also produces or describes only documents or information within his personal knowledge, or his "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1).

Additional discovery and investigation may lead to additions to, changes in, or modifications of this response.

### INTERROGATORIES AND RESPONSES THERETO

1. Identify everyone with whom You discussed (orally or in writing) the drafting, formation, content, or implementation of—or your participation as a signatory to—the June 2021 Joint Statement attached as Exhibit A to the Executive Order, and, separately with respect to each such discussion, identify the date of the discussion and the participants to the discussion, and state in detail the substance of the discussion.

> **RESPONSE:** Plaintiff objects to this Request to the extent it purports to require Plaintiff to identify and describe conversations he has had since his suspension on August 4, 2022, which are not relevant to any party's claim or defense. This case is about the reasons for Defendant's suspension of Plaintiff on August 4, 2022, which reasons existed as of that date and are peculiarly

within Defendant's knowledge. To the extent Defendant claims this Request seeks information regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs.*, L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005). Moreover, this Request would impose a significant burden on Plaintiff because he has discussed the suspension and the stated reasons for the suspension, which include the Joint Statements, countless times since the suspension. These discussions include many communications related to or in anticipation of this litigation between Plaintiff and his legal counsel or counsel's staff or agents, which are protected by the attorney-client and/or work product privilege.

In a good faith effort to respond to this Request, Plaintiff responds by limiting his answer to discussions that took place before the suspension was publicly announced on August 4, 2022. To the best of his recollection, prior to his suspension on August 4, 2022, Plaintiff had the following discussions regarding the June 2021 Joint Statement:

- Plaintiff discussed allowing his name to be included on the Joint Statement in writing with one or more representatives of Fair & Just Prosecution.
- Plaintiff may have communicated orally or in writing with Gary Weisman and/or Grayson Kamm regarding the June 2021 Joint Statement and/or allowing Plaintiff's name to be added to the Joint Statement. Gary Weisman is Chief of Staff and Grayson Kamm is the former Chief Communications Officer for the State Attorney's Office for the Thirteenth Judicial Circuit - 419 N. Pierce St., Tampa, FL 33602.

- Because Plaintiff no longer has access to the files of the Office of the State Attorney, he cannot definitively confirm or describe these (or any other potential) discussions with certainty or identify specific dates or details of the discussions.

2. Identify everyone with whom You discussed (orally or in writing) the drafting, formation, content, or implementation of—or your participation as a signatory to—the June 24, 2022 Joint Statement attached as Exhibit B to the Executive Order, and, separately with respect to each such discussion, identify the date of the discussion and the participants to the discussion, and state in detail the substance of the discussion.

**RESPONSE:** Plaintiff objects to this Request to the extent it purports to require Plaintiff to identify and describe conversations he has had since his suspension on August 4, 2022, which are not relevant to any party's claim or defense. This case is about the reasons for Defendant's suspension of Plaintiff on August 4, 2022, which reasons existed as of that date and are peculiarly within Defendant's knowledge. To the extent Defendant claims this Request seeks information regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs.*, L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005). Moreover, this Request would impose a significant burden on Plaintiff because he has discussed the suspension and the stated reasons for the suspension, which include the Joint Statements, countless times since the suspension. These discussions include many communications related to or in anticipation of this litigation between Plaintiff and his legal counsel or counsel's staff or agents, which are protected by the attorney-client and/or work product privilege.

In a good faith effort to respond to this Request, Plaintiff responds by limiting his answer to discussions that took place before the suspension was publicly announced on August 4, 2022. To the best of his recollection, prior to his suspension on August 4, 2022, Plaintiff had the following discussions regarding the June 24, 2022 Joint Statement:

- Plaintiff discussed allowing his name to be included on the Joint Statement with one or more representatives of Fair & Just Prosecution.
- Plaintiff discussed the Joint Statement orally or in writing with Gary Weisman and Grayson Kamm.
- Plaintiff discussed the Joint Statement with Gloria Gomez, a reporter for Fox 13 News on or about June 28, 2022. A video and article was published about this discussion and is available online at https://www.fox13news.com/news/hillsborough-state-attorney-pledges-not-to-press-charges-against-abortion-patients-doctors. Copies are also being produced with this response. See the documents bearing Bates numbers AW000001-AW000002, AW000003.
- Plaintiff may have discussed the Joint Statement orally or in writing with others, including potentially other media interviews, but he cannot specifically recall particular discussions presently. Because Plaintiff no longer has access to the files of the Office of the State Attorney, he cannot definitively confirm or describe the above (or any other potential) discussions with certainty or identify specific dates or details of the discussions.

3.     Identify everyone with whom You discussed (orally or in writing) the drafting, formation, subject matter, and implementation of the "Presumptive Non-Prosecution Policies," as You defined that term in Paragraph 39 of the Complaint,

and, separately with respect to each such discussion, identify the date of the discussion and the participants to the discussion, and state in detail the substance of the discussion.

> **RESPONSE:** Plaintiff objects to this Request to the extent it purports to require Plaintiff to identify and describe conversations he has had since his suspension on August 4, 2022, which are not relevant to any party's claim or defense. This case is about the reasons for Defendant's suspension of Plaintiff on August 4, 2022, which reasons existed as of that date and are peculiarly within Defendant's knowledge. To the extent Defendant claims this Request seeks information regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs.*, L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005). Moreover, this Request would impose a significant burden on Plaintiff because he has discussed the suspension and the stated reasons for the suspension, which include the Presumptive Non-Prosecution Policies, countless times since the suspension. These discussions include many communications related to or in anticipation of this litigation between Plaintiff and his legal counsel or counsel's staff or agents, which are protected by the attorney-client and/or work product privilege.
>
> In a good faith effort to respond to this Request, Plaintiff responds by limiting his answer to discussions that took place before his suspension was publicly announced on August 4, 2022. To the best of his recollection, prior to his suspension on August 4, 2022, Plaintiff had the following discussions regarding the Policy Regarding Prosecution of Cases Based on Pedestrian and Bicycle Violations:

- Discussions with multiple individuals working for the Office of the State Attorney for the Thirteenth Judicial Circuit (419 N. Pierce Street, Tampa, Florida 33602, (813) 272-5400), including Kimberly Hindman, Renee Muratti, Jeria Wilds, Gary Weisman, Jordan Teuber, Grayson Kamm, Carla Snavely and others, regarding the drafting, implementation, reasons for, and possible impacts of the policy;
- Discussions at meetings with community members who participated in the Office of the State Attorney for the 13th Judicial Circuit's Racial Justice Work Group, which consisted of approximately 15 members, regarding the policy and its impact;
- Discussion(s) with representatives of the Tampa Police Department (One Police Center, 411 N. Franklin Street, Tampa, Florida 33602, (813) 276-3200), including Chief Mary O'Connor, former Chief Reuben "Butch" Delgado, Assistant Chief Lee Bercaw, Deputy Chief Calvin Johnson, and Captain Leslie Richardson regarding the drafting, implementation, and/or impact of the policy;
- Discussion(s) with Hillsborough County Sheriff Chad Chronister (2008 E. 8th Ave, Tampa, FL 33605) regarding the drafting, implementation, and impact of the policy, including in writing (*see* Plaintiff's response to Defendant's Request for Production No. 3);
- Discussion(s) with Besiki Kutateladze and Rebecca Dunlea at the Florida International University Department of Criminology and Criminal Justice regarding racial impact and data related to the policy — Mr. Kutateladze is an associate professor in the Department of Criminology and Criminal Justice at Florida International University (11200 SW 8th Street, PCA 257, Miami, Florida 33199, 305.348.4892), and Ms. Dunlea is an Assistant Professor at the

- University of Massachusetts Lowell (Health & Social Sciences Building, 4th floor, 113 Wilder St., Lowell, MA 01854, 978-934-4139);
- Discussion(s) with City of Tampa Mayor Jane Castor (306 East Jackson Street, Tampa, FL 33602, (813) 274-8251) and Marley Wilkes, Director of Strategic Initiatives for the Office of the Mayor of the City of Tampa (306 East Jackson Street, Tampa, FL 33602, (813) 274-8497) regarding the policy; and
- Other discussions that Plaintiff cannot presently specifically recall from his memory.
- Because Plaintiff no longer has access to the files of the Office of the State Attorney, he cannot definitively confirm or describe the above (or any other potential) discussions with certainty or identify specific dates or details of the discussions.

To the best of his recollection, prior to his suspension on August 4, 2022, Plaintiff had the following discussions regarding the Presumption of Non-Prosecution policy:

- Discussions with multiple individuals working for the Office of the State Attorney for the Thirteenth Judicial Circuit (419 N. Pierce Street, Tampa, Florida 33602, (813) 272-5400), including Kimberly Hindman, Renee Muratti, Jeria Wilds, Gary Weisman, Jordan Teuber, Grayson Kamm, Carla Snavely and others, regarding the drafting, implementation, reasons for, and possible impacts of the policy;
- Possibly one or more discussions with Hillsborough County Sheriff Chad Chronister about the policy; and
- Other discussions that Plaintiff cannot presently specifically recall from his memory.

- Because Plaintiff no longer has access to the files of the Office of the State Attorney, he cannot definitively confirm or describe the above (or any other potential) discussions with certainty or identify specific dates or details of the discussion.

4. Please detail each and every document, application, or other item that was removed or deleted from any device belonging to the State Attorney's Office, including but not limited to cell phones and laptops, from the moment you were notified of the Suspension through the time you returned the device to the State Attorney's Office, and explain who removed each such item, when each such item was removed, and why each such item was removed.

**RESPONSE:** Plaintiff objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of this case, which tests the legality of Plaintiff's suspension on August 4, 2022. Plaintiff's actions with respect to returning devices to the State Attorney's Office *after* the suspension are not relevant, and it would be burdensome (if not impossible) for Plaintiff to "detail each and every document, application, or other item" removed from any device.

In a good faith effort to respond to this Request, Plaintiff responds by directing Defendant to documents being produced with this response bearing Bates numbers AW00005-AW000007, AW000008-AW000009, which are letters from Plaintiff's counsel regarding Plaintiff's return of the cellular phone issued to him by the State Attorney's Office. As explained in those letters, Plaintiff contacted the State Attorney's Office to determine the best method to remove personal material from the phone while preserving public records but received no response. Then, as he proposed in writing to the State

Attorney's Office and at his own expense, Plaintiff, in consultation with his counsel, hired a third-party digital forensics company to create a forensic image of the phone to preserve its contents, both public and private, and offered to arrange for the State Attorney's Office to review this preserved data to independently confirm no public records were removed, should they choose. After the forensic image was created and before returning the device, in consultation with his counsel, Plaintiff removed only personal information unrelated to his official duties or the business of the State Attorney's Office, such as personal photographs and text messages with his family and friends. The device was returned to the State Attorney's Office with all public records and files and data related to official business preserved thereon. Plaintiff is not aware of any files that were removed or deleted from the laptop issued to him by the State Attorney's Office after he received notice of the suspension. Plaintiff further responds that, at all times during his tenure as the elected State Attorney for the 13th Judicial Circuit, including since he has been suspended, Plaintiff complied and instructed his staff to comply with all applicable obligations regarding record retention.

5.     Identify all means of Communication and all communications devices You have used, including specific applications like Signal, WhatsApp, etc., from January 3, 2021 through the present, to send or receive Communications relating to the Suspension or your potential reinstatement from the Suspension. For mobile phones, tablets, and similar devices, identify the last four digits of the phone number associated with such devices.

**RESPONSE:** Plaintiff objects to this Request because it seeks information solely about his communications that occurred *after* the suspension, which are not relevant to any party's claim or defense in this action. Without waiving

these objections, Plaintiff responds that he has communicated via in-person conversations, email, text messaging, Signal, Zoom, Microsoft Teams, Google Hangouts, Google documents and spreadsheets, and social media applications such as Twitter, LinkedIn, and Facebook to communicate regarding his unlawful suspension from, and future reinstatement to, his elected position as State Attorney for the Thirteenth Judicial Circuit. Plaintiff further responds that the last four digits of his mobile phone are 9010.

6.  Please list, with specificity, each and every First Amendment protected activity or statement you claim to have been suspended for.

**RESPONSE:** Initially, Plaintiff notes that Defendant is in a far superior position to disclose this information, but Defendant has refused to respond to discovery seeking it thus far. Further, Plaintiff's investigation and discovery in this action are ongoing, and Plaintiff reserves the right to claim that additional activities or statements other than those listed here were the basis for the suspension. Based on Plaintiff's current information and belief, Plaintiff identifies the following protected activities and statements for which he was suspended, which are stated explicitly in Executive Order 22-176:

- Plaintiff allowed his name to be included on a June 2021 Joint Statement expressing political and personal views regarding the nationwide criminalization of transgender people and gender-affirming healthcare;
- Plaintiff allowed his name to be included on a June 2022 Joint Statement expressing political and personal views regarding the nationwide criminalization of abortion; and
- As described further in Plaintiff's Complaint and other filings in this case and in response to Interrogatory No. 7 below, throughout

> Plaintiff's time in office, he has frequently stated views on criminal justice and other public policies, which run counter to Defendant's views on those topics, and which Defendant has often mischaracterized, misattributed, and described pejoratively, for example, by stating that "woke, soft-on-crime ideologies are a danger to the very fabric of our republic."
>
> - Plaintiff is a member of the Democratic Party.
> - Plaintiff, a Democrat, was elected by Hillsborough County voters.
>
> Plaintiff also incorporates and refers Defendant to the Complaint, including specifically paragraphs 84–87, 98–99, and 47–56, and the Court's September 29, 2022 Order Dismissing the State-Law Claim, Denying the Motion to Dismiss the Federal Claim, and Denying a Preliminary Injunction (DE68) at pages 10–20.

7. State all facts that support your contention that, in suspending you from office, Governor DeSantis was motivated to take adverse action because of your protected First Amendment activity.

> **RESPONSE:** Plaintiff objects to this Request as not proportional to the needs of this case because this information is readily accessible to, and within the peculiar knowledge of, Defendant, but Defendant has refused to respond to discovery seeking it thus far. Moreover, depending on how granular Defendant intends the term "all facts" to be, this Request potentially imposes an immense burden on Plaintiff. Plaintiff will interpret the term "all facts" to mean general categories of information and will not specifically list every document, statement, or granular "fact" relating to such categories. Additionally, Plaintiff's investigation and discovery in this action are ongoing, and Plaintiff reserves the right to claim that additional or different

facts than those listed below show that Defendant was motivated by Plaintiff's protected speech or activity in suspending Plaintiff. Without waiving these objections and reservations of rights, Plaintiff identifies the following facts and documents:

- Executive Order 22-176, which admits on its face that Defendant suspended Plaintiff because of protected speech and activity identified in Executive Order 22-176;
- The fact that the Joint Statements, and only the Joint Statements, were attached to Executive Order 22-176;
- The fact that Defendant himself, and his employees, representatives, and associates have explicitly stated in public remarks that Plaintiff was suspended because he signed the Joint Statements;
- The timing of the suspension, which occurred shortly after the Supreme Court issued its *Dobbs* decision and Plaintiff allowed his name to be included on the June 2022 Joint Statement;
- The fact that, prior to the suspension, Plaintiff and Defendant publicly clashed on hot-button political issues and viewpoints, including on the issues of abortion, transgender rights and gender-affirming care, and general stances on criminal justice and reform;
- The fact that, prior to the suspension, Plaintiff had been an outspoken critic of Defendant and his policies and views;
- The fact that the reasons cited for the suspension in Defendant's Executive Order are patently false—i.e., they are pretext;
- The fact that Defendant's reasons cited for the suspension are insufficient grounds for suspension under the Florida Constitution;
- The fact that at the time of the suspension there was no Florida criminal law regarding transgender rights or gender-affirming care;

- The fact that there was never any case referred to the Office of the State Attorney for the 13th Judicial Circuit involving abortion or gender-affirming-care-related crimes during Plaintiff's tenure as State Attorney;

- The fact that Defendant intentionally announced the suspension in a way that would be highly public and humiliating in order to win political favor with Defendant's base;

- The fact that Defendant has repeatedly used Plaintiff's suspension as a public talking point to prove to his political base that he will remove officials who hold views that Defendant views as "woke," "leftist," liberal, Democrat, reformer, or otherwise different from Defendant's own views;

- The fact that Defendant disagreed with the voters of Hillsborough County who twice elected Plaintiff to serve as State Attorney;

- The fact that other officials in the State of Florida have made similar or actually definitive statements about exercising their discretion with respect to enforcement of certain laws, or have in fact exercised discretion not to enforce certain laws, but Defendant has not suspended those officials;

- The fact that Plaintiff always exercised, and instructed his staff at the Office of the State Attorney for the 13th Judicial Circuit to exercise, prosecutorial discretion on a case-by-case basis at every stage of every case.

8. Please describe with specificity each policy you or your office formulated that involved a presumption of non-prosecution, including when the

policy was created, the instructions and standards for how the policy would be administered, and the crimes to which the policy would apply.

**RESPONSE:** Plaintiff objects to this Request because, other than the policies referenced in Executive Order 22-176 or information otherwise already in Defendant's possession as of August 4, 2022, other policies of Plaintiff's office involving a "presumption of non-prosecution" are not relevant to any party's claim or defense in this case. To the extent Defendant claims this Request seeks information regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005). Additionally, Plaintiff cannot reasonably respond to this Request without a definition of the term "presumption of non-prosecution," which may or may not be interpreted to include, for example, diversion programs. In all events, because Plaintiff no longer has access to the files of the Office of the State Attorney, he cannot provide a definitive list of such programs or policies, nor can he describe such programs or policies with certainty or identify specific dates or details. To the best of his recollection, Plaintiff responds that, while Plaintiff served as the elected State Attorney for the 13th Judicial Circuit, the Office adopted or had in place various diversion programs, programs for specialty courts such as Veterans Treatment Court, drug court, and mental health court, the Policy Regarding Prosecution of Cases Based on Pedestrian and Bicycle Violations attached to the Complaint as Exhibit 4, and the "Presumption of Non-Prosecution" policy attached to the Complaint as Exhibit 3. Plaintiff also had a policy, as required by American Bar Association ethical standards, that prosecutors should only file criminal charges if the charges are supported by

probable cause, admissible evidence is sufficient to support a conviction beyond a reasonable doubt, and charging is in the interest of justice.

Dated: October 17, 2022

**PERKINS COIE LLP**

By: */s/ Jean-Jacques Cabou*

>Jean-Jacques Cabou (AZ #022835)*
>Alexis E. Danneman (AZ #030478)*
>Matthew R. Koerner (AZ #035018)*
>Margo R. Casselman (AZ #034963)*
>2901 N. Central Avenue, Suite 2000
>Phoenix, Arizona 85012-2788
>JCabou@perkinscoie.com
>ADanneman@perkinscoie.com
>MKoerner@perkinscoie.com
>MCasselman@perkinscoie.com
>602.351.8000

**AND**

>David B. Singer (FBN 72823)
>Matthew T. Newton (FBN 111679)
>101 E. Kennedy Blvd., Suite 2800
>Tampa, FL 33602
>dsinger@shumaker.com
>mnewton@shumaker.com

**DEBEVOISE & PLIMPTON LLP**

>David O'Neil*
>801 Pennsylvania Ave NW, Suite 500
>Washington, D.C. 20004
>(202) 383-8000
>daoneil@debevoise.com

>Alexandra P. Swain**
>650 California Street
>San Francisco, CA 94108
>apswain@debevoise.com

>Samantha B. Singh (FBN 1036051)
>919 Third Avenue
>New York, NY 10022
>sbsingh@debevoise.com

* *Pro Hac Vice*
** *Pro Hac Vice* pending

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via email, as follows:

Jeff Aaron
George T. Levesque
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32302
850.577.9090
George.levesque@gray-robinson.com
Jeff.Aaron@gray-robinson.com

Henry C. Whitaker
Jeffrey Paul DeSousa
David Costello
James Percival
Natalie Christmas
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
850.414.3300
Henry.Whitaker@myfloridalegal.com
Jeffrey.DeSousa@myfloridalegal.com
David.Costello@myfloridalegal.com
James.Percival@myfloridalegal.com
Natalie.Christmas@myfloridalegal.com

/s/ Matthew R. Koerner

## VERIFICATION

I, Andrew Warren, declare under penalty of perjury that I have read the foregoing Responses and that the same are true and correct to the best of my knowledge and recollection.

Dated this 17th day of October, 2022.

_____
Andrew Warren