## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ANDREW H. WARREN,**
     **Plaintiff,**

**v.**                              **CASE NO.: 4:22-CV-302-RH-MAF**

**RON DESANTIS, individual and in his**
**Official capacity as Governor of the State**
**of Florida,**
     **Defendant.**

_____/

## MOTION TO QUASH SUBPOENA
## AND/OR FOR PROTECTIVE ORDER
## AND MEMORANDUM OF LAW

     COMES NOW, Sheriff Chad Chronister, Sheriff of Hillsborough County, Florida ("Sheriff"),[1] by and through undersigned counsel, and files this *Motion to Quash Subpoena and/or for Protective Order and Memorandum of Law,* pursuant to FEDERAL RULES OF CIVIL PROCEDURE 30 and 45, and Local Rule 7.1, and requests that this Court quash or otherwise issue a protective Order prohibiting the Sheriff from complying with Plaintiff's trial subpoena, for the good cause shown, as follows:

---

[1] This *Motion* is filed seeking protection from the Court but since the Sheriff is not a party to this case, this *Motion* should not be construed as submitting to the jurisdiction of this Court.

On November 21, 2022, the Sheriff was served with Plaintiff's *Subpoena to Appear and Testify,* requiring the Sheriff to appear in the Northern District of Florida, in Tallahassee, on November 29, 2022, at 9:00 am. (*Subpoena,* attached as Exhibit "1").

However, this Court should quash or issue a protective Order prohibiting the Sheriff's attendance on November 29, 2022, because, due to the short notice, the Sheriff already has a full schedule of appointments and/or commitments for November 29, 2022, and because (1) Plaintiff's subpoena for the Sheriff violates FEDERAL RULE OF CIVIL PROCEDURE 45; (2) Plaintiff has previously deposed the Sheriff and the transcript of that deposition is available pursuant to FEDERAL RULE OF CIVIL PROCEDURE 32; and (3) The Sheriff's testimony should be prohibited due to the application of the "apex" doctrine.

## MEMORANDUM OF LAW

### I.    Plaintiff's Subpoena Violates FEDERAL RULE OF CIVIL PROCEDURE 45

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 45(c)(1)(A), a subpoena may command a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person.[2]

---

[2]  Fed. R. Civ. P. 45(c)(1)(B), is not applicable as the Sheriff is not party or a party's officer and attending trial in Tallahassee  with only eight day's notice would necessarily incur substantial expense.

It is well known, and subject to judicial notice pursuant to Federal Rule of Evidence 201(b)(2), that Tallahassee is more than 100 miles from Tampa.[3]

FEDERAL RULE OF CIVIL PROCEDURE 45(c)(3)(A)(ii), does not permit service of a trial subpoena on witnesses who work or reside more than 100 miles from the courthouse. "Rule 45(c) sets forth a number of protections for persons who are subject to a subpoena. More particularly, Rule 45(c)(3)(A)(ii) requires in pertinent part that a court must quash or modify a subpoena that 'requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person.'" *Guenther v. Novartiz,* 297 F.R.D. 659,660 (M.D. Florida 2013). *See also Dopson-Troutt v. Novartis,* 295 F.R.D. 536, n. 1 (M.D. Florida 2013); *Osgood v. Discount Auto,* 981 F.Supp.2d 1259 (S.D. Florida 2013); *Patrick Collins, Inc. v. Does,* 2012 WL 12870254 (N.D. Florida 2012); *Johnson v. Big Lots,* 251 F.R.D. 213, 218 (E.D. Louisiana 2008); *Brooks v. Westrock Services,* 2021 WL 4987163 (N.D. Florida 2021).

Accordingly, pursuant to Rule 45(c)(3)(A), this court must quash the subpoena for the Sheriff since it does not comply with the provisions of Rule 45(c)(1)(A), and because the provisions of Rule 45(c)(1)(B), are inapplicable.

---

[3]  The distance from Tampa to Tallahassee is approximately 274 miles, pursuant to Google Maps.  *See Dopson-Troutt v. Novartis,* 295 F.R.D. 536, n. 1 (M.D. Florida 2013).

## II.      Plaintiff has Previously Deposed the Sheriff

On November 2, 2022, Plaintiff took the videotaped deposition of the Sheriff in Tampa, Florida.   (*Transcript,* attached as Exhibit "2").   Said videotaped deposition began at 9:55 a.m., and concluded at 5:24 p.m. (With breaks from 11:33 a.m. through 11:49 a.m.,1:09 p.m. through 2:23 p.m., 3:48 p.m. through 4:06 p.m., 4:06 p.m. through 4:08 p.m., and 4:52 p.m. through 5:06 p.m.).

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 32(a)(4)(B), depositions of witnesses residing more than 100 miles away from the trial location may be used in lieu of live testimony. *See E.g., Chao v. Tyson Foods,* 255 F.R.D. 560 (N.D. Alabama 2009); *Triolo v. U.S.,* 2020 WL 13389808 (M.D. Florida 2020); *Jenkins v. Corizon Health,* 2022 WL 332383 (S.D. Georgia 2022).

In this case, there should be no prohibition on Plaintiff's use of the Sheriff's deposition at trial, as contemplated by the FEDERAL RULES OF CIVIL PROCEDURE.

Accordingly, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 32, this Court should quash the subpoena or issue a protective Order prohibiting the Sheriff's compliance with said subpoena, since the Sheriff's deposition has been taken and the transcript is available for use at trial.

### III.   The Application of the "Apex" Doctrine.

Under the apex doctrine, a Court may bar the testimony of a high level executive who lacks unique or personal knowledge related to the case. *In re Mentor Corp.*, 2009 WL 4730321, at *1 (M.D. Georgia 2009); *Minter v. Wells Fargo*, 258 F.R.D. 118, 126 (D. Maryland 2009); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Gavins v. Rezaie*, 2017 WL 3034621, at *1 (S.D. Florida 2017).

In this case, the Sheriff has been fully deposed and his testimony has minimal relevance to the claims in Plaintiff's *Complaint* (Doc. 1), including whether, as alleged in Count One, Governor Ron DeSantis violated Plaintiff's rights under the First and Fourteenth Amendments in violation of 42 U.S.C. § 1983, or as alleged in Count Two, whether Governor Ron DeSantis improperly exercised his powers derived from the State.

To protect high-ranking government officials from the constant distraction of testifying in lawsuits and to avoid offending the separation of powers by compelling their appearance in judicial proceedings, courts place "appropriate limitations on efforts to compel their testimony." *In re USA*, 624 F.3d 1368, 1373–74, 1376 (11th Cir. 2010). Thus, "absent extraordinary circumstances," courts will not permit the deposition of a high-ranking corporate or government official. *Buckler v. Israel*, 2014 WL 7777678, at *1 (S.D. Florida 2014). *See also U.S. v.*

*Wal-Mart,* 2002 WL 562301, *3 (D. Maryland 2002);   *U.S. v. Morgan,* 313 U.S. 409 (1941); *Energy Capital v. US,* 60 Fed. Cl. 315 (U.S. Court of Federal Claims 2004).

For the apex doctrine to apply, the Court must first determine whether "the government official is sufficiently high ranking to merit protection from giving a deposition...." *Buckler v. Israel*, 2014 WL 7777678, at *1 (S.D. Florida 2014).

That issue should not be in dispute in this case, since the Sheriff is a constitutional officer of the State of Florida, pursuant to, *inter alia*, the Florida Constitution Article II, Section 5;  Article VIII, Section 1; Florida Statute § 26.49; Florida Statutes Chapter 30; Florida Statute § 30.15; Florida Statute § 30.53; and Florida Statute § 218.31(8).  Furthermore, a Sheriff has been found to be sufficiently high ranking to trigger the apex doctrine.  *Watts v. Parr,* 2019 WL 13175559, *2 (M.D. Georgia 2019).

Next, the party seeking the testimony must demonstrate that the official has unique or superior knowledge of discoverable information that cannot be obtained by other means. *In re Mentor Corp.*, 2009 WL 4730321 (M.D. Georgia 2009);  *Chick-Fil-A v. CFT Dev.,* 2009 WL 928226 (M.D. Florida 2009).

In this case, Plaintiff has failed to show such "extraordinary circumstances" that would justify the Sheriff's mandated appearance at the trial of this matter.  *In re USA*, 624 F.3d 1368, 1373 (11th Cir. 2010).  Plaintiff's claims relate to actions

taken by Governor DeSantis, not the Sheriff.  As established during the Sheriff's deposition, Governor DeSantis requested and was provided certain materials from the Hillsborough County Sheriff's Office.  However, the Sheriff did not compile those documents and has limited knowledge about those documents. Furthermore, the documents themselves require no additional explanation from the Sheriff.  Therefore, the Sheriff can offer little, if any, relevant testimony to Plaintiff's allegations against Governor DeSantis set for trial on November 29, 2022.

Accordingly, because Plaintiff has failed to establish the "extraordinary circumstances" that would justify requiring the Sheriff, who is the "apex" constitutional officer of a government agency, to attend trial in Tallahassee, on November 29, 2022, this Court should quash the subpoena or otherwise enter a protective order prohibiting the Sheriff from complying with said subpoena.

WHEREFORE, Sheriff Chad Chronister, Sheriff of Hillsborough County, Florida, respectfully requests that this Honorable Court enter an order quashing the subpoena served on the Sheriff or entering a protective order prohibiting the appearance of the Sheriff at the trial of this matter on November 29, 2022, together with such further orders as justice demands.

Respectfully Submitted this 22nd day of November, 2022.

/s/  *Christopher E. Brown*
CHRISTOPHER E. BROWN, ESQ.
Florida Bar No. 0986010
APRIL KIRSHEMAN, ESQ.
Florida Bar No. 66291
Attorney for Sheriff Chad Chronister,
Sheriff of Hillsborough County, Florida
2008 East 8th Avenue
Post Office Box 3371
Tampa, Florida  33601
(813) 247-8092; Fax: (813) 242-1817
Email: chrisbro@hcso.tampa.fl.us

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(B), undersigned counsel has conferred with Plaintiff's Counsel Matt Newton, by email correspondence about the resolution of this *Motion to Quash* and Plaintiff's Counsel does NOT agree to the relief requested herein.

This *Motion* complies with Local Rule 7.1(F), as the entire *Motion* and memorandum contains only 1,582 words.

/s/  *Christopher E. Brown*
CHRISTOPHER E. BROWN, ESQ.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that  on November 22,  2022, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties.

/s/  *Christopher E. Brown*
CHRISTOPHER E. BROWN, ESQ.