UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ANDREW H. WARREN,**
    Plaintiff,

v.                            CASE NO.: 4:22-CV-302-RH-MAF

**RON DESANTIS, individual and in his
Official capacity as Governor of the State
of Florida,**
    Defendant.
_____/

## EMERGENCY[1] MOTION TO QUASH SUBPOENA AND/OR FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(B), undersigned counsel spoke with David Singer, Esq., counsel for the Plaintiff. Mr. Singer advises that the need to subpoena Sheriff Lemma may be rendered moot by the Court's consideration later today at a pretrial conference as to admissibility of a newspaper article. Given the short timeframe remaining, however, the Sheriff believes it necessary to file this motion, recognizing that the subpoena at issue may be withdrawn.

---

[1] This Motion is filed as an Emergency Matter pursuant to Local Rule 7.1(L) as the Sheriff has just been served on the week of Thanksgiving with a Subpoena purporting to require his attendance at a hearing nearly 300 miles away within 7 days.

COMES NOW, Sheriff Dennis M. Lemma, Sheriff of Seminole County, Florida ("Sheriff"),[2] by and through undersigned counsel, and files this *Motion to Quash Subpoena and/or for Protective Order and Memorandum of Law,* pursuant to FEDERAL RULES OF CIVIL PROCEDURE 30 and 45, and Local Rule 7.1, and requests that the Court quash or otherwise issue a protective Order as to Plaintiff's trial subpoena to the Sheriff, and states:

On November 22, 2022, the Sheriff was served with Plaintiff's *Subpoena to Appear and Testify,* requiring the Sheriff to appear in the Northern District of Florida, in Tallahassee, on November 29, 2022, at 9:00 am. (*Subpoena,* attached as Exhibit "1"). This was the first time Sheriff Lemma has been involved in the instant litigation. At no point preceding the issuance and service of the *Subpoena* did counsel for the issuing Party contact the Sheriff or his counsel to confer concerning the Sheriff's attendance. It is noted that the Court on September 29, 2022 issued a scheduling order setting the November 29, 2022 trial date; thus, there was ample time for counsel to have contacted the Sheriff's Office to discuss the matter and attempt to resolve it in advance of the issuance of the subpoena.

This Court should quash or issue a protective Order as to the subpoena for the Sheriff's attendance at trial on November 29, 2022, because, due to the short notice,

---

[2] This *Motion* is filed seeking protection from the Court but since the Sheriff is not a party to this case, this *Motion* should not be construed as submitting to the jurisdiction of this Court.

the Sheriff already has commitments for November 29, 2022 relating to law enforcement matters in Seminole County, Florida, and because (1) Plaintiff's subpoena for the Sheriff violates FEDERAL RULE OF CIVIL PROCEDURE 45; and (2) The seeking of the Sheriff's testimony violates the "apex" doctrine. It has not been shown that the Sheriff has any relevant evidence to provide at trial and certainly none that justifies disruption of his public official schedule in this manner.

## MEMORANDUM OF LAW

**I.    Plaintiff's Subpoena Violates FEDERAL RULE OF CIVIL PROCEDURE 45**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 45(c)(1)(A), a subpoena may command a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person.[3]

It is well known, and subject to judicial notice pursuant to Federal Rule of Evidence 201(b)(2), that Tallahassee is more than 100 miles from Seminole County, Florida. The distance from where Sheriff Lemma resides in Seminole County to 111 N Adams St, Tallahassee, FL 32301, is 278 miles according to Google Maps and includes a drive time of four hours and twenty minutes each way. *See Dopson-Troutt v. Novartis*, 295 F.R.D. 536, n. 1 (M.D. Florida 2013).

---

[3] Fed. R. Civ. P. 45(c)(1)(B), is not applicable as the Sheriff is not party or a party's officer and attending trial in Tallahassee with only seven days' notice would necessarily cause the Sheriff to incur substantial expense and hardship.

FEDERAL RULE OF CIVIL PROCEDURE 45(c)(3)(A)(ii), does not permit service of a trial subpoena on witnesses who work or reside more than 100 miles from the courthouse. "Rule 45(c) sets forth a number of protections for persons who are subject to a subpoena. More particularly, Rule 45(c)(3)(A)(ii) requires in pertinent part that a court must quash or modify a subpoena that 'requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person.'" *Guenther v. Novartiz,* 297 F.R.D. 659,660 (M.D. Florida 2013). *See also Dopson-Troutt v. Novartis,* 295 F.R.D. 536, n. 1 (M.D. Florida 2013); *Osgood v. Discount Auto,* 981 F.Supp.2d 1259 (S.D. Florida 2013); *Patrick Collins, Inc. v. Does,* 2012 WL 12870254 (N.D. Florida 2012); *Johnson v. Big Lots,* 251 F.R.D. 213, 218 (E.D. Louisiana 2008); *Brooks v. Westrock Services,* 2021 WL 4987163 (N.D. Florida 2021).

An exception exists where the witness would not "incur substantial expense." Fed.R.Civ.P. 45(c)((1)(B)(ii). The subpoena included a mileage check for $385, but the subpoena directs the Sheriff to appear at 9 a.m. on the first day of trial and so the Sheriff would, in addition to the substantial distraction from his duties, incur additional expenses for hotel accommodations for an unknown number of nights, meal expenses, and the like.

As the Sheriff is not within 100 miles of the trial and is neither a party or a party's officer, the Court should exercise its discretion as to whether to quash or modify the subpoena, which depends in large part on whether the Plaintiff here has shown "a substantial need for the testimony that cannot otherwise be met without undue hardship." *Jin Zhi Star LT, LLC v. American Zurich Ins. Co.*, 2012 WL 2886719 *3 (S.D.Fla. July 13, 2012) (citing Rule 45(c)(3)(C).

In this case, the Sheriff is unaware of having had any role in the matter at hand.  Plaintiff has subpoenaed the Sheriff with one week's notice, over a holiday weekend.  If the point of his testimony is simply to assert that some other public official has made a public statement concerning issues similar to the one in this case, the logic of that position would allow a party to subpoena any public official under similar circumstances. Accordingly, pursuant to Rule 45(c)(3)(A), this Court should quash the subpoena for the Sheriff since it does not comply with the provisions of Rule 45(c)(1)(A), and because the provisions of Rule 45(c)(1)(B), are inapplicable.

## II.     The Application of the "Apex" Doctrine.

Under the apex doctrine, a Court may bar the testimony of a high level executive who lacks unique or personal knowledge related to the case. *In re Mentor Corp.*, 2009 WL 4730321, at *1 (M.D. Georgia 2009); *Minter v. Wells Fargo*, 258 F.R.D. 118, 126 (D. Maryland 2009); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Gavins v. Rezaie*, 2017 WL 3034621, at *1 (S.D. Florida 2017).

In this case, the Sheriff has not been contacted by the Plaintiff or Plaintiff's Counsel concerning this cause.  The only discussion concerning it occurred today, November 23, 2022.  It is unclear what, if any, relevance the Sheriff's testimony could possibly have to the claims in Plaintiff's *Complaint* (Doc. 1), including whether, as alleged in Count One, Governor Ron DeSantis violated Plaintiff's rights under the First and Fourteenth Amendments in violation of 42 U.S.C. § 1983, or as alleged in Count Two, whether Governor Ron DeSantis improperly exercised his powers derived from the State.

To protect high-ranking government officials from the constant distraction of testifying in lawsuits and to avoid offending the separation of powers by compelling their appearance in judicial proceedings, courts place "appropriate limitations on efforts to compel their testimony." *In re USA*, 624 F.3d 1368, 1373–74, 1376 (11th Cir. 2010).  Thus, "absent extraordinary circumstances," courts will not permit the deposition of a high-ranking corporate or government official. *Buckler v. Israel*, 2014 WL 7777678, at *1 (S.D. Florida 2014).  *See also U.S. v. Wal-Mart,* 2002 WL 562301, *3 (D. Maryland 2002);  *U.S. v. Morgan,* 313 U.S. 409 (1941); *Energy Capital v. US,* 60 Fed. Cl. 315 (U.S. Court of Federal Claims 2004).

For the apex doctrine to apply, the Court must first determine whether "the government official is sufficiently high ranking to merit protection from giving a deposition...." *Buckler v. Israel*, 2014 WL 7777678, at *1 (S.D. Florida 2014).

That issue should not be in dispute in this case, since the Sheriff is a constitutional officer of the State of Florida, pursuant to, *inter alia*, the Florida Constitution Article II, Section 5; Article VIII, Section 1; Florida Statute § 26.49; Florida Statutes Chapter 30; Florida Statute § 30.15; Florida Statute § 30.53; and Florida Statute § 218.31(8). Furthermore, a Sheriff has been found to be sufficiently high ranking to trigger the apex doctrine. *Watts v. Parr,* 2019 WL 13175559, *2 (M.D. Georgia 2019).

Next, the party seeking the testimony must demonstrate that the official has unique or superior knowledge of discoverable information that cannot be obtained by other means. *In re Mentor Corp.*, 2009 WL 4730321 (M.D. Georgia 2009); *Chick-Fil-A v. CFT Dev.,* 2009 WL 928226 (M.D. Florida 2009).

In this case, Plaintiff has failed to show such "extraordinary circumstances" that would justify the Sheriff's mandated appearance at the trial of this matter. *In re USA*, 624 F.3d 1368, 1373 (11th Cir. 2010). Plaintiff's claims relate to actions taken by Governor DeSantis, not the Sheriff. Sheriff Lemma has had no role in the litigation between the parties to this cause and is not knowingly in possession of any information which is relevant to their dispute. Therefore, the Sheriff can offer no relevant testimony to Plaintiff's allegations against Governor DeSantis set for trial on November 29, 2022.

Accordingly, because Plaintiff has failed to establish the "extraordinary circumstances" that would justify requiring the Sheriff, who is the "apex" constitutional officer of a government agency, to attend trial in Tallahassee, on November 29, 2022, this Court should quash the subpoena or otherwise enter a protective order prohibiting the Sheriff from complying with said subpoena.

## III. Plaintiff Failed to Comply With Federal Rule Of Civil Procedure 45(d)(1)

Federal Rule of Civil Procedure 45(d)(1) provides, "Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." However, as noted above, Plaintiff did not, prior to the service of the *Subpoena*, contact the Sheriff or his counsel, either in-house or otherwise, to confer concerning the issuance of the *Subpoena*, or even to discuss the action and what, if any, relevant information Plaintiff believes Sheriff might possess. Rather, Plaintiff has waited until the Tuesday the week of the Thanksgiving holiday, to subpoena the Sheriff to testify at a hearing nearly 300 miles away on the following Tuesday. Based on discussions with counsel today, the Sheriff's knowledge is incidental and indirect, and does not justify this level of intrusion into his public duties.

WHEREFORE, Sheriff Dennis Lemma, Sheriff of Seminole County, Florida, respectfully requests that this Honorable Court enter an order quashing the subpoena served on the Sheriff or entering a protective order prohibiting the appearance of the Sheriff at the trial of this matter on November 29, 2022, together with such further orders as justice demands.

Respectfully Submitted this 23rd day of November, 2022.

## Local Rule 7(f) certification.

This motion complies with Local Rule 7(F) in that the word count total is 1,910 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 23, 2022, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties.

*s/ Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
*poulton@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
Attorneys for Non–Party
Sheriff Dennis Lemma