# EXHIBIT D

## BUSINESS RECORD CERTIFICATION
Pursuant to Sections 90.803(6) and 90.902(11), Florida Statutes

1. I   BRIDGET KIEFER                          am currently employed
   with: STATE ATTORNEY'S OFFICE 5TH JUDICIAL CIRCUIT

   Business Name: STATE ATTORNEY'S OFFICE
   5TH JUDICIAL CIRCUIT

   Business Address: 110 NW 1ST AVE, SUITE 5000, OCALA, FL 34475

2. I am a custodian of records maintained by our business.

3. The attached record(s) are duplicate copies described as:

   An email from former Chief Assistant State Attorney, Ric Ridgway, regarding Pre-trial intervention.

   Pertinent portions of the current policy manual.

   Pertinent portions of the previous State Attorney's policy manual.

   A powerpoint training on filing decisions presented to new lawyers joining our office in August of this year.

4. The attached record(s) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person having knowledge of those matters.

5. The attached record(s) were kept in the course of the regularly conducted activity of our business.

6. The attached record(s) were made as a regular practice in the course of the regularly conducted activity of our business.

7. I am aware that falsely making this Certification or Declaration would subject me to criminal penalty under the laws of the foreign or domestic location in which this certification or declaration was signed.

8. I have signed this Certificate under oath.

   I do hereby swear or affirm that this certification and the attached records are true and accurate.

   _Bridget Kiefer_
   BRIDGET KIEFER

   BEFORE ME, the undersigned authority, personally appeared
   BRIDGET KIEFER, who was duly sworn under oath and who did sign the above
   Certification this 21ST day of NOVEMBER, 2022. The affiant is
   _X_ personally known to me or
   _____ has presented_____ as identification.

   _Deborah R Allen_
   NOTARY PUBLIC

   NOTARY PUBLIC _____
   My Commission Expires:_____

   DEBORAH R. ALLEN
   Commission # GG 308614
   Expires April 24, 2023
   Bonded Thru Troy Fain Insurance 800-385-7019

**Bill Gladson**

| | |
|---|---|
| **From:** | Ric Ridgway |
| **Sent:** | Tuesday, August 4, 2020 10:27 AM |
| **To:** | ATTORNEYS |
| **Cc:** | Mike Graves |
| **Subject:** | PTI requirements |
| **Attachments:** | Felony PTI amendments.pdf |

  We have decided to make some temporary changes to the cases that qualify for felony PTI.  These changes will be in effect until further notice.  It is intended to help relieve some of the backlog of cases, affecting cases the primarily would otherwise be offered straight probation and possible a withhold.  The list is being provided to the PD's office so they can look for cases that could be moved.  You should do likewise and be proactive about finding cases that can be moved by sending them to PTI.  If you have any questions see your supervisor.

In order to reduce the backlog of cases we are relaxing some of the requirements for PTI.  These are going to be temporary but will be in effect until further notice.  In addition to cases already allowed, the following cases should be considered for PTI with the caveats noted.

-Third degree Fleeing and Eluding. [Violation of 316.1935(1) & (2)] Providing no other traffic violations including speed more than 10 MPH over the posted limit and no other traffic endangered.  Approval of LEO and supervisor required.

-DWLS because of habitual offender status IF the suspension is more than five years old and the defendant is otherwise eligible to get a driver's license.

-Failure to Return Leased Property.

-Falsification to Pawn Broker.

-Grand Theft.

-Third degree burglary provided no prior burglary arrests. Victim and supervisor approval required.

-Resisting with violence, provided no injuries to LEO, no prior similar filed charges.  LEO and supervisor approval required.

-Battery LEO, provided no injury to LEO, no prior similar filed charges. LEO and supervisor approval required.

-Non-domestic second offense Battery with victim and supervisor approval.

-Dealing in Stolen Property (even if combined with Falsification to Pawn Broker) if it can be refiled as grand theft. If no prior theft or DSP charges and if property not recently stolen during residential burglary.

**PTI is not available if any of the following exists.**

-Defendant has more than one case pending.

-Defendant scores prison.

-Drug charges other than MM cannabis – these must go to Drug diversion program.

-Defendant has prior felony conviction.

-More than one withhold of adjudication.

-Prior PTI program within 3 years.

**Procedural requirements:**

**-Contract conditions.**

-18 to 24 months supervision

-36 months supervision if needed for restitution purposes

-Community Service if Probation has it available.  If not available, this will be waived.

-Substance Abuse counseling if needed.

-Restitution ** MUST BE ABLE TO PAY WITH IN THE TERMS OF SUPERVISION** The Contract should state, "*The Defendant agrees that restitution will be paid during the term of this supervision or the defendant will be rejected from the program and returned to the docket. Defendant further represents that he/she has the ability to make full resitution*"

-Cost of Prosecution (to be paid within first 6 months of supervision).

-Cost of Defense (to be paid within first 6 months of supervision).

-Cost of supervision.

-No contact with victim.

-No contact with co-defendant (if appropriate).

-Drug screens or alcohol screens if appropriate

-Other terms as appropriate

**-Additional Conditions**

-State must have signed contract returned within 30 days of providing it to defense

-Victim must approve unless overridden by a supervisor

**-Procedure**

-Review all pending cases- identify cases that qualify.

-As new cases come in- determine if PTI applies- if so DNQ if in Early Disposition.

-Get approval when needed.

-Generate a contract and send to defense with clear instructions that a signed contract MUST be returned within 30 days or it is deemed rejected.  Defendant MUST report to DOC probation when contacted.

-If depositions are scheduled, the PTI contract is revoked. (ASA may waive this with supervisor's approval).

-Upon receipt of signed contract send to Department of Correction Probation.

# INTRODUCTION AND PURPOSE

Welcome to the Office of the State Attorney. The following office manual has been developed to provide general information on the policies and procedures of this office and it contains important information regarding employee benefits.

No manual can contain all the information relating to an office. Our manual contains general information and procedures relating to office organization, personnel, responsibilities, employee conduct, and general benefits. From time to time this manual may be changed by the State Attorney's Office. If any changes are made, employees will receive written notification. In cases of interpretation of this manual, the decisions of management will be controlling. In conjunction with this manual, the employees of the State Attorney's Office are also covered under the Florida Prosecuting Attorneys Association Classification and Pay Plan in accordance with F.S 27.25(1).

Nothing contained within this office manual shall be construed as a contract for employment or as a guarantee of continued employment. Employment at the State Attorney's Office is at-will. At-will employment means that the employment relationship may be terminated at any time, with or without cause, with or without notice, at the choice of the employee or the State Attorney.

If you have questions regarding policies or procedures not covered in this manual, you should contact your immediate supervisor. If your immediate supervisor cannot answer your questions, your supervisor will direct you to the proper department or person to answer your questions.

# OUR MISSION

To promote public safety by enforcing the criminal laws of the State of Florida; to uphold, protect and defend the Constitution and the Bill of Rights; to hold those who violate our laws accountable; to ensure that victims of crime have a voice in the criminal justice system; and to be good stewards of taxpayer resources.

1

# SECTION I:  GENERAL PRINCIPLES

## A.    PROSECUTORIAL POLICY

The sole objective of a prosecutor is to seek justice.  Few functions of government carry consequences as far-reaching as the decision to initiate and prosecute a criminal charge.  The decision to charge should be made only after thorough investigation of all the available evidence, and after a decision has been reached that the available and legally admissible evidence provides for a substantial likelihood of conviction at trial.  Charges should not be filed which are greater in number or degree than can reasonably be supported by the evidence at trial and prosecutors shall not engage in charge bargaining. Personal or political considerations must play absolutely no part in the decision-making process preceding the filing of a criminal case.  If evidence becomes available after charges have been filed indicating that a defendant is innocent, the prosecutor should immediately investigate, and if the evidence warrants it, he or she should immediately take steps to drop the charges.  The ultimate goal of the prosecutor is to seek the truth, not a conviction.

## B.    INTEGRITY

The State Attorney requires absolute honesty and integrity on the part of all employees of the office.  It is crucial that any real or potential conflict of interest in any given case or situation immediately be brought to the attention of the Chief Assistant State Attorney and Division Supervisor, so that it can be determined if the conflict requires the assignment of a different Assistant State Attorney or the assignment of a different State Attorney's Office to handle the case.

In addition to real or potential conflicts of interest, employees must be aware of the possibility of the appearance of such a conflict and must recognize and report to the Chief Assistant State Attorney and Division Supervisor any situation in which even the appearance of conflict may be found to exist.

Every Assistant State Attorney must be fully familiar with the Canons of Ethics contained within the Florida Rules of Professional Conduct. Every Assistant State

2

Attorney must be fully familiar with and fully adhere to the highest standards of ethical conduct. All newly hired Assistant State Attorneys will be expected to review the Canons of Ethics within the first week of employment.

## C.   FILING CONSIDERATIONS

At a minimum, the following factors should be considered when making filing decisions.

1. A substantial likelihood of conviction at trial. Among the factors to consider in this regard are:

   a.) The seriousness of the crime.

   b.) Whether or not there are witnesses to the crime.

   c.) The credibility and independence, or lack thereof, of the witnesses to the crime.

   d.) Whether or not there is corroborating physical, video, or recorded evidence.

   e.) Statements of the defendant and witnesses to the crime.

   f.) Strength of admissible evidence.

2. The criminal history of the defendant.

3. Whether or not the interests of justice warrant prosecution of the case.

4. Whether the conviction will be affirmed on appeal.

## D.   ENHANCED SENTENCING POLICY

Within the parameters of our prosecutorial policy, it is the intention of the State Attorney to aggressively seek the imposition of enhanced penalties for felony offenders who meet the statutory and FPAA criteria, who commit crimes that warrant enhanced punishment. It is the responsibility of each Assistant State Attorney to evaluate every case to determine if an offender meets the legal requirements to be designated for enhanced sentencing. Such consideration should be made prior to the filing of the case and an offender designated at the outset of prosecution when appropriate. If a defendant meets the statutory criteria for enhanced sentencing as an habitual felony offender (HFO), but not the FPAA criteria, ASA's are encouraged to seek a waiver from the State Attorney, or Chief Assistant State Attorney, to seek an enhanced sentence should the facts warrant such a sentence.

No case for which a defendant is eligible for sentencing under applicable statutory and/or FPAA criteria as an habitual felony offender, habitual violent felony offender, three time violent felony offender, violent career criminal, prison releasee reoffender, dangerous sexual felony offender, or under the provisions of the 10-20-Life law may be disposed of by a non-enhanced sentence without the approval of the State Attorney, Chief Assistant State Attorney or Division Supervisor and/or his or her designee.

## E.   COMMUNICATION WITH VICTIMS OF CRIME AND LAW ENFORCEMENT

While a prosecutor must retain his/her independence and make decisions based first upon the law and the facts, the wishes of those affected by the decision to file or not must be considered.

Every Assistant State Attorney must be fully familiar and comply with the requirements of "Marsy's Law", Article 1, Section 16(b) of the Florida Constitution. It is imperative that victims of crime be notified of scheduled hearings and the dispositions on cases by which they are affected. This does not mean that victims of crime will always agree with the decisions made by the prosecutor; however, they have a right to be consulted and informed when possible, and it is necessary that a prosecutor attempt to seek their input in order to make a thorough filing decision in a case.

Law enforcement should also be consulted regarding those cases in which they are involved. This is done to make sure that all of the relevant facts of the case are known to the prosecutor, to build relationships with law enforcement officers, to advise them of legal or police procedure concerns on a case when appropriate, and to notify them when a case will not be filed by this office. The State Attorney's Office expects its employees to develop strong and positive working relationships with our law enforcement partners. To that end, the office expects that any communication between our agencies be done in a professional and courteous manner.

While the desires and input of victims and law enforcement should be considered in all cases, the ultimate decision rests with the Assistant State Attorney and should be based upon a through consideration of all available evidence in a given case, legal

4

authority, and factors articulated within this policy.  A case that cannot be proven, or that does not constitute a violation of the law, should not be filed simply to please affected individuals.

# Filing Decisions

## Bootcamp

August 8, 2022

Walter Forgie, ASA

# MISSION STATEMENT

To promote public safety by enforcing the criminal laws of the State of Florida; to uphold, protect and defend the Constitution and the Bill of Rights; to hold those who violate our laws accountable; to ensure that victims of crime have a voice in the criminal justice system; and to be good stewards of taxpayer resources.

# PROSECUTORIAL POLICY

The sole objective of a prosecutor is to seek justice. Few functions of government carry consequences as far-reaching as the decision to initiate and prosecute a criminal charge. The decision to charge should be made only after thorough investigation of all the available evidence, and after a decision has been reached that the available and legally admissible evidence provides for a substantial likelihood of conviction at trial. Charges should not be filed which are greater in number or degree than can reasonably be supported by the evidence at trial and prosecutors shall not engage in charge bargaining.

# PROSECUTORIAL POLICY

Personal or political considerations must play absolutely no part in the decision-making process preceding the filing of a criminal case. If evidence becomes available after charges have been filed indicating that a defendant is innocent, the prosecutor should immediately investigate, and if the evidence warrants it, he or she should immediately take steps to drop the charges. The ultimate goal of the prosecutor is to seek the truth, not a conviction.

# FILING CONSIDERATIONS

At a minimum, the following factors should be considered when making filing decisions:

- A substantial likelihood of conviction at trial. Among the factors to consider in this regard are:

- The seriousness of the crime.

- Whether or not there are witnesses to the crime.

- The credibility and independence, or lack thereof, of the witnesses to the crime.

# FILING CONSIDERATIONS

- Whether or not there is corroborating physical, video, or recorded evidence.

- Statements of the defendant and witnesses to the crime.

- Strength of admissible evidence.

- The criminal history of the defendant.

- Whether or not the interests of justice warrant prosecution of the case.

- Whether the conviction will be affirmed on appeal.

# FILING CONSIDERATIONS

- While a prosecutor must retain his/her independence and make decisions based first upon the law and the facts, the wishes of those affected by the decision to file or not must be considered.

- Every Assistant State Attorney must be fully familiar and comply with the requirements of "Marsy's Law", Article 1, Section 16(b) of the Florida Constitution.

# FILING CONSIDERATIONS

Law enforcement should also be consulted regarding those cases in which they are involved. This is done to make sure that all of the relevant facts of the case are known to the prosecutor, to build relationships with law enforcement officers, to advise them of legal or police procedure concerns on a case when appropriate, and to notify them when a case will not be filed by this office.

# FILING CONSIDERATIONS

While the desires and input of victims and law enforcement should be considered in all cases, the ultimate decision rests with the Assistant State Attorney and should be based upon a through consideration of all available evidence in a given case, legal authority, and factors articulated within this policy. A case that cannot be proven, or that does not constitute a violation of the law, should not be filed simply to please affected individuals.

# FILING CONSIDERATIONS

- If I can prove it?
- Should I prove it?
- What is the right and just thing to do?
- ASA's independent judgment

# *State v. Greaux,* 977 So 2d 406 (Fla. 4th 2008)

- Prosecutor has the sole discretion to charge and prosecute criminal acts
- Not judge: *State v. Brosky,* 79 So. 3d 134 (Fla. 3rd DCA 2012), *State v. Snook* 247 So. 3d 677 (Fla. 5th DCA 2018)
- Not victim

# Rules Regulating the Florida Bar

Rule 4-3.8 SPECIAL RESPONSIBILITIES OF A PROSECUTOR

The prosecutor in a criminal case shall: (a) refrain from prosecuting a charge the prosecutor knows is not supported by probable cause

## Comment to Rule 4-3.8

A prosecutor has the responsibility of a minister of justice and not simply that of an advocate....Florida has adopted the American Bar Association Standards of Criminal Justice Relating to Prosecution Function. This is the product of prolonged and careful deliberation by lawyers experienced in criminal prosecution and defense and should be consulted for further guidance.

# ABA Criminal Justice Standard

Standard 3-4.3 Minimum Requirements for Filing and Maintaining Criminal Charges

(a) A prosecutor should seek or file criminal charges only if the prosecutor reasonably believes that the charges are supported by probable cause, that admissible evidence will be sufficient to support conviction beyond a reasonable doubt, and that the decision to charge is in the interests of justice.

# FILING DECISION GUIDANCE

If you are unsure or lack experience, what do you do?

Who do you ask?

What if you do not believe a witness?  Can you put them on the stand?

# Case #1:

**Defendant:**  Bill Gladson (dob 6/30/2000)   **Victim:** Walter Forgie (dob 7/21/1953)

**Facts:**  On 6/19/21 at 0310 officers dispatched to residence where they find victim Forgie holding an icepack to his face. Victim tells them that Def Gladson (who does not live there) was making loud noise outside of the house in the early morning hours. This annoyed victim Forgie who locked his door. Defendant kicked on the door several times, breaking the door frame.  Once he kicked in the door, Defendant entered the house and allegedly punched the victim in the face. No injuries were observed by officers

# Case #1 Facts, cont...

The victim's wife was interviewed and told officers that she saw Gladson kick in the door and punch the victim without provocation.

Gladson was interviewed and said he was acting in self defense and that Forgie attacked him.  He also said that the door was broken when he arrived at the house.  He also said he was only at the house to check on Forgie as he was concerned for his mental well being.

Gladson has no prior criminal history.  Forgie has 47 prior convictions.

# Case #1 Facts, cont...

Gladson was arrested on scene for criminal mischief and simple battery.

Should you file the case?  What factors would you consider?

# Variations on Case 1 Facts

- What if defendant is college student on scholarship home for Spring Break from FSU with no prior record?

- What if you learned victim developed a swelling behind his eye that caused him to lose sight in that eye?

- What if Forgie signs a request to not prosecute?

## Felony Cases – Enhanced Sentencing Policy

Within the parameters of our Filing Considerations policy, it is the intention of the State Attorney to aggressively seek the imposition of enhanced penalties for felony offenders who meet relevant statutory and FPAA criteria and who commit crimes which are, in the interests of justice, deserving of extraordinary punishment. While we are obligated to determine an individual defendant's eligibility for Habitual Offender sentencing pursuant to the Florida Prosecuting Attorneys Association criteria, each Assistant State Attorney is charged with the responsibility to evaluate every case within the broader criteria of the Habitual Offender statute and to seek authorization to pursue Habitual Offender sentencing under the less restrictive criteria of the statute where the facts of a particular case and/or the criminal history of the defendant make such a request appropriate.

To that end, no case for which a defendant is eligible for sentencing under applicable FPAA criteria as a "Habitual Felony Offender", "Habitual Violent Felony Offender", "Three-time Violent Felony Offender" or "Violent Career Criminal", or as a "Prison Releasee Reoffender", a "Dangerous Sexual Felony Offender", or under the provisions of the "10-20-Life" law may be negotiated for, or otherwise disposed of by, a non-enhanced sentence without the approval of the State Attorney or an appropriate supervisor.

## Filing Considerations

1) <u>A substantial likelihood of a conviction at a jury trial.</u>

   This is less than a certainty but more than a possibility.  Among the factors to consider in this regard are:

   a.   The seriousness of the crime.
   b.   The number of witnesses to the crime.
   c.   The independence, or lack thereof, of the witnesses.
   d.   The ability of the witnesses to effectively communicate what you know.
   e.   The existence of physical evidence.

2) <u>The past record of the defendant.</u>

   While the record of the defendant will not help in convicting the defendant, it is appropriate to file a weaker case where the defendant has a longer record than you would for a first offender.

3) <u>The seriousness of the crime.</u>

   Same rationale as the record of the defendant.

4) <u>The desire of the victim and law enforcement.</u>

   While the prosecutor must retain his independence and make a decision based first upon the law and the facts, the wishes of those who will be affected by the decision to file or not must be considered.  The desire of the victim for revenge or some civil advantage are not valid reasons to file a case.

The power to initiate prosecution is unique to the State Attorney.  No other body or individual, other than the Grand Jury, has this power.  This power is restrained only by the judgment and integrity of the individuals who are entrusted with this power by the State Attorney.  Therefore, a decision to begin prosecution or to refrain from beginning prosecution, is one that should be carefully made.

There is no formula or rules which can cover the infinite number of fact patterns which can come before a prosecutor along with a request for prosecution.  This is where you must use your judgment in making these decisions.  While the decision cannot be reduced to a simple set of rules, there are some factors which should be considered.

The primary consideration is the ability to successfully prosecute the case before a jury.  If, in your judgment, the case cannot be proven to the satisfaction of a jury then it should not be filed.  An unprovable case wastes time and resources of those who must deal with it in our office as well as other agencies who will be affected by your filing the case.

The defendant's record and the nature of the case may cause you to file, or not file,  a case that would otherwise be handled differently.  You don't file a case on a bad defendant that can't be proven, but it may be appropriate to take a bigger chance in court with such a defendant.  Likewise in a case where the nature of the crime is more serious.  A filing decision on a misdemeanor trespass and one on a life

burglary may reach different results on the same strength of evidence.  A case where there is strong evidence may not be filed where the defendant or the crime do not warrant a prosecution.

Finally, the desires of the victims and law enforcement officers should be considered.  A weak case should not be filed just to please an insistent police officer or victim.  They don't have to sign an information or go before a jury with the case, YOU DO.  You must use your own judgment to make that decision.

You must be aware of how good your judgment is on filing decisions.  If you have lots of experience trying certain types of cases, you are in a better position that you would be if you have no experience in such cases.  If you lack experience, seek out someone who does.  Your supervisor should also be consulted in close cases if you have any doubt about your decision.  But again, don't surrender your judgment to others but use their opinion to help form your own.  If you do not agree with a decision by your supervisor on a case that you must prosecute, then discuss it with them and if you still do not agree go to your supervisor's supervisor.  No attorney should go forward on a case they do not believe in.  If you doubt the defendant's guilt, how can you convince jurors they should have no doubt?

The same considerations apply in deciding how many counts or what degree of crime to file.  Simply seeing that the elements are present is not enough.  The questions of provability and appropriateness must be answered.

Pursuant to Florida Statutes 985.557(4), the following is the policy of the State Attorney of the Fifth Judicial Circuit for filing informations in cases where juveniles are defendants.

1) In all discretionary direct file cases pursuant to 985.557(1) the decision to inform against a child in the county or circuit criminal systems shall be based upon the following considerations:

a. The aggressive, violent, premeditated, or willful manner in which the alleged offense was      committed.

b. The seriousness of the alleged offense and the protection of the community.

c. Was the alleged offense against persons or property, greater weight given to offenses against persons, especially if personal injury resulted.

d. The desirability of trial and disposition of the entire offense in one court when the child's co-defendants are adults or children to be tried as adults.

e. The sophistication and maturity of the child; size; age (how close to 18 years).

f. The record and previous history of the child.

g. The prospects for adequate protection of the public and reasonable rehabilitation of the child, by the use of procedures, services, and facilities currently available in the juvenile court.

h. Patterns of criminality and/or patterns of escalation.

i. The recommendation of the DJJ caseworker.

j. The likelihood of conviction at a trial by jury.

2) In all discretionary cases, the division supervisor shall be consulted before filing.

3) In all mandatory direct file cases pursuant to Florida Statutes 985.557(2), the statute shall be strictly followed.

4) In any case prosecuted pursuant to 985.557(2)(d) in determining if exceptional circumstances exist which preclude prosecution of the child in adult court [985.557(2)(d) (4)], the factors enumerated in paragraph 1 above shall be considered.  The Division Supervisor shall be consulted before deciding to **not** file such a case in adult court.

5) It is the policy of the State Attorney to aggressively seek adult sanction in any case in which the defendant is a threat to the public.

*Revised 6/29/09*

Effective immediately, on any case which involves the death of a human being, or any other case designated by the State Attorney and/or Chief Assistant State Attorney as a special prosecution, the State Attorney and/or Chief Assistant State Attorney shall be consulted <u>before</u> any of the following occurs:

- The filing of a no information, nol pros, a decline to file if the case has been presented with a request to file, or the refiling of an information with reduced charges;
- An agreement to allow a change of plea to anything other than "as charged" on all counts;
- An agreement to a sentence below the recommended range of guidelines;
- The hearing on any motion which could have a significant impact on the prosecution of the case;
- Trial.

Each Division Supervisor shall be responsible for seeing that this is carried out and shall implement such procedures as required to carry out this policy.