

**JACK CAMPBELL**
STATE ATTORNEY

OFFICE OF
**STATE ATTORNEY**
SECOND JUDICIAL CIRCUIT OF FLORIDA

LEON COUNTY COURTHOUSE
301 S. MONROE STREET
TALLAHASSEE, FLORIDA 32399-2550

TELEPHONE: (850) 606-6000

July 30, 2019

Dear Law Enforcement Partners,

    I have just returned from our annual Florida Prosecuting Attorney's Summer Conference where our board discussed many significant issues. One of the most pressing is that of Florida's new hemp law and how it impacts other prosecutions. This letter does NOT address medical marijuana. I agree that the issues often interrelate, but for the sake of clarity I only address the hemp issue here.

    Both Congress and the Florida Legislature have now passed laws making hemp, CBD, and other derivatives with .3 percent or less of THC, lawful. The specific definition is: "Hemp" means the plant Cannabis sativa L. and any part of that plant, including the seeds thereof, and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers thereof, whether growing or not, that has a total delta-9 tetrahydrocannabinol concentration that does not exceed 0.3 percent on a dry-weight basis." Florida Statute §581.217 (2019).

    Previously, I was present at a meeting and demonstration at the Florida Department of Agriculture on July 8, 2019 where a vendor, a Navy Seal, showed a possible presumptive test that would be able to differentiate these items. They stated they were working with AVO labs and the Broward State Attorney's Office to validate the test. I mentioned that the tests were of no use unless they were validated and that we would need expert testimony to be able to establish their scientific reliability in court.

    At the conference, I met with the Broward State Attorney's team and am sorry to report that that they were hoping that AVO was going to be able to both validate and provide the expert testimony necessary. However, they have withdrawn after it was discovered they did not have a DEA license allowing them to even possess marijuana, let alone test it. Hence, I would not recommend you invest in those tests. The current status is that we are hoping to get a presumptive test that will work in Florida, but we don't have it yet. We recommend keeping your current presumptive tests though as they will likely be needed even when the new additional presumptive test is retained.

    In addition to presumptive or roadside tests, we also will need full testing for trial. The Attorney General's Chief of Staff and General Counsel have explained the FDLE is currently looking at two possible courses to allow quantification testing of samples. Previously, we would need only qualitative testing as all forms of the cannabis plants were illegal. Now, cannabis and its extracts or derivatives are legal if it has THC concentrations below .3%.

4:22-cv-302-RH-MAF
**PLAINTIFF'S EX**
**11**

AW_Public000014
PEX 11.001

The current posture is that no public or private lab in Florida can do this dispositive testing. The Florida Department of Agriculture is unable to do so, and while there are some private labs that may want to get this business, they are not online as of now. The traditional testimony of officer's training and experience is of no use. These legal products will test positive for THC with the current presumptive test kits in use. The drug sniffing K9s that have been trained on marijuana will likely alert to these products, as they are trained to detect any amount of THC. Hemp products look and smell exactly like marijuana products.

Some municipal labs in larger jurisdictions are also trying to invest in technology that will either allow full or partial quantification. If FDLE does so, or your agency is willing to have the samples privately tested, we will consider filing these cases. I would suggest that if you are contemplating using a non-governmental lab to do your testing, please consult with us. The cost of testing may be far less than what it will cost for us to secure the expert testimony necessary to comply with Florida evidence rules. Furthermore, the lab you are using may not be capable of meeting the Daubert predicate, and if so, the evidence will be excluded. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 585, 113 S. Ct. 2786, 2792, 125 L. Ed. 2d 469 (1993).

My current hope is that the Florida Legislature, Florida Department of Agriculture, and the Florida Department of Law Enforcement will work to resolve this problem. It is clear that cannabis is still illegal, and I intend to enforce the laws as written. While this has created a practical frustration, it does not appear to be insurmountable.

Of greater concerns, are the associated issues we will face due to this status. Much of the search and seizure law hinges on either the officer's or K-9's ability to smell. This seems to now be in significant doubt. I would suggest that your officers and deputies no longer rely purely on their identification of believed cannabis. While it used to allow further detentions and seizures, case law from other jurisdictions suggest it will not be sufficient in the coming months and years.

Finally, perhaps the most egregious oversite is that of juvenile law. At present, there is no additional restriction on children possessing CBD or Hemp. It is my understanding that some shops are now making pre-rolled hemp cigarettes and are selling hemp gummies. The irony that children cannot lawfully possess tobacco but can now have hemp candies and cigarettes is astounding. I again hope that the Florida Legislature will address this problem.

To conclude, this Office will no longer be charging people with possession of cannabis absent a confession to what the substance is or testing by a lab that can meet the evidentiary standards I have laid out. We will also not be approving search warrants or other legal process based on traditional predicates where officers, or their dogs and presumptive tests, feel a substance is cannabis. I know this is a significant change in the law and would caution you in making arrests when these issues are present.

I am confident we can work through these challenges together as we have in the past. We will be lobbying the legislature to fund presumptive testing and final analytical testing, and to regulate possession by minors. Please let me know if you have any questions or concerns.

Your friend,

Jack Campbell
State Attorney
2nd Judicial Circuit