| | |
|---|---|
| OFFICE OF THE STATE ATTORNEY<br>ELEVENTH JUDICIAL CIRCUIT | KATHERINE FERNANDEZ RUNDLE<br>STATE ATTORNEY |



## INTEROFFICE MEMORANDUM

| | | | |
|---|---|---|---|
| TO: | Law Enforcement Agencies within the Eleventh Judicial Circuit of Florida | DATE: | August 5, 2019 |
| FROM: | KATHERINE FERNANDEZ RUNDLE<br>State Attorney<br>Eleventh Judicial Circuit | RE: | Marijuana Cases in the Wake of the "HEMP" Bill<br>(Senate Bill 1020) |

On June 25, 2019, Governor DeSantis signed into law Senate Bill 1020, also known as the "Hemp" Bill. This law, which has significant impact upon law enforcement, took effect on July 1, 2019.  The bill creates a state hemp program, which legalizes the possession and use of hemp.  Hemp is defined in the bill as "the plant *Cannabis sativa L.* and any part of that plant, including the seeds thereof, and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers thereof, whether growing or not, that has a total delta-9 tetrahydrocannabinol concentration that does not exceed 0.3 percent on a dry-weight basis."  See Florida Statute §581.217(3)(d).

The Bill also changes the definition of "Cannabis" in Florida Statute §893.02 such that the term "Cannabis" does not include hemp as defined in s. 581.217.

Hemp and cannabis both come from the same plant, *Cannabis sativa L.*  The only difference between hemp and cannabis is that hemp has a total delta-9 tetrahydrocannabinol (THC) concentration that does not exceed 0.3 percent.  If the THC concentration of the plant does not exceed .3 percent, then the plant is hemp, and is **legal** in Florida.  If the THC concentration of the plant does exceed .3 percent, then the plant is cannabis, and is **illegal** in Florida.

This significant change in the law will impact police and prosecutors in Florida, just as it has impacted police and prosecutors in other jurisdictions that have had similar legislation enacted.  The greatest impact will be upon probable cause determinations by police and sheriff's offices, and upon State Attorney's Offices' ability to prove beyond a reasonable doubt that a substance is cannabis, an illegal controlled substance under Florida Statute 893.02, and not hemp.

Because hemp and cannabis both come from the same plant, they look, smell, and feel the same.  There is no way to visually or microscopically distinguish one from the other.  Similarly, since hemp can be – and is - also smoked, there is no olfactory way to distinguish hemp from marijuana.  In either their raw vegetative state, or while burning, both hemp and cannabis smell the same.  Accordingly, the only way to distinguish legal hemp from illegal cannabis is through quantitative testing.

4:22-cv-302-RH-MAF
**PLAINTIFF'S EX**
**36**

AW_Public000011
PEX 36.001

A. Probable Cause Determinations

Since there is no visual or olfactory way to distinguish hemp from cannabis, the mere visual observation of suspected cannabis – or its odor alone – will no longer be sufficient to establish probable cause to believe that the substance is cannabis.

Some agencies have established what they have referred to as an "odor plus" standard for establishing probable cause. Some of the factors that may lend themselves to helping to establish probable cause include – but are not limited to – the following:

1. Information or intelligence regarding illicit activity prior to the stop
2. Knowledge of the subject's prior recent criminal history for narcotics violations
3. Observation of a hand-to-hand transaction prior to the stop
4. Admission that the substance is – in fact – illegal cannabis
5. Conflicting or nonsensical statements
6. Nervousness, such as:
    a. Sweating when it is not hot
    b. Shaking or trembling hands
    c. Avoiding eye contact
7. Furtive movements
8. Discarding, destroying, or trying to hide a substance
9. A large amount of currency
10. Currency in rubber-banded "quick count bundles"
11. Masking agents such as fabric softener, air fresheners, or coffee grinds
12. Firearms or other weapons
13. Drug paraphernalia, such as baggies, pipes, heat sealers, or scales (although legal hemp may be stored in a baggie and smoked in a pipe as well)
14. Signs of impairment on a driver (such as bloodshot, watery eyes or slurred speech)

This is a non-exhaustive list of some additional factors that may, in various combinations, lend themselves to establishing probable cause. Law enforcement officers should consider each of these factors, as well as look for other evidence of illegality, before taking any action that requires probable cause. We recommend that you consult your police legal advisor for guidance on particular factual scenarios that your officers may encounter in the field. Probable cause has always been assessed under the totality of the circumstances.

B. Prosecutions of Cannabis Offenses Since the Hemp Bill Came into Effect

In any criminal trial involving a cannabis offense, the state is required to prove beyond a reasonable doubt that the suspected substance is, in fact, illegal cannabis, and not hemp. As stated previously, since cannabis and hemp are visually and microscopically identical – and smell exactly the same – in

order to prove that the substance is cannabis the state will need to prove that the substance has a delta-9 tetrahydrocannabinol (THC) concentration that exceeds 0.3 percent on a dry weight basis. The State Attorney's Office will need a laboratory test result that indicates that, in fact, the substance is illegal cannabis – as opposed to hemp – *before* filing formal charges in a case. Due to the fact that the speedy trial period under Florida Rule of Criminal Procedure 3.191 begins to run once a defendant is arrested, officers should not make a probable cause arrest for a cannabis-related offense until obtaining a positive laboratory result. However, the officer should still impound the suspected cannabis.

The Miami-Dade Police Department Forensic Services Bureau Crime Laboratory does not currently determine the amount of THC in cannabis. The Miami-Dade Police Department is working diligently to gain the capability to perform the lab testing necessary to distinguish hemp from illegal cannabis. It is anticipated that the MDPD Crime Lab will have the ability to perform the required testing in approximately 3 to 6 months. We will send out a follow-up announcement in the future advising of when the MDPD Crime Lab is able to perform the necessary testing in house.

In the meantime, in order to successfully prosecute a cannabis offense, it will be incumbent upon the law enforcement agency to submit suspected cannabis to another DEA-licensed facility for quantitative testing. To ensure that the results of any such testing are not excluded by the Court, the particular lab testing methodology utilized must be capable of meeting the Daubert predicate. See <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Please consult your police legal advisor in this regard. The cost of any such testing will be the responsibility of the law enforcement agency who submitted the sample for testing. Additionally, any expert witness fees beyond the amounts which are authorized by Administrative Order of the Eleventh Judicial Circuit of Florida will be the responsibility of the law enforcement agency who submitted the sample for testing. The expert witness fees which are established by Administrative Order of the Eleventh Judicial Circuit of Florida are seventy-five dollars ($75.00) per hour for actual courtroom testimony, fifty dollars ($50.00) per hour for preparation prior to court appearance or deposition and related consultation with an Assistant State Attorney, and twenty-five dollars ($25.00) per hour for travel time or time waiting to testify in court.

Up until now, there was no laboratory expense involved in marijuana prosecution cases, as any necessary testimony was from the Miami-Dade Police Department Forensic Services Bureau Crime Laboratory personnel. Since every marijuana case will now require an expert, and necessitate a significant expenditure by the State of Florida, barring exceptional circumstances on a particular case, we will not be prosecuting misdemeanor marijuana possession cases.