**Weisman, Gary S.**

| | |
|---|---|
| **From:** | Warren, Andrew H. |
| **Sent:** | Thursday, June 02, 2022 2:22 PM |
| **To:** | Weisman, Gary S. |
| **Subject:** | FW: Joint statement concerning criminalizing abortion after Dobbs – Reply by May 20, 2022 |
| **Attachments:** | Abortion Statement Post Dobbs 5-10-22.pdf |

**From:** Warren, Andrew H.
**Sent:** Monday, May 16, 2022 12:53 PM
**To:** Teuber, Jordan B. <Teuber_J@sao13th.com>
**Cc:** SnowWaxler, Melanie <SnowWaxler_M@SAO13th.com>; Weisman, Gary S. <Weisman_G@SAO13th.com>
**Subject:** Re: Joint statement concerning criminalizing abortion after Dobbs – Reply by May 20, 2022

I did sign on.

Andrew H. Warren
State Attorney
Thirteenth Judicial Circuit
419 N. Pierce Street
Tampa, Florida 33602
(813) 274-1900
Warren_A@sao13th.com
www.sao13th.com

On May 16, 2022, at 11:23 AM, Teuber, Jordan B. <Teuber_J@sao13th.com> wrote:




Reminder if you plan to sign on.

JT

**From:** Miriam Krinsky <mkrinsky@fairandjustprosecution.org>
**Sent:** Tuesday, May 10, 2022 1:42 PM
**To:** Miriam Krinsky <mkrinsky@fairandjustprosecution.org>
**Cc:** Estela Dimas <edimas@fairandjustprosecution.org>; Cameron DeChalus <cdechalus@fairandjustprosecution.org>; Brendan Lyman <blyman@fairandjustprosecution.org>; Edda Fransdottir <efransdottir@fairandjustprosecution.org>; Rosemary Nidiry <rnidiry@fairandjustprosecution.org>
**Subject:** Joint statement concerning criminalizing abortion after Dobbs – Reply by May 20, 2022

All:

I am reaching out in the hope that you will consider joining the attached joint statement that relates to the criminalization of abortion. This statement echoes concerns that nearly 70 elected prosecutors set forth in





a joint statement issued in October 2020 (before many of you were in office), and also includes arguments that nearly 100 criminal justice leaders (current and former elected prosecutors as well as law enforcement leaders and former DOJ officials, including many of you) embraced in the amicus brief filed in the *Dobbs* case.

As you know, a leaked draft U.S. Supreme Court decision in *Dobbs v. Jackson Women's Health Organization* was published by media outlets last week. In the leaked draft, the majority of the Court seems poised to overturn *Roe v. Wade*, gutting nearly 50 years of privacy and reproductive rights recognized by *Roe* and affirmed by *Planned Parenthood v. Casey*. While the opinion in *Dobbs* is not yet final, we feel it is important to be prepared to act *immediately* when it is issued. Several states have trigger laws that will ban abortion when any opinion overturning *Roe* is issued, and other state legislatures are considering draconian and deeply troubling laws criminalizing abortion, including as homicide. This joint statement is one that we would plan to put out as soon as any decision in *Dobbs* issues, assuming that decision does in fact overturn *Roe v. Wade*.

As the statement notes, we may not all agree on a personal or moral level on abortion, but the very real threat of criminalizing women and their health care providers for exercising deeply personal medical decisions – and using limited prosecutorial resources to pursue these cases – is in tension with the obligation of elected prosecutors to protect the well-being, health, and safety of all members of the community. We are hoping that you will lend your voice to this important issue and commit to not using your offices' resources to prosecute those who seek, provide, or support abortions.

The near-final draft statement is attached; we hope you will consider joining with other elected colleagues around the nation on this important issue. As always, some minor nonsubstantive changes to the draft may be made in the final editing process. We ask that you keep the near-final draft, and this email, *confidential* and not share either of these with others until the statement is released. If you are interested in joining the statement, please let us know by May 20, 2022. If you are willing to join on, please email me and also copy in FJP staff cc'd on this email - Cam, Edda, Brendan, and Estela – with your response.

As always, we are incredibly grateful for your willingness to speak out on these and other timely and vitally important issues.

Best wishes,
Miriam and the FJP Team

**Miriam Aroni Krinsky**

Founder and Executive Director

Fair and Just Prosecution

Email: krinskym@krinsky.la

Cell: (818) 416 5218




*Stay connected to FJP by visiting our website, signing up for our latest news and updates, and following us on Facebook and Twitter.*




**JOINT STATEMENT FROM ELECTED PROSECUTORS**
***** 2022**

We are a bipartisan group of elected prosecutors representing communities across every region of the country. Over the past few years, we have watched with increasing concern as the constitutional right to abortion has been threatened and eroded. Now, the Supreme Court's decision to end the federally protected constitutional right to abortion first established five decades ago in *Roe v. Wade* — a right that three generations of Americans have come of age relying upon — means that abortions will immediately or soon be banned, and potentially criminalized, in at least half of our nation's states.[1] As elected prosecutors, ministers of justice, and leaders in our communities, we cannot stand by and allow members of our community to live in fear of the ramifications of this deeply troubling decision.

Not all of us agree on a personal or moral level on the issue of abortion. But we stand together in our firm belief that prosecutors have a responsibility to refrain from using limited criminal legal system resources to criminalize personal medical decisions. We commit unequivocally to not use our offices' resources to prosecute those who seek, provide, or support abortions.

Prosecutors are entrusted with immense discretion. With this discretion comes the obligation to seek justice. And at the heart of the pursuit of justice is the furtherance of policies and practices that protect the well-being and safety of *all* members of our community.

Prosecutors make decisions every day about how to allocate limited resources and which cases to prosecute. Indeed, our communities have entrusted us to use our best judgment in deciding how and if to leverage the criminal legal system to further the safety and well-being of all, and we are ethically bound to pursue those interests in every case.

Enforcing abortion bans runs counter to the obligations and interests we are sworn to uphold. It will erode trust in the legal system, hinder our ability to hold perpetrators accountable, take resources away from the enforcement of serious crime, and inevitably lead to the retraumatization and criminalization of victims of sexual violence.

Criminalizing abortion will not end abortion; it will simply end *safe* abortions, forcing the most vulnerable among us — as well as medical providers — to make impossible decisions. Abortion

---

[1] Guttmacher Institute, "26 States Are Certain or Likely to Ban Abortion Without Roe: Here's Which Ones and Why," October 28, 2021 guttmacher.org/article/2021/10/26-states-are-certain-or-likely-ban-abortion-without-roe-heres-which-ones-and-why

bans will isolate people from the law enforcement, medical, and social resources they need. When individuals know that they or someone they love could be investigated and prosecuted for having an abortion, they are far less likely to call for help in the event of an emergency. Prosecutors, police, and our medical partners cannot do our jobs when many victims and witnesses of crime or other emergencies are unwilling to work with us for fear that their private medical decisions will be criminalized.

Our criminal legal system is already overburdened. As elected prosecutors, we have a responsibility to ensure that these limited resources are focused on efforts to prevent and address serious crimes, rather than enforcing abortion bans that divide our community, create untenable choices for patients and healthcare providers, and erode trust in the justice system. Enforcing abortion bans would mean taking time, effort, and resources away from the prosecution of the most serious crimes — conduct that truly impacts public safety.

Abortion bans will also disproportionately harm victims of sexual abuse, rape, incest, human trafficking, and domestic violence.[2] Over the past several decades, law enforcement has rightly worked to adopt evidence-based, trauma-informed approaches that recognize that not all victims of such crimes are able or willing to immediately report, and that delays in reporting or a reticence to report are consistent with the experience of trauma.[3] As prosecutors, we also know that the process of reporting can be retraumatizing for many survivors.[4]

We are horrified that some states have failed to carve out exceptions for victims of sexual violence and incest in their abortion restrictions; this is unconscionable. And, even where such exceptions do exist, abortion bans still threaten the autonomy, dignity, and safety of survivors, forcing them to choose between reporting their abuse or being connected to their abuser for life. Laws that revictimize and retraumatize victims go against our obligation as prosecutors to protect and seek justice on behalf of all members of our community, including those who are often the most vulnerable and least empowered. Our obligation to exercise our discretion wisely requires us to focus prosecutorial resources on the child molester or rapist, not on prosecuting the victim or the healthcare professionals who provide that victim with needed care and treatment.

---

[2] Starre Vartan, "The Lifelong Consequences of Rape," Pacific Standard, Jun. 14, 2017, *available at* https://psmag.com/social-justice/lifelong-consequences-rape-96056.

[3] Robert Muller, "Rape Victims' Reactions Misunderstood by Law Enforcement," Psychology Today, Jan. 11, 2019, *available at* https://www.psychologytoday.com/us/blog/talking-about-trauma/201801/rape-victims-reactions-misunderstood-law-enforcement.

[4] Office on Violence Against Women, "The Importance of Understanding Trauma-Informed Care and Self-Care for Victim Service Providers," U.S. Department of Justice, July 30, 2014, *available at* https://www.justice.gov/archives/ovw/blog/importance-understanding-trauma-informed-care-and-self-care-victim-service-providers.

Keeping communities safe inherently requires promoting trust and faith in the integrity of the rule of law.[5] To best promote public safety, prosecutors must be perceived by their communities as trustworthy, legitimate, and fair — values that would be undermined by the enforcement of laws that criminalize deeply personal decisions, harm those most in need of our help, and force unnecessarily difficult and traumatizing decisions on many in our community.

As elected prosecutors, when we stand in court we have the privilege and obligation to represent the people. All members of our communities are our clients – they elected us to represent them and we are bound to fight for them as we carry out our obligation to pursue justice. Our legislatures may decide to criminalize personal healthcare decisions, but *we* remain obligated to prosecute only those cases that serve the interests of justice and the people.

Criminalizing and prosecuting individuals who seek or provide abortion care makes a mockery of justice; we refuse to be part of that.

Respectfully,

*****Additional elected prosecutors interested in joining the statement should contact FJP Executive Director Miriam Krinsky at mkrinsky@fairandjustprosecution.org to be added.***

[5] Yucel Ors, "6 Essential Tenets for Effective Community Policing," National League of Cities, March 21, 2016, *available at* http://www.nlc.org/article/6-essential-tenets-for-effective-community-policing.