# Weisman, Gary S.

| | |
|---|---|
| **From:** | Warren, Andrew H. |
| **Sent:** | Wednesday, January 19, 2022 1:45 PM |
| **To:** | !Executive Committee |
| **Subject:** | Pedestrian & Bike Stop Policy |
| **Attachments:** | SAO Pedestrian and Bicycle Violation Stop Policy .pdf |

I noticed some confusing language in the "final" version that was circulated office-wide. I made a couple minor changes. Here is the revised. No need to send to the whole office, but we should use this version going forward for manual, training, distribution, etc.

ANDREW H. WARREN
State Attorney
Thirteenth Judicial Circuit
419 N. Pierce Street
Tampa, Florida 33602
(813) 274-1900
Warren_A@sao13th.com
www.sao13th.com
@SAO13th| Facebook |Twitter | YouTube

1



Weisman000119
PEX 99.001



## State Attorney

**ANDREW H. WARREN**
Thirteenth Judicial Circuit
419 N. Pierce Street
Tampa, Florida 33602-4022
(813) 272-5400

*Policy Regarding Prosecution of Cases Based on Pedestrian and Bicycle Violations*

*Background*

In October 2020, our office partnered with community representatives to form the Racial Justice Work Group. The Work Group was tasked with identifying areas where the implementation of new initiatives or processes could address issues of racial disparity as part of our agency's mission to improve public safety while ensuring justice and fairness for our citizens. Since October 2020, the Work Group has held regular meeting to discuss specific prosecutorial issues, analyze criminal justice data, and examine actual cases, resulting in a series of policy proposals for consideration by our office.

One such proposal is to evaluate racial disparities in cases of resisting a law enforcement without violence or the threat of violence, a misdemeanor. Our office asked researchers at Florida International University's Center for the Administration of Justice to review data regarding this category of crime. Using data from 2017-2019, FIU researchers found that Black defendants are overrepresented in resisting arrest without violence cases compared with all misdemeanors in general. During that period, Black defendants constitute approximately 33.6% of all misdemeanor defendants but 49.2% of all resisting without violence defendants.

In reviewing this category of cases, an area of focus that has emerged involves a subset of cases involving bicycle and pedestrian stops where the only charge resulting from the stop is resisting arrest without violence. Of the resisting arrest without violence cases referred to our office in which a bicycle or pedestrian violation was the reason for the initial contact, 71% involved Black defendants.[1]

Bicycle and pedestrian stops can be a legal and legitimate law enforcement tool to promote community safety, particularly in high crime areas. In many instances, however, bicycle and pedestrian stops have limited public safety benefits, especially because arrests resulting from such stops are predominantly for non-violent, low-level offenses. Furthermore, actual or even perceived racial disparities in the use of bicycle and pedestrian stops undermine trust within the communities that law enforcement serves.

Our analysis reveals that bicycle and pedestrian stops disproportionately burden Black citizens of Hillsborough County. To address this disparity, as well as to address inconsistencies in how cases resulting from these stops are prosecuted, and to ensure that prosecutorial resources are focused on crimes that pose a demonstrable public safety threat, it is necessary to memorialize our

---

[1] This review was limited to the 2019 data, which was the most recent calendar year of data not skewed by the impact of the pandemic. The most common reason for a stop/contact was the execution of a warrant on the defendant, followed by a criminal or crash investigation, impeding the investigation or execution of a warrant of another, or a bicycle stop.

Weisman000120
**PEX 99.002**

prosecution policy concerning charges arising out of stops based upon pedestrian or bicycle violations.

<u>Filing Policy Regarding Cases Based Upon Bicycle or Pedestrian Violations</u>

For any case referred to our office arising out of a stop exclusively for a bicycle or pedestrian violation, there is a presumption that our office will not file charges against the defendant. This policy is based on our determination that prosecuting offenses resulting from such stops has a limited impact on public safety (as most such offenses are low-level, non-violent) and has a disparate impact on Black bicyclists and pedestrians. It is not a finding or determination concerning the reasonable suspicion or probable cause necessary to conduct a bicycle or pedestrian stop, and we continue to recognize that bicycle and pedestrian violations are a valid law enforcement instrument under the appropriate circumstances. For purposes of data collection, decisions not to proceed with prosecution based on this policy should be documented with the appropriate no file code (no file code 93: Based on SAO Pedestrian/Bicycle Stop Policy).

If, based on the facts and circumstances of the case, the public safety needs of the community outweigh the presumption to not file the case, the charge may be filed with the approval of a supervisor. The reason for the exception and the supervisor's approval is to be documented in the file. This exception should be reserved for cases that pose a direct threat to public safety, such as where an individual has suffered physical harm or where a firearm is involved.

This policy applies only to arrests where the initial encounter between law enforcement and the defendant results from a non-criminal violation in connection with riding a bicycle or a pedestrian violation. This policy does not apply to arrests that arise out of a criminal violation independent from the bicycle or pedestrian stop, even if the defendant is ultimately apprehended while riding a bicycle or violating pedestrian laws.