# STATE OF FLORIDA

### OFFICE OF THE GOVERNOR
### EXECUTIVE ORDER NUMBER 22-XX

(Executive Order of Suspension)

**WHEREAS**, Article IV of the Florida Constitution vests the State's supreme executive power in the Governor and requires the Governor to take care that the laws of Florida are faithfully executed. *See* Art. IV, §~~section~~ 1(a), Fla. Const.; and

> **Commented [LA1]:** Using the section symbol ("§") for **stand-alone** citations to the Florida Constitution is required by the Florida Rules of Appellate Procedure, 9.800, and the Florida Style Manual.
>
> https://rules.floridaappellate.com/rule-9-800/
>
> https://www.floridabar.org/the-florida-bar-journal/citation-form-keeping-up-with-the-times/
>
> https://www.floridastylemanual.com/7-florida-constutitional-materials-1

**WHEREAS**, in furtherance of the Governor's executive responsibility, the Governor may suspend from office any state officer not subject to impeachment for that officer's malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform official duties, or commission of a felony. *See* Art. IV, §~~section~~ 7(a), Fla. Const.; and

**WHEREAS**, "neglect of duty" has reference to "the neglect or failure on the part of a public officer to do and perform some duty or duties laid on him as such by virtue of his office or which is required of him by law." *Israel v. DeS~~s~~antis*, 269 So. 3d 491, 496 (Fla. 2019) (quoting *State ex rel. Hardie v. Coleman*, 155 So. 129, 132 (Fla. 1934)). "It is not material whether the neglect be willful, through malice, ignorance, or oversight." *Id.*; and

**WHEREAS**, "incompetence" may arise from "gross ignorance of official duties or gross carelessness in the discharge of them," or from "lack of judgment and discretion." *Id.* (quoting *Coleman*, 155 So. at 133; and

**WHEREAS**, state attorneys are state officers constitutionally elected to serve as the prosecuting officers of all trial courts within each judicial circuit. *See* Art. V, §~~section~~ 17, Fla. Const.; and

4:22-cv-302-RH-MAF

**JOINT EX**

**22**

DEF 001406

**JEX 22.001**

**WHEREAS**, with respect to the prosecution of crimes in general, "the State acts exclusively through the offices of the state attorneys." *Cook v. State*, 921 So. 2d 631, 644 (Fla. 2d DCA 2005); and

**WHEREAS**, state attorneys are not subject to impeachment, *see* Art. III, § 17, Fla. Const., and thus are eligible for suspension by the Governor and removal by the Senate, *see* Art. IV, § 7(a), (b), Fla. Const.; and

**WHEREAS**, even though state attorneys have complete discretion in making the decision to prosecute a particular defendant, *Cleveland v. State*, 417 So. 2d 653, 654 (Fla. 1982), prosecutorial discretion requires a state attorney to make "case-specific" and "individualized" determinations as to whether the facts warrant prosecution. *Ayala v. Scott*, 224 So. 3d 755, 758-59 (Fla. 2017); and

**WHEREAS**, a state attorney's "blanket refusal" to enforce a criminal law is not an exercise of prosecutorial discretion but is "tantamount to a 'functional[] veto' of state law." *Id.* at 758 (discussing *Johnson v. Pataki*, 691 N.E.2d 1002, 1007 (N.Y. 1997)); and

**WHEREAS**, a state attorney's policy to "knowingly permit" criminal activity and "prefer no charges" constitutes "neglect of duty" under the Florida Constitution. *See State ex rel. Hardee v. Allen*, 172 So. 222, 223-24 (Fla. 1937) (concluding that the Governor's suspension of a Tampa prosecutor for "neglect of duty" was sufficiently based on the prosecutor's alleged unwillingness to prosecute gambling offenses); and

**WHEREAS**, a state attorney who contends that prosecutorial discretion may be used to disregard entire criminal laws demonstrates incompetence and gross ignorance of a state attorney's official duties to exercise discretion only on a "case-by-case" and "individualized" basis. *See*

2

*Ayala*, 224 So. 3d at 759 (a state attorney's erroneous application of prosecutorial discretion "embodies, at best, a misunderstanding of Florida law"); and

**WHEREAS**, Andrew Warren is the State Attorney for the 13th Judicial Circuit of the State of Florida (hereafter, "Warren").

**WHEREAS**, Warren demonstrated his incompetence and willful defiance of his duties as a state attorney as early as June 2021, when he signed a "Joint Statement" with other elected prosecutors in support of gender-transition treatments for children and bathroom usage based on gender identity (attached hereto as Exhibit "A"). The statement read:

> "[W]e pledge to use our discretion and not promote the criminalization of gender-affirming healthcare or transgender people."

and

> "Bills that criminalize safe and crucial medical treatments or the mere public existence of trans people do not promote public safety, community trust, or fiscal responsibility. They serve no legitimate purpose. As such, we pledge to use our settled discretion and limited resources on enforcement of laws that will not erode the safety and well-being of our community. And we do not support the use of scarce criminal justice and law enforcement resources on criminalization of doctors who offer medically necessary, safe, gender-affirming care to trans youth, parents who safeguard their child's health and wellbeing by seeking out such treatments, or any individuals who use facilities aligned with their gender identity."

and

> "We are committed to ending this deeply disturbing and destructive criminalization of gender-affirming healthcare and transgender people."

**WHEREAS**, although the Florida Legislature has not enacted such criminal laws, these statements prove that Warren thinks he has authority to defy the Florida Legislature and nullify in his jurisdiction criminal laws with which he disagrees; and

**WHEREAS**, Warren has now put this fundamentally flawed and lawless understanding of his duties as a state attorney into practice by openly avowing not to enforce criminal laws enacted

3

DEF 001408

**JEX 22.003**

by the Florida Legislature that prohibit providers from performing certain abortions to protect the lives of unborn children; and

**WHEREAS**, the Florida criminal ~~law~~ code generally prohibits physicians from performing an abortion during the third trimester or after a fetus achieves viability. *See* §§ 390.0111, 390.0111 2, Fla. Stat. (2022~~1~~); and

**WHEREAS**, on March 3, 2022, the Florida Legislature passed House Bill 5 ("HB 5"), entitled "Reducing Fetal and Infant Mortality," which prohibits a physician from performing an abortion after a fetus reaches the gestational age of 15 weeks, with certain exceptions; and

**WHEREAS**, I signed HB 5 on April 14, 2022, it took effect on July 1, 2022, and it remains in full force and effect, *see State v. Planned Parenthood of Sw. & Cent. Fla.*, No. 1D22-2034, 2022 WL 2865900 (Fla. 1st DCA July 21, 2022) (declining to vacate automatic stay of preliminary injunction against HB 5); and

**WHEREAS**, a violation of Florida's criminal law against abortion continues to be a felony of the third degree, punishable by imprisonment of up to five years and monetary penalties. *See* §§ 390.0111(10)(a), 775.082(3)(e), and 775.083(1)(c), Fla. Stat.; and

**WHEREAS**, Florida's criminal ~~law~~ code also prohibits partial-birth abortions, which are classified as second degree felonies and punishable by imprisonment of up to fifteen years and monetary penalties. *See* §§ 782.34, 775.082(3)(d), and 775.083(1)(b), Fla. Stat.; and

> **Commented [LA2]:** "15"?

**WHEREAS**, on June 24, 2022, the Supreme Court of the United States overturned *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833 (1992), reaffirming that states may prohibit abortion through criminal laws passed by their elected representatives. *See Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022); and

DEF 001409

**JEX 22.004**

**WHEREAS**, Warren publicly proclaimed in writing that he will not prosecute individuals who provide abortions in violation of Florida's criminal laws to protect the life of the unborn child. Specifically, Warren signed another "Joint Statement" dated June 24, 2022, and updated on July 25, 2022, with other elected prosecutors (attached hereto as Exhibit "B"), which stated:

"Criminalizing and prosecuting individuals who seek or provide abortion makes a mockery of justice; prosecutors should not be part of that."

and

"Enforcing abortion bans runs counter to the obligations and interests we are sworn to uphold."

and

"As such, we [the undersigned prosecutors] decline to use our offices' resources to criminalize reproductive health decisions and commit to exercise our well-settled discretion and refrain from prosecuting those who seek, provide, or support abortions."

and

"Our legislatures may decide to criminalize personal healthcare decisions, but *we* remain obligated to prosecute only those cases that serve the interests of justice and the people."

**WHEREAS**, Warren is the only state attorney in Florida that signed this statement, and he signed this statement in his official capacity as the "State Attorney, 13th Judicial Circuit (Tampa), Florida;" and

**WHEREAS**, Warren has thus clearly, unequivocally, and publicly declared that his office will not prosecute violations of criminal laws that prohibit providers from performing certain abortions to protect the life of the unborn child; and

**WHEREAS**, the "Joint Statement" defines abortion as "a personal choice made by a pregnant person to terminate a pregnancy" and thus applies to any abortions, including late-term and partial-birth abortions; and

DEF 001410

**JEX 22.005**

**WHEREAS**, Warren's declared intent in the "Joint Statement" not to prosecute abortion crimes to achieve their purpose of protecting the lives of unborn children encourages not only the abortions recently prohibited by HB 5, but also late-term and partial-birth abortions that have long been banned under Florida's criminal ~~law~~code; and

**WHEREAS**, Warren has effectively nullified these Florida criminal laws in the 13th Judicial Circuit, thereby eroding the rule of law, encouraging lawlessness, and usurping the exclusive role of the Florida Legislature to define criminal conduct.  *See* Ex. B ("Our legislatures may decide to criminalize personal healthcare decisions, but *we* remain obligated to prosecute only those cases that serve the interests of justice and the people.  Criminalizing and prosecuting individuals who seek or provide abortion care makes a mockery of justice; prosecutors should not be part of that."); and

**WHEREAS**, in light of the strident representations of non-enforcement and open defiance of the Florida Legislature evident in the "Joint Statement," there is no reason to believe that Warren will faithfully enforce the abortion laws of this State and properly exercise his prosecutorial discretion on a "case-specific" and "individualized" basis; and

**WHEREAS**, Warren's declared refusal to prosecute abortion cases is alone sufficient to justify his suspension and removal for neglect of duty and incompetence; nevertheless, he has similarly instituted a policy of presumptive non-enforcement for other criminal violations, including trespassing at a business location, disorderly conduct, disorderly intoxication, and prostitution; and

**WHEREAS**, in addition, Warren has established a presumption against prosecuting crimes where the initial encounter between law enforcement and the defendant results from a non-criminal violation in connection with riding a bicycle or a pedestrian violation.  This presumption of non-

DEF 001411

**JEX 22.006**

prosecution applies even to crimes of misdemeanor resisting arrest without violence—for example, fleeing from a law enforcement officer.  The only exception to the policy is where there is a direct threat to public safety, such as where an individual has suffered physical harm or where a firearm is involved; and

> **Commented [LA3]:** Consider omitting "direct threat to public safety" so we are not adopting or validating his flawed framing that everything besides "physical harm" and a "firearm" is *not* a "direct threat to public safety."
>
> We would say otherwise for a plethora of situations excluded from Warren's definition, such as mere possession of fentanyl.

**WHEREAS**, Warren's policies of presumptive non-enforcement are not a proper exercise of prosecutorial discretion because they do not require "case-specific" and "individualized" determinations as to whether the facts warrant prosecution but instead are based on categorical exclusions of otherwise criminal conduct that is tantamount to rewriting the Florida criminal code; and

**WHEREAS**, such policies have the effect of usurping the province of the Florida Legislature to define criminal conduct as well as the duties of other law enforcement officials in Hillsborough County to faithfully enforce violations of the criminal ~~law~~code; and

> **Commented [LA4]:** or "Florida law"

**WHEREAS**, Warren's avowed refusal to enforce certain criminal laws on a non-individualized, category-wide basis of his choosing is a neglect of duty in violation of his oath of office to faithfully perform his duties as State Attorney for the 13th Judicial Circuit; and

**WHEREAS**, Warren's neglect of duty is willful and intended to be a "functional veto" on the policies of the Florida Legislature; and

**WHEREAS**, Warren's neglect of duty is not excused by prosecutorial discretion, because his blanket policies ensure that he will exercise no discretion at all in entire categories of criminal cases; and

**WHEREAS**, Warren's public proclamations of non-enforcement further demonstrate his incompetence and lack of judgment arising from his gross ignorance of his official duties to faithfully enforce criminal laws and to exercise discretion only on a case-by-case basis; and

DEF 001412

**JEX 22.007**

~~**WHEREAS**, Warren's policies have likely contributed to a steady decline in the number of cases that his office has filed during his tenure as state attorney: 50,683 cases in 2017; 47,614 cases in 2018; 46,353 cases in 2019; 35,119 cases in 2020; and 36,354 cases in 2021; and~~

~~**WHEREAS**, this decline includes felony cases (12,757 cases in 2017; 13,167 cases in 2018; 12,479 cases in 2019; 10,576 cases in 2020; and 10,902 cases in 2021) and misdemeanor cases (11,746 cases in 2017; 11,054 cases in 2018; 11,284 cases in 2019; 8,466 cases in 2020; and 8,667 cases in 2021); and~~

**WHEREAS**, the reduction in cases has occurred notwithstanding that the number of violent crimes referred for prosecution by law enforcement has remained steady, if not increased slightly, during Warren's tenure, and notwithstanding that the violent crime rate in Hillsborough county has increased since 2019; and

**WHEREAS**, it is my duty as Governor to take care that the laws are faithfully executed by ensuring that all criminal violations remain eligible for prosecution throughout the State of Florida; and

**WHEREAS**, as a result of his open and notorious repudiation and nullification of Florida law, as well as his blatant defiance of the Florida Legislature, Warren can no longer be trusted to fulfill his oath of office and his duty to see that Florida law is faithfully executed; and

**WHEREAS**, it is in the best interests of the residents of the 13th Judicial Circuit that they immediately have a new state attorney who will faithfully execute ~~the~~ Florida's criminal laws [Commented [LA5]: or "criminal code"] and exercise prosecutorial discretion to do justice on a case-by-case, fact-specific basis in accordance with Florida law; and

8

**NOW, THEREFORE, I, RON DESANTIS**, Governor of Florida, pursuant to the Constitution and the laws of the State of Florida, do hereby find, and for the purposes of Article IV, section 7, of the Florida Constitution, determine as follows:

A.) Andrew Warren is, and at all material times was, the State Attorney for the 13th Judicial Circuit of Florida.

B.) The office of the state attorney is within the purview of the suspension powers of the Governor, pursuant to Article IV, section 7, of the Florida Constitution.

C.) The actions and omissions of Andrew Warren as referenced above constitute "neglect of duty" and "incompetence" for the purposes of Article IV, section 7, of the Florida Constitution.

D.) If, after execution of this suspension, additional facts are discovered that illustrate further neglect of duty, incompetence, or other constitutional grounds for suspension of Andrew Warren, this Executive Order may be amended to allege those additional facts.

**BEING FULLY ADVISED** in the premises, and in accordance with the Constitution and the laws of the State of Florida, this Executive Order is issued, effective immediately:

Section 1.   Andrew Warren is hereby suspended from the public office that he now holds, to wit: State Attorney for the 13th Judicial Circuit of Florida.

Section 2.   Andrew Warren is hereby prohibited from performing any official act, duty, or function of public office; from receiving any pay or allowance; from being entitled to any of the emoluments or privileges of public office during the period of this suspension, which period shall be from the effective date hereof, until a further executive order is issued, or as otherwise provided by law.

DEF 001414

**JEX 22.009**

Section 3.  As of the signing of this executive order, the Hillsborough County Sheriff's Office, assisted by other law enforcement agencies as necessary, is requested to: (i) assist in the immediate transition of Andrew Warren from the Office of the State Attorney for the 13th Judicial Circuit of Florida, with access only to retrieve his personal belongings; and (ii) ensure that no files, papers, documents, notes, records, computers, or removable storage media are removed from the Office of the State Attorney for the 13th Judicial Circuit of Florida by Andrew Warren or any of his staff.

Section 4 3.  The Honorable Susan Lopez, County Court Judge of the Thirteenth Judicial Circuit in and for Hillsborough County, is hereby appointed forthwith to fill the position of State Attorney for the 13th Judicial Circuit of Florida in accordance with Article IV, section 7, subsection (a) of the Florida Constitution.

> **Commented [LA6]:** Based on the Florida Style Manual.
>
> https://www.floridastylemanual.com/7-florida-constutitional-materials-1
>
> The manual also recommends using a lowercase "a" for in-text spelling of "article" but not a big deal for styling an EO.

> **Commented [LA7]:** Based on the Florida Style Manual.
>
> https://www.floridastylemanual.com/7-florida-constutitional-materials-1
>
> The manual also recommends a

IN TESTIMONY WHEREOF, I have hereunto set my hand and have caused the Great Seal of the State of Florida to be affixed at the Capital, Tallahassee, Florida, this 4th day of August, 2022.

_____
RON DESANTIS, GOVERNOR

ATTEST:

_____
SECRETARY OF STATE

DEF 001415

JEX 22.010

**PROPOSED LANGUAGE (TONY AND ANTHONY)**

**WHEREAS,** Florida's abortion laws have the purpose and effect of regulating and imposing criminal penalties on the actual performers of unlawful abortions rather than the recipients; and

NOTE: The language of "Florida's abortion laws" facially excludes the general criminal attempt, conspiracy, and solicitation statute of concern.

**Partial-Birth Abortion Descriptions:**

Sen. Ted Cruz, *One Vote Away*:

"partial-birth abortion is a late-term procedure in which the physician partially delivers the unborn child and then, with the infant's head still in the mother's womb, uses scissors and forceps to pierce the skull and end the life of the child."

DEF 001416

**JEX 22.011**