| | |
|---|---|
| **From**: | Miriam Krinsky [krinskym@krinsky.la] |
| **Sent**: | 10/13/2020 12:29:29 AM |
| **To**: | Andrew Warren (warren_a@sao13th.com) [warren_a@sao13th.com] |
| **Subject**: | FW: Joint Statement on Criminalizing Abortion and Personal Health Care Decisions – FINALZING THIS IN THE MORNING! |
| **Attachments**: | Joint Statement from Elected Prosecutors on Abortion Laws_NEW Sign-On Letter FINAL.pdf |
| **Importance**: | High |

Andrew:

I hope you managed a bit of a break and restful day off today! I'm following up on this to see if you're game to join this statement speaking out about the importance of not criminalizing personal healthcare/reproductive decisions. We are finalizing this tomorrow/Tuesday morning. Love to have you join. Let us know if you're a go!

**Miriam Aroni Krinsky**
Founder and Executive Director
Fair and Just Prosecution
Email: krinskym@krinsky.la
Cell: (818) 416 5218



*Stay connected to FJP by visiting our website, signing up for our latest news and updates, and following us on Facebook and Twitter.*

---

**From:** Miriam Krinsky <mkrinsky@fairandjustprosecution.org>
**Sent:** Thursday, October 8, 2020 4:19 PM
**To:** Miriam Krinsky <mkrinsky@fairandjustprosecution.org>
**Cc:** Hannah Raskin-Gross <hraskingross@fairandjustprosecution.org>; Meghan Nayak <mnayak@fairandjustprosecution.org>; John Butler <jbutler@fairandjustprosecution.org>; Rosemary Nidiry <rnidiry@fairandjustprosecution.org>; Laila Robbins <lrobbins@fairandjustprosecution.org>
**Subject:** Joint Statement on Criminalizing Abortion and Personal Health Care Decisions – REPLY REQUESTED BY NOON ET Monday, October 12th

All,

Last year, over 40 elected prosecutors signed on to a joint statement pledging, in response to recent state laws, to not criminalize abortion and healthcare treatment that effectuates these decisions. Based on recent developments and renewed attention to these issues – including the enactment of even more state laws that seek to impose criminal penalties for personal health decisions, as well as a likely Supreme Court confirmation process that will put a focus on this topic – we have decided to issue this statement anew in an updated form and with the opportunity for more elected prosecutors to join on. We write to ask you to add your voice to this important issue and by joining the attached Joint Statement.

**Background**

Over the past two years, states across the nation have passed laws criminalizing abortions. Under some of these laws, doctors and/or patients could face criminal prosecution and sanctions based on personal healthcare choices that have been lawful under Supreme Court precedent for almost a half century. Alarmingly, a potential new balance on the Supreme Court threatens to upend this established precedent and cast doubt on a woman's right to make personal health care

DEFENDANT EX 1    SAO13_0041505  DEX 1.001

decisions. This potential shift – and the growing number of state laws that seek to seize on this uncertainty – necessarily implicates prosecutorial discretion. Although women's private healthcare decisions are not typically the realm of FJP or prosecutors – nor is this issue one where I expect all of the prosecutors we interact with are of one mind on a philosophical, religious, or personal level – the increasing collection of state law that create punitive consequences for these decisions have sadly pushed this topic into the criminal justice arena.

Recently, Davidson County (Nashville), TN District Attorney Glenn Funk filed a declaration in *Planned Parenthood v. Slatery*, (M.D, TN), in which he stated that his office would not prosecute the exercise of reproductive rights. DA Funk explained: "[w]ith regard to reproductive issues, the criminal law must not be used by the State to exercise control over a woman's body." This thoughtful and courageous statement underscores the role prosecutors can play in protecting the rights of women to make personal healthcare decisions privately, and without the looming threat of criminal prosecution of them or others (including medical professionals) who assist them in effectuating these decisions.

**The Joint Statement**

The joint statement highlights recent legislation that not only seeks to criminalize abortion and the actions of women as well as healthcare providers, but also would require doctors to share misinformation with patients that isn't supported by credible science, thereby eroding trust between patients and their medical care providers. The statement underscores the importance of not criminalizing these personal healthcare choices and recounts the view of the many elected prosecutors who signed on to it that "resources are better utilized to prevent and address serious crimes that impact our community rather than enforcing laws such as these that divide our community, create untenable choices for women and healthcare providers, and erode trust in the justice system."

In this time of crisis, when so many in our community are grappling with the challenges of a pandemic, economic downturn, and tremendous uncertainty, elected prosecutors have the opportunity to offer peace of mind to women and healthcare professionals who might otherwise be placed in the untenable position of choosing between the exercise of personal healthcare choices and the threat of criminal prosecution. Our thanks for your willingness to consider joining your elected colleagues around the nation in speaking out on this vitally important topic.

If you would like to add your voice to this statement, please reply to me, Hannah Raskin-Gross, and Meghan Nayak (cc'd) by **_noon ET this Monday, October 12th_**. Please let us know if you are aware of other elected prosecutors you believe might be inclined to join this statement; you can also feel free to confidentially share this email and the statement with them. Note that, as always, the statement may undergo non-substantive clarifying language changes and proofing fixes in the final editing process.

Thanks for your continued commitment to these timely and important issues.

Best wishes,
Miriam and the FJP team

*P.S. We understand some of you may have also been contacted by Manhattan District Attorney Candidate Lucy Lang to sign on to a similar statement. Lucy's letter is impactful, but because of FJP's 501(c)(3) non-profit status we are unable to join or participate in a letter circulated by or on behalf of any political candidate. Also note that our joint statement expounds upon some of the vital issues raised in Lucy's excellent letter, as well as adding key information to the conversation — as such, we would encourage you to sign onto our joint statement even if you have already signed Lucy's letter.*

**Miriam Aroni Krinsky**
Founder and Executive Director
Fair and Just Prosecution
Email: krinskym@krinsky.la
Cell: (818) 416 5218

*Stay connected to FJP by visiting our website, signing up for our latest news and updates, and following us on Facebook and Twitter.*

SAO13_0041507
DEX 1.003



# JOINT STATEMENT FROM ELECTED PROSECUTORS
## October 2020

As elected prosecutors, we are committed to protecting the safety and well-being of all individuals in our communities. We are also charged with protecting the integrity of our justice system and upholding the Constitution and rule of law. Fulfilling these obligations goes hand-in-hand. We know from our collective experience that when communities trust us and see the fair, equitable, and sensible exercise of prosecutorial discretion, they are more inclined to work with all parts of our justice system as we seek to promote safer and healthier communities.

Recent years have seen the passage of laws across the nation imposing broad restrictions on abortion. Many of these new enactments are ambiguous or silent as to whom they would hold criminally responsible, leaving open the potential for criminalizing patients, medical professionals, healthcare providers, and possibly others who assist in these medical procedures.

Although some of the statutes listed below have been deemed unconstitutional, the recent and ongoing enactment of restrictive laws demonstrates the ways that reproductive rights have been, and will continue to be, under assault, and the willingness of state legislatures around the nation to criminalize these personal healthcare decisions – as well as actions by healthcare professionals:

- In July 2020, Tennessee enacted a "heartbeat" law imposing extreme restrictions on performing abortions, including gestational bans as early as six weeks; under the law, those convicted can face prison time of 3 to 15 years and fines of up to $10,000.[1]
- Idaho and Utah recently enacted "trigger bans" that would ban abortion with limited exceptions if *Roe v. Wade* were overturned or a constitutional amendment restricting abortion rights were passed.
    - The Idaho law could result in felony charges for health care providers who administer abortions in violation of the law, and penalties of 2 to 5 years in prison.[2]
    - The Utah law could result in felony charges for a physician or woman terminating her own pregnancy, penalties of 1 to 15 years in prison, and fines of up to $10,000.[3]
- Alabama's 2019 law imposed penalties of a minimum of 10 years and up to 99 years imprisonment for doctors who perform abortions – and contained no carve out for victims of rape or incest.[4]

---

[1] Tennessee S.B. 2196, H.B.2263 (2020), wapp.capitol.tn.gov/apps/BillInfo/Default.aspx?BillNumber=SB2196&GA=111; Tenn. Code Ann. § 40-35-111; note that this law is being challenged in the court and, as of early October, 2020, the law is on hold pending resolution of that litigation.
[2] Idaho S.B. 1385 (2020), https://legislature.idaho.gov/wp-content/uploads/sessioninfo/2020/legislation/S1385.pdf.
[3] Utah S.B. 174 (2020), https://le.utah.gov/~2020/bills/static/SB0174.html; Utah Code Ann. §§ 76-3-203, 76-3-301.
[4] Alabama House Bill 314, May 15, 2019, available at https://legiscan.com/AL/text/HB314/id/2018876/Alabama-2019-HB314-Enrolled.pdf. *See also*, Michelle Lou, "Alabama doctors who perform abortions could face up to 99 years in prison -- the same as rapists and murderers," CNN, May 15, 2019, *available at* https://www.cnn.com/2019/05/15/us/alabama-abortion-law-felony-trnd/index.html; Caroline Kelly, "Alabama governor signs nation's most restrictive anti-abortion bill

SAO13_0041508
DEX 1.004

- Missouri's 2019 law banned abortion starting at around eight weeks of pregnancy, which is often before a woman even knows she is pregnant, with no exceptions for rape or incest – and doctors face between 5 to 15 years in prison.[5]
- Under Georgia's 2019 measure, a District Attorney would have the discretion to bring criminal charges and seek imprisonment against anyone and everyone involved in performing and assisting with an abortion; moreover, there was no explicit prohibition under this law against criminalizing women and patients who make these medical choices.[6]
- In the midst of the global pandemic, the state of Arkansas moved to ban abortion procedures during the onset of the COVID-19 pandemic by labeling abortion care as non-essential.[7]

Doctors, nurses, anesthetists, health care providers, office receptionists – virtually anyone who either performs or assists in performing or arranging what is currently a legal medical procedure based on precedent for almost a half century – and in some states, even the patient herself, could face criminal liability under these statutes.

As elected prosecutors, we took an oath to uphold both the U.S. Constitution and the Constitutions of our individual states. Our U.S. Supreme Court, in deciding *Roe v. Wade*, determined that every woman has a fundamental right to privacy which is "broad enough to encompass a woman's decision whether or not to terminate her pregnancy."[8] As some elected prosecutors have noted, the broad restrictions in the laws passed by these states appear to be unconstitutional under *Roe v. Wade*.[9] Many of us share those legal views, but our commitment to not prosecute women who obtain abortions and health care professionals who provide treatment is not predicated on these concerns alone – and, indeed, would hold even if the protections of *Roe v. Wade* were to be eroded or overturned.

---

into law," CNN, May 16, 2019, *available at* https://www.cnn.com/2019/05/15/politics/alabama-governor-signs-bill/index.html.

[5] Missouri House Bill No. 126, April 18, 2019, *available at* https://www.house.mo.gov/billtracking/bills191/hlrbillspdf/0461S.04C.pdf;
Associated Press, "Missouri bill banning abortions at 8 weeks signed into law by Gov. Mike Parson," CBS, May 24, 2019, *available at* https://www.cbsnews.com/live-news/missouri-abortion-law-mike-parson-signs-bill-banning-abortions-8-weeks-today-2019-05-24-live-updates/.

[6] Georgia House Bill 481, May 7, 2019, *available at* http://www.legis.ga.gov/Legislation/en-US/display/20192020/HB/481. *See also* Kathryn Tucker, "DA Warns Women They Can Be Charged With Murder Under New Abortion Law," Law.com, May 22, 2019, *available at* https://www.law.com/dailyreportonline/2019/05/22/da-warns-women-they-can-be-charged-with-murder-under-new-abortion-law/.

[6] American Civil Liberties Union (2020), *Federal Appeals Court Reverses Ruling That Blocked Arkansas Abortion Restrictions*, https://www.aclu.org/press-releases/federal-appeals-court-reverses-ruling-blocked-arkansas-abortion-restrictions.

[7] American Civil Liberties Union (2020), *Federal Appeals Court Reverses Ruling That Blocked Arkansas Abortion Restrictions*, https://www.aclu.org/press-releases/federal-appeals-court-reverses-ruling-blocked-arkansas-abortion-restrictions.

[8] *Roe v. Wade*, 410 U.S. 113, 153 (1973).

[9] Statement of Salt Lake County District Attorney Sim Gill on Order Entered Today in Planned Parenthood's Legal Challenge to HB136, "Abortion Amendments," Office of the Salt Lake City District Attorney, May 13, 2019, *available at* https://slco.org/district-attorney/press-releases/Order-Entered-PP/; Morgan Gstalter, "District attorneys near Atlanta vow not to prosecute women who get abortions," The Hill, May 18, 2019, *available at* https://thehill.com/homenews/state-watch/444403-district-attorneys-near-atlanta-vow-not-to-prosecute-women-who-get.

SAO13_0041509
DEX 1.005

Not all of us agree on a personal or moral level on the issue of abortion. And not all of us are in states where women's rights are threatened by statutes criminalizing abortion. What brings us together is our view that *as prosecutors* we should not and will not criminalize healthcare decisions such as these – and we believe it is our obligation as elected prosecutors charged with protecting the health and safety of *all* members of our community to make our views clear.

Prosecutors are entrusted with immense discretion. With this discretion, comes the obligation to use it wisely to seek justice. And, at the heart of the pursuit of justice, must necessarily be the furtherance of policies and practices that protect the well-being and safety of all members of our community.

Resources in our criminal justice system are inherently limited. We believe that the wise use of discretion requires balancing these limited resources, while meeting the safety needs of our communities. In our view, resources are better utilized to prevent and address serious crimes that impact our community rather than enforcing laws such as these that divide our community, create untenable choices for women and healthcare providers, and erode trust in the justice system.

Further, these measures fail to consider the needs and suffering of victims of child molestation, rape, incest, human trafficking, or domestic violence, many of whom experience long-term trauma.[10] Over the past several decades, law enforcement has rightly worked to adopt evidence-based, trauma-informed approaches that include recognizing that not all victims of such crimes are able or willing to immediately report them, and that delays in reporting, or a reticence to report, are consistent with the experience of trauma.[11] We also know, as prosecutors, that all too often the process of reporting is retraumatizing and not consistent with the needs of victims.[12] Although some states have carved out exceptions for victims of rape and incest, these recent enactments by and large ignore the reality and suffering of victims. These laws do not take into account that victims may not report an incident of sexual assault within the laws' specified time, or even report at all, and essentially force victims to live with the choice of reporting and disclosing the details of their sexual assault, or risk being connected to their abuser for life.

Laws that revictimize and retraumatize victims are unconscionable. It is a prosecutor's obligation to protect and seek justice on behalf of all members of our community, including victims who are often the most vulnerable and least empowered. The wise exercise of discretion suggests focusing prosecutorial resources on the child molester or rapist, and not on prosecuting the victim herself, or the healthcare professionals who provide that victim with needed care and treatment.

---

[10] Starre Vartan, "The Lifelong Consequences of Rape," Pacific Standard, Jun. 14, 2017, *available at* https://psmag.com/social-justice/lifelong-consequences-rape-96056.

[11] Robert Muller, "Rape Victims' Reactions Misunderstood by Law Enforcement," Psychology Today, Jan. 11, 2019, *available at* https://www.psychologytoday.com/us/blog/talking-about-trauma/201801/rape-victims-reactions-misunderstood-law-enforcement.

[12] Office on Violence Against Women, "The Importance of Understanding Trauma-Informed Care and Self-Care for Victim Service Providers," U.S. Department of Justice, July 30, 2014, *available at* https://www.justice.gov/archives/ovw/blog/importance-understanding-trauma-informed-care-and-self-care-victim-service-providers.

3

Keeping communities safe inherently requires promoting trust,[13] which would be deeply eroded by the enforcement of these laws. To best promote public safety, prosecutors must be perceived by their communities as trustworthy, legitimate, and fair – values that would be undermined by the enforcement of laws which harm and force unnecessarily difficult and traumatizing decisions on many in our community.

In sum, as elected prosecutors with charging discretion, we choose not to prosecute individuals pursuant to these deeply concerning laws. Legal precedent, as established by the highest court in the land, has held for nearly 50 years that women have a right to make decisions about their own medical care including, but not limited to, seeking an abortion. Enforcement of laws that criminalize healthcare decisions would shatter that precedent, impose untenable choices on victims and healthcare providers, and erode trust in the integrity of our justice system. To fulfill our obligations as prosecutors and ministers of justice to preserve the integrity of the system and keep our communities safe and healthy, it is imperative that we use our discretion to decline to prosecute personal healthcare choices criminalized under such laws.

Respectfully,

**Xavier Becerra**
Attorney General, California

**Diana Becton**
District Attorney, Contra Costa County, California

**Sherry Boston**
District Attorney, DeKalb County, Georgia

**Danny Carr**
District Attorney, Jefferson County, Alabama

**John T. Chisholm**
District Attorney, Milwaukee, Wisconsin

**David Cooke**
District Attorney, Macon Judicial Circuit, Georgia

**John Creuzot**
District Attorney, Dallas County, Texas

**Satana Deberry**
District Attorney, Durham County, North Carolina

**Thomas J. Donovan, Jr.**
Attorney General, Vermont

---

[13] Yucel Ors, "6 Essential Tenets for Effective Community Policing," National League of Cities, March 21, 2016, *available at* http://www.nlc.org/article/6-essential-tenets-for-effective-community-policing.

4

**Michael Dougherty**
District Attorney, 20th Judicial District, Colorado

**Mark Dupree**
District Attorney, Wyandotte County, Kansas

**Keith Ellison**
Attorney General, Minnesota

**Aaron Ford**
Attorney General, Nevada

**Brian E. Frosh**
Attorney General, Maryland

**Sarah George**
State's Attorney, Chittenden County, Vermont

**Sim Gill**
District Attorney, Salt Lake County, Utah

**Joe Gonzales**
District Attorney, Bexar County, Texas

**Eric Gonzalez**
District Attorney, Kings County, New York

**Mark Gonzalez**
District Attorney, Nueces County, Texas

**Andrea Harrington**
District Attorney, Berkshire County, Massachusetts

**Maura Healey**
Attorney General, Massachusetts

**Paul Howard**
District Attorney, Fulton County, Georgia

**Kathleen Jennings**
Attorney General, Delaware

**Zachary Klein**
City Attorney, Columbus, Ohio

**Lawrence S. Krasner**
District Attorney, Philadelphia, Pennsylvania

**Beth McCann**
District Attorney, Second Judicial District, Colorado

**Brian Middleton**
District Attorney, Fort Bend County, Texas

**Stephanie Morales**
Commonwealth's Attorney, Portsmouth, Virginia

**Marilyn J. Mosby**
State's Attorney, Baltimore City, Maryland

**Dana Nessel**
Attorney General, Michigan

**Karl A. Racine**
Attorney General, District of Columbia

**Kwame Raoul**
Attorney General, Illinois

**Rachael Rollins**
District Attorney, Suffolk County, Massachusetts

**Jeff Rosen**
District Attorney, Santa Clara County, California

**Ellen Rosenblum**
Attorney General, Oregon

**Marian T. Ryan**
District Attorney, Middlesex County, Massachusetts

**Dan Satterberg**
Prosecuting Attorney, King County, Washington

**Josh Shapiro**
Attorney General, Pennsylvania

**Carol A. Siemon**
Prosecuting Attorney, Ingham County, Michigan

SAO13_0041513
DEX 1.009

**Raúl Torrez**
District Attorney, Bernalillo County, New Mexico

**Cyrus R. Vance, Jr.**
District Attorney, New York County, New York

***\*\*Additional elected prosecutors interested in joining the statement should contact FJP Executive Director Miriam Krinsky at [mkrinsky@fairandjustprosecution.org](mailto:mkrinsky@fairandjustprosecution.org) to be added.***

7

SAO13_0041514
DEX 1.010