IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW H. WARREN,

        Plaintiff,

v.

RON DESANTIS, individually and in his official capacity as Governor of the State of Florida,

        Defendant.

_____

Case No. 4:22-cv-302-RH-MAF

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION**

DEFENDANT EX 49

DEX 49.001

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff responds to Defendant's First Set of Requests for Production of Documents to Plaintiff, dated October 3, 2022 (the "Requests"). This response reflects Plaintiff's current knowledge, understanding, and belief as to the facts and information available to him as of the date of this response. As to many of the Requests, the documents which Plaintiff would otherwise search and/or produce are in the sole custody of the State Attorney's Office for the Thirteenth Judicial Circuit. But because of Defendant's unlawful suspension of Plaintiff from that Office, Plaintiff no longer has possession, custody, or control of the Office's files.

In responding to the Requests below, Plaintiff interprets the words "Plaintiff," "Warren," "You," and "Your" to mean Andrew Warren. Plaintiff also produces only documents and information within his "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1).

Additional discovery and investigation may lead to additions to, changes in, or modifications of this response.

## REQUESTS AND RESPONSES THERETO

1. All documents and communications related to the drafting, formation, content, and implementation of—and your participation as a signatory to—the June 2021 Joint Statement attached as Exhibit A to the Executive Order.

   **RESPONSE:** Plaintiff did not draft, form, determine the content of, or implement in any way the June 2021 Joint Statement. Plaintiff allowed his name to be added to a list of signatories. The Joint Statement was just that; a statement. It was never intended to be, and never was, a policy of the State Attorney's Office for the 13th Judicial Circuit.

   This case is about the reasons for Defendant's suspension of Plaintiff on August 4, 2022, which reasons existed as of that date and are (peculiarly) within Defendant's knowledge. Plaintiff objects to this Request because it

seeks information about Plaintiff beyond what Defendant knew on August 4, 2022, which information is not relevant to any party's claim or defense. To the extent Defendant claims this Request seeks information regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs.*, L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005). Without waiving these objections, Plaintiff states that he does not have possession, custody, or control of any responsive, non-privileged documents or communications.

2.  All documents and communications related to the drafting, formation, content, and implementation of—and your participation as a signatory to—the June 24, 2022 Joint Statement attached as Exhibit B to the Executive Order.

**RESPONSE:** Plaintiff did not draft, form, determine the content of, or implement in any way the June 2022 Joint Statement. Plaintiff allowed his name to be added to a list of signatories. The Joint Statement was just that; a statement. It was never intended to be, and never was, a policy of the State Attorney's Office for the 13th Judicial Circuit.

This case is about the reasons for Defendant's suspension of Plaintiff on August 4, 2022, which reasons existed as of that date and are (peculiarly) within Defendant's knowledge. Plaintiff objects to this Request because it seeks information about Plaintiff beyond what Defendant knew on August 4, 2022, which information is not relevant to any party's claim or defense. To the extent Defendant claims this Request seeks information regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs.*, L.P., 232 F.R.D. 692, 693 (M.D. Fla.

2005). Without waiving these objections, Plaintiff limits his response to documents and communications that existed when the suspension was announced on August 4, 2022, and produces documents bearing Bates numbers AW_000001-AW000002, AW000003 with this response. Plaintiff does not have possession, custody, or control of further responsive, non-privileged documents or communications.

3. All documents and communications related to the drafting, formation, subject matter, and implementation of the "Presumptive Non-Prosecution Policies," as You defined that term in Paragraph 39 of the Complaint.

**RESPONSE:** This case is about the reasons for Defendant's suspension of Plaintiff on August 4, 2022, which reasons existed as of that date and are (peculiarly) within Defendant's knowledge. Plaintiff objects to this Request because it seeks information about Plaintiff or his Office beyond what Defendant knew on August 4, 2022, which information is not relevant to any party's claim or defense. To the extent Defendant claims this Request seeks information regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs.*, L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005). In a good faith effort to respond to this Request, Plaintiff responds by limiting his response to documents and communications in existence before the suspension was publicly announced on August 4, 2022. Plaintiff refers Defendant to the March 9, 2021 document titled "Presumption of Non-Prosecution," attached to the Complaint in this matter as Exhibit 3, and the Policy Regarding Prosecution of Cases Based on Pedestrian and Bicycle Violations, attached to the Complaint as Exhibit 4. Plaintiff also produces the documents bearing Bates numbers AW000004,

AW000010-AW000011 with this response. Plaintiff does not have possession, custody, or control of further responsive, non-privileged documents or communications.

4. All documents, files, data, applications, or other items that, after you learned of the Suspension, were removed or deleted from any cell phone, laptop, or other device belonging to the State Attorney's Office.

**RESPONSE:** Plaintiff objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of this case, which tests the legality of Plaintiff's suspension on August 4, 2022. Plaintiff's actions with respect to returning or removing files or devices to the State Attorney's Office *after* the suspension are not relevant, and it would be burdensome (if not impossible) for Plaintiff to produce "[a]ll documents, files, data, applications, or other items" that were removed or deleted. To the extent Defendant claims this Request seeks information regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs.*, L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005). In a good faith effort to respond to the substance of this Request, Plaintiff produces documents bearing Bates numbers AW000005-AW000007, AW000008-AW000009, which are letters from Plaintiff's counsel regarding Plaintiff's return of the cellular phone issued to him by the State Attorney's Office. Plaintiff also incorporates his response to Defendant's Interrogatory No. 4 here. Plaintiff further responds that, at all times during his tenure as the elected State Attorney for the 13th Judicial Circuit, including since he has been suspended, Plaintiff complied and

instructed his staff to comply with all applicable obligations regarding record retention.

5. All documents that you identify in the initial disclosure that you have served or will serve in this case (or in any amendment or supplement to your initial disclosure).

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks to impose any obligation beyond those required by the Federal Rules of Civil Procedure. In accordance with Federal Rule of Civil Procedure 26(a)(1), Plaintiff served his initial disclosures on October 3, 2022, including a copy or description of all documents identified therein. Plaintiff refers Defendant to, and incorporates, those initial disclosures and any future amendment or supplement thereto.

6. All communications between you and any person regarding your Suspension or your potential reinstatement to your former position as State Attorney.

**RESPONSE:** Plaintiff objects to this Request to the extent it purports to require Plaintiff to produce communications he has had since his suspension on August 4, 2022, which are not relevant to any party's claim or defense. This case is about Defendant's reasons for suspending Plaintiff on August 4, 2022, which reasons existed as of that date and are peculiarly within Defendant's knowledge and control. Plaintiff's communications *after* that date are not relevant. To the extent Defendant claims this Request seeks information regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs.*, L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005). Moreover, this Request would impose a

significant burden on Plaintiff because Plaintiff has discussed his unlawful suspension from, and future reinstatement to, his elected position as State Attorney for the Thirteenth Judicial Circuit with countless individuals over many mediums. Indeed, Plaintiff's suspension has been a topic of discussion and thought for him every single day since August 4, 2022, including because Plaintiff must communicate with his supporters to fundraise to cover the expense of this lawsuit regarding the suspension. Moreover, responding to this Request would require Plaintiff to catalogue almost every communication he has had with his counsel since the suspension, which communications are protected by the attorney-client privilege and word product doctrine.

7. All documents and communications with any person relating to whether you or the State Attorney's Office would or would not enforce or prosecute or would or would not exercise prosecutorial discretion regarding any proposed or enacted Florida law, including but not limited to, proposed or enacted Florida laws relating to abortion and transgender issues.

**RESPONSE:** This case is about the reasons for Defendant's suspension of Plaintiff on August 4, 2022, which reasons existed as of that date and are (peculiarly) within Defendant's knowledge. Plaintiff objects to this Request because it seeks information about Plaintiff or his Office beyond what Defendant knew on August 4, 2022, which information is not relevant to any party's claim or defense. To the extent Defendant claims this Request seeks documents regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005). Without waiving these objections, Plaintiff refers Defendant to the Memorandum from Andrew H. Warren to Assistant

State Attorneys regarding "Prosecutorial Discretion and the Mission of Criminal Justice" dated December 14, 2021, a copy of which is attached to the Complaint as Exhibit 2. Plaintiff also produces documents bearing Bates numbers AW000001-AW000002, AW000003 in response to this Request. Plaintiff further responds that, as a result of his unlawful suspension, he no longer has possession, custody, or control of other potentially responsive, non-privileged documents or communications.

8.  All documents and communications with any person regarding your powers as a State Attorney, including but not limited to the institution of non-prosecution policies.

**RESPONSE:** This case is about the reasons for Defendant's suspension of Plaintiff on August 4, 2022, which reasons existed as of that date and are (peculiarly) within Defendant's knowledge. Plaintiff objects to this Request because it seeks information about Plaintiff or his Office beyond what Defendant knew on August 4, 2022, which information is not relevant to any party's claim or defense. To the extent Defendant claims this Request seeks documents regarding the so-called "after-acquired evidence doctrine," even if this doctrine were potentially applicable in this case, this is not "an independent basis to initiate discovery." *Premer v. Corestaff Servs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005). Plaintiff interprets the phrase "non-prosecution policies" to mean policies that guide prosecutors in the State Attorney's Office regarding the exercise of prosecutorial discretion. Plaintiff also limits his response to documents and communications in existence before the suspension was publicly announced on August 4, 2022. Without waiving these objections, Plaintiff refers Defendant to the Memorandum from Andrew H. Warren to Assistant State Attorneys regarding "Prosecutorial Discretion

and the Mission of Criminal Justice" dated December 14, 2021, a copy of which is attached to the Complaint as Exhibit 2; the March 9, 2021 document titled "Presumption of Non-Prosecution" attached to the Complaint as Exhibit 3; and the Policy Regarding Prosecution of Cases Based on Pedestrian and Bicycle Violations attached to the Complaint as Exhibit 4. Plaintiff further responds that, as a result of his unlawful suspension, he no longer has possession, custody, or control of other potentially responsive, non-privileged documents or communications.

Dated: October 17, 2022

**PERKINS COIE LLP**

By: */s/ Jean-Jacques Cabou*

Jean-Jacques Cabou (AZ #022835)*
Alexis E. Danneman (AZ #030478)*
Matthew R. Koerner (AZ #035018)*
Margo R. Casselman (AZ #034963)*
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
JCabou@perkinscoie.com
ADanneman@perkinscoie.com
MKoerner@perkinscoie.com
MCasselman@perkinscoie.com
602.351.8000

**AND**

David B. Singer (FBN 72823)
Matthew T. Newton (FBN 111679)
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
dsinger@shumaker.com
mnewton@shumaker.com

**DEBEVOISE & PLIMPTON LLP**

David O'Neil*
801 Pennsylvania Ave NW, Suite 500
Washington, D.C. 20004
(202) 383-8000
daoneil@debevoise.com

Alexandra P. Swain**
650 California Street
San Francisco, CA 94108
apswain@debevoise.com

Samantha B. Singh (FBN 1036051)
919 Third Avenue
New York, NY 10022
sbsingh@debevoise.com

* *Pro Hac Vice*
** *Pro Hac Vice* pending

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via email, as follows:

Jeff Aaron
George T. Levesque
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32302
850.577.9090
George.levesque@gray-robinson.com
Jeff.Aaron@gray-robinson.com

Henry C. Whitaker
Jeffrey Paul DeSousa
David Costello
James Percival
Natalie Christmas
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
850.414.3300
Henry.Whitaker@myfloridalegal.com
Jeffrey.DeSousa@myfloridalegal.com
David.Costello@myfloridalegal.com
James.Percival@myfloridalegal.com
Natalie.Christmas@myfloridalegal.com

/s/ Matthew R. Koerner