[PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10459

_____

ANDREW H. WARREN,

                              Plaintiff-Appellant,

versus

RON DESANTIS,
Individually and in his Official Capacity as
Governor of the State of Florida,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00302-RH-MAF

Case 4:22-cv-00302-RH-MAF    Document 173    Filed 01/10/25    Page 2 of 7
USCA11 Case: 23-10459    Document: 121-1    Date Filed: 01/10/2025    Page: 2 of 5

2                         Opinion of the Court                    23-10459

_____

Before JILL PRYOR and NEWSOM, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

We *sua sponte* VACATE our previous opinion and substitute the following.

★ ★ ★

In this lawsuit, appellant Andrew Warren challenged Governor Ron DeSantis's decision to suspend him from the elected office of state attorney. In his complaint, Warren sought injunctive relief requiring DeSantis to rescind the order suspending him and to reinstate him to office, as well as a declaration that his suspension was unconstitutional. After the district court rejected Warren's claims on the merits, he appealed. Our panel issued an opinion vacating and remanding for further proceedings. *See Warren v. DeSantis*, 90 F.4th 1115 (11th Cir. 2024). DeSantis filed a petition for rehearing en banc, and a judge of this Court withheld issuance of the mandate. While the Court was considering whether to rehear the case en banc, Warren's term of office expired. Given this development, the case is moot.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" or "Controversies." U.S.

_____

[*] Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

Case 4:22-cv-00302-RH-MAF   Document 173   Filed 01/10/25   Page 3 of 7
USCA11 Case: 23-10459   Document: 121-1   Date Filed: 01/10/2025   Page: 3 of 5

23-10459                Opinion of the Court                3

Const. art. III, § 2. "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks omitted). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (alteration adopted) (internal quotation marks omitted). "[I]f events that occur subsequent to the filing of . . . an appeal deprive the court of the ability to give the . . . appellant meaningful relief, then the [appeal] is moot and must be dismissed." *Id.* (internal quotation marks omitted). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* (internal quotation marks omitted).

Because Warren's term of office has concluded, we cannot grant him any meaningful relief on appeal in this case in which he effectively seeks, either by injunctive or declaratory relief, his reinstatement to office.[1] Because his term has expired, any decision on

---

[1] In the district court, Warren sought declaratory and injunctive relief only; his complaint did not mention money damages. In a supplemental brief on mootness, Warren now asserts for the first time that he also sought money damages from DeSantis because in the prayer for relief of his complaint he requested "such other and further relief as the Court deems just and proper." But the "mere incantation of such boilerplate language" cannot change the nature of relief sought. *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1526 n.12 (11th Cir. 1994) (vacating a preliminary injunction when complaint sought money damages only because a request for "just and proper relief" did not qualify as a request for injunctive relief); *see United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002) ("reject[ing] the contention that a boilerplate prayer for

Case 4:22-cv-00302-RH-MAF   Document 173   Filed 01/10/25   Page 4 of 7
USCA11 Case: 23-10459   Document: 121-1   Date Filed: 01/10/2025   Page: 4 of 5

the merits of his claims would be an advisory opinion. *See Aaron's Priv. Clinic Mgmt. v. Berry*, 912 F.3d 1330, 1335 (11th Cir. 2019) (concluding that requests for declaratory and injunctive relief regarding a statute that imposed a temporary moratorium on the licensing of new narcotic treatment programs were moot when the moratorium expired).

Warren nevertheless argues that the case is not moot because there is an exception for controversies that are capable of repetition yet evading review. This exception to mootness applies when (1) "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again." *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (internal quotation marks omitted). The plaintiff bears the burden of establishing that this exception applies. *See Hall v. Alabama*, 902 F.3d 1294, 1297–98 (11th Cir. 2018).

We conclude that this exception does not apply here. For Warren to be subject to the same action again, the following course of events would need to occur: (1) he must run for another public office for which Florida's governor has the authority to suspend the officeholder, (2) he must win that election, and (3) Florida's governor must suspend him from office. Warren has established no reasonable expectation of these events occurring.

---

'necessary and proper relief' converts a declaratory judgment action into some other type of lawsuit").

Case 4:22-cv-00302-RH-MAF   Document 173   Filed 01/10/25   Page 5 of 7
USCA11 Case: 23-10459   Document: 121-1   Date Filed: 01/10/2025   Page: 5 of 5

23-10459               Opinion of the Court                5

Warren also argues that a live controversy remains because a declaration that his suspension was unconstitutional would allow him to recover back pay under Florida law. *See* Fla. Stat. § 111.05. Section 111.05 states that "[a]n officer who is lawfully entitled to resume the duties of office after suspension by the Governor shall suffer no loss of salary or other compensation because of the suspension." This Florida statute permits an officer who was suspended to recover back pay only when he later became entitled to "resume" the duties of his office. Because Warren's term of office has now expired, any declaration that his suspension was unconstitutional would not entitle him to resume the duties of state attorney. As a result, even if he received a declaration that his suspension was unconstitutional, he would not be entitled to back pay.

We therefore vacate our opinion and the underlying judgment, dismiss the appeal, and remand for the district court to dismiss the case as moot.[2]

**VACATED, DISMISSED, and REMANDED.**

---

[2] All pending motions are DENIED as moot.

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 10, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-10459-AA
Case Style: Andrew Warren v. Ron DeSantis
District Court Docket No: 4:22-cv-00302-RH-MAF

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
Each party to bear its own costs.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion